UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

00-6227

CIV-MORENO

CASE NO.          MAGISTRATE JUDGE
Magistrate Judge:       DUBÉ
Remove from the Circuit Court
in and for Broward County, Florida

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.
_____/

### NOTICE OF REMOVAL BY DEFENDANT

    The Defendant, COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, hereby files this Notice of Removal containing a short and plain statement of the grounds for removal as required by 28 U.S.C. §§ 1441 and 1446, and states as follows:

    1.    On or about January 31, 2000, Plaintiff commenced this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled *Jacqueline Iaia v. Columbia Healthcare Corporation d/b/a Pembroke Pines Hospital*.

    2.    The Summons and Complaint in this cause were served on Defendant on February 3, 2000. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.  Attached hereto as composite Exhibit A are copies of the Summons and Complaint filed by the Plaintiff in state court as well as copies of all process, pleadings, papers and orders, now on file in the state court in accordance with 28 U.S.C. § 1446(a).

4.  The instant action is one in which this Court has original jurisdiction under 28 U.S.C. § 1331, without regard to an amount in controversy or the citizenship of parties, in that it appears from Plaintiff's Complaint that this is an action alleging facts which would constitute a violation of th laws of the United States, including the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et seq*.

5.  Defendant has provided written notice of the filing of this Notice of Removal to all parties in this action, and a copy of said Notice will be promptly filed with the Clerk of the Circuit Court in Broward County, Florida.

WHEREFORE, Defendant, COLUMBIA HEALTHCARE CORPORATION, d/b/a PEMBROKE PINES HOSPITAL, respectfully requests that this cause be removed in its entirety to the United States District Court for the Southern District of Florida, that this Court assume full jurisdiction of this cause, and that this Court take all further action deemed just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 16th day of February, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., 3111 Stirling Road, Ft. Lauderdale, Florida 33312; and to John F. Jankowski, Jr., Esq., Law Offices of John

F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

                                                LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
    Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871.042\noticeofremoval.doc

de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

WITNESS my hand and the Seal of said Court.

ROBERT E. LOCKWOOD   JAN 31 2000
as Clerk of said Court

By _____
         As Deputy Clerk

DEBORAH A. LEWIS
A TRUE COPY
Circuit Court Seal

551341_1.DOC

3

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

JACQUELINE IAIA,

    Plaintiff,

00001709

v.

COLUMBIA HEALTH CARE
CORPORATION d/b/a PEMBROKE PINES
HOSPITAL, a foreign corporation,

    Defendant.
_____/

VERIFIED COMPLAINT AND JURY
TRIAL DEMAND

Plaintiff JACQUELINE IAIA, by and through her undersigned counsel, sues Defendant COLUMBIA HEALTH CARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, and states as follows:

### Allegations Common to All Counts

1.    This is an action for declaratory relief and damages in excess of $15,000.00 for unlawful age discrimination in violation of the Florida Civil Rights Act of 1992, §760.01, et. seq., Fla. Stat.(1996) ("FCRA"), and the Age Discrimination in Employment Act, 28 U.S.C. §621, et seq. ("ADEA").

2.    Plaintiff is currently a resident of Palm Beach County, Florida. However, while she was employed by Defendant she was a resident of Broward County, Florida.

3.    Defendant is, and at all relevant times was, a foreign corporation authorized to do business, and doing business, in Broward County, Florida.

4.    Plaintiff has satisfied all conditions precedent to the bringing and maintenance of this cause, and has exhausted all state and federal administrative remedies. Specifically, Plaintiff

filed a timely charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). The FCHR investigated Plaintiff's charge, and on February 1, 1999, issued a determination that there was reasonable cause to believe that Defendant had engaged in unlawful age discrimination in violation of the FCRA. A true and correct copy of the FCHR's determination is attached as Exhibit "A". Plaintiff has commenced this suit within one year iof the FCHR's "reasonable cause" determination. In addition, the EEOC also determined that there was reasonable cause to believe that Defendant had engaged in unlawful age discrimination in violation of the ADEA. The EEOC issued a Notice of Right to Sue to Plaintiff, a copy of which is attached as Exhibit "B", and Plaintiff commenced her suit under the ADEA within 90 days from the Notice's issuance.

5. Plaintiff was employed by Defendant until May 11, 1994, on which date she was involuntarily terminated from her employment.

6. In late, 1993, Defendant commenced a reduction in workforce. At the time, Plaintiff was Director of Marketing/Public Relations for Pembroke Pines Hospital, a hospital owned and operated by Defendant. In connection with the reduction in force, Defendant decided to combine the Director of Marketing/Public Relations position which Plaintiff was filing, with the position of Director of Senior Friends to create a new position (hereinafter the "New Position"). The ideal candidate for the New Position was required to have experience in public relations, marketing, and the "Senior Friends" program.

7. Plaintiff was fully qualified for the New Position. However, the position was not given to Plaintiff, but to another employee, Monique Monteiro, who had been employed by Defendant as the hospital's Senior Friends Director. Plaintiff was put on an administrative leave

of absence, and ultimately terminated on May 11, 1994, when no other position was made available to her.

8. At the time Plaintiff was not selected for the New Position, she was over 40 years of age and was fully qualified for the position, having had the requisite experience in marketing, public relations, and the Senior Friends program.

8. The person selected for the New Position, Monique Monteiro, was in her mid-twenties, was thus much younger than Plaintiff, and was not qualified for the position, lacking the requisite experience in marketing and public relations.

9. Defendant terminated Plaintiff on the grounds that Plaintiff was not qualified for the New Position because she did not have experience in Senior Friends. Defendant's stated reason, however, was and is incorrect and false in that Plaintiff did have Senior Friends experience in addition to her extensive marketing and public relations experience. Accordingly, Defendant's stated reason for Plaintiff's non-selection for the New Position, and her ultimate termination, was, and is, nothing more than a pretext for the real reason for Plaintiff's termination, her age.

## COUNT I – AGE DISCRIMINATION UNDER THE FCRA

10. Defendant's actions as described above constitute unlawful age discrimination in violation of the FCRA.

11. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, damages, including lost back pay, lost benefits, lost earning capacity, and compensatory damages, including damages for emotional distress, humiliation, and loss of dignity.

12. Defendant's conduct as described hereinabove was committed willfully, maliciously and in reckless disregard for Plaintiff's rights under the law.

3

13. Plaintiff has retained the undersigned to represent her in this action, and has agreed to pay the undersigned a reasonable fee for their services. Plaintiff is entitled to the recovery of her attorney's fees pursuant to the provisions of the FCRA and the ADEA.

WHEREFORE, Plaintiff demands entry of judgment against Defendant for the following relief:

A. A declaration that Defendant's actions constitute unlawful age discrimination under the FCRA;

B. An award of back pay for lost salary and benefits;

C. Reinstatement into her former position, and, if reinstatement is impractical, an award of front pay for a reasonable period into the future as determined by the Court;

D. An award of compensatory damages; including damages for lost earning capacity, emotional distress, humiliation and loss of dignity;

E. An award of attorney's fees as allowed under the FCRA;

F. An award of all prejudgment interest;

G. An award of all costs incurred in this action; and

H. Such further relief as the Court deems just and proper.

## COUNT II – AGE DISCRIMINATION UNDER THE ADEA

14. Plaintiff re-alleges paragraphs 1 through 9 and 11 through 13 as if set forth fully herein.

15. Defendant's conduct as described hereinabove constitutes unlawful age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

A. A declaration that Defendant's conduct constitutes unlawful age discrimination in violation of the ADEA;

B. An award of all back pay, including lost benefits;

C. Reinstatement, or if reinstatement is impractical, an award of front pay for a reasonable period into the future as determined by the Court;

D. An award of attorney's fees and costs;

E. An award of liquidated damages for Defendant's willful, malicious, and reckless misconduct;

F. An award of all prejudgment interest; and

G. Such further relief the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable.

### VERIFICATION

The undersigned, as the named Plaintiff above, hereby verifies that she has personal knowledge of the facts set forth in the above-referenced Complaint, and that those facts are true and correct.

*[signature]*
JACQUELINE IAIA

STATE OF FLORIDA :
            : ss
COUNTY OF BROWARD:

The foregoing instrument was acknowledged before me this 27th day of January, 2000, by JACQUELINE IAIA, who is personally known to me, or produced I000-420-48-728-0 as identification, and has taken an oath. If no type of identification is indicated, the above-named person(s) is/are personally known by me.

*[signature]*
Notary Public

DIANE M. NEAL
Printed Name of Notary

My Commission Expires:

Diane M. Neal
Commission # CC 866903
Expires Oct. 11, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

5

DATED: January 28th, 2000.

| | |
|---|---|
| **BECKER & POLIAKOFF, P.A.**<br>Attorneys for Plaintiff<br>3111 Stirling Road<br>Ft. Lauderdale, FL 33312<br>Tel. (954) 985-4145<br>Fax (954) 985-4176<br><br>By: _____<br>Roderick V. Hannah, Esq.<br>Fla. Bar No. 435384 | **LAW OFFICES OF JOHN F.**<br>**JANKOWSKI, JR., ESQ.**<br>Co-Counsel for Plaintiff<br>Cornerstone One – Suite 220<br>1200 South Pine Island Road<br>Plantation, FL 33324-4406<br>Tel. (954) 370-1026<br>Fax (954) 370-5930<br><br>By: _____<br>John F. Jankowski, Jr., Esq.<br>Fla. Bar No. 833533 |

550167_1.DOC

6



# STATE OF FLORIDA
# Florida Commission on Human Relations

*Jeb Bush, Governor*
*Ronald M. McElrath, Executive Director*

FCHR No.: 95-0414
EEOC No.: 15D971107

MS. JACQUELINE IAIA                           Complainant
1113 S.W. 17th Street
Boca Raton, Florida 33486

COLUMBIA HEALTH CARE CORPORATION,             Respondent
    d/b/a PEMBROKE PINES HOSPITAL
c/o Mark E. Edwards, Esquire
2501 Park Plaza
Nashville, Tennessee 37203

## DETERMINATION: CAUSE

On November 14, 1994, MS. JACQUELINE IAIA, Complainant, filed a Complaint of Discrimination with the Florida Commission on Human Relations (hereafter Commission) alleging that COLUMBIA HEALTH CARE CORPORATION, d/b/a PEMBROKE PINES HOSPITAL, Respondent, discriminated against her on the basis of age in violation of the Florida Civil Rights Act of 1992, sections 760.01-760.11, 509.092, Florida Statutes (1997 & Supp. 1998). An investigation of this matter has been concluded by the Commission's Office of Employment Investigations and Enforcement. The Commission's Office of General Counsel has read the Investigator's Memorandum (IM) and completed its review of the content of the case file.

## FINDINGS

1. Complainant claims in her sworn Complaint of Discrimination that she was employed by Respondent as its Director of Marketing/Public Relations. Respondent asserts in its position statement that Complainant was its Director of Marketing.

2. On November 11, 1993, Respondent placed Complainant on a reduction in workforce leave of absence for a period of six months. Exactly six months later on May 11, 1994, Complainant was terminated. Respondent claims it was unable to find Complainant another position.

3. Complainant was in her mid-forties at the time of her termination.

4. Complainant asserts she was terminated because Respondent wanted a "younger image." Respondent states Complainant's charge is without merit. Respondent claims that Complainant's position was eliminated because of a necessary reduction in operating costs. According to counsel for Respondent, the position of Marketing Department Director was combined with the position of Director of Public Relations and Senior Friends. Ms. Monique Monteiro had been Respondent's Seniors Program Director. Ms. Monteiro, who was in her mid-twenties, was given the new position involving the combination of positions.



325 John Knox Roa[d]                                                    [Talla]hassee, Florida 32303-4149
(850) 488-7082 • 1-800[                                                 ] or TDD) • Fax (850) 488-5291
An Equal O[pportunity]                                                  [Affirmativ]e Action Employer

FCHR No.: 95-0414
Page Two

5. According to Respondent, Complainant was not given the new position because she did not have experience in the area of Senior Friends. Respondent felt Complainant would not be able to execute the job's duties and responsibilities.

6. Ms. Pat Pierce, a former employee of Respondent contends in a sworn affidavit that Complainant had experience in managing a seniors program. In addition, according to the Commission's Investigation Specialist, evidence failed to indicate that Ms. Monteiro was qualified to perform Complainant's job duties. Ms. Pierce informed the Commission that Ms. Monteiro had no experience in marketing/public relations. Complainant had approximately twenty years of experience.

## ANALYSIS

7. Section 760.10(1)(a), Florida Statutes (1997 & Supp. 1998) provides:

It is an unlawful employment practice for an employer:

To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

8. As the findings indicate, Complainant established a prima facie case of discrimination.

9. In its position statement, Respondent states the following:

The Corporation understands that Ms. Iaia was a long standing employee of the Hospital and worked for the Hospital as the Director of the Marketing Department. In that capacity, she was primarily responsible for planning, organizing and directing the marketing function of the Hospital.

From late 1993 through 1994, the Hospital initiated a necessary reduction in operating costs. As part of this reduction, Ms. Iaia's position was eliminated. During this period of time, the Hospital reviewed Ms. Iaia's position in the Marketing Department along with various other management level positions and determined that the function of the Marketing Department Director could be combined with the position of the Director of Public Relations and Senior Friends.

This decision was made because the employee performing the function of the Director of Public Relations and Senior Friends was capable of performing the duties and responsibilities of both areas. Ms. Iaia was not experienced in the area of Senior Friends and could not perform that function when the positions were combined. Consequently, her position was eliminated.

10. The reason offered by Respondent for choosing Ms. Monteiro over Complainant appears to be a pretext for discrimination. The evidence indicates that Complainant had experience in managing a seniors program. In addition, evidence suggests that Ms. Monteiro lacked experience in marketing/public relations. Complainant, on the other hand, had twenty years of experience.

FCHR No.: 95-0414
Page Three

## CONCLUSION

11. Complainant, an individual, is a "Person" within the meaning of FLA. STAT. §760.02(6) (1997 & Supp. 1998).

12. Complainant is an "Aggrieved person" within the meaning of FLA. STAT. §760.02(10) (1997 & Supp. 1998).

13. Complainant is an "individual" within the meaning of FLA. STAT. §760.10(1)(a) (1997 & Supp. 1998).

14. Respondent is a "Person" within the meaning of FLA. STAT. §760.02(6) (1997 & Supp. 1998).

15. Respondent is an "Employer" within the meaning of FLA. STAT. §760.02(7) (1997 & Supp. 1998).

16. The Complaint of Discrimination was filed in a timely manner pursuant to FLA. STAT. §760.11(1) (1997 & Supp. 1998).

17. The Investigator's Memorandum has been submitted by the Office of Employment Investigations and Enforcement. The Office of General Counsel has reviewed the memorandum and agrees with the recommendation of Cause made therein.

Pursuant to the authority delegated to me by Rules 60Y-2.004(2)(e) and 60Y-5.004, Florida Administrative Code, it is my determination that there is reasonable cause to believe that an unlawful employment practice has occurred.

DATED: February 01, 1999

Donald McElrath
EXECUTIVE DIRECTOR
Florida Commission on Human Relations

FILED: February 01, 1999

BY: Sharon Moultry
Clerk of the Commission

INVESTIGATOR'S MEMORANDUM

DATE: October 23, 1998

To: Office Of General Counsel
From: Linda L. Mathis Employment Investigations

RE: JACQUELINE IAIA v. COLUMBIA HEALTH CARE CCORP. d.b.a PEMBROKE PINES HOSPITAL

FCHR NO.: 95-0414
EEOC NO.: 15D971107

A. RECOMMENDED DETERMINATION: Cause

1. DECLARATION OF JURISDICTION

Respondent is an employer within the meaning of the Florida Civil Rights Act of 1992 and all other jurisdictional requirements have been met.

2. FOCUS OF THE COMPLAINT

Complainant alleged that she was terminated on May 11, 1994, from her position as Director of Marketing and Public Relations, because of her age (46). (Tab A, page 1, items I and III).
I
3. SUMMARY OF RESPONDENT'S POSITION

Respondent stated that Complainant was laid off during a reorganization and that age was not a factor. (Tab D-2, page 7, pars. 2-4).

4. ANALYSIS OF EVIDENCE AND CONCLUSION

Complainant alleged that she was laid off on November 3, 1993, and was later discharged on May 11, 1994, and that a younger female, Ms. Monique Montero, (age 24) replaced her as Marketing and Public Relations Director. Complainant further alleged that other key executives were also terminated. (Tab A, page 3).

Respondent stated that it initiated a necessary reduction in operating costs in 1993. Respondent stated that it's corporation was divested of the facility and it's assetts in 1995, and that documents are limited due to the fact that

the corporation no longer owns the facility. Respondent stated that Complainant was laid off as part of a reorganization and that Complainant's position duties were oobsorbed by another employee. Respondent stated that Ms. Monique Montero was qualified to perform Complainantt's duties as well as the duties of the Seniors Program. Complainant stated that she had managed a senior friends program. Complainant's witness, Ms. Pat Pierce, an employee of Respondent, confirmed that Complainant had experience in managing a Senior Friends program.
(Tab D-2, page 7, par. 1, page 2, item 4; Tab E, page 9).

Respondent stated that two other department heads, Ms. Claudia Jack, and Mr. Ronald Hoffman, were also laid off during the reorganization. They were also over forty years of age. (Tab D-2, page 12, item 2).

The evidence produced during this investigation indicated that Respondent was unable to refute Complainant's allegations that she and other management personnel were laid off. Respondent was also unable to demonstrate that Ms. Montero was qualified to perform Complainant's job duties. Complainant had established a prima facie case of employment discrimination based on age.

Based on the foregoing discussion it is recommended that there is reasonable cause to believe that Respondent discriminated against Complainant because of her age.

D.  Other Violations: None.

E.  INDEX OF INVESTIGATORY MATERIALS

    Tab A - Complaint and Intake Material
    Tab B - Investigative Notes
    Tab C-1 - General Correspondence To and From Complainant
    Tab C-2 - Substantive Material From Complainant
    Tab D-1 - General Correspondence To and From Respondent
    Tab D-2 - Respondent's Position Statement and Document Request Responses
    Tab E - Affidavits
    Tab F  - Miscellaneous

/lm

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | From: |
|---|---|
| Jacqueline Iaia<br>1113 SW 17 Street<br>Boca Raton, FL 33486 | Miami District Office<br>Equal Employment Opportunity<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |
| ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a)) | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 15D 97 1107 | Adrienne Stein, Investigator | (305) 530-6038 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later intervene later in your lawsuit if you decide to sue on your own behalf.

**-- NOTICE OF SUIT RIGHTS --**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the Respondent(s) named in the charge. Your suit must be filed **WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On Behalf of the Commission

**DEC 28 1999**

(Date Mailed)

Federico Costales, District Director

**Enclosures**
Information sheet
Copy of Charge

cc: John Jankowski, Jr., Esq.   Mark E. Edwards, Esq.
Cornerstone One - Suite 220   2501 Park Plaza
1200 South Pine Island Road   Nashville, TN 37203
Plantation, FL 33324-4406

**EXHIBIT B**

EEOC Form 161-A (10/96)

**CSC The United States Corporation Company**
1013 Centre Road, Wilmington, DE. 05-1297
(302) 636-5400

United States Corporation Company        The Prentice-Hall Corporation System, Inc

## NOTICE OF SERVICE OF PROCESS

| | |
|---|---|
| Date Processed: 03-FEB-00 | Transmittal #: FL0839818P    ALL |
| To: CAROLINE HENDRICKS, LITIGATION PARALEGAL<br>COLUMBIA/HCA HEALTHCARE CORPORATION<br>ONE PARK PLAZA<br>NASHVILLE TN 37203 | Redirect sent to: |

**TYPE OF REPRESENTATION:** Statutory

*We enclose the following documents which were served upon:*
                         The Prentice-Hall Corporation System, Inc.
*as registered agent in*    Florida         *for*
                 COLUMBIA HEALTHCARE CORPORATION (ID#: 0451914)
*Documents were served on 03-FEB-00 via Personal Service*      ID#: N/A

FEB 04 2000

| | |
|---|---|
| **Title of Action:** JACQUELINE IAIA,<br>       vs. COLUMBIA HEALTH CARE CORPORATION, ETC.,<br>**Court:** CIRC. COURT 17TH JUD. CIRC. BROWARD COUNTY, FL<br>**Nature of Case:** Discrimination | **Case #:** 00001709 |

```
_X_  Summons             ___  Notice of Mechanic's Lien      ___  A self-addressed stamped
_X_  Complaint           ___  Notice of Attorney's Lien           envelope enclosed
___  Garnishment         ___  Notice of Default Judgment     ___  Duplicate copies of the Notice
___  Subpoena                                                     and Acknowledgement enclosed

_X_  Other:  EXHIBITS
```

     **Answer Due:** WITHIN 20 DAYS AFTER SERVICE
**Documents Sent:** Federal Express     **ID#:**
    **Call Placed:** No call placed      **Spoke to:** N/A
     **Comments:** N/A

**Attorney for Claimant:**
     RODERICK V. HANNAH, ESQ.
     BECKER & POLIAKOFF, P.A.
     P.O. BOX 9057
     FORT LAUDERDALE, FL 33310-9057
     954-985-4145

**EXHIBIT "A"**

Form Prepared By: Kim Glover

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. 00001709

04

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTH CARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation.

    Defendant.

_____/

Recd. 2-2-00
Served On 2-3-00 at ___
Special Process Server - 2
Leon County, Florida

## SUMMONS

THE STATE OF FLORIDA

To Each Sheriff Of The State:

    YOU ARE HEREBY COMMANDED to serve this Summons, along with copies of the Verified Complaint and Jury Trial Deman in this action on Defendant, COLUMBIA HELATH CARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, **by serving:**

    **SERVE:**    **THE PRENTICE-HALL CORPORATION SYSTEM, INC., Registered Agent**
                   **1201 Hays Street**
                   **Suite 105**
                   **Tallahassee, Florida 32301**

    Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose address is:

                RODERICK V. HANNAH, ESQ.
                BECKER & POLIAKOFF, P.A.
                Post Office Box 9057
                Fort Lauderdale, FL 33310-9057

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint.

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demand a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites Judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jacqueline Iaia

00-6227

**DEFENDANTS**
Columbia Healthcare Corporation d/b/a Pembroke Pines Hospital, a foreign corporation

CIV-MORENO   MAGISTRATE JUDGE DUBE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Palm Beach

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Roderick V. Hannah, Esq., Becker & Poliakoff, P.A.
3111 Stirling Road, Ft. Lauderdale, FL 33312
(954) 985-4145

ATTORNEYS (IF KNOWN) Alexander D. del Russo, Esq.
Levy Kneen Mariani Curtin Kornfeld & delRusso, PA
1400 Centrepark Blvd., #1000, West Palm Beach,
FL 33401 (561) 478-4700

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Age Discrimination in Employment Act, 28 U.S.C. § 621 et seq.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ ___    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 2/16/00    SIGNATURE OF ATTORNEY OF RECORD Alexander D. del Russo

FOR OFFICE USE ONLY
RECEIPT # 555574    AMOUNT $150.00    APPLYING IFP ___    JUDGE 02-16-00    MAG. JUDGE ___