FILED BY \_\_\_\_\_ D.C.

2000 MAR -9 AM 9:50

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.

_____/

## DEFENDANT'S ANSWER TO COMPLAINT

The Defendant GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL,[1] by and through its undersigned attorneys, hereby answers the respective paragraphs of Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff seeks to bring this action for relief under the statutes cited, but denies that Plaintiff is entitled to any such relief.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies same.

---

[1] Plaintiff has incorrectly identified the Defendant as "Columbia Healthcare Corporation."

3. Defendant admits that, at all relevant times, it did business in Broward County, Florida, but denies the remaining allegations in this paragraph.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant admits that Plaintiff was terminated from her employment as a result of a reduction in force, but denies the remaining allegations in this paragraph.

6. With respect to Paragraph 6, Defendant admits that it commenced a reduction in force and made the management decision to combine Plaintiff's position with the position of Director of Senior Friends. All remaining allegations in Paragraph 6 are denied.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

8.(2d) Defendant denies the allegations in Paragraph 8 (2d).

9. Defendant denies the allegations in Paragraph 9.

## Count I
## Age Discrimination Under the FCRA

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and Defendant denies the remaining allegation.

## Count II
## Age Discrimination Under the ADEA

14. Defendant reaffirms its responses to the previous paragraphs referred to herein.

15.   Defendant denies the allegations in Paragraph 15.

16.   All remaining allegations in the Complaint not specifically addressed above are hereby denied.

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted.

### SECOND DEFENSE

This Court lacks jurisdiction over any claim brought pursuant to the Florida Civil Rights Act or the Age Discrimination in Employment Act that has not been the subject of a timely-filed charge with the Florida Commission on Human Relations, or the EEOC, respectively, or with respect to which no investigation or conciliation efforts have been made by that agency.

### THIRD DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

### FOURTH DEFENSE

All actions taken with respect to Plaintiff were taken pursuant to legitimate business and employment reasons, consistent with Hospital Policy. Plaintiff's age was not a motivating factor in any of the employment decisions relating to her.

## FIFTH DEFENSE

Without admitting that Plaintiff has suffered any damages, Defendant avers that Plaintiff may not recover damages for any period of time in which she did not make a reasonable effort to find comparable, suitable employment.

## SIXTH DEFENSE

Without admitting that Plaintiff has suffered damages, Defendant avers that the recovery by Plaintiff must be reduced by the amount of money she received from any source subsequent to the termination of her employment relationship with Defendant.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _6_ day of March, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., 3111 Stirling Road, Ft. Lauderdale, Florida 33312; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
   Alexander D. del Russo
1400 Centrepark Boulevard-Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871.042\answer.doc