

FILED BY_____D.C.

2000 MAR -9  AM 9:50

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT

The Defendant GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, by and through its undersigned attorneys, and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby moves to strike those allegations in Plaintiff's Complaint where she alleges pain and suffering in connection with her claim under the Age Discrimination in Employment Act, 28 U.S.C. § 621 et seq. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

### Memorandum of Law

This is an action for age discrimination brought under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. (FCRA), and the Age Discrimination in Employment Act, 28

U.S.C. § 621 et seq. (ADEA). Paragraph 11 of the Complaint (under the FCRA) alleges that Plaintiff has suffered, and continues to suffer, damages "including damages for emotional distress, humiliation, and loss of dignity." *See* Complaint at ¶ 11. Thereafter, in Count II (under the ADEA), Plaintiff incorporates by reference these same allegations regarding her alleged "emotional distress, humiliation, and loss of dignity." *See* Complaint at ¶14.

In the Eleventh Circuit, as in virtually all other jurisdictions, there is universal agreement that a plaintiff may not recover any damages for pain and suffering under the ADEA. *Dean v. American Security Insurance Co.*, 559 F.2d 1036, 1038 (5th Cir. 1977) (rejecting claim for damages for pain and suffering under the ADEA);[1] *Carlson v. WPLG/TV-Ten, Post-Newsweek Stations of Florida*, 956 F.Supp. 994, 1013 (S.D. Fla. 1996) ("in an ADEA case, no damages for pain, suffering, and/or mental distress may be awarded as part of the compensatory damages award"); *Bolick v. Brevard County Sheriff's Department*, 937 F.Supp. 1560, 1567 (M.D. Fla. 1996) (neither punitive nor emotional damages are available under the ADEA); *Maleszewski v. United States*, 827 F.Supp. 1553, 1556 (N.D. Fla. 1993) ("Recovery under the ADEA is limited to lost wages and benefits; neither punitive damages nor compensatory damages for pain and suffering, emotional distress, and the like are recoverable"). It is clear that Plaintiff's incorporation of this allegation into her ADEA claim is improper, and the objection to and correction of this error should be made at the pleading stage of this case.

Moreover, not only is the very inclusion of this allegation improper but Defendant would be prejudiced by permitting this allegation to remain in Count II. As the Second Circuit

---

[1] This Fifth Circuit's decision which predates September 30, 1981, is the law of the Eleventh Circuit under the decision in *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Court of Appeals noted in *Haskell v. Kamen Corp.*, 743 F.2d 113 (2d Cir. 1984), in holding that a plaintiff is not entitled to recovery for emotional damages in ADEA actions, the plaintiff's "testimony describing the emotional effects of his termination were irrelevant and could only serve to prejudice the jury in his favor." *Id.* at 120. The allegation of emotional damages is not only unrelated to Plaintiff's ADEA claim, but permission for this allegation to remain in the Complaint serves to prejudice the Defendant.

Accordingly, Defendant requests that this Court enter an Order striking her allegations of emotional damages from Count II of the Complaint brought under the ADEA.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this __6__ day of March, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., 3111 Stirling Road, Ft. Lauderdale, Florida 33312; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871.042\motion.strike.doc