UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

COLUMBIA HEALTHCARE CORPORATION,
d/b/a PEMBROKE PINES HOSPITAL, a
foreign corporation,

    Defendant.
_____/



FILED by ___ D.C.

MAR 1 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for **October 9, 2000** pursuant to Federal Rule of Civil Procedure 16 and Southern District Local Rule 16.2, it is

ADJUDGED as follows:

1.    All parties shall participate in mediation. The parties shall complete mediation no later than 60 days before the scheduled trial date.

2.    Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be the "lead counsel" and responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator within **fifteen days** from the date of this order. If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List

of Certified Mediators, which designation shall be made on a blind rotation basis.

3. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. Lead counsel shall complete the form order attached and submit it to the Court. After the Court enters the completed form order, the mediator may, with consent of the parties, reschedule mediation at the mediator's discretion without further order of the Court.

4. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

5. All discussions, representations, and statements made at the mediation conference shall be confidential and privileged.

6. At least **ten** days prior to the mediation date, all parties shall present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries shall be served on all other parties.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements or who otherwise violate the terms of this order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to S.D. Fla. LR. 16.2.B.6, or on such basis as may be agreed to in writing by the parties and mediator selected by the parties. The parties shall share

equally the cost of mediation unless otherwise ordered by the Court. All payments shall be remitted to the mediator within thirty days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least two full business days in advance. Failure to do so will result in imposition of a fee for one hour.

9.  If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with S.D. Fla. LR. 16.2.F, by the filing of a notice of settlement signed by counsel of record within **ten** days of the mediation conference. Thereafter the parties shall submit an appropriate pleading concluding the case.

10. Within **five** days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2000.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

copies provided:

Roderick V. Hannah, Esq.
 BECKER & POLIAKOFF, P.A.
 3111 Stirling Road
 Fort Lauderdale, FL 33312

John F. Janowski, Jr., Esq.
 LAW OFFICES OF JOHN F. JANOWSKI, JR.
 Cornerstone One, Suite 220
 1200 South Pine Island Road
 Plantation, FL 33324

Alexander D. Del Russo, Esq.
 LEVY, KNEEN, MARIANI, CURTIN, KORNFELD, & DEL RUSSO, P.A.
 1400 Centrepark Boulevard, #1000
 West Palm Beach, FL 33401

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

COLUMBIA HEALTHCARE CORPORATION,
d/b/a PEMBROKE PINES HOSPITAL, a
foreign corporation,

    Defendant.
_____/

## ORDER SCHEDULING MEDIATION

The mediation conference in this matter shall be held with

_____ on

_____, 20\_\_\_\_, at _____am/pm at

_____

_____, Florida.

    ENTERED this _____ day of _____, 2000.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

copies provided:

Roderick V. Hannah, Esq.
 BECKER & POLIAKOFF, P.A.
 3111 Stirling Road
 Fort Lauderdale, FL 33312

John F. Janowski, Jr., Esq.
 LAW OFFICES OF JOHN F. JANOWSKI, JR.
 Cornerstone One, Suite 220
 1200 South Pine Island Road
 Plantation, FL 33324

Alexander D. Del Russo, Esq.
 LEVY, KNEEN, MARIANI, CURTIN, KORNFELD, & DEL RUSSO, P.A.
 1400 Centrepark Boulevard, #1000
 West Palm Beach, FL 33401