UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

    Defendant.

NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)
NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)(1)

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel and pursuant to Rule 34 of the Fed.R.Civ.P., requests Defendant, COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, to produce the following documents per the requests attached hereto.

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2000 a true and correct copy of the foregoing was served via United States Mail, postage prepaid to the following: Alexander David Del Russo, Esquire, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
JOHN F. JANKOWSKI, JR.
FLA. BAR NO. 833583

Rec'd in MIA Dkt 4/5/00

## **DEFINITIONS**

As used in these Request for Production, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Plaintiff, Plaintiff's counsel, or Plaintiff's representatives or agents, all of which Plaintiff or authorized representatives have knowledge.

"**Identify**":

(a) when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

Page 2

telephone numbers;

(b) when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c) when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d) when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e) when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f) when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

**"Person"** or **"persons"** includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

Page 3

"**Subject Time Period**" is from 1993 through to the present.

"**You**" or "**Your**" means the person(s) responding to these Requests for Production of Documents for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

-2-

CASE NO. 00-6227-CIV-MORENO

1.   All documents Defendant intends to mark for identification, refer to, offer into evidence, or publish during discovery or at the trial in this matter.

2.   All documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, or directors, which refer, relate or pertain to Plaintiff's employment with Defendant, including her termination therefrom.

3.   Any and all documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, and directors, that refer, relate or pertain to any of the issues in this case including, but not limited to: Monique Monteiro and the employment positions known as Director of Marketing/Public Relations and Director Senior Friends.

4.   All documents, except those prepared in anticipation of litigation, which in any way support Defendant's answer and any of its affirmative defenses in this case.

5.   All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding Plaintiff's employment with Defendant and her termination therefrom.

6.   All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding the employment of Monique Monteiro and any change of job description and responsibilities in any way related to the position or title of Director of Senior Friends and Director of Marketing/Public Relations.

7.   All employee handbooks, manuals, leaflets, procedures, guidelines, memoranda,

CASE NO. 00-6227-CIV-MORENO

bulletins, directives and other documents which set forth Defendant's personnel policies, procedures, rules and regulations that were in effect during Plaintiff's employment with Defendant.

8. Any and all documents that reflect, refer, relate and/or pertain to any procedures, policies, terms and/or conditions of employment upon which Defendant intends to rely in defense of this action.

9. All documents given by Defendant to Plaintiff during her employment with Defendant, including but not limited to documents given to Plaintiff in connection with the termination of her employment.

10. All documents, including but not limited to interoffice and intra-office memoranda, electronic mail, and correspondence that memorialize communications between Plaintiff and Defendant, or any of its employees, officers or directors.

11. Plaintiff's complete personnel file.

12. The complete personnel file for Monique Monteiro.

13. Any and all electronic mail messages in unencrypted form, that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant, including but not limited to her hiring, transfers, promotion, and training.

14. Any and all documents, internal memoranda, communications and e-mail that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant.

15. If not contained in her personnel file, all of Defendant's disciplinary records for Plaintiff.

CASE NO. 00-6227-CIV-MORENO

16. If not contained in her personnel file, all of Defendant's disciplinary records for Monique Monteiro.

17. If not contained in her personnel file, all of Plaintiff's payroll records, including any summaries thereof.

18. If not contained in her personnel file, all of Monique Monteiro's payroll records, including any summaries thereof.

19. If not contained in her personnel file, all of Defendant's employee benefits records and documents provided to Plaintiff, including any and all documents setting forth the monetary values of those benefits.

20. All written grievances and employment-related complaints regarding Plaintiff and her job performance during the course of her employment.

21. All written grievances and employment-related complaints regarding Monique Monteiro and her job performance during the course of her employment.

22. All witness statements, written or recorded, taken and/or obtained by Defendant or any of Defendant's representatives regarding Plaintiff, including but not limited to the allegations and defenses raised in the pleadings.

23. Any and all documents, including but not limited to memoranda, notes, announcements, meeting minutes, and other verbal or written communications which in any way refer, relate or pertain to Plaintiff's termination of employment with Defendant.

CASE NO. 00-6227-CIV-MORENO

24. Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way refer, relate or pertain to offer(s) of employment, and transfers to other job positions communicated to Plaintiff.

25. Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way relate to offer(s) of employment, and transfers to other job positions communicated to Monique Monteiro.

26. All documents which in any way refer, relate or pertain to Plaintiff's education, training and job experiences.

27. All documents which in any way refer, relate or pertain to Monique Monteiro's education, training and job experiences.

28. All documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

29. Any and all documents which support or in any way relate to the allegations set forth in Plaintiff's Complaint.

30. All insurance policies that provide coverage, or may provide coverage, to Defendant for any claims made by Plaintiff.

31. All documents submitted by Defendant to the EEOC, Florida Commission on Human Relations, and the State of Florida Division of Unemployment Compensation regarding Plaintiff.

32. All written job descriptions for Plaintiff.

33. All written job descriptions for Monique Monteiro.

CASE NO. 00-6227-CIV-MORENO

34. All job postings and notifications of job openings for Plaintiff.

35. All job postings and notifications of job openings for Monique Monteiro.

36. All documents showing corporate interrelationships between Columbia Healthcare Corporation, Galen Hospital - Pembroke Pines Inc., and Galen Hospital Corporation, Inc., including but not limited to articles of merger, name change filings, written assignments of assets, claims and obligations, and purchase and sale agreements.