UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation,

    Defendant.
_____/

## AGREED MOTION FOR LEAVE TO FILE AMENDMENT TO ANSWER

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, by and through its undersigned attorneys, and pursuant to Rule 15 of the Federal Rules of Procedures, hereby moves that this Court grant it leave to file an amendment to its Answer. The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

### Memorandum of Law

This is an action brought by Plaintiff concerning her former employment at PEMBROKE PINES HOSPITAL, in which Plaintiff contends that she was discriminated against because of her age in violation of the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et. seq.* and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* On March 6, 2000, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint.

Defendant has only recently received a copy of the entire file from the Florida Commission on Human Relations.[1] The production revealed that while Plaintiff filed her Charge of Discrimination in either 1994 or 1995, nothing was done relative to this Charge for more than three years. It was not until 1998 that the agency first forwarded the Charge to the Defendant's attention. During this intervening time, the Defendant leased the Hospital to the South Broward Hospital District. The individuals who may have been helpful in assisting the defense of this case have since left the employment of the Defendant, and Defendant has been unable to locate a number of these potential witnesses. Defendant has also been impaired in locating documents which may be helpful in its defense. Accordingly, Defendant seeks to amend its Answer by adding the equitable defenses of waiver and laches which, if successful, may serve to reduce or diminish Plaintiff's claims for equitable relief. While laches is not available to bar claims for legal relief governed by a statute of limitations,[2] these equitable defenses may apply to the equitable part of Plaintiff's claims, including for instance her claim for front pay.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave of court to amend pleadings "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court made it clear that district courts should deny leave to amend only when (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Id.* at 182. In practice, the burden is generally on the party opposing an amendment to establish why the amendment should not be allowed. As the Eleventh Circuit Court of Appeals has stated, a trial

---

[1] The FCHR conducted the administrative investigation pursuant to its work sharing agreement with the EEOC.
[2] Defendant has already asserted the defense of statute of limitations in its Third Affirmative Defense.

2

court should grant leave to amend unless a "substantial reason" exists for refusing to do so. *Motor City of Jacksonville, Ltd. v. Southeast Bank, N.A.*, 83 F.3d 1317 (11th Cir. 1996).

The undersigned has contacted Roderick V. Hannah, Esq., Co-Counsel for Plaintiff, and has been advised that Mr. Hannah consents to the relief sought in this Motion.

Defendant has attached to this Motion as Exhibit "A" its proposed Eighth Defense and would request that this Court enter an Order granting leave to file this Amendment and deeming the Amendment filed as of the date of its Order.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 8 day of June, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., 3111 Stirling Road, Ft. Lauderdale, Florida 33312; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406; and to U.S. Magistrate Judge Robert L. Dubé, 300 N.E. 1st Avenue, Suite 236, Miami, Florida 33132..

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273