NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR CONTINUANCE
## OF TRIAL AND PRE-TRIAL DEADLINES

    Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel moves this Court for a continuance of trial and the pre-trial deadlines, and as grounds therefor, states as follows:

    1.    By Revised Scheduling Order dated April 26, 2000, this Court scheduled trial in the above referenced case for the two-week period commencing October 9, 2000. Pursuant to that same Order, this Court scheduled all discovery to be completed by August 16, 2000, and scheduled the dispositive motion deadline for August 30, 2000.

    2.    As set forth in the attached supporting Affidavit of Roderick V. Hannah, Esq., continuance of the trial is required because the undersigned is presently scheduled for trial for the same two week trial period in two other federal cases pending in the Southern District, Sanchez v. AT&T, et al., Case No. 98-2123-CIV-JORDAN, and Morgan v. Houston's Restaurants, Inc., Case No. 98-6970-CIV-DIMITROULEAS. Both cases predate the instant case. The Sanchez case has already been continued twice before, and it is unlikely to settle

AUG 18 2000

Rec'd in MIA Dkt _____

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

32

before trial. Trial is expected to last at least two weeks. The <u>Morgan</u> case was scheduled for trial during the same two-week period as the instant case by Order of Judge Dimitrouleas dated October 4, 1999, which thus predates the Order in the instant case continuing the case to the October 9, 2000 trial period. In addition, the undersigned is presently scheduled for trial before Judge Jordan in the case styled <u>Wilson v. City of Miami Beach,</u> Case No. 99-1875-CIV-JORDAN, for the two-week period commencing September 11, 2000. It is anticipated that the undersigned will be devoting virtually all of his time during the next two months preparing for the aforementioned trials, including researching and preparing memoranda of law in response to dispositive motions filed in those cases. As a result, the undersigned believes that it will be extraordinarily difficult, if not impossible, to adequately prepare for trial in the instant case should it remain scheduled for the October 9, 2000 trial period. Accordingly, a continuance of trial of at least 30 to 60 days is necessary.

    3.    In addition to continuance of trial, continuance of the discovery and dispositive motion deadlines is required. As a result of Defendant selling its operations prior to the commencement of this case, and the apparent loss by Defendant of numerous relevant documents, including Plaintiff's personnel, pay, and benefits records, Plaintiff and her counsel have had an extremely difficult time locating witnesses (many of whom no longer live in Florida) and obtaining relevant information to fully prepare this case for trial, in particular, Plaintiff's damage claims. Plaintiff and her counsel have been making diligent efforts to locate certain key witnesses, mostly former employees of Defendant, to take their depositions. Plaintiff needs the testimony of these witnesses, who have been identified by name but not by address by Defendant in its interrogatory answers, to preserve their testimony for trial and to oppose any motion for summary judgment filed by Defendant. In addition, Plaintiff and her counsel have been attempting to locate relevant employment and benefits information pertaining to Plaintiff to

fully and properly calculate her damages. Defendant's inability to produce relevant pay and benefits information for Plaintiff has required Plaintiff to hire an expert witness, Ronald Patella, to reconstruct and properly calculate Plaintiff's damages. Furthermore, Plaintiff needs to take the depositions of Defendant's two disclosed experts; however, as a result of scheduling conflicts the depositions could not be scheduled prior to the current deadline. Accordingly, a 30 to 60 day enlargement of time to complete discovery is required. Should discovery be so extended, a 30 to 60 day enlargement of the dispositive motion deadline is also required.

4.  The undersigned had contacted Defendant's counsel in a good faith effort to reach agreement on the relief requested in this Motion. Defendant's counsel is not opposed to a continuance of trial, but is opposed to a continuance of the pre-trial deadlines.

5.  Plaintiff believes that there is good cause for the requested continuance as supported by the attached Affidavit. A continuance if granted would not prejudice any of the parties hereto, and would serve the interests of justice.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to: Alexander D. del Russo, Esq., Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 15th day of August, 2000.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
3111 Stirling Road
Ft. Lauderdale, FL 33312
Tel. (954) 985-4145

By: _____
Roderick V. Hannah, Esq.
Fla. Bar No. 435384

592846_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.
_____/

### AFFIDAVIT OF RODERICK V. HANNAH, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DEADLINES

BEFORE ME, the undersigned authority, personally appeared RODERICK V. HANNAH, ESQ., who, being first duly sworn and under oath, deposes and says as follows:

1. I am over the age of 18 years, and make the statements herein based on personal knowledge.

2. I am counsel of record for the Plaintiff in the above-styled cause.

3. A continuance of the trial – presently scheduled for the two-week calendar commencing October 9, 2000 – is required because I am presently scheduled for trial for the same trial period in two other federal cases: Sanchez v. AT&T, et al., Case No. 98-2123-CIV-JORDAN, and Morgan v. Houston's Restaurants, Inc., Case No. 99-6970-CIV-DIMITROULEAS. Both of these cases predate the instant case, which was filed in 2000. The Sanchez case has been continued twice to the present trial calendar. The case is not expected to settle, and is expected to last at least two weeks. The Morgan case was scheduled for the trial

period by Order dated October 4, 1999, which predates this Court's Revised Scheduling Order dated April 26, 2000. Pursuant to this Court's Local Rule 16.3.A, the <u>Morgan</u> case, which was scheduled for trial first, should take priority over the trial in the instant case. In addition, I am scheduled for another jury trial for the trial period commencing September 11, 2000, in the case of <u>Wilson v. City of Miami Beach</u>, Case No. 99-1875-CIV-JORDAN. As a result of these numerous and overlapping trial schedules, I will devoting almost all of my time to preparing for the aforementioned trials, and will not have sufficient time to prepare for trial in the instant case prior to October 9, 2000. Accordingly, a 30 to 60 day continuance of trial is necessary.

4.  In addition, a 30 to 60 day continuance of the discovery deadline in this case is required along with the continuance of trial. As a result of Defendant selling its operations prior to the commencement of this case, and the apparent loss by Defendant of numerous relevant documents, including Plaintiff's personnel, pay, and benefits records, Plaintiff and her counsel, including myself, have had an extremely difficult time locating witnesses (many of whom no longer live in Florida) and obtaining relevant information to fully prepare this case for trial, in particular, Plaintiff's damages claims. I have been diligently attempting to locate certain key witnesses in this case who were disclosed by Defendant in interrogatories, yet whose addresses were not provided. These witnesses, all former employees of Defendant, likely have important information for Plaintiff's case, and their depositions are required to fully respond to any dispositive motions Defendant may file. In addition, I have been attempting to locate relevant employment and benefits information pertaining to Plaintiff to fully and properly calculate her damages. Defendant's inability to produce relevant pay and benefits information for Plaintiff has required Plaintiff and her counsel to hire an expert witness, Ron Patella, to reconstruct and properly calculate Plaintiff's damages. Moreover, Plaintiff must take the depositions of Defendant's expert witnesses, whose testimony is directed to the issue of Plaintiff's damages.

However, because of scheduling conflicts due to the above-mentioned cases, Plaintiff has been unable to schedule the depositions of the experts. Accordingly continuance of the discovery deadline is required to permit completion of the necessary discovery prior to trial.

5. I submit that good cause exists for the requested continuance of trial and the discovery deadline, and that Plaintiff's motion fort continuance is not interposed for purposes of delay. I have contacted Defendant's counsel regarding the requested continuance. Defendant's counsel is not opposed to the continuance of trial, but is opposed to any continuance of the discovery deadline.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RODERICK V. HANNAH, ESQ.

STATE OF FLORIDA :
                  : ss
COUNTY OF BROWARD:

The foregoing instrument was acknowledged before me this _15_ day of August, 2000, by RODERICK V. HANNAH, ESQ., who is <u>personally known to me,</u> or produced _____ as identification, and has taken an oath. If no type of identification is indicated, the above-named person(s) is/are personally known by me.

_____
Notary Public

SUSAN BORGE
MY COMMISSION # CC 881670
EXPIRES: November 5, 2003
Bonded Thru Notary Public Underwriters

_Susan Borge_
Printed Name of Notary

My Commission Expires:

592934_1.DOC

3