UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

    Defendant.
_____/

## MOTION FOR ENLARGEMENT OF TIME AND TO CONTINUE PRETRIAL DEADLINE

Plaintiff, JACQUELINE IAIA, by and through undersigned counsel, hereby files her Motion for Enlargement of Time and to Continue Pretrial Deadline pursuant to Rule 6(b)(1) Fed.R.Civ.P. and Local Rule 7.1, and as grounds for good cause states:

1. Plaintiff seeks to take the deposition of those witnesses who have personal information that is material to the issues in this case. Due to the geographical locations of counsel and the witnesses, it is necessary for an extension of time in order to coordinate the depositions and to accommodate all parties. A number of material witnesses have only recently been identified in deposition of other witnesses.

2. Moreover, a number of key witnesses cannot be located, or their addresses have just been made known to Plaintiff's counsel through on-going discovery. Some witness information has only been provided within the last two weeks which does not allow sufficient time to subpoena and schedule depositions. In addition, two witness depositions

scheduled in late July were cancelled by the Defendant.

3. The existence of scheduling conflicts as well as the location of witnesses and information dealing with events dating back to 1993 and the loss of crucial documents, have made it difficult to investigate and complete pretrial discovery which has been further exasperated by counsel's absence from the jurisdiction per the Notice of Unavailability as filed with the court due to previously scheduled personal commitments, (attached hereto as Exhibit "A").

4. Due to Defendant's representations of its complete loss or misplacement of Plaintiff's records, Plaintiff has been forced to "re-invent the wheel" with regards to records and witnesses.

5. Due to the scheduled close of the discovery period on August 16, 2000, Plaintiff must file this Motion to continue Pretrial Deadlines in order to allow a sufficient enlargement of time to schedule the depositions and obtain and/or reconstruct pertinent documents which are missing or lost. Defendant's counsel has been contacted and objects to this motion.

6. Trial in this matter is a continuance set for the two week trial period beginning October 9, 2000. Plaintiff's Motion for Continuance being filed contemporaneously herewith by co-counsel. A continuance of the pretrial deadlines and enlargement of time in order to take the depositions of key witnesses and production and/or re-creation of relevant documents would not prejudice either party. Accordingly, Plaintiff requests a sixty (60) day Continuance of Pretrial Deadlines in order to facilitate respective counsel and the witnesses' schedules to conduct the depositions and exchange the information/documents in response

to the Interrogatories and Requests for Production. This Motion is filed in good faith and not for any dilatory purposes. This motion is filed in support of and in conjunction with Plaintiff's Motion for Continuance of Trial and Pre-Trial Deadlines filed on August 15, 2000.

### Memorandum of Law

This is an action for age discrimination brought under the Florida Civil Rights Act of 1992 and the Age Discrimination in Employment Act, 28 U.S.C. § 621 et seq. The Court entered its Revised Scheduling Order on April 20, 2000, which established the close of discovery to be August 16, 2000.

The parties have conferred on the scheduling of discovery and the scheduling of depositions but cannot agree on a Joint Motion for Continuance. The existence of scheduling conflicts, as well as the location of witnesses and information dealing with events dating back to 1993 in conjunction with the apparent loss of crucial documents by the Defendant, have made it difficult to investigate and complete pretrial discovery under the present scheduling order. Plaintiff has reason to believe that the Defendant has gone through several acquisitions, mergers and/or name changes during relevant times pertinent to the issues in this case and documents material or relevant to this case have been lost or misplaced. Based upon the foregoing, Plaintiff requests that this court continue the Pretrial Deadline periods for sixty (60) days.

Defendant's counsel recently advised undersigned counsel that Defendant would be requesting a Continuance to which Plaintiff had no objection. Without this extension of time, Plaintiff would be extremely prejudiced. The proposed deadlines under the

Revised Scheduling Order dated April 20, 2000 would be extended by sixty (60) days.

This Motion is being filed pursuant to Rule 6(b)(1) Fed.R.Civ.P. and Local Rule 7.1. The Plaintiff has made a showing of good cause to support this Motion To Continue Pretrial Deadlines and Enlargement of Time in the interest of justice and fairness.

**WHEREFORE,** Plaintiff respectfully requests this Court to grant this Motion for a sixty (60) day continuance and enlargement of the pretrial deadlines in order to take the depositions of material witnesses and for the exchange of information under the pending discovery requests to allow sufficient time in order not to prejudice either party prior to trial, and for any and all other relief deemed appropriate by the Court in the premises.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was mailed this 16TH day of August, 2000, to: Alexander David Del Russo, Esquire, LEVY, KNEEN, MARIANI, CURTIN, KORNFIELD & DEL RUSSO, P.A., 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

| | |
|---|---|
| Roderick V. Hannah, Esquire | JOHN F. JANKOWSKI, JR., ESQ., P.A. |
| BECKER & POLIAKOFF, P.A. | Attorneys for Plaintiff |
| Co-counsel for Plaintiff | 2 South University Drive |
| P.O. Box 9057 | Suite 265 |
| Fort Lauderdale, Florida 33310-9057 | Plantation, Florida 3332 |
| | Tel: (954) 370-1026 |

By: _____
John F. Jankowski, Jr., Esq.
FLA. BAR NO. 833533

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

    Defendant.
_____/

## NOTICE OF UNAVAILABILITY

The undersigned hereby serves notice that he will be unavailable between June 4, 2000 through June 14, 2000, July 8, 2000 through July 18, 2000, and July 31, 2000 through August 10, 2000. The undersigned will be out of town, and requests that no hearings, depositions or discovery be set during that period of time.

## CERTIFICATE OF SERVICE

I hereby certify that on this _24th_ day of May, 2000, a true and correct copy of the foregoing was served via United States mail to Alexander David Del Russo, Esquire, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

    John F. Jankowski, Jr., Esq., P.A.
    Attorneys for Plaintiff
    Cornerstone One, Suite 220
    1200 South Pine Island Road
    Plantation, Florida 33324-4402
    Tel: (954) 370-1026

By:_____
    JOHN F. JANKOWSKI, JR.
    FLA. BAR NO. 833533