UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES**

Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, opposes the continuance of trial and pretrial deadlines requested by Plaintiff. The requested continuance is a thinly disguised vehicle to enable Plaintiff to untimely present an undisclosed expert witness, to the prejudice of Defendant, almost two months after the expiration of the deadline for disclosing expert witnesses prescribed by the Local Rules of this Court and after the close of discovery set forth in this Court's Revised Scheduling Order dated April 26, 2000, (D.E. #16). Plaintiff's motion should therefore be denied.

As the Federal Rules of Civil Procedure make clear, the Court's scheduling orders "may be modified only upon a showing of good cause." *Sosa v. Airprint Systems, Inc.*, 133

F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the [existing] schedule cannot be met despite the diligence of the party seeking the extension. . . . If a party was not diligent, the good cause inquiry should end." *Id.* (citations omitted). Because Plaintiff has not been diligent in her trial preparation, including the retaining of an expert witness, she cannot meet her burden of demonstrating good cause, and the present motion should be denied.

Pursuant to the Court's Revised Scheduling Order, the deadline for discovery in this action expired on August 16, 2000. On August 10, 2000, Plaintiff's counsel indicated, for the first time, that Plaintiff intended to retain Ronald A. Patella, C.P.A., as an expert witness on the issue of Plaintiff's alleged damages.[1] Plaintiff's expression of her intent to hire an expert witness, just six calendar days prior to the close of discovery, occurred more than a month after this Court's deadline for the required exchange of summaries of any anticipated expert testimony. *See* S.D. Fla. L.R. 16.1(K) (deadline for expert summaries is 90 days prior to calendar call); *see also* Scheduling Order dated March 9, 2000, ¶ 8 (setting calendar call for October 3, 2000). Thus, from March 9, 2000 onward, Plaintiff was aware of her obligation to provide Defendant with timely summaries of any anticipated expert testimony.[2] As of the date of this memorandum, with discovery having already closed, Defendant <u>still</u> has not received an expert summary or report from Plaintiff, but only the name of a proposed expert and a *curriculum vitae*.

---

[1] Plaintiff's counsel first brought up the matter of Plaintiff's intended expert in a telephone conversation with defense counsel on August 10, 2000, and then sent a confirming letter of the same date. Pursuant to Local Rule 7.7(b), no copy of that letter is annexed to this motion, but the letter is available for the Court's inspection if the Court wishes.

[2] Defendant disclosed its expert witnesses and provided summaries of their testimony on July 11, 2000. The disclosures and summaries are annexed hereto as Exhibit 1.

The only exception to Local Rule 16.1(K)'s clear requirement that experts be fully disclosed 90 days before calendar is for rebuttal experts, and that exception is unavailing to Plaintiff because Mr. Patella cannot be a rebuttal expert. Mr. Patella is a Certified Public Accountant whom Plaintiff purports to retain in order "to reconstruct and calculate Plaintiff's damages." Motion, p. 3. Although Plaintiff attempts to imply that Mr. Patella would be a rebuttal witness because the testimony of Defendant's experts "is directed to the issue of Plaintiff's damages," Affidavit of Roderick V. Hannah, ¶ 4, that implication is inaccurate. Defendant has retained two experts: (1) James McClave, Ph.D., a statistician who will testify that statistical composition of Defendant's workforce during the relevant time period was consistent with age-neutral decision-making; and (2) Toby Chabon-Berger, a vocational expert and professional recruiter who will testify that Plaintiff did not engage in reasonable efforts to find suitable alternative employment after her departure from Pembroke Pines Hospital. *See* Exhibit 1. Neither of Defendant's experts is a damages expert, and neither expert's testimony can be rebutted by an accountant. Thus, Mr. Patella is not a rebuttal witness.

Plaintiff's suggestion that she has just recently realized the need for a expert witness due to "Defendant's inability to produce relevant pay and benefits information for Plaintiff," Motion, p.3, is likewise unavailing. On May 15, 2000, in a timely response to Plaintiff's request for documents, Defendant advised Plaintiff that Plaintiff's personnel file and benefits information were no longer in the possession, custody or control of Defendant. *See* Defendant's Response to Plaintiff's First Request for Production of Documents (annexed hereto as Exh. 2). Yet, it was not until three months later, just before the close of discovery and well after the deadline for expert disclosure, that Plaintiff allegedly realized her need for

an expert to testify about her pay and benefits. It is clear from this record that Plaintiff, who did not take a single deposition in this action (including any depositions of Defendant's disclosed experts), has not been diligent in pursuing discovery or in evaluating whether to retain an expert. Because Plaintiff has not been diligent, "the good cause inquiry should end" and the present motion should be denied. *Sosa*, 133 F.3d at 1418.

Plaintiff's assurance to the contrary notwithstanding, *see* Motion, p. 3, Defendant will be unfairly prejudiced if the present motion is granted. Although defense counsel has worked under the same constraints that have allegedly prevented Plaintiff's counsel from pursuing her case, *see* Motion, pp. 2-3, Defendant has been diligent and is prepared to try the case at the time ordered by the Court. If the motion is granted, Defendant would then be forced to confront a previously undisclosed expert witness, and would be required to either locate and engage a rebuttal expert to counter testimony that should have been disclosed more than one month ago, or leave this proposed expert's testimony unrebutted, either circumstance of which is prejudicial.

Although Plaintiff's counsel asserts that a continuance is needed because he is on other, contemporaneous, federal trial dockets, being on more than one docket at a given time is a normal incident of trial litigation. Defense counsel, too, is on other trial dockets at the same time, *see* Exh. 3, but is nonetheless ready for the trial of this cause. If, of course, it turns out that one attorney or the other is actually in trial at the time for which this case is set, then a continuance would be appropriate. But even if that were to happen, Plaintiff has not met her burden of showing good cause why discovery deadlines should be enlarged as well. Plaintiff

should not be rewarded for her lack of diligence in this action; nor should Defendant be penalized for its diligence. Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a continuance should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of August, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

I:\JEREL\Iaia\continuance opposition.doc

Exhibit 1

ATTACHMENT / EXHIBIT 1



RECYCLED PAPER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.
_____/

## DEFENDANT'S DISCLOSURE OF EXPERT WITNESSES

Pursuant to Local Rule 16.1(K) of the Local Rules for the United States District Court for the Southern District of Florida, the Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, hereby discloses the following expert witnesses which it may utilize at trial:

1.     James T. McClave, Ph.D.
    President, Info Tech, Inc.
    5700 S.W. 34th Street, Suite 1235
    Gainesville, Florida 32608-5371

2.     Toby Chabon-Berger
    Berke Durant & Associates
    2600 North Military Trail, Suite 410
    Boca Raton, Florida 33431

EXHIBIT 1

Pursuant to Local Rule 16.1(K), expert witness summaries and CVs are attached hereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this __11__ day of July, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida  33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

## Summary of Expert Testimony of James T. McClave, Ph.D.

Dr. McClave is a statistician and the founder and President of Info Tech. He is a recognized expert in Econometric and Statistical Analysis. Dr. McClave is expected to testify in the following areas concerning the employee work force at Pembroke Pines Hospital:

1. That he was provided with employee lists for Pembroke Pines Hospital for the 1993 and 1994 calendar years. That these lists contained the dates of birth and termination dates of all employees through this period.

2. That he analyzed the data to determine if, among the employees on October 1, 1993, more employees who were forty or more years of age as of October 1, 1993 departed employment with Pembroke Pines Hospital prior to June 30, 1994 than would have been expected in an age neutral setting. He found that there was no statistically significant difference between the number of age forty or older terminations and the number expected in an age neutral setting. In fact, there were slightly fewer age forty or older employees terminated than expected.

3. That he analyzed the data to determine if, among the employees on October 1, 1993, the ages of the employees still employed on June 30, 1994 and those employees departing between October 1, 1993 and June 30, 1994 was statistically different. He found that there was no statistically significant difference between the ages of the employees remaining and those departing. In fact, he found that the average age of the departing employees was less than the average age of the retained employees.

A copy of Dr. McClave's curriculum vitae is attached hereto.

## Summary of Expert Testimony of Toby Chabon-Berger

Ms. Chabon-Berger is a vocational expert and professional recruiter in the areas of sales, marketing, and public relations. She is fully familiar with the job market in South Florida and generally familiar with the availability of jobs within these areas from 1993 through present. Ms. Chabon-Berger is expected to testify in the following areas:

1. The availability for jobs in the fields of sales, marketing or in the area of public relations, and the respective salary ranges for these professions from 1993 through present.

2. The reasonable job search efforts/search strategies for finding employment, including the use of ads, employment agencies, and networking through informal job markets.

3. That Plaintiff did not engage in reasonable efforts to find suitable, alternative employment after her termination of employment in October of 1993.

A copy of Ms. Chabon-Berger's curriculum vitae is attached hereto.

Exhibit 2

ATTACHMENT / EXHIBIT 2




RECYCLED PAPER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

　　　　Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

　　　　Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds as follows to the Plaintiff's first request for production of documents.

**General Objection**

Defendant objects to all of the requests insofar as they implicate the attorney-client privilege or work product doctrine.

**Specific Responses**

1.　　Defendant has not determined what documents it intends to use at trial.

EXHIBIT 2

2. Defendant objects to this request as overly broad. Without waiving its objection, Defendant states that no documents responsive to this request are in its possession, custody, or control.

3. Defendant objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of the privacy of a non-party. Without waiver of its objections, Defendant states that to the extent that documents pertaining to Monique Montiero's employment exist and are in Defendant's possession, custody, or control, Defendant will make those documents available for inspection and copying at a time and place mutually agreeable to counsel, subject to a mutually agreeable stipulated confidentiality order.

4. Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5. See response to request 2.

6. See response to request 3.

7. All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

8. Defendant objects to this request as ambiguous, overly broad, and duplicative of request 1. Without waiving its objections, Defendant states that it has not determined what documents to rely upon in defense of this action.

9. Defendant objects to this request as overly broad. Without waiving its objection, Defendant states that no documents responsive to this request are in its possession, custody, or control.

10. Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, Defendant states that no documents responsive to this request are in its possession, custody, or control.

11. Plaintiff's personnel file is no longer in Defendant's possession, custody, or control.

12. See response to request 3.

13. See response to request 3.

14. See response to request 3.

15. Any and all disciplinary records for Plaintiff would have been in her personnel file, which is no longer in Defendant's possession, custody, or control.

16. See response to request 3.

17. All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

18. See response to request 3.

19. Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

20. Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

21. See response to request 3.

22. Defendant objects to this request as violative of the attorney-client privilege and the work product doctrine. Without waiver of its objections, Defendant states that no documents responsive to this request are in Defendant's possession, custody, or control.

23. Defendant objects to this request as overly broad. Without waiving its objection, Defendant states that any documents pertaining to the termination of Plaintiff's employment that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

24. Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

25. See response to request 3.

26. Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

27. See response to request 3.

28. None.

29. Defendant objects to this request as ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of the attorney-client privilege and work product doctrine.

30. Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

31. All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

32. All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

33. See response to request 3.

34. Defendant objects to this request as ambiguous. Defendant does not know what information is sought by the request.

35. See response to request 34.

36. Defendant objects to this request as ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of May, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

                                      LEVY, KNEEN, MARIANI, CURTIN,
                                      KORNFELD & DEL RUSSO, P.A.

                                      By: _____
                                        Alexander D. del Russo
                                      1400 Centrepark Boulevard
                                      Suite 1000
                                      West Palm Beach, Florida   33401
                                      (561) 478-4700
                                      (561) 478-4744
                                      Fax (561) 478-5811
                                      Florida Bar No. 350273

F:\JE:REL\Mara\RFP response.doc

6



ATTACHMENT / EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-00023-CIV-MOORE

FLORIS PETTINGER,

    Plaintiff,

vs.

MIAMI BEACH HEALTH CARE GROUP,
LTD., and COLUMBIA HOSPITAL COR-
PORATION OF MIAMI BEACH, INC., and
COLUMBIA/HCA HEALTH CARE COR-
PORATION, d/b/a AVENTURA
HOSPITAL AND MEDICAL CENTER,

    Defendants.
_____/



## ORDER SETTING PRETRIAL CONFERENCE
## AND TRIAL DATE

This case is set for trial commencing the two-week trial period of **October 10, 2000 at 9:00 a.m.** in Courtroom 3, 11th Floor, James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida. All parties are directed to report to the calendar call on **October 5, 2000 at 2:00 p.m.** All matters relating to the scheduled trial date may be brought to the Court's attention at calendar call. A final pretrial conference as provided for by Rule 16, Fed. R. Civ. P., and Rule16.1(C), S.D. Fla. L.R., is scheduled for **September 25, 2000 at 9:00 a.m.** A bilateral pretrial stipulation shall be prepared pursuant to Rule 16.1(E), S.D. Fla. L.R., and filed in duplicate, with an additional copy delivered to the undersigned's chambers, <u>no later than five (5) calendar days prior to the pretrial conference.</u> The parties are directed to comply with the pretrial deadlines set forth in Rule 16.1., S.D. Fla. L.R. All discovery shall be completed sixty (60) calendar days prior to the date of trial. The failure to engage in discovery pending settlement negotiations shall not be grounds for




continuance of the trial date. Motions to add parties must be filed no later than ninety (90) calendar days prior to the scheduled trial date. All other pretrial motions must be filed no later than sixty (60) calendar days prior to the scheduled trial date, except motions in limine which shall be filed <u>no later than five (5) calendar days prior to the pretrial conference</u>. A motion for a continuance will not be considered unless it is filed twenty (20) calendar days prior to the scheduled trial date and complies with Rule 7.6., S.D. Fla. L.R.

**Notice to counsel**: All exhibits must be pre-marked, and a typewritten exhibit list setting forth the number and description of each exhibit must be submitted at the time of trial. For a jury trial, counsel shall prepare and submit proposed jury instructions to the Court. For non-jury trials, the parties shall prepare and submit to the Court a carefully prepared set of proposed findings of fact and conclusions of law fully supported by the evidence which counsel expects the trial to develop and <u>fully supported by citations to law</u>. The proposed jury instructions or the proposed findings of fact and conclusions of law shall be submitted to the Court no later than three days prior to the scheduled trial date. If drafted using a computer, a copy of the proposed jury instructions or proposed findings of fact and conclusions of law shall be submitted to the Court on a computer diskette.

Plaintiff's counsel shall notify any attorneys not listed below of this notice of trial.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2000.

**K. MICHAEL MOORE**

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

copies provided:

Murray Hudson, Esq.
Alexander D. del Russo, Esq.

2