UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/



### DEFENDANT'S MOTION TO TRANSFER TRIAL TO WEST PALM BEACH DIVISION

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, through undersigned counsel, respectfully requests that this Court transfer the jury trial of this case to the West Palm Beach Division within this district. Because Plaintiff resides within Palm Beach County, as do other witnesses, and because Defendant is unaware of any witnesses located within Dade County, the interests of justice would be served by conducting the trial within the West Palm Beach Division of this Court. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law.

#### Factual and Procedural Background

This is an action for age discrimination brought under the Florida Civil Rights Act of 1992, Fla. Stat. Chapter 760, and the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et seq.* Plaintiff commenced this action in the Seventeenth Judicial Circuit Court in Broward County,

Florida. Defendant removed this action to federal court, and by Orders dated March 9, 2000 (D.E. # 8), and April 26, 2000 (D.E. # 16), trial was set for the two-week docket commencing on October 9, 2000, in Miami, Florida.

On August 18, 2000, in response to Plaintiff's Motion for Continuance, this Court entered its Order continuing trial to the two-week jury docket commencing on April 9, 2001 (D.E. # 38). Trial has again been set to take place in Miami, Florida. With discovery now drawing to a close, and with the ability to identify the names and locations of witnesses, Defendant would request that the location of the trial be moved to the West Palm Beach Division of this Court.

## Memorandum of Law

28 U.S.C. § 1404(c) provides that "a district court may order any civil trial to be tried at any place within the district within which is pending." Local Rule 3.1(H) is consistent with this discretion at setting the trial location, and provides that the trial of any case may "in the interests of justice . . . be conducted at any jury division within the district." The Southern District of Florida lacks statutory divisions. *See* 28 U.S.C. § 89(c). Its geographical subdivisions are purely administrative. Where a district court lacks statutory divisions, courts clearly have discretion under Section 1404(c) to select any designated location within the district as the place for trial. *See Hancock v. Delta Air Lines, Inc.*, 793 F.Supp. 366, 368 (D. Me. 1992).

Although Defendant does not seek a change in venue, courts frequently look to the requirements of 28 U.S.C. § 1404(a) in assessing requests for intra-district transfers. *See Aramburu v. The Boeing Company*, 896 F.Supp. 1063, 1064 (D.C. Kan. 1995). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district

court may transfer any civil action to any other district or division where it might have been brought." Included among the factors to be evaluated in a transfer under this section are the Plaintiff's initial choice of forum, the convenience of witnesses, the accessibility of witnesses and other sources of proof, and "any other considerations of a practical nature that make a trial easy, expeditious and economical." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991) quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). A review of these factors reveals that trial should be conducted in the West Palm Beach division of this Court.

### 1.     Plaintiff's Choice of Forum

Generally, a plaintiff's initial choice of forum is given deference. However, the consideration is inapplicable in this case since Ms. Iaia commenced this action in state court in Ft. Lauderdale, Florida. The action was properly removed to this Court and thereafter assigned for trial in Miami, Florida. Ms. Iaia did not choose Dade County as her forum.

### 2.     Location of and Convenience to Witnesses

Courts have recognized that the convenience of key witnesses, including the parties themselves, ranks as the most important factor in determining whether to change the location of a trial. *Denson v. United States*, 99 F.Supp.2d 792, 795 (S.D. Tex. 2000). Of the key witnesses, it is significant to note that **both parties are located in Palm Beach County**. As Ms. Iaia testified in her deposition, she is and has been a resident of Palm Beach County for the past six years. Similarly, the Defendant's corporate representative, Maria Lomaga, lives and works in Palm

Beach County as well.[1]  Accordingly, the presence of the parties themselves is a sufficient and reasonable connection with Palm Beach County so as to justify conducting the trial within the West Palm Beach Division of this Court.

Other than the parties themselves, discovery has revealed that the most critical witness is Defendant's former Chief Executive Officer, Mr. Jerry Sutphin.  Mr. Sutphin is the individual who made the decision to eliminate Ms. Iaia's employment.  Mr. Sutphin resides in Virginia Beach, Virginia.  He is outside the subpoena power of this court and his deposition was taken by videotape.  Other senior management at the Hospital include the former Chief Operating Officer (Ms. Pam Corliss) and the former Chief Financial Officer (Mr. Michael Scialdone).  Neither reside within South Florida.  Ms. Corliss resides in Daytona Beach, and Mr. Scialdone resides in Kissimmee.  Both individuals are located closer to the West Palm Beach Division, and both are within the subpoena power of this Court under Rule 45(b)(2).  As to these witnesses, the accessibility of a West Palm Beach location favors conducting the trial within that division of the Court.

Through discovery, the parties have identified the names and locations of other likely witnesses for trial.  In its interrogatory responses, Defendant has identified ten potential fact witnesses, **none** of which reside in Dade County.  Similarly, Plaintiff's interrogatory responses identify eleven potential fact witnesses.  Many of these names are different from those listed by Defendant, but **none** of these individuals reside in Dade County.  Defendant has disclosed two expert witnesses, one located in Palm Beach County, and one in Alachua County.  Plaintiff has

---

[1] Although this case arises from Ms. Iaia's former employment with Defendant at Pembroke Pines Hospital, Defendant ceased operating that facility in 1995 when it was leased to the South Broward Hospital District.  Defendant operates no facilities and has no employees in either Dade or Broward Counties.

disclosed one expert located in Broward County. None of the fact or expert witnesses identified to date are located within Dade County.

The connection between the parties, the witnesses, and Palm Beach County weighs in favor of conducting this trial within the West Palm Beach Division of this Court. Accordingly, Defendant would request that this Court transfer the trial of this case to the West Palm Beach Division. To the extent this transfer necessitates a new trial docket to coincide with this Court's appearance in Palm Beach County, then Defendant would request this matter be reset to conform to the Court's West Palm Beach Trial Docket.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail this 30th day of August, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida  33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871.042\mot.transfer.wpb.doc