UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.

_____/



## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, through undersigned counsel, respectfully requests this Court to reconsider its August 18, 2000, Order of Continuance (D.E. # 38), which was entered in response to Plaintiff's Motion for Continuance of Trial and Pretrial Deadlines. Since the grounds stated by Plaintiff for seeking the continuance no longer exist, Defendant requests this Court to return this case to the two-week jury docket commencing on October 9, 2000. The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

### Memorandum of Law

On August 15, 2000, one day prior to the close of discovery, Plaintiff filed her Motion for Continuance of Trial and Pre-Trial Deadlines. The stated grounds for seeking the continuance was that Plaintiff's trial counsel was "presently scheduled for trial for the same two-week trial period

in two other federal cases pending in the Southern District, *Sanchez v. AT&T*, Case No. 98-2123-Civ-Jordan, and *Morgan v. Houston Restaurants, Inc.*, Case No. 98-6970-Civ-Dimitrouleas." As stated in that Motion,

> It is anticipated that the undersigned will be devoting virtually all of his time during the next two months preparing for the aforementioned trials, including researching and preparing memoranda of law in response to dispositive motions filed in those cases. As a result, the undersigned believes that it will be extraordinarily difficult, if not impossible, to adequately prepare for trial in the instant case should it remain scheduled for the October 9, 2000, trial period. Accordingly, a continuance of trial of at least 30 to 60 days is necessary.

(Plaintiff's Motion for Continuance of Trial, p. 2.) A copy of Plaintiff's Motion is attached as Exhibit 1.

On August 18, 2000, Defendant filed its Memorandum in Opposition to this Motion. A copy of this Memorandum is attached as Exhibit 2. Defendant objected to this continuance because it perceived it as a pretext for both adding a previously undisclosed expert witness and for taking discovery. As of that date, Plaintiff had not noticed a single deposition. On that same date, and prior to receipt of Defendant's Memorandum of Law, this Court entered its Order of Continuance (D.E. # 38). The continuance granted Plaintiff's Motion and reset the trial for the two-week trial period commencing on April 9, 2001. Defendant seeks a reconsideration of this Order because the grounds underlying Plaintiff's Motion—preexisting trial conflicts of Plaintiff's counsel—appear to have been resolved.

On August 30, 2000, defense counsel received a telefax letter from Plaintiff's counsel seeking to schedule at least nine separate depositions. A copy of this letter is attached to this Motion as Exhibit 3. Of significance is that Plaintiff's counsel revealed that he was available for these depositions at any time during the second, third and fourth weeks in September, and the first

2

week in October. The letter also seeks to schedule the mediation of this case during the month of October.

Receipt of this letter prompted the office of the undersigned to check with the Clerk of this Court concerning the status of Plaintiff's two prior, pending trials. The undersigned confirmed that the case of *Morgan v. Houston Restaurant, Inc.*, had been removed from the trial docket in October. The status of *Sanchez v. AT&T* has not yet been determined. However, given that this underlying conflict of the *Morgan* trial has been resolved, and given the change of status by Plaintiff's counsel from having to devote "virtually all of his time during the next two months preparing for the aforementioned trials"[1] to be available for depositions for four consecutive weeks from September 11 through October 6,[2] Defendant would suggest that the conflict underlying Plaintiff's Motion for Continuance has been resolved and there is not need to delay the trial of this case.

Accordingly, Defendant requests that this Court reconsider its Order of Continuance, that this case be returned to the two-week trial docket commencing on October 9, 2000, and that as a result Defendant be allowed to file dispositive motions as well as applicable in limine motions.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail this 30th day of August, 2000, to Roderick V. Hannah, Esq., Becker &

---

[1] *See* Plaintiff's Motion for Continuance of Trial at p. 2.
[2] *See* August 30, 2000 letter Roderick Hannah to Alexander D. del Russo, at p. 2.

Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

                                                LEVY, KNEEN, MARIANI, CURTIN,
                                                KORNFELD & DEL RUSSO, P.A.

                                                By: _____
                                                   Alexander D. del Russo
                                                1400 Centrepark Boulevard
                                                Suite 1000
                                                West Palm Beach, Florida   33401
                                                (561) 478-4700
                                                (561) 478-4744
                                                Fax (561) 478-5811
                                                Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871.042\mot.reconsider.order.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL AND PRE-TRIAL DEADLINES

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel moves this Court for a continuance of trial and the pre-trial deadlines, and as grounds therefor, states as follows:

1. By Revised Scheduling Order dated April 26, 2000, this Court scheduled trial in the above referenced case for the two-week period commencing October 9, 2000. Pursuant to that same Order, this Court scheduled all discovery to be completed by August 16, 2000, and scheduled the dispositive motion deadline for August 30, 2000.

2. As set forth in the attached supporting Affidavit of Roderick V. Hannah, Esq., continuance of the trial is required because the undersigned is presently scheduled for trial for the same two week trial period in two other federal cases pending in the Southern District, Sanchez v. AT&T, et al., Case No. 98-2123-CIV-JORDAN, and Morgan v. Houston's Restaurants, Inc., Case No. 98-6970-CIV-DIMITROULEAS. Both cases predate the instant case. The Sanchez case has already been continued twice before, and it is unlikely to settle

before trial. Trial is expected to last at least two weeks. The <u>Morgan</u> case was scheduled for trial during the same two-week period as the instant case by Order of Judge Dimitrouleas dated October 4, 1999, which thus predates the Order in the instant case continuing the case to the October 9, 2000 trial period. In addition, the undersigned is presently scheduled for trial before Judge Jordan in the case styled <u>Wilson v. City of Miami Beach</u>, Case No. 99-1875-CIV-JORDAN, for the two-week period commencing September 11, 2000. It is anticipated that the undersigned will be devoting virtually all of his time during the next two months preparing for the aforementioned trials, including researching and preparing memoranda of law in response to dispositive motions filed in those cases. As a result, the undersigned believes that it will be extraordinarily difficult, if not impossible, to adequately prepare for trial in the instant case should it remain scheduled for the October 9, 2000 trial period. Accordingly, a continuance of trial of at least 30 to 60 days is necessary.

3.  In addition to continuance of trial, continuance of the discovery and dispositive motion deadlines is required. As a result of Defendant selling its operations prior to the commencement of this case, and the apparent loss by Defendant of numerous relevant documents, including Plaintiff's personnel, pay, and benefits records, Plaintiff and her counsel have had an extremely difficult time locating witnesses (many of whom no longer live in Florida) and obtaining relevant information to fully prepare this case for trial, in particular, Plaintiff's damage claims. Plaintiff and her counsel have been making diligent efforts to locate certain key witnesses, mostly former employees of Defendant, to take their depositions. Plaintiff needs the testimony of these witnesses, who have been identified by name but not by address by Defendant in its interrogatory answers, to preserve their testimony for trial and to oppose any motion for summary judgment filed by Defendant. In addition, Plaintiff and her counsel have been attempting to locate relevant employment and benefits information pertaining to Plaintiff to

fully and properly calculate her damages. Defendant's inability to produce relevant pay and benefits information for Plaintiff has required Plaintiff to hire an expert witness, Ronald Patella, to reconstruct and properly calculate Plaintiff's damages. Furthermore, Plaintiff needs to take the depositions of Defendant's two disclosed experts; however, as a result of scheduling conflicts the depositions could not be scheduled prior to the current deadline. Accordingly, a 30 to 60 day enlargement of time to complete discovery is required. Should discovery be so extended, a 30 to 60 day enlargement of the dispositive motion deadline is also required.

4. The undersigned had contacted Defendant's counsel in a good faith effort to reach agreement on the relief requested in this Motion. Defendant's counsel is not opposed to a continuance of trial, but is opposed to a continuance of the pre-trial deadlines.

5. Plaintiff believes that there is good cause for the requested continuance as supported by the attached Affidavit. A continuance if granted would not prejudice any of the parties hereto, and would serve the interests of justice.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to: Alexander D. del Russo, Esq., Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 5th day of August, 2000.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
3111 Stirling Road
Ft. Lauderdale, FL 33312
Tel. (954) 985-4145

By: _____
Roderick V. Hannah, Esq.
Fla. Bar No. 435384

592846_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.
_____/

### AFFIDAVIT OF RODERICK V. HANNAH, ESQ.
### IN SUPPORT OF PLAINTIFF'S MOTION FOR CONTINUANCE
### OF TRIAL AND PRE-TRIAL DEADLINES

BEFORE ME, the undersigned authority, personally appeared RODERICK V. HANNAH, ESQ., who, being first duly sworn and under oath, deposes and says as follows:

1. I am over the age of 18 years, and make the statements herein based on personal knowledge.

2. I am counsel of record for the Plaintiff in the above-styled cause.

3. A continuance of the trial – presently scheduled for the two-week calendar commencing October 9, 2000 – is required because I am presently scheduled for trial for the same trial period in two other federal cases: Sanchez v. AT&T, et al., Case No. 98-2123-CIV-JORDAN, and Morgan v. Houston's Restaurants, Inc., Case No. 99-6970-CIV-DIMITROULEAS. Both of these cases predate the instant case, which was filed in 2000. The Sanchez case has been continued twice to the present trial calendar. The case is not expected to settle, and is expected to last at least two weeks. The Morgan case was scheduled for the trial

period by Order dated October 4, 1999, which predates this Court's Revised Scheduling Order dated April 26, 2000. Pursuant to this Court's Local Rule 16.3.A, the Morgan case, which was scheduled for trial first, should take priority over the trial in the instant case. In addition, I am scheduled for another jury trial for the trial period commencing September 11, 2000, in the case of Wilson v. City of Miami Beach, Case No. 99-1875-CIV-JORDAN. As a result of these numerous and overlapping trial schedules, I will devoting almost all of my time to preparing for the aforementioned trials, and will not have sufficient time to prepare for trial in the instant case prior to October 9, 2000. Accordingly, a 30 to 60 day continuance of trial is necessary.

4.   In addition, a 30 to 60 day continuance of the discovery deadline in this case is required along with the continuance of trial. As a result of Defendant selling its operations prior to the commencement of this case, and the apparent loss by Defendant of numerous relevant documents, including Plaintiff's personnel, pay, and benefits records, Plaintiff and her counsel, including myself, have had an extremely difficult time locating witnesses (many of whom no longer live in Florida) and obtaining relevant information to fully prepare this case for trial, in particular, Plaintiff's damages claims. I have been diligently attempting to locate certain key witnesses in this case who were disclosed by Defendant in interrogatories, yet whose addresses were not provided. These witnesses, all former employees of Defendant, likely have important information for Plaintiff's case, and their depositions are required to fully respond to any dispositive motions Defendant may file. In addition, I have been attempting to locate relevant employment and benefits information pertaining to Plaintiff to fully and properly calculate her damages. Defendant's inability to produce relevant pay and benefits information for Plaintiff has required Plaintiff and her counsel to hire an expert witness, Ron Patella, to reconstruct and properly calculate Plaintiff's damages. Moreover, Plaintiff must take the depositions of Defendant's expert witnesses, whose testimony is directed to the issue of Plaintiff's damages.

However, because of scheduling conflicts due to the above-mentioned cases, Plaintiff has been unable to schedule the depositions of the experts. Accordingly, continuance of the discovery deadline is required to permit completion of the necessary discovery prior to trial.

5.   I submit that good cause exists for the requested continuance of trial and the discovery deadline, and that Plaintiff's motion fort continuance is not interposed for purposes of delay. I have contacted Defendant's counsel regarding the requested continuance. Defendant's counsel is not opposed to the continuance of trial, but is opposed to any continuance of the discovery deadline.

FURTHER AFFIANT SAYETH NAUGHT.

RODERICK V. HANNAH, ESQ.

STATE OF FLORIDA :
              : ss
COUNTY OF BROWARD:

The foregoing instrument was acknowledged before me this _/5_ day of August, 2000, by RODERICK V. HANNAH, ESQ., who is <u>personally</u> <u>known</u> <u>to</u> <u>me,</u> or produced _____ as identification, and has taken an oath. If no type of identification is indicated, the above-named person(s) is/are personally known by me.

Notary Public

SUSAN BORGE
Printed Name of Notary



SUSAN BORGE
MY COMMISSION # CC 881670
EXPIRES: November 5, 2003
Bonded Thru Notary Public Underwriters

My Commission Expires:

592934_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL AND PRETRIAL DEADLINES**

Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, opposes the continuance of trial and pretrial deadlines requested by Plaintiff. The requested continuance is a thinly disguised vehicle to enable Plaintiff to untimely present an undisclosed expert witness, to the prejudice of Defendant, almost two months after the expiration of the deadline for disclosing expert witnesses prescribed by the Local Rules of this Court and after the close of discovery set forth in this Court's Revised Scheduling Order dated April 26, 2000, (D.E. #16). Plaintiff's motion should therefore be denied.

As the Federal Rules of Civil Procedure make clear, the Court's scheduling orders "may be modified only upon a showing of good cause." *Sosa v. Airprint Systems, Inc.*, 133

EXHIBIT 2

F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the [existing] schedule cannot be met despite the diligence of the party seeking the extension. . . . If a party was not diligent, the good cause inquiry should end." *Id.* (citations omitted). Because Plaintiff has not been diligent in her trial preparation, including the retaining of an expert witness, she cannot meet her burden of demonstrating good cause, and the present motion should be denied.

Pursuant to the Court's Revised Scheduling Order, the deadline for discovery in this action expired on August 16, 2000. On August 10, 2000, Plaintiff's counsel indicated, for the first time, that Plaintiff intended to retain Ronald A. Patella, C.P.A., as an expert witness on the issue of Plaintiff's alleged damages.[1] Plaintiff's expression of her intent to hire an expert witness, just six calendar days prior to the close of discovery, occurred more than a month after this Court's deadline for the required exchange of summaries of any anticipated expert testimony. *See* S.D. Fla. L.R. 16.1(K) (deadline for expert summaries is 90 days prior to calendar call); *see also* Scheduling Order dated March 9, 2000, ¶ 8 (setting calendar call for October 3, 2000). Thus, from March 9, 2000 onward, Plaintiff was aware of her obligation to provide Defendant with timely summaries of any anticipated expert testimony.[2] As of the date of this memorandum, with discovery having already closed, Defendant still has not received an expert summary or report from Plaintiff, but only the name of a proposed expert and a *curriculum vitae*.

---

[1] Plaintiff's counsel first brought up the matter of Plaintiff's intended expert in a telephone conversation with defense counsel on August 10, 2000, and then sent a confirming letter of the same date. Pursuant to Local Rule 7.7(b), no copy of that letter is annexed to this motion, but the letter is available for the Court's inspection if the Court wishes.

[2] Defendant disclosed its expert witnesses and provided summaries of their testimony on July 11, 2000. The disclosures and summaries are annexed hereto as Exhibit 1.

The only exception to Local Rule 16.1(K)'s clear requirement that experts be fully disclosed 90 days before calendar is for rebuttal experts, and that exception is unavailing to Plaintiff because Mr. Patella cannot be a rebuttal expert. Mr. Patella is a Certified Public Accountant whom Plaintiff purports to retain in order "to reconstruct and calculate Plaintiff's damages." Motion, p. 3. Although Plaintiff attempts to imply that Mr. Patella would be a rebuttal witness because the testimony of Defendant's experts "is directed to the issue of Plaintiff's damages," Affidavit of Roderick V. Hannah, ¶ 4, that implication is inaccurate. Defendant has retained two experts: (1) James McClave, Ph.D., a statistician who will testify that statistical composition of Defendant's workforce during the relevant time period was consistent with age-neutral decision-making; and (2) Toby Chabon-Berger, a vocational expert and professional recruiter who will testify that Plaintiff did not engage in reasonable efforts to find suitable alternative employment after her departure from Pembroke Pines Hospital. *See* Exhibit 1. Neither of Defendant's experts is a damages expert, and neither expert's testimony can be rebutted by an accountant. Thus, Mr. Patella is not a rebuttal witness.

Plaintiff's suggestion that she has just recently realized the need for a expert witness due to "Defendant's inability to produce relevant pay and benefits information for Plaintiff," Motion, p.3, is likewise unavailing. On May 15, 2000, in a timely response to Plaintiff's request for documents, Defendant advised Plaintiff that Plaintiff's personnel file and benefits information were no longer in the possession, custody or control of Defendant. *See* Defendant's Response to Plaintiff's First Request for Production of Documents (annexed hereto as Exh. 2). Yet, it was not until three months later, just before the close of discovery and well after the deadline for expert disclosure, that Plaintiff allegedly realized her need for

an expert to testify about her pay and benefits. It is clear from this record that Plaintiff, who did not take a single deposition in this action (including any depositions of Defendant's disclosed experts), has not been diligent in pursuing discovery or in evaluating whether to retain an expert. Because Plaintiff has not been diligent, "the good cause inquiry should end" and the present motion should be denied. *Sosa*, 133 F.3d at 1418.

Plaintiff's assurance to the contrary notwithstanding, *see* Motion, p. 3, Defendant will be unfairly prejudiced if the present motion is granted. Although defense counsel has worked under the same constraints that have allegedly prevented Plaintiff's counsel from pursuing her case, *see* Motion, pp. 2-3, Defendant has been diligent and is prepared to try the case at the time ordered by the Court. If the motion is granted, Defendant would then be forced to confront a previously undisclosed expert witness, and would be required to either locate and engage a rebuttal expert to counter testimony that should have been disclosed more than one month ago, or leave this proposed expert's testimony unrebutted, either circumstance of which is prejudicial.

Although Plaintiff's counsel asserts that a continuance is needed because he is on other, contemporaneous, federal trial dockets, being on more than one docket at a given time is a normal incident of trial litigation. Defense counsel, too, is on other trial dockets at the same time, *see* Exh. 3, but is nonetheless ready for the trial of this cause. If, of course, it turns out that one attorney or the other is actually in trial at the time for which this case is set, then a continuance would be appropriate. But even if that were to happen, Plaintiff has not met her burden of showing good cause why discovery deadlines should be enlarged as well. Plaintiff

should not be rewarded for her lack of diligence in this action; nor should Defendant be penalized for its diligence. Plaintiff's motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a continuance should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of August, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

I:\JEREL\Maia\continuance opposition.doc

LAW OFFICES
# BECKER & POLIAKOFF, P.A.

**Administrative Office:**
3111 Stirling Road
Ft. Lauderdale, Florida 33312-6525

**Mailing Address:**
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Phone: (954) 987-7550   Fax: (954) 985-4176
FL Toll Free: (800) 432-7712
Internet: http://www.becker-poliakoff.com

**Florida Offices**

Boca Raton*
Clearwater
Ft. Lauderdale
Ft. Myers
Ft. Walton Beach
Melbourne*
Miami
Naples
Orlando
Port Charlotte*
St. Petersburg
Sarasota
Tallahassee
Tampa
West Palm Beach

*available for consultation
by appointment only

**International Offices**

Beijing,
People's Republic of
China

Prague,
Czech Republic

Bern, Switzerland

**Pages (including cover):** 4

**Date:** August 29, 2000    **Time Sent:**    **Operator:**

**Company:** LEVY, KNEEN, MARIANI, CURTIN, ET AL.

**Attn:/Location:** ALEXANDER del RUSSO, ESQ.

**Telephone #:** 561-478-4700    **Fax #:** 561-478-5811

**Client #/Matter #:** I19756-67321

**From:** RODERICK V. HANNAH, ESQ.

**Re:** IAIA V. COLUMBIA

**Comments:**

**If you do not receive all pages, please call us immediately.**

The information contained in this transmission is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. THANK YOU.

EXHIBIT 3

LAW OFFICES

# BECKER & POLIAKOFF, P.A.

Administrative Office:  
3111 Stirling Road  
Ft. Lauderdale, Florida 33312-6525

Mailing Address:  
P.O. Box 9057  
Ft. Lauderdale, Florida 33310-9057

Phone: (954) 987-7550  Fax: (954) 985-4176  
Toll Free: (800) 432-7712  
Internet: www.becker-poliakoff.com  
Email: bp@becker-poliakoff.com

**Florida Offices**

Boca Raton*  
Clearwater  
Ft. Myers  
Ft. Walton Beach  
Hollywood  
Melbourne*  
Miami  
Naples  
Orlando  
Port Charlotte*  
St. Petersburg  
Sarasota  
Tallahassee  
Tampa  
West Palm Beach

* available for consultation by appointment only

**International Offices**

Beijing,  
People's Republic of China

Prague,  
Czech Republic

Bern, Switzerland*

**Reply To:**  
Roderick V. Hannah, Esq.  
(954) 985-4145  
rhannah@becker-poliakoff.com

August 30, 2000

<u>**Via Telefax (561) 478-5811**</u>

Alexander D. del Russo, Esq.  
Levy, Kneen, Mariani, Curtin,  
Kornfeld & Del Russo, P.A.  
1400 Centrepark Boulevard, Suite 1000  
West Palm Beach, FL 33401

    Re:    Iaia v. Columbia Health Care Corporation, etc.

Dear Mr. del Russo:

    I am in receipt of your letter dated August 23, 2000. I will be in contact with Mr. Patella to determine what dates in September he is available for deposition.

    Likewise, in light of the Court's Order continuing this trial until April, 2001, I would like to take the following depositions:

    1.    The corporate representative of Defendant with the most knowledge regarding the following topics:

        (a)    The corporate interrelationships between Columbia Health Care Corporation, Columbia HCA, and Galen;

        (b)    The location, maintenance, destruction, and/or loss of Plaintiff's personnel and performance records with Pembroke Pines Hospital;

        (c)    The identity of the corporation that owned Pembroke Pines Hospital during 1993 and 1994, including the time when Plaintiff was terminated;

        (d)    The location, maintenance, destruction, and/or loss of any and all personnel policies, handbooks and manuals for Pembroke

Alexander D. del Russo, Esq.
August 30, 2000
Page 2

        Pines Hospital that were in effect during the years 1993 and 1994;

(e)    The dollar value and nature of any and all fringe benefits that were available to Plaintiff during the years 1993 and 1994, and

(f)    The identity and location of any and all documents and records that refer, relate or pertain to the alleged reduction in force ("RIF") that occurred in 1993 with regard to Pembroke Pines Hospital.

2.    Defendant's experts.

3.    Monique Motiero.

4.    Paula Adamson.

5.    Mark Edwards, Esquire.

6.    Pam Corliss, and

7.    Michael Scialdone.

    In addition, I would like to schedule and take your deposition in light of the fact that you have made representations to the Court of your personal knowledge regarding various central issues in this case, including the ownership of Pembroke Pines Hospital in 1993 and 1994, the reduction in force that allegedly occurred in 1993 which resulted in Plaintiff losing her job, and the decision to combine the positions of Director of Senior Friends and Director of Marketing and Public Relations following Plaintiff's notice of termination. Inasmuch as you have personal knowledge of these matters, and discovery into the matters is required, it would be most efficient for us to take your deposition.

    The dates available for the above-referenced depositions are the following: September 11, 12, 14, 15, 18, 19, 21, 22, the entire week of September 25 through 29, and the entire week of October 2 through 6. Please let me know as soon as possible of your availability during this time frame, and we will coordinate scheduling the depositions.

    Finally, we also need to coordinate and schedule a mediation in the case as soon as possible. The mediators I recommend are Allene Nicholson of Florida Mediation Group, Inc., Kelly James Henderson of Mediation, Inc., and John Freud in Miami. If you have other mediators you would like for us to consider, please provide me with the information as soon as possible. Hopefully we can schedule a mediation for some time in early or mid-October, 2000.

Alexander D. del Russo, Esq.
August 30, 2000
Page 3

I await your prompt response to the above.

Sincerely yours,

Roderick V. Hannah
For the Firm

RVH/cmm

cc:   John Jankowski, Esq. (via fax)
      Jacqueline Iaia

595676_1.DOC