UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

## DEFENDANT'S MOTION TO RECOVER
## FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Defendant, through undersigned counsel and pursuant to Rule 30(g)(1) of the Federal Rules of Civil Procedure, moves to recover its fees and costs incurred in connection with a deposition noticed, but not attended, by Plaintiff's counsel. The grounds for this motion are fully set forth in the accompanying memorandum of law.

### MEMORANDUM OF LAW

The deposition of Pam Corliss, a non-party witness, was noticed by Plaintiff's counsel for Friday, October 20, 2000, the last day of discovery in this action. *See* Re-Notice of Taking Deposition (annexed hereto as Exhibit 1). The location for the deposition, as noticed by Plaintiff's counsel, was the office of Volusia Reporting in Daytona Beach, Florida. *Id.* In reliance on the notice, Defendant's attorney, Alexander D. del Russo, traveled from his office in West Palm Beach, Florida to Daytona Beach. *See* Affidavit of Alexander D. del Russo

(annexed hereto as Exhibit 2), ¶ 2. Both defense counsel and the witness, Ms. Corliss, were present and prepared to begin the deposition at the scheduled time of 10:00 a.m. *Id.* At approximately 10:05 a.m., Volusia Reporting received a telephone call from the office of Plaintiff's counsel, advising that Plaintiff's attorney, Mr. Roderick Hannah, was stuck in traffic and that Mr. Hannah would not be able to arrive at his deposition until at least 11:30, one and a half hours after the time scheduled by Mr. Hannah. *See* Comments on Record, dated October 20, 2000 (annexed hereto as Exh. 3), p. 4. Defense counsel inquired whether Mr. Hannah could be reached by cellular phone, for purposes of finding out whether Mr. Hannah wished to begin the deposition by telephone, but was informed by Mr. Hannah's assistant that Mr. Hannah's cellular phone was either not with Mr. Hannah or was not working. *Id.* After learning that the deposing attorney would not be arriving until 11:30 at the earliest, the witness, Ms. Corliss, stated that she could not wait until 11:30 because of her pre-arranged travel plans, and that she had been relying on the scheduled starting time of 10:00. *Id.*, p. 5. The proceeding then concluded. *Id.*

Rule 30(g)(1) of the Federal Rules of Civil Procedure provides as follows:

> If the party giving the notice of the taking a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Fed.R.Civ.P. 30(g)(1). Because Plaintiff noticed the deposition of Ms. Corliss and then failed to attend and proceed with that deposition, Plaintiff should be required to compensate Defendant for the expenses, including attorney's fees, incurred by Defendant in attending the

abortive deposition. As set forth in the Affidavit of Alexander D. del Russo (annexed hereto as Exhibit 2), the total of those expenses is $974.97.

## CONCLUSION

For the foregoing reasons, Defendant should recover $974.97 from Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and U.S. Mail this 1st day of November, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

F:\DATA\JEREL\Iaia\tax fees & costs.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

**RE-NOTICE OF TAKING DEPOSITION**
**(Change of Time & Location)**

TO:   ALEXANDER D. DEL RUSSO, ESQ., Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401

       JOHN F. JANKOWSKI, JR., ESQ., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324

      PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of the below-named person on the date and at the hour indicated, **at VOLUSIA REPORTING, 150 S. Palmetto Avenue, Suite 101, Daytona Beach, FL 32114.**

| NAME | DATE | HOUR |
|---|---|---|
| **PAM CORLISS** | OCTOBER 20, 2000 | 10:00 A.M. |

upon oral examination(s), before a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is/are being taken for the purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.



EXHIBIT 1

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

CASE NO. 00-6227-CIV-MORENO

I HEREBY CERTIFY that a true copy of the foregoing Re-Notice of Taking Deposition was faxed and mailed to the above-named addressee(s), on this 16th day of October, 2000.

BECKER & POLIAKOFF, P.A.

Attorneys for Plaintiff
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
Tel. (954) 985-4145
Fax (954) 985-4176

By: _____
RODERICK V. HANNAH
Florida Bar No. 435384

cc:     Volusia Reporting

604191_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.
_____/

## AFFIDAVIT OF ALEXANDER D. DEL RUSSO

| STATE OF FLORIDA | ) |
|---|---|
| | )ss. |
| COUNTY OF PALM BEACH | ) |

BEFORE ME, the undersigned authority, personally appeared Alexander D. del Russo who upon being duly sworn, deposes and says:

1.    My name is Alexander D. del Russo. I am an attorney licensed to practice in the State of Florida, and I represent Defendant as trial counsel in this action. I make this affidavit based on my personal knowledge.

2.    In reliance on a re-notice of deposition, dated October 10, 2000 and served by Plaintiff's counsel Roderick V. Hannah, I traveled from my office in West Palm Beach,



Florida to the office of Volusia Reporting in Daytona Beach, Florida for the deposition of Ms. Pam Corliss, noticed by Plaintiff for October 20, 2000 at 10:00 a.m.

3. Both the witness, Ms. Pam Corliss, and I were present and on time for the deposition. We were subsequently informed that Mr. Hannah was running late and would not be able to arrive until 11:30 at the earliest. Because the witness was unable to wait until 11:30 to begin the deposition, the proceeding was concluded.

4. I had another deposition scheduled in Orlando at 3:00 p.m. on the same day in the same matter. That deposition went forward as scheduled.

5. My client incurred a total of $1,820 in attorney's fees in connection with my attendance of the two depositions, based on 9.1 hours billed at an hourly rate of $200. Reducing that figure by half (since one of the two depositions did go forward) results in a total of $910 in attorney's fees incurred by Defendant in connection with the deposition Plaintiff's counsel failed to attend.

6. Annexed to this affidavit as Exhibit A is a computer printout showing that the distance between my office and the location of the deposition Plaintiff's counsel failed to attend is 199.9 miles. The round-trip driving distance I traveled was therefore 399.8 miles. Reducing that figure by half (to reflect that half of the purpose of the trip was to attend another deposition) results in 199.9 travel miles incurred by Defendant in connection with the deposition Plaintiff's counsel failed to attend. Those miles are billed to Defendant at a rate of 32.5 cents per mile, for a total cost of $64.97.

7. The total of the fees and costs incurred by Defendant in connection with the deposition Plaintiff's counsel failed to attend is $974.97.


Alexander D. del Russo

SWORN TO AND SUBSCRIBED before me this 31st day of October, 2000, by Alexander D. del Russo, who is personally known to me.

(NOTARY SEAL)


NOTARY SIGNATURE

F:\DATA\JEREL\Iaia\ADD depo affidavit.doc

NANCY TIDWELL-RARDIN
MY COMMISSION # CC 860778
EXPIRES: Aug 4, 2003
1-800-3-NOTARY  Fla. Notary Service & Bonding Co.



Yahoo! - Maps - Yellow Pages - Help
Powered by Mapquest.com (tm)



Plan the wedding of your dreams! Click here.

**Welcome, Guest User**                           Create My Favorite Locations - Sign In

**Yahoo! Maps - Driving Directions**                    Email Directions    New Location

| **Starting From:** | **Arriving At:** | **Distance**: | **Approximate Travel Time**: | |
|---|---|---|---|---|
| 1400 centrepark blvd West Palm Beach, FL 33401-7402 | 150 s palmetto ave Daytona Beach, FL 32114-4320 | 199.9 miles | 3 hours 46 mins | Reverse Driving Directions |

|    | **Directions** | **Miles** |
|---|---|---|
| 1. | Start out going East on CENTREPARK BLVD towards CENTRE PARK DR E. | 0.2 |
| 2. | Turn RIGHT onto MERCER AVE. | 0.2 |
| 3. | Turn LEFT onto BELVEDERE RD. | 0.3 |
| 4. | Turn SLIGHT LEFT to take the I-95 NORTH ramp. | 0.5 |
| 5. | Merge onto I-95 N. | 193.2 |
| 6. | Take the US-92 exit, exit number 87, towards DELAND/DAYTONA BEACH. | 0.3 |
| 7. | Keep RIGHT at the fork in the ramp. | 0.0 |
| 8. | Merge onto US-92 E/FL-600 E. | 3.5 |
| 9. | US-92 E/FL-600 E becomes US-92 E/INTERNATIONAL SPEEDWAY/FL-600 E. | 0.0 |
| 10. | US-92 E/INTERNATIONAL SPEEDWAY/FL-600 E becomes US-92 E/FL-600 E. | 1.0 |
| 11. | US-92 E/FL-600 E becomes US-92 E/INTERNATIONAL SPEEDWAY/FL-600 E. | 0.1 |
| 12. | Turn RIGHT onto US-1 S/FL-5. | 0.3 |
| 13. | Turn LEFT. | 0.0 |
| 14. | Turn LEFT onto US-1 N/FL-5. | 0.2 |

EXHIBIT A

.../ddResults.py?Pyt=Tmap&tarname=&tardesc=&newname=&newdesc=&newHash=&newTH  10/30/00

1

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                    FT. LAUDERDALE DIVISION

                    CASE NO.:  00-6227-CIV-MORENO
```

JACQUELINE IAIA

      Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES, INC.,
d/b/a PEMBROKE PINES HOSPITAL, a foreign
corporation,

      Defendant.


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMMENTS ON RECORD**

| | |
|---|---|
| DATE TAKEN: | OCTOBER 20, 2000 |
| TIME: | COMMENCED AT 10:11 A.M.<br>CONCLUDED AT 10:13 A.M. |
| PLACE: | 150 SOUTH PALMETTO AVENUE<br>SUITE 101<br>DAYTONA BEACH, FLORIDA |
| REPORTED BY: | SHARON K. DINES<br>Court Reporter and Notary Public |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


VOLUSIA REPORTING COMPANY
POST OFFICE BOX 1409
DAYTONA BEACH, FLORIDA 32115
904-255-2150



CERTIFIED COPY

2

1    APPEARANCES:

2
             ALEXANDER D. DEL RUSSO, ESQUIRE
3            Levy, Kneen, Mariani, Curtin,
                Kornfeld & Del Russo, P.A.
4            1400 Centrepark Boulevard
             West Palm Beach, Florida 33401
5
             Attorney for Defendant
6

7    ALSO PRESENT:   PAM CORLISS, Witness

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

VOLUSIA REPORTING COMPANY

1                        C O N T E N T S

2                                                              PAGE:
   COMMENTS ON RECORD BY MR. DEL RUSSO                           4
3
   REPORTER'S DEPOSITION CERTIFICATE                             6
4

5
                              - - - - -
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the following proceedings were had:)
 3              MR. DEL RUSSO:  It is now 11 minutes after ten on
 4       the morning of Friday, October 20, 2000.  We are here
 5       for the deposition noticed by Plaintiff's Counsel of
 6       Ms. Pam Corliss.  I, of course, am here on behalf of
 7       the Defendant.
 8              The reason we are making this statement on the
 9       record is that we and the court reporter just received
10       a telephone call from Mr. Hannah's office advising that
11       Mr. Hannah is stuck in traffic and will not be able to
12       be present at his deposition until 11:30, which is an
13       hour and a half from now -- or an hour and a half from
14       when the deposition was scheduled.
15              We also asked if Mr. Hannah had a cellphone to see
16       if we could contact him personally to see if he wished,
17       for example, to attend by telephone, but were advised
18       by his assistant, Karen, that he either does not have a
19       cellphone or it is not operable.
20              Now, I am here for the deposition and I intend to
21       stay.  But there, apparently, is a problem with the
22       witness, Ms. Corliss.
23              Ms. Corliss, could you please explain to me what
24       your scheduling problem is with respect to waiting
25       until 11:30 to begin this deposition.
```

1    MS. CORLISS:  I scheduled to leave on vacation
2    today.  Our plans were to leave by 12 noon.  When this
3    deposition was scheduled, and graciously scheduled for
4    10:00, I figured that, you know, I could delay my
5    departure until 1:00 at the latest.
6        Now it would be three, three-thirty, maybe even
7    four o'clock before I could get on the road.  I have a
8    ten-hour ride ahead of me into the mountains in the
9    dark, and I am not prepared to arrive somewhere at one
10   or two in the morning.
11       MR. DEL RUSSO:  Okay.  Thank you.
12       I have not encouraged Ms. Corliss to leave.  In
13   fact, I have asked her to consider staying.  But in
14   light of her travel plans and vacation plans as she
15   just indicated, apparently, that's not the case.
16       MR. DEL RUSSO:  Ms. Corliss, would you consider
17   waiting until 10:30, another 15 minutes, to see if
18   Mr. Hannah shows up, and then you can do what you think
19   is appropriate?
20       MS. CORLISS:  Absolutely.
21       MR. DEL RUSSO:  Thank you.
22       (WHEREUPON the proceedings was concluded at
23   10:13 a.m.)
24
25

```
 1                    REPORTER'S CERTIFICATE
 2
 3    STATE OF FLORIDA    )
 4    COUNTY OF VOLUSIA   )
 5
 6         I, SHARON K. DINES, Court Reporter, certify that I
 7    was authorized to and did stenographically report the
 8    comments made on the record; that the transcript is a true
 9    and complete record of my stenographic notes.
10         I further certify that I am not a relative, employee,
11    attorney, or counsel of any of the parties, nor am I a
12    relative or employee of any of the parties' attorneys or
13    counsel connected with the action, nor am I financially
14    interested in the action.
15         Dated this 20th day of October, 2000.
16
17               [signature]
                 SHARON K. DINES, COURT REPORTER
18         (This signature is valid only if signed in blue ink.)
19
20
21
22
23
24
25

                    VOLUSIA REPORTING COMPANY
```