UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO RECOVER FEES AND COSTS

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, responds to Defendant's Motion to Recover Fees and Costs as follows:

Defendant seeks to recover $974.97 for its fees and costs associated with its counsel's travel to and appearance at the deposition of Pam Corliss, which had been scheduled for October 20, 2000. Defendant cites as authority for its entitlement to such recovery Rule 30(g)(1) of the Federal Rules of Civil Procedure. However, that Rule only applies where counsel for the party who notices the deposition completely fails to appear for the deposition. That was not the case here.

In the instant situation, Plaintiff's counsel had agreed, as an accommodation to Ms. Corliss, and at the request of Defendant's counsel, to re-schedule Ms. Corliss' deposition from the afternoon of October 20, 2000, to the morning of the same date. See, Affidavit of Roderick Hannah, Esq., ¶3, attached hereto as Exhibit "A". The reason given by Defendant's counsel for

the need to re-schedule Ms. Corliss' deposition was that Ms. Corliss needed to travel on vacation in the afternoon. Id. No details as to exactly when and where Ms. Corliss needed to travel, nor her mode of transportation were given. Id. Moreover, Defendant's counsel did not ask for or even indicate that there were any time limitations on the taking of Ms. Corliss' depsoition, other than Ms. Corliss had to commence her vacation in the afternoon. Id.[1]

Because of exceptionally heavy traffic delays between Plaintiff counsel's residence in Miramar, Florida, and Palm Beach County,[2] as well as lengthy, unanticipated delays in reaching the place for deposition in Daytona Beach because of a national motorcycle event known as "Biketoberfest,"[3] Plaintiff's counsel arrived at the deposition of Ms. Corliss at 11:30 a.m., one and one-half hours after the original deposition start time of 10:00 a.m. Id. at ¶¶4, 5. This late arrival, however, did not go unannounced. As reflected in the "Comments on the Record" transcript taken by Defendant's counsel,[4] Plaintiff's counsel, knowing that he was delayed and could not arrive at the deposition at the scheduled time, telephoned his secretary at 9:45 a.m. to request that she call Defendant's counsel and the deponent to inform them that, he could not arrive at the deposition until 11:30 a.m. Id.; Hannah Aff. ¶5.

As evidenced by Ms. Corliss' statements on the record, she was originally willing to delay her departure for her trip to at least 1:00 p.m. to permit Plaintiff's counsel to take her deposition. See, Comments on the Record p. 5. However, and of significance to Defendant's instant Motion, instead of waiting until 11:30 a.m. to permit Plaintiff's counsel to take her deposition – which likely would have taken less than one and one-half hours to complete – Ms.

---

[1] It must be noted that Ms. Corliss is employed in a high level position with one of Defendant's hospitals, and is not merely a disinterested witness. Nevertheless, she was compelled to appear for her deposition via subpoena.
[2] It took Plaintiff's counsel just over two hours to travel from Miramar to the West Palm Beach area. Hannah Aff. ¶4.
[3] It took Plaintiff's counsel almost 45 minutes just to drive from the I-95 exit for Daytona Beach to downtown Daytona Beach. Hannah Aff. ¶4.
[4] Attached to Defendant's Motion as Exhibit 3.

2

Corliss, knowing that Plaintiff's counsel would not be arriving until 11:30 a.m., decided to stay only a half hour -- until 10:30 a.m. -- and thereafter abort the deposition. Id.

Defendant now wishes in its Motion to take advantage of Plaintiff counsel's unfortunate delays, and Ms. Corliss' apparently unilateral decision to abort the deposition instead of waiting for Plaintiff counsel's arrival, to recover attorney's fees and costs. Rule 30(g)(1) of the Federal Rules of Civil Procedure permits the recovery of fees and costs, as a sanction, for an opposing counsel's appearance at a deposition only if the party noticing the deposition *fails* to appear. That is not the case here. Plaintiff's counsel *did appear* for the deposition, albeit late due to unforeseen and uncontrollable circumstances. The deposition could have proceeded and been completed by 1:00 p.m. if Ms. Corliss had waited until 11:30 a.m., the time she was informed Plaintiff's counsel would arrive. Clearly, Ms. Corliss, although inconvenienced, could have waited the additional time to allow Plaintiff's counsel to arrive and take the scheduled deposition, and still have departed for her trip by 1:00 p.m., as she had originally planned. That Ms. Corliss refused to wait for no apparent reason other than to get an earlier start to her trip should not now result in sanctions against Plaintiff and her counsel in the form of attorney's fees and costs.

Moreover, at the very least, Plaintiff and her counsel should not be responsible for half of Defendant counsel's trip costs in that Defendant's counsel would have needed to make the full trip anyway because of another scheduled deposition in the Orlando area. Defendant's request for payment of half the trip costs is thus nothing less than a request for punishment. As discussed above and as established by the attached affidavit, Plaintiff's counsel was late to Ms. Corliss depsoition due to circumstances beyond his control. Moreover, Plaintiff's counsel acted with the utmost good faith in having Defendant's counsel called to inform him and the witness

3

about the late arrival. The situation does not warrant sanctions. Defendant's Motion should, therefore, be denied.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 14th day of November, 2000.

**BECKER & POLIAKOFF, P.A.**
Attorneys for Plaintiff
3111 Stirling Road
Ft. Lauderdale, FL 33312
Tel. (954) 985-4145

By: _____
Roderick V. Hannah, Esq.
Fla. Bar No. 435384

610979

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

       Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

       Defendant.
_____/

## AFFIDAVIT OF RODERICK V. HANNAH, ESQ.

STATE OF FLORIDA    :
                     : ss
COUNTY OF BROWARD :

BEFORE ME, the undersigned authority, personally appeared RODERICK V. HANNAH, ESQ., who, being first duly sworn and under oath, deposes and says as follows:

1. I am over the age of 18 years and make the statements herein based on personal knowledge.

2. I am an attorney with the law firm of Becker & Poliakoff, P.A., and am one of the counsel of record for the Plaintiff in the above-styled cause.

3. I re-noticed the deposition of Pam Corliss for October 20, 2000, at 10:00 a.m. in Daytona Beach, Florida. Originally, I had noticed – and subpoenaed -- Ms. Corliss for her deposition for the same date at 2:00 p.m. However, shortly after I first noticed the deposition of Ms. Corliss, I received a telephone call from Alexander del Russo, Defendant's counsel, who

BECKER & POLIAKOFF, P.A.     [redacted]     UDERDALE, FLORIDA 33312

requested that I reschedule Ms. Corliss' deposition for the morning of October 20, 2000, because Ms. Corliss had travel plans to go on vacation in the afternoon. Mr. del Russo did not specify when in the afternoon Ms. Corliss was to depart, where she was going on her vacation, or the means of transportation she was going to use. Moreover, Mr. del Russo did not specify or request of me any time limits on the taking of Ms. Corliss' deposition, other than she would be travelling in the afternoon.

4. On October 20, 2000, at approximately 5:30 a.m., I departed by car from my home in Miramar to travel to Daytona Beach to attend Ms. Corliss' deposition. I anticipated a four and a half-hour drive to arrive in Daytona Beach by the time of the deposition. Between Miramar and the West Palm Beach area, I encountered an unusually high amount of traffic, mostly from construction work, which significantly delayed my trip. Indeed, it took me almost two hours to drive from Miramar to the West Palm Beach area. At approximately 9:45 a.m., realizing I was at least an hour away from Daytona Beach, I stopped to make a telephone call to my secretary to request that she telephone the Daytona Beach court reporter's office to inform them that I would probably not arrive at the deposition until some time between 11:00 and 11:30 a.m. I had to make this telephone call from a pay phone because my car phone battery had died. I continued on my trip and encountered further unexpected delays after leaving the Daytona Beach exit of I-95. Because of a national motorcycle convention/event known as "Biketoberfest" being held in Daytona Beach, it took me almost 45 minutes to travel from the I-95 exit to the court reporter's offices in downtown Daytona Beach.

5. I arrived at the deposition at 11:30 a.m. and found that Ms. Corliss had departed at 10:30 a.m. Ms. Corliss had departed despite the fact that she and Mr. del Russo knew that I would be arriving by 11:30 a.m., and despite the fact that Ms. Corliss had planned, because of

the deposition, not to leave for her vacation trip until 1:00 p.m. I could have completed Ms. Corliss' deposition by 1:00 p.m., even if the deposition had commenced at 11:30 a.m.

6. I had scheduled another deposition that same day to commence at 2:00 p.m. in my firm's offices in Maitland. To accommodate Mr. del Russo and the witness, and to shorten both Mr. del Russo's and my return trips, I had the depsoition re-scheduled for the witness' place of work, a hospital, in Kissimmee, Florida.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RODERICK V. HANNAH

The foregoing Affidavit was acknowledged before me this 14th day of November, 2000, by RODERICK V. HANNAH, who is <u>personally</u> <u>known</u> to me, or produced _____ as identification, and has taken an oath. If no type of identification is indicated, the above-named person(s) is/are personally known by me.

_____
Notary Public

Susan Borge
Printed Name of Notary

My Commission Expires:

610979



SUSAN BORGE
MY COMMISSION # CC 881670
EXPIRES: November 5, 2003
Bonded Thru Notary Public Underwriters

3