UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/



### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO RECOVER FEES AND COSTS

The Defendant, GALEN HOSPITAL—PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, hereby files this Reply Memorandum in support of its Motion to Recover Fees and Costs (D.E. # 59).

Defendant does not suggest that Mr. Hannah intended to appear late at his deposition. It is not disputed that his failure to appear was due to unforeseen circumstances. Had this situation been perceived otherwise, then Defendant would be seeking other forms of relief. Yet the fact remains that Plaintiff scheduled this deposition for 10:00 a.m. on Friday, October 20, 2000, in Daytona Beach. Counsel for both parties had to travel a significant distance and take reasonable steps to ensure their attendance. Plaintiff's counsel did not appear for the deposition when it was set by his



office, and the witness was unwilling to wait for an unreasonable period of time. Accordingly, the deposition did not go forward and Defendant is entitled to recover the reasonable expenses it incurred in attending this deposition under Rule 30(g)(1).

Indeed, if the situation were reversed, Plaintiff could certainly have proceeded with the deposition of Ms. Corliss in the absence of defense counsel. If Plaintiff's counsel and the witness were ready to proceed, but then received a call from defense counsel stating that he would be at least one and one-half hours late and the witness indicated that she was unwilling to wait, Plaintiff would have been perfectly free under those circumstances to proceed with the deposition of the witness. Having been properly noticed, Defendant could not object to the commencement of the deposition.

As the transcript reflects, the witness was unwilling to wait until 11:30 a.m. to see if Mr. Hannah would appear. Ms. Corliss complied with the Subpoena and appeared for her deposition. She had no obligation to wait until 11:30 a.m. to see if the attorney who subpoenaed her would finally appear. Rule 45, governing the subpoena of third parties, provides that "a party or an attorney responsible for the issuance and services of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." *See* Rule 45(c)(1). While Plaintiff asserts that Ms. Corliss "is employed in a high level position with one of Defendant's hospitals, and is not merely a disinterested witness," *see* Plaintiff's Memorandum in Opposition at p. 2, n. 1, this statement is simply untrue. Ms. Corliss' employment is not connected in any way with Defendant or with any hospitals affiliated with Defendant. She is truly a disinterested third party witness.

Finally, Plaintiff asserts that relief under Rule 30(g)(1) is not available since it only applies of an attorney fails to appear, and Plaintiff's counsel did ultimately appear for the deposition. This argument is simply not credible. If the rule were so interpreted, an attorney could schedule a deposition in the morning but not appear until sometime later that day. Providing the attorney was

not acting in bad faith, the opposing counsel and witness would remain obligated to wait until that attorney's appearance. No rule or procedure sanctions this expansive view of the requirements of a subpoena.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _17_ day of November, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq, John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

\\LAW_SERVER\SYS\Data\LIT4\4871 042\REPLY MEMO SUPPRT MOT FEES COSTS.doc