UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

01 JAN 17 AM 9 44
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

CASE NO.: 00-6227 CIV MORENO
Magistrate Judge Dube

JACQUELINE IAIA,

Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation,

Defendant.

_______________________________________/

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM OF LAW TO STRIKE EXHIBIT "4" OF DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, moves to strike Exhibit "4" to Defendant's Reply Memorandum in Support of its Motion for Summary Judgment, and to strike all argument thereon, on the following grounds:

1. Defendant filed its Reply Memorandum in support of Its Motion for Summary Judgment on January 3, 2001. Attached to Defendant's Reply as Exhibit "4" was an excerpt from a document entitled "Master Agreement Between Broward Healthcare System, Inc., Galen Hospital-Pembroke Pines, Inc. and South Broward Hospital District Dated as of June 8 1995".

2. In its Reply, Defendant uses Exhibit "4" to present argument purportedly in response to Plaintiff's position that she was entitled to an adverse inference of pretext because Defendant had lost and/or destroyed certain relevant documents pertaining to Plaintiff and a claimed reduction in force. See, Reply at page 10. Apparently, Defendant relies on Exhibit "4" to present some form of "new" explanation as to the loss and disappearance of the documentation, a matter which Plaintiff had specifically requested during discovery, yet Defendant had refused to address.

ENVELOPES NOT PROVIDED

75/1K

3. Defendant's reliance on Exhibit "4" and its arguments thereon are wholly improper in that **Exhibit "4" was never produced or disclosed to Plaintiff or her counsel at any time** prior to their receipt of Defendant's Reply. The document attached as Exhibit "4" was of the type of documents Plaintiff sought in formal discovery. Indeed, by letter dated June 26, 2000, a copy of which is attached as Exhibit "A", undersigned counsel for Plaintiff requested counsel for Defendant to provide better answers to Interrogatories and proper responses to Plaintiff's Request for Production. On page 2 of that letter, undersigned counsel specifically requested counsel for Defendant to provide an explanation as to what happened to the Plaintiff's personnel file and the related documents which Defendant indicated were no longer in its possession, custody or control. By letter dated July 5, 2000, a copy of which is attached as Exhibit "B", counsel for Defendant stated that it was "not obligated to explain what may have happened to these records, where they conceivably could be, and why they are not in our possession." Counsel for Defendant went on to state that if counsel for Plaintiff wished for such an explanation, it could "certainly take advantage of other discovery tools, such as interrogatories or depositions."

4. To determine the fate of the lost and/or destroyed documents, Plaintiff scheduled and took on October 17, 2000 the deposition of Defendant's corporate representative with the most knowledge of, among other things, the lost document issue. Defendant produced for the deposition Maria D. Lomaga, whom Defendant identified as its representative with the most knowledge regarding the subject. As set forth in Plaintiff's prior memorandum of law in opposition to Defendant's Motion for Summary Judgment, Ms. Lomaga was only able to testify that the documents had been stored with and destroyed by the "Document Bank", and that these

documents had been destroyed sometime after Defendant had received Plaintiff's charge of discrimination from the Florida Commission of Human Relations. Ms. Lomaga, however, made absolutely no mention of any transfer of the documents to the South Broward Hospital District, as Defendant contends in its Reply, nor does she mention anywhere the existence of the "Master Agreement", the excerpts of which Defendant has attached to its Reply as Exhibit "4".

5. Local Rule 7.1.C of the Local Rules of this Court specifically provides that a reply memorandum "be strictly limited to rebuttal of the matters raised in the memorandum in opposition without re-argument of matters covered in the movant's initial memorandum of law." A reply memorandum thus cannot be used to raise new matters which were not raised in the initial memorandum of law, and to which the party opposing the memorandum had no opportunity to respond. Defendant's Reply Memorandum violates Local Rule 7.1.C in that it raises, **for the very first time**, both a new piece of documentary evidence and an argument based thereon. This is significant and extremely prejudicial to Plaintiff, in that Plaintiff was never given the benefit of the new document or Defendant's explanation for the lost or destroyed documents during discovery. Accordingly, Plaintiff did not have the opportunity to question any witnesses about the document (i.e., the "Master Agreement"), was not able to depose a representative from the South Broward Hospital District regarding the document or any other matters relating to Defendant and the lost or destroyed documents, and was, as a result, continuously hampered in its efforts to take full and meaningful discovery in this case and thereby fully address Defendant's summary judgment arguments. Indeed, in light of the above-described exchange of correspondence between counsel for Defendant and counsel for Plaintiff (Exhibits "A" and "B" attached hereto) wherein counsel for Defendant indicated it had no obligation to provide any

explanation regarding the fate of the lost and/or destroyed documents, Defendant's sudden disclosure of an explanation, as well as new documentation purportedly supporting the explanation, is an abuse of the discovery process. Plaintiff is extremely prejudiced by Defendant's intentional omission and subsequent action.[1]

6. Based on the foregoing arguments and authority, Defendant's Exhibit "4" and argument thereon in its Reply in support of its motion for summary judgment should be stricken and not considered by this court in ruling on Defendant's motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via facsimile and by mail to: Alexander D. del Russo, Esq., CARLTON FIELDS, P.O. Box 150, West Palm Beach, Florida 33402-0150, this 16th day of January, 2001.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

JOHN F. JANKOWSKI, JR., ESQ., P.A.
Attorneys for Plaintiff
2 South University Drive
Suite 265
Plantation, Florida 33324
Tel: (954) 370-1026

By: ______________________
John F. Jankowski, Jr., Esq.
Fla. Bar No.: 833533

[1]Defendant's explanation for lost or destroyed documents - - that it was totally the responsibility of the South Broward Hospital District and not Defendant - - rings especially untrue in light of the fact that, even though Defendant cannot produce a single one of Plaintiff's personnel records, it was able to produce complete personnel records for another employee, Monique Monteiro, the individual who replaced Plaintiff and who is at the center of this lawsuit.

LAW OFFICES

BECKER & POLIAKOFF, P.A.

Administrative Office:
3111 Stirling Road
Ft. Lauderdale, Florida 33312-6525

Mailing Address:
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Phone: (954) 987-7550 Fax: (954) 985-4176
Toll Free: (800) 432-7712
Internet: www.becker-poliakoff.com
Email: bp@becker-poliakoff.com

Florida Offices

Boca Raton*
Clearwater
Ft. Myers
Ft. Walton Beach
Hollywood
Melbourne*
Miami
Naples
Orlando
Port Charlotte*
St. Petersburg
Sarasota
Tallahassee
Tampa
West Palm Beach

* available for consultation by appointment only

International Offices

Beijing, People's Republic of China

Prague, Czech Republic

Bern, Switzerland*

BECKER & POLIAKOFF, P.A.

Reply To:
Roderick V. Hannah, Esq.
(954) 985-4145
rhannah@becker-poliakoff.com

June 26, 2000

**Via Telefax (561) 478-5811**

Alexander D. del Russo, Esq.
Levy, Kneen, Mariani, Curtin,
Kornfeld & Del Russo, P.A.
1400 Centrepark Boulevard, Suite 1000
West Palm Beach, FL 33401

Re: Iaia v. Columbia Health Care Corporation, etc.

Dear Mr. del Russo:

This letter is written pursuant to Local Rule 26.1.I as our good faith effort to resolve a discovery dispute.

Specifically, your responses to our First Request for Production and Answers to our First Set of Interrogatories are inadequate for the following reasons:

**I. Interrogatories**

1. Your objections to Interrogatories 5, 7, 8, and 9 are identical, and appear to have been made in bad faith. Interrogatory No. 5 is a standard form interrogatory as set forth in Appendix B of the Local Rules of the Southern District of Florida. Since such an interrogatory is wholly approved by the District Court, you must withdraw your objection and fully answer the interrogatory by identifying the requested documents. With regard to interrogatories 7 through 9, your verbatim objection from Interrogatory No. 5 does not make sense as it applies to Interrogatories 7 through 9. We are entitled to a specific identification of all documents that support your affirmative defenses and denials of factual allegations in the Complaint. We are not looking for attorney-client privileged documents. We are looking for documents that could be used to support your claims, and which we must have prior to trial. Accordingly, your objections should be withdrawn in their entirety, and full and complete [illegible]es 7 through 9 given.

**II. Request for Production**

1. In response to items 15, 17, 19, 20, 24, and 26, you indicate that the responsive documents would have been contained in Plaintiff's personnel file, which is no longer in your client's possession, custody or control. These are critical documents to our client's case, and we are entitled to an explanation as to what happened to the personnel file and the documents requested. These are documents that, at one time, were in your client's possession, custody and control. Please provide us with an explanation as to the fate of the documents, and when those documents disappeared, were lost, or were destroyed.

2. Item 28 of the Requests sought production of all documents identified in your Answers to Interrogatories. Inasmuch as you will need to provide detailed answers to Interrogatories 5, 7, 8, and 9, you will need to produce those documents identified.

3. You objected to item 36 on the grounds that it is "ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." That item sought production of documents that show the inter-relationship between the various corporate entities who may have been the actual employer of Plaintiff. As you probably know, we are in the possession of various salary and benefits documents regarding Plaintiff which identify different entities. We need to determine which entity was, in fact, Plaintiff's employer at the time she was notified of her termination from employment. Of course, if you wish to stipulate as to who her employer was, we may be able to forego discovery into the documents pertaining to corporate interrelationships.

We demand that you withdraw any and all unfounded objections to our discovery immediately, and provide us with the requested documentation and information, including Answers to Interrogatories 5, 7, 8 and 9 within 10 days of the date of this letter. If you refuse to do so, we will seek court intervention via a Motion to Compel.

Sincerely yours,

Roderick V. Hannah
For the Firm

RVH/cmm

cc: John Jankowski, Esq.
Jacqueline Iaia

582287_1.DOC

f

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO
PROFESSIONAL ASSOCIATION
COUNSELORS AT LAW
SUITE 1000
1400 CENTREPARK BOULEVARD
WEST PALM BEACH, FLORIDA 33401
TELEPHONE (561) 478-4700
FAX NO. (561) 478-5811

ALEXANDER D. DEL RUSSO
BOARD CERTIFIED CIVIL TRIAL ATTORNEY
ADMITTED TO PRACTICE IN FLORIDA
AND THE DISTRICT OF COLUMBIA
WRITER'S DIRECT DIAL NO.:
(561) 478-4744

H. IRWIN LEVY
RETIRED

July 5, 2000

Roderick V. Hannah, Esq.
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Re: Iaia v. Columbia Health Care Corporation

Dear Mr. Hannah:

This letter is written in reply to your June 26, 2000, letter addressing our discovery responses.

**I. Request for Production**

1. With respect to your request Nos. 15, 17, 19, 20, 24, and 26, we would stand by our responses. We do not have these records in our possession, custody or control, and we are not obligated to explain what may have happened to these records, where they conceivably could be, and why they are not in our possession. If you wish this type of explanation, you can certainly take advantage of other discovery tools, such as interrogatories or depositions; however, you are incorrect in suggesting that a party responding to a request for production must provide an explanation as to fate of documents that are not in its possession or control.

2. With respect to request No. 28, we are in the process of *bate-stamping* the additional documents identified in our interrogatory answers and will produce them to you once they have been so marked.

3. With respect to request No. 36, we stand by our objections to this request. However, in an attempt to eliminate this issue from the case, I would accept your invitation and represent that Ms. Iaia was an employee of Galen Hospital—Pembroke Pines, Inc., d/b/a Pembroke Pines Hospital. When suit was filed, I advised Mr. Jankowski in writing that he had named the wrong party defendant. Rather than raise this issue as an affirmative defense and then move for summary judgment as to Columbia Healthcare Corporation, I answered your Complaint

in the name of the correct defendant. You may also wish to note that the insurance policies we produced through discovery are in the name of Galen Hospital. In any event, I would suggest that we address this issue by a stipulation to correct the name of the party defendant.

## II. Interrogatories

With respect to interrogatories 5, 7, 8, and 9, the reason that the objections are identical is because these interrogatories are essentially the same. In any event, although we stand by the objections raised, we will agree to supplement our interrogatory responses. I will forward supplemental interrogatory answers pertaining to these four interrogatories by the end of this week.

Sincerely,

Alexander D. del Russo
For the Firm

ADD/ner
**Via facsimile and U.S. Mail**

cc: John F. Jankowski, Jr., Esq.