UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

       Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

       Defendant.

_____/

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBIT "4" OF DEFENDANT'S REPLY MEMORANDUM

Pursuant to Southern District of Florida Local Rule 7.1, Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL ("Galen Hospital" or "Defendant"), hereby submits this memorandum of law in opposition to the Plaintiff's Motion to Strike Exhibit "4" of Defendant's Reply Memorandum in Support of its Motion for Summary Judgment (the "Motion") and respectfully requests the Court deny the Motion for the reasons set forth hereinafter.

### Procedural Background

On November 3, 2000, Defendant filed its Motion for Summary Judgment, seeking summary judgment on three grounds: (1) Plaintiff's claim under the Florida Civil Rights Act of 1992 was time barred as the applicable four year statute of limitations had run; (2) Plaintiff could not meet elements

WPB#533851.01

of proof necessary to state a *prima facie* case of age discrimination involving a reduction in-force; and (3) assuming Plaintiff could state a *prima facie* case, she could not rebut Defendant's non-discriminatory reason for its employment actions.

On December 8, 2000, Plaintiff filed its Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment (the "Memorandum"). In the Memorandum, Plaintiff claimed for the first time that summary judgment was inappropriate as Defendant "lost or destroyed all of the documents" pertaining to the Defendant's reduction-in-force and "destroyed all of Plaintiff's personnel records." Because of this destruction, Plaintiff argued that she was entitled to an "adverse inference" that she has established both a *prima facie* case and discriminatory pretext.[1]

Responding to Plaintiff's "adverse inference" argument, Defendant attached as Exhibit 4 to its Reply Memorandum in Support of its Motion for Summary Judgment (the "Reply"), a portion of the June 8, 1995 Master Agreement between Broward Healthcare System, Inc., Galen Hospital and South Broward Hospital District (the "Master Agreement"). As indicated by Exhibit 4, Defendant did not have control over hospital files after June 1995, which included Plaintiff's personnel file. Rather, the retention and/or destruction of these documents was handled by the South Broward Hospital District.

---

[1]    In support of this position, Plaintiff relies on an unpublished decision of another judge in this District, conveniently overlooking binding precedent in this Circuit. In *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997), the Eleventh Circuit held that an "adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." "'Mere negligence' in losing or destroying the records is not enough for an adverse inference, as 'it does not sustain an inference of consciousness of a weak case.'" *Vick v. Texas Employment Comm'n.*, 514 F.2d 734, 737 (5th Cir. 1975).

2

## Exhibit 4 Was Never Requested as Part of Discovery

In the Motion, Plaintiff claims that Exhibit 4 must be stricken as it was never produced or

disclosed by Defendant in connection with Plaintiff's discovery requests. Plaintiff, however, fails

to cite to the Court any specific discovery request to which Exhibit 4 is responsive and should have

been produced. A copy of Plaintiff's First Request for Production (the "Request") is attached hereto

as Exhibit A, and Defendant's April 2000 Response to the Request for Production (the "Response")

attached hereto as Exhibit B. This is because Plaintiff never requested documents pertaining to

Defendant's document retention policy.

## Rule 34 Does Not Impose A Duty to Explain the Non-Production of Documents

Having failed to request the document at issue, Plaintiff now seeks to impose additional

obligations in connection with discovery that is neither required, nor authorized by the Federal Rules

of Civil Procedure. As this Court is aware, under Rule 34 a party may serve a request on another

party to produce and permit the inspection and copying of items or categories of documents. The

party upon whom the request is served must file a written response stating "with respect to each item

or category, that inspection and related activities will be permitted as requested, unless the request

is objected to, in which event the reasons for the objection shall be stated." Fed. R. Civ. P. 34(b).

Contrary to Plaintiff's assertion, there is no additional requirement under Rule 34 to provide a

written explanation of the reasons behind the non-existence of responsive documents.

Defendant did not avoid discussing that Plaintiff's personnel file was no longer in its

possession, custody, or control. It fully complied with Rule 34 by indicating in the Response that

3

"Plaintiff's personnel file was no longer in Defendant's possession, custody, or control." *See* Response to Request number 11; *see also* Response to Request numbers 15, 19, 20, 24 and 26. Where responsive documents existed and were "in the possession, custody, or control of Defendant," Plaintiff was informed that the documents would "be made available for inspection and copying at a time and place mutually agreeable to counsel. *See* Response to Request numbers 3, 7, 17, 23, 31 and 32.

After Plaintiff learned in May 2000 that her personnel file was no longer in Defendant's possession, control or custody, she could have easily served an interrogatory regarding this issue. Plaintiff could have also served another request for production, seeking documents pertaining to the retention/destruction of the hospital's files.   Indeed, when undersigned counsel responded to Plaintiff's counsel's June 26, 2000 letter, which inquired as to the circumstances surrounding Plaintiff's personnel file, he was informed that if he wanted an "explanation, you can certainly take advantage of other discovery tools, such interrogatories or depositions." *See* July 5, 2000 letter attached as Exhibit A to the Motion.  Thereafter, on October 17, 2000, Plaintiff took the deposition of a representative of Defendant who was questioned extensively regarding the Plaintiff's personnel file and retention and/or destruction policies.   A copy of the Plaintiff's Re-Notice of Taking Deposition is attached hereto as Exhibit C.[2]

---

[2]    Schedule A to the Re-Notice of Taking Deposition specifically provides that an area of Plaintiff's questioning would be the "location, maintenance, destruction, and/or loss of any and all personnel and performance records for Plaintiff with Pembroke Pines Hospital."

WPB#533851.01

## Defendant Properly Addressed the Adverse Inference
## Issue, First Raised In Plaintiff's Opposition Memorandum

Finally, Plaintiff contends that Exhibit #4 must be stricken as it was first attached to the Reply, in violation of Local Rule 7.1(C), which requires a reply memorandum to be limited to rebuttal of matters raised in a memorandum of opposition. In doing so, Plaintiff fails to inform the Court that she raised the adverse inference issue for the first time in her memorandum in opposition. *See* Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 13, 14, 17 and 18. Accordingly, this argument is without merit.

## Stealth Sur-Reply

Local Rule 7.1(C) prohibits the filing of a sur-reply "without prior leave of Court." Consequently, the subject Motion is a thinly veiled attempt to circumvent this Rule by filing a motion to strike a portion of the Reply. Notwithstanding, in the larger scheme of things, the fact remains Plaintiff cannot meet the elements of proof necessary to: (1) state a *prima facie* case of age discrimination involving a reduction-in-force; and (2) rebut Defendant's non-discriminatory reason for its employment actions. To avoid summary judgment she raised the "adverse inference" issue, which has been properly rebutted by Defendant. Given that Plaintiff's counsel failed to use other available discovery tools regarding the retention/destruction issue and Plaintiff cannot predicate the absence of her personnel file on "bad faith," this Court should not grant the Motion and eliminate evidence upon which summary judgment can properly be granted.

WHEREFORE, Defendant respectfully request the Court to enter an Order denying the Motion and granting such other relief which is just and necessary.

5

Respectfully submitted,

Alexander D. del Russo
Florida Bar Number 350273
E-mail: adelr@carltonfields.com
CARLTON, FIELDS, WARD, EMMANUEL,
  SMITH & CUTLER, P.A.
222 Lakeview Avenue, Ste. 1400
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed this _24_ day of January, 2001, to

Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-

9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive,

Suite 265, Plantation, Florida 33324.

By:_____
Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

     Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

     Defendant.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel and pursuant to Rule 34 of the Fed.R.Civ.P., requests Defendant, COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, to produce the following documents per the requests attached hereto.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2000 a true and correct copy of the foregoing was served via United States Mail, postage prepaid to the following: Alexander David Del Russo, Esquire, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
    JOHN F. JANKOWSKI, JR.
    FLA. BAR NO. 833533

## DEFINITIONS

As used in these Request for Production, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Plaintiff, Plaintiff's counsel, or Plaintiff's representatives or agents, all of which Plaintiff or authorized representatives have knowledge.

"**Identify**":

(a)  when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

**"Person"** or **"persons"**  includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

Page 3

"**Subject Time Period**" is from 1993 through to the present.

"**You**" or "**Your**" means the person(s) responding to these Requests for Production of Documents for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

CASE NO. 00-6227-CIV-MORENO

1.    All documents Defendant intends to mark for identification, refer to, offer into evidence, or publish during discovery or at the trial in this matter.

2.    All documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, or directors, which refer, relate or pertain to Plaintiff's employment with Defendant, including her termination therefrom.

3.    Any and all documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, and directors, that refer, relate or pertain to any of the issues in this case including, but not limited to: Monique Monteiro and the employment positions known as Director of Marketing/Public Relations and Director Senior Friends.

4.    All documents, except those prepared in anticipation of litigation, which in any way support Defendant's answer and any of its affirmative defenses in this case.

5.    All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding Plaintiff's employment with Defendant and her termination therefrom.

6.    All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding the employment of Monique Monteiro and any change of job description and responsibilities in any way related to the position or title of Director of Senior Friends and Director of Marketing/Public Relations.

7.    All employee handbooks, manuals, leaflets, procedures, guidelines, memoranda,

-2-

bulletins, directives and other documents which set forth Defendant's personnel policies, procedures, rules and regulations that were in effect during Plaintiff's employment with Defendant.

8.     Any and all documents that reflect, refer, relate and/or pertain to any procedures, policies, terms and/or conditions of employment upon which Defendant intends to rely in defense of this action.

9.     All documents given by Defendant to Plaintiff during her employment with Defendant, including but not limited to documents given to Plaintiff in connection with the termination of her employment.

10.     All documents, including but not limited to interoffice and intra-office memoranda, electronic mail, and correspondence that memorialize communications between Plaintiff and Defendant, or any of its employees, officers or directors.

11.     Plaintiff's complete personnel file.

12.     The complete personnel file for Monique Monteiro.

13.     Any and all electronic mail messages in unencrypted form, that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant, including but not limited to her hiring, transfers, promotion, and training.

14.     Any and all documents, internal memoranda, communications and e-mail that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant.

15.     If not contained in her personnel file, all of Defendant's disciplinary records  for Plaintiff.

16.    If not contained in her personnel file, all of Defendant's disciplinary records for Monique Monteiro.

17.    If not contained in her personnel file, all of Plaintiff's payroll records, including any summaries thereof.

18.    If not contained in her personnel file, all of Monique Monteiro's payroll records, including any summaries thereof.

19.    If not contained in her personnel file, all of Defendant's employee benefits records and documents provided to Plaintiff, including any and all documents setting forth the monetary values of those benefits.

20.    All written grievances and employment-related complaints regarding Plaintiff and her job performance during the course of her employment.

21.    All written grievances and employment-related complaints regarding Monique Monteiro and her job performance during the course of her employment.

22.    All witness statements, written or recorded, taken and/or obtained by Defendant or any of Defendant's representatives regarding Plaintiff, including but not limited to the allegations and defenses raised in the pleadings.

23.    Any and all documents, including but not limited to memoranda, notes, announcements, meeting minutes, and other verbal or written communications which in any way refer, relate or pertain to Plaintiff's termination of employment with Defendant.

CASE NO. 00-6227-CIV-MORENO

24.     Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way refer, relate or pertain to offer(s) of employment, and transfers to other job positions communicated to Plaintiff.

25.     Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way relate to offer(s) of employment, and transfers to other job positions communicated to Monique Monteiro.

26.     All documents which in any way refer, relate or pertain to Plaintiff's education, training and job experiences.

27.     All documents which in any way refer, relate or pertain to Monique Monteiro's education, training and job experiences.

28.     All documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

29.     Any and all documents which support or in any way relate to the allegations set forth in Plaintiff's Complaint.

30.     All insurance policies that provide coverage, or may provide coverage, to Defendant for any claims made by Plaintiff.

31.     All documents submitted by Defendant to the EEOC, Florida Commission on Human Relations, and the State of Florida Division of Unemployment Compensation regarding Plaintiff.

32.     All written job descriptions for Plaintiff.

33.     All written job descriptions for Monique Monteiro.

-5-

CASE NO. 00-6227-CIV-MORENO

34.   All job postings and notifications of job openings for Plaintiff.

35.   All job postings and notifications of job openings for Monique Monteiro.

36.   All documents showing corporate interrelationships between Columbia Healthcare Corporation, Galen Hospital - Pembroke Pines Inc., and Galen Hospital Corporation, Inc., including but not limited to articles of merger, name change filings, written assignments of assets, claims and obligations, and purchase and sale agreements.

-6-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

     Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds as follows to the Plaintiff's first request for production of documents.

### General Objection

Defendant objects to all of the requests insofar as they implicate the attorney-client privilege or work product doctrine.

### Specific Responses

1.    Defendant has not determined what documents it intends to use at trial.

2.    Defendant objects to this request as overly broad.   Without waiving its objection, Defendant states that no documents responsive to this request are in its possession, custody, or control.

3.    Defendant objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of the privacy of a non-party.  Without waiver of its objections, Defendant states that to the extent that documents pertaining to Monique Montiero's employment exist and are in Defendant's possession, custody, or control, Defendant will make those documents available for inspection and copying at a time and place mutually agreeable to counsel, subject to a mutually agreeable stipulated confidentiality order.

4.    Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    See response to request 2.

6.    See response to request 3.

7.    All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

8.    Defendant objects to this request as ambiguous, overly broad, and  duplicative of request 1.  Without waiving its objections, Defendant states that it has not determined what documents to rely upon in defense of this action.

2

9.     Defendant objects to this request as overly broad.    Without waiving its objection, Defendant states that no documents responsive to this request are in its possession, custody, or control.

10.     Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.    Without waiving its objections, Defendant states that no documents responsive to this request are in its possession, custody, or control.

11.     Plaintiff's personnel file is no longer in Defendant's possession, custody, or control.

12.     See response to request 3.

13.     See response to request 3.

14.     See response to request 3.

15.     Any and all disciplinary records for Plaintiff would have been in her personnel file, which is no longer in Defendant's possession, custody, or control.

16.     See response to request 3.

17.     All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

18.     See response to request 3.

19.     Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

20.    Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

21.    See response to request 3.

22.    Defendant objects to this request as violative of the attorney-client privilege and the work product doctrine.    Without waiver of its objections, Defendant states that no documents responsive to this request are in Defendant's possession, custody, or control.

23.    Defendant objects to this request as overly broad.    Without waiving its objection, Defendant states that any documents pertaining to the termination of Plaintiff's employment that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

24.    Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

25.    See response to request 3.

26.    Any and all responsive documents would have been in Plaintiff's personnel file, which is no longer in Defendant's possession, custody, or control.

27.    See response to request 3.

28.    None.

29.    Defendant objects to this request as ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and violative of the attorney-client privilege and work product doctrine.

30.    Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence.

4

31.    All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

32.    All responsive documents that exist and are in the possession, custody, or control of Defendant will be made available for inspection and copying at a time and place mutually agreeable to counsel.

33.    See response to request 3.

34.    Defendant objects to this request as ambiguous. Defendant does not know what information is sought by the request.

35. ’   See response to request 34.

36.    Defendant objects to this request as ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th

day of May, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057,

Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., Law Offices of John

F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation,

Florida 33324-4406.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida   33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

F:\JE\RF.I\Maia\RFP response.doc



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.

_____/

**RE-NOTICE OF TAKING
DEPOSITION**
**(This cancels 10/11/00 depo)**

**TO:**  **ALEXANDER D. DEL RUSSO, ESQ.**, Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401

     **JOHN F. JANKOWSKI, JR., ESQ.**, Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324

     PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of the below-named person on the date and at the hour indicated, **at BECKER & POLIAKOFF, P.A., located at 500 Australian Avenue South, 9th Floor, West Palm Beach, FL 33401.**

| <u>NAME</u> | <u>DATE</u> | <u>HOUR</u> |
|---|---|---|
| **COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL** **\*\*Corporate Representative with the most knowledge regarding the following subjects listed on Schedule "A"** | **OCTOBER 17, 2000** | **10:00 A.M.** |

upon oral examination(s), before a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is/are being taken for the purposes of discovery, for use at

CASE NO. 00-6227-CIV-MORENO

trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

I HEREBY CERTIFY that a true copy of the foregoing Re-Notice of Taking Deposition was faxed and mailed to the above-named addressee(s), on this 5th day of October, 2000.

BECKER & POLIAKOFF, P.A.

Attorneys for Plaintiff
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
Tel. (954) 985-4145
Fax (954) 985-4176

By: _____
RODERICK V. HANNAH
Florida Bar No. 435384

cc:    Capital Reporting
       954-522-6401

603391_1.DOC

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

CASE NO. 00-6227-CIV-MORENO

## SCHEDULE "A"

1.    The termination of Plaintiff's employment.

2.    The job duties and responsibilities performed by Monique Monteiro at Pembroke Pines Hospital from December 1, 1993 through 1994.

3.    The location, maintenance, destruction, and/or loss of any and all personnel policies, handbooks and manuals for Pembroke Pines Hospital that were in effect during the years 1993 and 1994.

4.    Any and all reductions in force that affected Pembroke Pines Hospital in 1993.

5.    The dollar value and nature of any and all fringe benefits that were available to Plaintiff during the years 1993 and 1994.

6.    The location, maintenance, destruction, and/or loss of any and all personnel and performance records for Plaintiff with Pembroke Pines Hospital.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550