UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/



# PLAINTIFF'S MOTION IN LIMINE WITH SUPPORTING MEMORANDUM OF LAW TO EXCLUDE TESTIMONY OF PAM CORLISS, OR ALTERNATIVE MOTION FOR LEAVE TO TAKE DEPOSITION OF PAM CORLISS

    Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, moves this Court *in limine* for an Order preventing Defendant from calling Pam Corliss as a witness at trial, or, in the alternative, for an Order giving Plaintiff leave to take Ms. Corliss' deposition prior to trial. In support of this Motion, Plaintiff states as follows:

    1.    This case is presently scheduled for trial on the calendar commencing April 9, 2001.

    2.    In an effort to complete all necessary discovery before this Court's discovery deadline of October 20, 2000, Plaintiff noticed for deposition and subpoenaed Pam Corliss, Defendant's former Chief Operating Officer and a critical witness in this, for deposition in Daytona beach on October 20, 2000, at 2:00 p.m. See Affidavit of Roderick V. Hannah, Esq., ¶3,



LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

attached hereto as Exhibit "A".[1] At the request of Defendant's counsel, and as an accommodation to Ms. Corliss, Plaintiff's undersigned counsel re-scheduled Ms. Corliss' deposition for the morning of that same date. Id. The reason given by Defendant's counsel for the re-scheduling of the deposition was that Ms. Corliss needed to travel on vacation in the afternoon. Id. No details as to exactly when and where Ms. Corliss needed to travel, nor her mode of transportation, were given. Id. Moreover, Defendant's counsel did not ask for or even indicate that there were any time limitations on the taking of Ms. Corliss' deposition, other than Ms. Corliss had to commence vacation some time "in the afternoon." Id.

Because of exceptionally heavy traffic delays between Plaintiff counsel's residence in Miramar, Florida, and Palm Beach County, as well as lengthy, unanticipated delays in reaching the place for deposition in Daytona Beach because of a national motorcycle event known as "Biketoberfest," Plaintiff's counsel arrived at the deposition of Ms. Corliss at 11:30 a.m., one and one-half hours after the original deposition start time of 10:00 a.m. Id. at ¶¶4, 5. This late arrival, however, did not go unannounced. As reflected in the "Comments on the Record" transcript taken by Defendant's counsel,[2] Plaintiff's counsel, knowing that he was delayed and could not arrive at the deposition at the scheduled time, telephoned his secretary[3] at 9:45 a.m. to request that she call Defendant's counsel and Ms. Corliss to inform them that he could not arrive at the deposition until 11:30 a.m. Id. at ¶5.

As evidenced by Ms. Corliss's statements on the record, she was originally willing to delay her departure for her trip to at least 1:00 p.m. to permit Plaintiff's counsel to take her deposition. See Comments on the Record (Exh. "B") at p. 5. However, instead of waiting until

---

[1] The original of this Affidavit was originally filed with the Court in support of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Recover Fees and Costs.
[2] Attached hereto as Exhibit "B."
[3] The undersigned had to call from a pay phone because the battery on his portable cellular phone had died.

2

11:30 a.m. to permit Plaintiff's counsel to take her deposition – which likely would have taken less than one and one-half hours to complete – Ms. Corliss, knowing that Plaintiff's counsel would not be arriving until 11:30 a.m., decided to stay only a half hour until 10:30 a.m. – *at the suggestion of Defendant's counsel* – and thereafter unilaterally, and in violation of the subpoena, abort the deposition.

A subpoena on a witness presents a continuing duty to appear, and does not automatically expire upon its stated date or time. Shulton, Inc. v. Optel Corp., 126 F.R.D. 80 (S.D. Fla. 1989). Ms. Corliss was required to appear for her deposition on the stated date and time, and, knowing that Plaintiff's counsel would be arriving late at 11:30 a.m., she should have stayed to permit the deposition to proceed and complete – especially in light of the fact she did not intend to leave on her vacation until 1:00 p.m. Her agreement to stay merely another half hour in the hope that Plaintiff's counsel would somehow miraculously appear by 10:30 a.m. was thus nothing but a hollow act.

That Defendant's counsel made the suggestion to Ms. Corliss to engage in the hollow act of staying only until 10:30 a.m., knowing that she was compelled to appear per subpoena and knowing that Plaintiff's counsel would not be arriving until 11:30 a.m., is particularly telling and warrants the exclusion of Ms. Corliss' testimony at trial. At the time of Ms. Corliss' scheduled depsoition, Defendant's counsel knew that Ms. Corliss was critical witness in the case. This is evidenced by the fact that, after the aborted deposition, Defendant's counsel filed and relied heavily on an affidavit of Ms. Corliss to support Defendant's motion for summary judgment. Defendant's counsel thus knew, as of the date of Ms. Corliss' scheduled deposition, that if Plaintiff could not obtain the deposition testimony of Ms. Corliss, Defendant could rely on Ms. Corliss' affidavit testimony unrebutted. Accordingly, instead of counseling Ms. Corliss that she

was under subpoena and that she should remain until 11:30 a.m. for the arrival of Plaintiff's counsel so the deposition could be taken, Defendant's counsel suggested to Ms. Corliss that she remain only until 10:30 a.m. in the hope that Plaintiff's counsel would somehow conquer time and space and suddenly appear. This was wrong. At the very least, Defendant's counsel should have counseled Ms. Corliss that her departure would be at her own risk, in light of the subpoena and the circumstances.

As a result of the above and because Plaintiff never had the opportunity to depose Ms. Corliss during the discovery period, Defendant should not be allowed to gain an unfair advantage and have Ms. Corliss testify on its behalf at trial. In the alternative, Plaintiff should be allowed to depose Ms. Corliss prior to trial.

WHEREFORE, Plaintiff requests this Court to enter an Order *in limine* preventing Defendant from calling Pam Corliss as a witness at trial, or, in the alternative, enter an Order giving Plaintiff leave to take Ms. Corliss' deposition prior to trial.

Respectfully submitted,

BECKER & POLIAKOFF, P.A
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR), 954/985-4176 (fax)

By _____ for RVH
Roderick V. Hannah
Florida Bar No. 435384

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 5th day of February, 2001.

By: _____ for RVH
Roderick V. Hannah, Esq.

624637_1.DOC