UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

      Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

      Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW TO EXCLUDE TESTIMONY AND EVIDENCE OF THE ALLEGED REDUCTION IN FORCE

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, moves this Court *in limine* for an Order preventing Defendant from presenting any testimony or evidence of the details of an alleged reduction in force ("RIF") under which Defendant claims Plaintiff was terminated, and the documents of which were never produced to Plaintiff in discovery. In support of this Motion, Plaintiff states as follows:

1. This case is presently scheduled for trial on the calendar commencing April 9, 2001.

2. Defendant claims that Plaintiff's termination was based purely on economic reasons in that her position was eliminated under an RIF that became effective in November, 1993. This has been Defendant's articulated, non-discriminatory reason for its termination of Plaintiff's employment.

3.  Defendant intends to introduce testimony of witnesses at trial, including that of Plaintiff's former supervisor and CEO, Jerry Sutphin, and an expert witness, regarding the RIF and the decision therein to terminate Plaintiff's employment. Defendant, however, should not be allowed to rely on any testimony regarding the RIF to rebut Plaintiff's claims of age discrimination because, despite Plaintiff's request for production seeking relevant documentation, Defendant has failed and refused to produce any documents pertaining to or generated in connection with the alleged RIF. Moreover, Defendant has failed to provide Plaintiff with any explanation of the fate of the documents; i.e., whether they were lost or destroyed. Because the relevant documentation regarding the RIF was never produced nor its loss explained, any and all testimony regarding the details of the RIF that may or may not have occurred in late 1993, would only be second-hand to the information in the documents and thus inadmissible at trial under Federal Rule of Evidence 1002. Moreover, the absence of the documents has precluded Plaintiff from discovery into the details of the alleged RIF in order to establish pretext.

Rule 1002 of the Federal Rules of Evidence provides that the original writings itself are required to prove the contents of the writings. Under this Rule, "the relevant question is whether [the] testimony proves an event from [the witness's] firsthand knowledge of the event. If so, Rule 1002 does not apply." Simmons v. Allsteel, Inc., 1999 WL 1045214, at *2 n.6 (N.D. Ill. 1999). If, however, the witness's testimony goes to the contents of destroyed or lost documents or attempts to prove something based on his or her familiarity with destroyed documents, then the rule applies." Id.; Smith v. Borg-Warner Automotive Diversified Transmission Products Corp., 2000 WL 1006619, at *10 (S.D. Ind. 2000).

Here, Defendant intends to rely on witness recollection and references to the destroyed or lost documents to discuss the RIF and the alleged decision to terminate Plaintiff thereunder to support its position. The destroyed or lost documents thus fall squarely within the purview of Rule 1002, and any lay or expert testimony regarding the RIF, and the decision to eliminate Plaintiff's position thereunder as set forth in those documents, should be excluded at trial.

WHEREFORE, Plaintiff requests this Court to enter an Order *in limine* precluding Defendant from introducing any testimony or evidence regarding the alleged RIF in late 1993, and Defenant's alleged decision to terminate Plaintiff thereunder.

Respectfully submitted,

BECKER & POLIAKOFF, P.A  
3111 Stirling Road, P.O. Box 9057  
Fort Lauderdale, FL 33310-9057  
954/985-4145 (BR); 954/985-4176 (fax)

By _____  
Roderick V. Hannah  
Florida Bar No. 435384

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 5th day of February, 2001.

By: _____  /RVH
Roderick V. Hannah, Esq.

624711_1.DOC