UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6227 CIV MORENO
Magistrate Judge Dube



JACQUELINE IAIA,

Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation,

Defendant.
_____________________________________/

**PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING MEMORANDUM OF LAW TO EXCLUDE TESTIMONY AND EVIDENCE RELATED TO THE "MASTER AGREEMENT"**

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, moves this Court *in limine* for an Order preventing Defendant from presenting any testimony or evidence under an alleged "Master Agreement Between Broward Healthcare System, Inc., Galen Hospital-Pembroke Pines, Inc., and South Broward Hospital District Dated as of June 8 1995" ("Master Agreement") which document was never disclosed or produced to Plaintiff in discovery. In support of this Motion, Plaintiff states as follows:

**RELEVANT FACTS**

1. This case is presently scheduled for trial on the calendar commencing April 9, 2001.

2. The Defendant has just recently claimed that all of Plaintiff's records and employee documents were lost or destroyed pursuant to this alleged "Master Agreement." This purported "Master Agreement" was only partially disclosed **for the very first time** in Defendant's Reply Memorandum in support of Its Motion for Summary Judgment dated January 3, 2001. This "Master Agreement" represents both a new piece of documentary evidence and an entirely "new" argument in a vain attempt to present an alibi (after the close of the discovery deadline of October 20, 2000) to explain the unsolved mystery of Plaintiff's lost or destroyed documents

84

previously in the Defendant's possession and control which are crucial to Plaintiff in order to prove her case.

3. Defendant's reliance on this alleged Master Agreement and its purported arguments thereon are wholly improper in that the **<u>Master Agreement was never produced or disclosed to Plaintiff or her counsel at any time</u>** prior to their receipt of Defendant's Reply (January, 2001) even though said document was of the type of documents Plaintiff sought in formal discovery. Indeed, by letter dated June 26, 2000, a copy of which is attached as Exhibit "A", undersigned counsel for Plaintiff requested counsel for Defendant to provide better answers to Interrogatories and proper responses to Plaintiff's Request for Production. On page 2 of that letter, undersigned counsel specifically requested counsel for Defendant to provide an explanation as to what happened to the Plaintiff's personnel file and the related documents which Defendant indicated were no longer in its possession, custody or control. By letter dated July 5, 2000, a copy of which is attached as Exhibit "B", counsel for Defendant stated that it was "not obligated to explain what may have happened to these records, where they conceivably could be, and why they are not in our possession." Counsel for Defendant went on to state that if counsel for Plaintiff wished for such an explanation, it could "certainly take advantage of other discovery tools, such as interrogatories or depositions."

4. To determine the fate of the lost and/or destroyed documents, Plaintiff scheduled and took the deposition on October 17, 2000 of Defendant's selected corporate representative with the most knowledge of, among other things, the lost document issue. Defendant produced for the deposition Maria D. Lomaga, whom Defendant identified as its representative with the most knowledge regarding the subject. As set forth in Plaintiff's prior memorandum of law in opposition to Defendant's Motion for Summary Judgment, Ms. Lomaga was only able to testify that the documents had been stored with and destroyed by the "Document Bank", and that these documents had been destroyed sometime <u>after</u> Defendant had received Plaintiff's charge of

discrimination from the Florida Commission of Human Relations. Ms. Lomaga, however, made absolutely no mention of any transfer of Plaintiff's documents to the South Broward Hospital District, as Defendant has alleged in its Reply, nor does Ms. Lomaga mention at any time the existence of the "Master Agreement", the excerpts of which Defendant had attached as an exhibit to support and bolster its Reply Memorandum.

5. Defendant's disclosure and use of the Master Agreement in its Reply Memorandum in support of Its Motion for Summary Judgment Defendant was solely used to present argument purportedly in response to Plaintiff's position that she was entitled to an adverse inference of pretext because Defendant had lost and/or destroyed certain relevant documents pertaining to Plaintiff and a claimed reduction in force. Defendant now desperately relies on this alleged Master Agreement to present some form of explanation as to the loss and disappearance of the crucial documentation, which Plaintiff had originally requested during discovery.

6. This sudden and untimely disclosure of a previously unidentified Agreement is both significant and extremely prejudicial to Plaintiff in that Plaintiff was never given the benefit of this "new"document or Defendant's explanation for the lost or destroyed documents during discovery. Accordingly, Plaintiff never had the opportunity to question any witnesses about this alleged Master Agreement, was not able to depose a representative from the South Broward Hospital District regarding the document or any other matters relating to Defendant and the lost or destroyed documents. As a result, Plaintiff was continuously hampered in her efforts to take full and meaningful discovery in this case and is prejudiced by the lack of material documents which would enable her to prove her claim of discrimination. Indeed, in light of the above-described exchange of correspondence between counsel for Plaintiff and counsel for Defendant (Exhibits "A" and "B" attached hereto) wherein counsel for Defendant indicated it had no obligation to provide any explanation regarding the fate of the lost and/or destroyed documents, Defendant's sudden disclosure of an explanation, as well as new documentation purportedly

supporting the explanation, is an abuse of the discovery process. Plaintiff is extremely prejudiced by Defendant's intentional omission and subsequent action.[1]

## ARGUMENT

7. Fed. R. Civ. P. 26(e) imposes upon parties an ongoing duty on a party to amend and supplement its previous discovery responses when a prior response is known to be incomplete or incorrect and if the correction is not otherwise communicated to the other party during discovery.[2] The goal behind rule 26(e) is to prevent any unfair, prejudicial surprise at trial. *See Heidelberg Harris, Inc., v. Mitsubishi Heavy Industries, Ltd.*, 1996 WL 680243, at *8 (N.D.Ill.1996)("'[t]he purpose of [Rule 26(e)(2)] is to prevent trial by ambush.'").

8. If a party fails to comply with its continuing disclosure obligation under Rule 26(e), it is subject to a mandatory sanction under Rule 37(c)(1). Rule 37(c)(1) provides as follows:

> **(c) Failure to Disclose: False or Misleading Disclosure; Refusal to Admit.** (1) A party that without substantial justification fails to disclose information required by rule 26(a) [for written interrogatories] or 26(e)(1) [for supplementation of disclosure and responses] shall not, unless such failure is harmless, be permitted to use as evidence at a trial...any witness or information not so disclosed.

---

1 Defendant's explanation for lost or destroyed documents - - that it was totally the responsibility of the South Broward Hospital District and not Defendant - - rings especially untrue in light of the fact that, even though Defendant cannot produce a single one of Plaintiff's personnel records, it was able to produce complete personnel records for another employee, Monique Monteiro, the individual who replaced Plaintiff and who is at the center of this lawsuit.

2 Under rule 26(e)(1), "[a]party is under a duty to supplement [a discovery] response. . .if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Under rule 26(e)(2), "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production,. . .if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed.R.Civ.P.37(c)(1)(1999). Rule 37(c)(1) is not a discretionary sanction; rather, it is written in mandatory terms and "is designed to provide a strong inducement for disclosure of Rule 26. . .material." *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir.1995).

9. Thus, Rule 37(c)(1), by its express terms, automatically imposes sanctions against a party who fails to make required disclosures under rule 26(a) and supplemental disclosures under rule 26(e)(1) and (2). *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 157 (D.N.J. 1999); *see also Craig v. Craig,* 252 B.R. 822, 825 (Bankr S.D. Fla. 2000) (failure to identify witness in Rule 26(a)(1) disclosures "in and of itself warrants excluding his testimony."); *Klonoski v. Mahlab,* 156 F.3d 255, 269 (1st Cir. 1998)("[T]he new rule [37(c)(1)] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."); *Hinton v. Patnaude,* 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (Rule 37(c)(1) "provides for the 'automatic' exclusion of witnesses and information that was not disclosed despite a duty to disclose under Rule 26(a) or Rule 26(e)(1)"). 8A Wright, Miller & Marcus, *Federal Practice and Procedure:* Civil 2d § 289.1 at 704 (West 1994)("automatic exclusion" of Rule 37(c)(1) also applies to "ordinary witnesses"). Defendant's failure to timely disclose this purported Master Agreement creates extreme prejudice against the Plaintiff and must be excluded.

**CONCLUSION**

Based on the foregoing arguments and authority, Defendant's alleged Master Agreement and any argument or testimony thereon should be precluded by an Order *in limine* prohibiting Defendant from introducing any such testimony or evidence regarding said Master Agreement at trial.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to: Alexander D. del Russo, Esq., CARLTON FIELDS, P.O. Box 150, West Palm Beach, Florida 33402-0150, this 5th day of February, 2001.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

JOHN F. JANKOWSKI, JR., ESQ., P.A.
Co-Counsel for Plaintiff
2 South University Drive
Suite 265
Plantation, Florida 33324
Tel: (954) 370-1026
Fax: (954) 382-4322

By:______________________
John F. Jankowski, Jr., Esq.
Fla. Bar No.: 833533

LAW OFFICES

# BECKER & POLIAKOFF, P.A.

Administrative Office:
3111 Stirling Road
Ft. Lauderdale, Florida 33312-6525

Mailing Address:
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Phone: (954) 987-7550 Fax: (954) 985-4176
Toll Free: (800) 432-7712
Internet: www.becker-poliakoff.com
Email: bp@becker-poliakoff.com

Florida Offices

Boca Raton*
Clearwater
Ft. Myers
Ft. Walton Beach
Hollywood
Melbourne*
Miami
Naples
Orlando
Port Charlotte*
St. Petersburg
Sarasota
Tallahassee
Tampa
West Palm Beach

* available for consultation by appointment only

International Offices

Beijing, People's Republic of China
Prague, Czech Republic
Bern, Switzerland*

Reply To:
Roderick V. Hannah, Esq.
(954) 985-4145
rhannah@becker-poliakoff.com

June 26, 2000

Via Telefax (561) 478-5811

Alexander D. del Russo, Esq.
Levy, Kneen, Mariani, Curtin,
Kornfeld & Del Russo, P.A.
1400 Centrepark Boulevard, Suite 1000
West Palm Beach, FL 33401

Re: Iaia v. Columbia Health Care Corporation, etc.

Dear Mr. del Russo:

This letter is written pursuant to Local Rule 26.1.I as our good faith effort to resolve a discovery dispute.

Specifically, your responses to our First Request for Production and Answers to our First Set of Interrogatories are inadequate for the following reasons:

## I. Interrogatories

1. Your objections to Interrogatories 5, 7, 8, and 9 are identical, and appear to have been made in bad faith. Interrogatory No. 5 is a standard form interrogatory as set forth in Appendix B of the Local Rules of the Southern District of Florida. Since such an interrogatory is wholly approved by the District Court, you must withdraw your objection and fully answer the interrogatory by identifying the requested documents. With regard to interrogatories 7 through 9, your verbatim objection from Interrogatory No. 5 does not make sense as it applies to Interrogatories 7 through 9. We are entitled to a specific identification of all documents that support your affirmative defenses and denials of factual allegations in the Complaint. We are not looking for attorney-client privileged documents. We are looking for documents that could be used to support your claims, and which we must have prior to trial. Accordingly, your objections should be withdrawn in their entirety, and full and complete answers to Interrogatories 7 through 9 given.

Exhibit A

BECKER & POLIAKOFF, P.A.

**II. Request for Production**

1. In response to items 15, 17, 19, 20, 24, and 26, you indicate that the responsive documents would have been contained in Plaintiff's personnel file, which is no longer in your client's possession, custody or control. These are critical documents to our client's case, and we are entitled to an explanation as to what happened to the personnel file and the documents requested. These are documents that, at one time, were in your client's possession, custody and control. Please provide us with an explanation as to the fate of the documents, and when those documents disappeared, were lost, or were destroyed.

2. Item 28 of the Requests sought production of all documents identified in your Answers to Interrogatories. Inasmuch as you will need to provide detailed answers to Interrogatories 5, 7, 8, and 9, you will need to produce those documents identified.

3. You objected to item 36 on the grounds that it is "ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." That item sought production of documents that show the inter-relationship between the various corporate entities who may have been the actual employer of Plaintiff. As you probably know, we are in the possession of various salary and benefits documents regarding Plaintiff which identify different entities. We need to determine which entity was, in fact, Plaintiff's employer at the time she was notified of her termination from employment. Of course, if you wish to stipulate as to who her employer was, we may be able to forego discovery into the documents pertaining to corporate interrelationships.

We demand that you withdraw any and all unfounded objections to our discovery immediately, and provide us with the requested documentation and information, including Answers to Interrogatories 5, 7, 8 and 9 within 10 days of the date of this letter. If you refuse to do so, we will seek court intervention via a Motion to Compel.

Sincerely yours,

Roderick V. Hannah
For the Firm

RVH/cmm

cc: John Jankowski, Esq.
Jacqueline Iaia

582287_1.DOC

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO
PROFESSIONAL ASSOCIATION
COUNSELORS AT LAW
SUITE 1000
1400 CENTREPARK BOULEVARD
WEST PALM BEACH, FLORIDA 33401
TELEPHONE (561) 478-4700
FAX NO. (561) 478-5811

ALEXANDER D. DEL RUSSO
BOARD CERTIFIED CIVIL TRIAL ATTORNEY
ADMITTED TO PRACTICE IN FLORIDA AND THE DISTRICT OF COLUMBIA
WRITER'S DIRECT DIAL NO.:
(561) 478-4744

H. IRWIN LEVY
RETIRED

July 5, 2000

Roderick V. Hannah, Esq.
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Re: Iaia v. Columbia Health Care Corporation

Dear Mr. Hannah:

This letter is written in reply to your June 26, 2000, letter addressing our discovery responses.

**I. Request for Production**

1. With respect to your request Nos. 15, 17, 19, 20, 24, and 26, we would stand by our responses. We do not have these records in our possession, custody or control, and we are not obligated to explain what may have happened to these records, where they conceivably could be, and why they are not in our possession. If you wish this type of explanation, you can certainly take advantage of other discovery tools, such as interrogatories or depositions; however, you are incorrect in suggesting that a party responding to a request for production must provide an explanation as to fate of documents that are not in its possession or control.

2. With respect to request No. 28, we are in the process of *bate-stamping* the additional documents identified in our interrogatory answers and will produce them to you once they have been so marked.

3. With respect to request No. 36, we stand by our objections to this request. However, in an attempt to eliminate this issue from the case, I would accept your invitation and represent that Ms. Iaia was an employee of Galen Hospital—Pembroke Pines, Inc., d/b/a Pembroke Pines Hospital. When suit was filed, I advised Mr. Jankowski in writing that he had named the wrong party defendant. Rather than raise this issue as an affirmative defense and then move for summary judgment as to Columbia Healthcare Corporation, I answered your Complaint

Exhibit "B"

in the name of the correct defendant. You may also wish to note that the insurance policies we produced through discovery are in the name of Galen Hospital. In any event, I would suggest that we address this issue by a stipulation to correct the name of the party defendant.

## II. Interrogatories

With respect to interrogatories 5, 7, 8, and 9, the reason that the objections are identical is because these interrogatories are essentially the same. In any event, although we stand by the objections raised, we will agree to supplement our interrogatory responses. I will forward supplemental interrogatory answers pertaining to these four interrogatories by the end of this week.

Sincerely,

Alexander D. del Russo
For the Firm

ADD/ner
**Via facsimile and U.S. Mail**

cc: John F. Jankowski, Jr., Esq.