UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

      Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

      Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE REDUCTION IN FORCE

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE

PINES HOSPITAL, files this Response in Opposition to Plaintiff's Motion in Limine to Exclude

Testimony of the Reduction in Force (the "RIF").

In her motion, Plaintiff asks this Court to preclude Defendant "from introducing any

testimony or evidence regarding the alleged RIF in late 1993, and Defendant's alleged decision to

terminate Plaintiff" -- the equivalent of striking Defendant's pleadings. Plaintiff bases this draconian

request on two things: (1) Defendant's alleged failure to produce "documents pertaining to or

generated in connection with RIF," and (2) Defendant's failure to provide "any explanation of the

fate of the documents . . ." *See* Plaintiff's Motion in Limine, p. 2. In essence, Plaintiff seeks to

exclude this crucial evidence as a sanction against Defendant, even though (1) Plaintiff has failed

to identify what documents were not produced, whether such documents ever existed, or even if

Plaintiff had ever requested these documents in discovery, and even though (2) Plaintiff has never



WPB#534289 01

addressed this alleged non-production through an appropriate Rule 37(a) Motion with this Court. Because this motion is unsupported by any evidence of misconduct in the discovery process, or by any obligation under Rule 34 to explain why documents were not produced, Plaintiff's motion should be denied.

At the outset, what Plaintiff characterizes as the "alleged RIF" is actually an **undisputed fact** in this case. The 1993 RIF at Pembroke Pines Hospital affected more than 50 employees and included the decision to eliminate Ms. Iaia's position. Every witness (including Plaintiff) has testified to the existence and effect of the RIF.

- Plaintiff's Complaint alleges that Defendant "commenced a reduction in work force" and that she was eliminated as a result. *See* Complaint ¶ 6 & 7.

- Plaintiff testified concerning the RIF and that she was advised her position was being eliminated as a result of it. Iaia deposition, p. 88-89.

- Jerry Sutphin, the CEO and decision-maker, testified on the reasons behind the RIF and his decision to include Plaintiff's position. Sutphin deposition, p. 42-45.

- Pam Corliss, the COO and a participant in the decision, also testified on the reasons behind the RIF and the process followed at the hospital to identify the positions and employees that would be affected. Corliss Affidavit, ¶¶ 5-7.

- Michael Scialdone, the Chief Financial Office (same). Scialdone deposition, p. 21.

- Monique Montiero, the Director of Senior Friends (same). Montiero deposition, pp. 76-77.

- Maria Lomaga, the Director of Accounting (same). Lomaga, deposition, pp. 29-30.

The hospital's decision to commence a reduction in force in 1993 is not disputed by one single witness. Although Ms. Iaia might claim that the decision to include her job in the RIF was motivated by age, she does not (and cannot) challenge the existence of the RIF. Thus, evidence of the 1993 RIF is not based upon the contents of some unspecified document that was allegedly never produced, but rather upon the management decisions of these former hospital administrators.

WPB#534289.01

2

Contending that she was not provided with certain, unspecified documents pertaining to the RIF, Plaintiff now claims that these witnesses should be prevented from testifying as to the very existence of the RIF under Fed. R. of Evid. 1002, known as the "best evidence" rule. Rules 1002 and 1003 provide as follows:

### Rule 1002.  Requirement of Original

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

### Rule 1003.  Admissibility of Duplicates

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Thus, if a party seeks to prove **the terms of a writing**, then these rules express a preference for originals over secondary evidence if (1) there is a genuine question as to authenticity, or (2) it would otherwise be unfair to admit the duplicate. "The best evidence rule presupposes the existence of [an original writing], and is intended to prevent fraud *in proving the contents of douments and/or recordings.*" *United States v. Howard*, 953 F.2d 610, 613 (11th Cir. 1992) (emphasis added). Plainly, these rules have no application to testimony concerning the hospital's 1993 RIF. The decision to commence a RIF in 1993, and to eliminate Plaintiff's position as part of it, was made by individuals and not by documents. The rules of evidence do not prevent the testimony by witnesses on matters which at some point may also be contained in writings. *See C.P. Interests, Inc. v. California Pools, Inc.*, 2001 WL 32605 (5th Cir. 2001).

Moreover, there is nothing to suggest that there were any documents regarding the RIF that were not produced. Although Plaintiff asserts that Defendant "failed and refused to produce any documents pertaining to or generated in connection with the alleged RIF," Plaintiff fails to identify what documents Defendant failed to produce, or even what specific document requests sought RIF-related documents. Plaintiff's sole Request for Production is attached to this response as Exhibit "A." None of the 36 requests seek documents "pertaining to or generated in connection with the alleged RIF."[1] Defendant did produce (as part of its Initial Disclosures) documents pertaining to the RIF. For example, Defendant produced the list of employees affected by the RIF (*Bate Stamped* numbers 00001-00009), and also the hospital's 1993 pre-RIF employee lists and 1994 post-RIF employee lists (*Bate Stamped* numbers 000501-000547). There is simply no basis to Plaintiff's claim that Defendant failed to produce RIF-related documents which Plaintiff had requested through discovery.

As a final argument, Plaintiff admonishes the Defendant for not explaining the whereabouts of documents that were never produced, *albeit* never requested through discovery. Yet even if they had been requested. Rule 34 imposes no duty to explain the non-production of documents of which a party does not have possession or control. This issue has been addressed in Defendant's Response in Opposition to Plaintiff's Motion to Strike Exhibit 4 of Defendant's Reply and Memorandum, *see* D.E. # 44, and Defendant would rely on the arguments therein.

Plaintiff's Motion is nothing more than an attempt to sanction Defendant for the non-production of documents that were never requested or, indeed, may not exist. If Plaintiff had felt

---

[1]    On October 6, 2000, Plaintiff attempted to serve a Second Request for Production of Documents, along with additional Interrogatories. Defendant filed an Objection to these discovery requests, since they were in violation of this Court's Order of Continuance (D.E. # 38) which provided that "the parties shall complete all discovery no later than October 20, 2000." Plaintiff never challenged this Objection, or filed any motion to address it with the Court.

that Defendant failed to produce documents in its possession, or that Defendant's discovery responses were evasive or incomplete, Plaintiff could have filed an appropriate motion with this court under Rule 37(a). After all, the first step in obtaining sanctions is to file a motion for an order compelling the discovery sought. *See Helvand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997). Plaintiff did not do so. Her motion to exclude an entire subject of evidence is unsupported by the record or by the law, and should therefore be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this __9__ day of February, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON, FIELDS, WARD, EMMANUEL,
SMITH & CUTLER, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:     (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Defendant

By:_____
Alexander D. del Russo
Florida Bar Number 350273

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel and pursuant to Rule

34 of the Fed.R.Civ P., requests Defendant, COLUMBIA HEALTHCARE CORPORATION d/b/a

PEMBROKE PINES HOSPITAL, to produce the following documents per the requests attached

hereto.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2000 a true and correct copy of the foregoing
was served via United States Mail, postage prepaid to the following: Alexander David Del Russo,
Esquire, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida
33401.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
JOHN F. JANKOWSKI, JR.
FLA. BAR NO. 833533

EXHIBIT
"A"

## DEFINITIONS

As used in these Request for Production, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Plaintiff, Plaintiff's counsel, or Plaintiff's representatives or agents, all of which Plaintiff or authorized representatives have knowledge.

"**Identify**":

(a)   when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

Page 2

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

"**Person**" or "**persons**" includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

Page 3

"**Subject Time Period**" is from 1993 through to the present.

"**You**" or "**Your**" means the person(s) responding to these Requests for Production of Documents for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

1.      All documents Defendant intends to mark for identification, refer to, offer into evidence, or publish during discovery or at the trial in this matter.

2.      All documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, or directors, which refer, relate or pertain to Plaintiff's employment with Defendant, including her termination therefrom.

3.      Any and all documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, and directors, that refer, relate or pertain to any of the issues in this case including, but not limited to: Monique Monteiro and the employment positions known as Director of Marketing/Public Relations and Director Senior Friends.

4.      All documents, except those prepared in anticipation of litigation, which in any way support Defendant's answer and any of its affirmative defenses in this case.

5.      All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding Plaintiff's employment with Defendant and her termination therefrom.

6.      All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding the employment of Monique Monteiro and any change of job description and responsibilities in any way related to the position or title of Director of Senior Friends and Director of Marketing/Public Relations.

7.      All employee handbooks, manuals, leaflets, procedures, guidelines, memoranda,

bulletins, directives and other documents which set forth Defendant's personnel policies, procedures, rules and regulations that were in effect during Plaintiff's employment with Defendant.

8.    Any and all documents that reflect, refer, relate and/or pertain to any procedures, policies, terms and/or conditions of employment upon which Defendant intends to rely in defense of this action.

9.    All documents given by Defendant to Plaintiff during her employment with Defendant, including but not limited to documents given to Plaintiff in connection with the termination of her employment.

10.    All documents, including but not limited to interoffice and intra-office memoranda, electronic mail, and correspondence that memorialize communications between Plaintiff and Defendant, or any of its employees, officers or directors.

11.    Plaintiff's complete personnel file.

12.    The complete personnel file for Monique Monteiro.

13.    Any and all electronic mail messages in unencrypted form, that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant, including but not limited to her hiring, transfers, promotion, and training.

14.    Any and all documents, internal memoranda, communications and e-mail that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant.

15.    If not contained in her personnel file, all of Defendant's disciplinary records for Plaintiff.

16.    If not contained in her personnel file, all of Defendant's disciplinary records for Monique Monteiro.

17.    If not contained in her personnel file, all of Plaintiff's payroll records, including any summaries thereof.

18.    If not contained in her personnel file, all of Monique Monteiro's payroll records, including any summaries thereof.

19.    If not contained in her personnel file, all of Defendant's employee benefits records and documents provided to Plaintiff, including any and all documents setting forth the monetary values of those benefits.

20.    All written grievances and employment-related complaints regarding Plaintiff and her job performance during the course of her employment.

21.    All written grievances and employment-related complaints regarding Monique Monteiro and her job performance during the course of her employment.

22.    All witness statements, written or recorded, taken and/or obtained by Defendant or any of Defendant's representatives regarding Plaintiff, including but not limited to the allegations and defenses raised in the pleadings.

23.    Any and all documents, including but not limited to memoranda, notes, announcements, meeting minutes, and other verbal or written communications which in any way refer, relate or pertain to Plaintiff's termination of employment with Defendant.

CASE NO. 00-6227-CIV-MORENO

24.     Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way refer, relate or pertain to offer(s) of employment, and transfers to other job positions communicated to Plaintiff.

25.     Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way relate to offer(s) of employment, and transfers to other job positions communicated to Monique Monteiro.

26.     All documents which in any way refer, relate or pertain to Plaintiff's education, training and job experiences.

27.     All documents which in any way refer, relate or pertain to Monique Monteiro's education, training and job experiences.

28.     All documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

29.     Any and all documents which support or in any way relate to the allegations set forth in Plaintiff's Complaint.

30.     All insurance policies that provide coverage, or may provide coverage, to Defendant for any claims made by Plaintiff.

31.     All documents submitted by Defendant to the EEOC, Florida Commission on Human Relations, and the State of Florida Division of Unemployment Compensation regarding Plaintiff.

32.     All written job descriptions for Plaintiff.

33.     All written job descriptions for Monique Monteiro.

CASE NO. 00-6227-CIV-MORENO

34.    All job postings and notifications of job openings for Plaintiff.

35.    All job postings and notifications of job openings for Monique Monteiro.

36.    All documents showing corporate interrelationships between Columbia Healthcare Corporation, Galen Hospital - Pembroke Pines Inc., and Galen Hospital Corporation, Inc., including but not limited to articles of merger, name change filings, written assignments of assets, claims and obligations, and purchase and sale agreements.