UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.

_____/



### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF PAM CORLISS, OR ALTERNATIVELY FOR LEAVE TO TAKE HER DEPOSITION

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, hereby files this Response in Opposition to Plaintiff's Motion to Exclude the Testimony of Pam Corliss, or Alternatively for Leave to Take Her Deposition.

Plaintiff suggests that the testimony of a crucial witness, Pam Corliss, be excluded because of the lack of preparation by Plaintiff's counsel in ensuring his attendance at the witness' pre-trial deposition. In making this request, Plaintiff has mischaracterized the facts surrounding the aborted deposition of Pam Corliss, a non-party witness. The events that transpired were as follows:

1.     The deposition of Ms. Corliss was scheduled by Plaintiff for October 20, 2000 at 10:00 a.m. This was not done as an "accommodation" but because Ms. Corliss is located in Volusia County, and Plaintiff had set the deposition of another witness in Orange County later that date. *See* 10-5-00 correspondence (Exhibit 1.)

2.     The Plaintiff scheduled the deposition of Ms. Corliss on that date at 10:00 a.m. in Daytona Beach (Exhibit 2). The Plaintiff also



WPB#534297.01

   scheduled the deposition of Michael Scialdone on that date at 3:00 p.m. in Maitland, Florida (Exhibit 3). October 20, 2000 was the last day for discovery pursuant to this Court's Order (D.E. # 38).

3. Defendant's attorney traveled from West Palm Beach to attend the deposition of Pam Corliss, and was present at the scheduled time.

4. At 10:05 a.m. Volusia Reporting Company received a telephone call from the secretary to Plaintiff's counsel, Mr. Hannah, who advised that Mr. Hannah was stuck in traffic in South Florida. *See* 10-20-00 Comments on Record (Exhibit 4).

5. After learning that the deposing attorney would not be arriving until 11:30 a.m. at the earliest, the witness stated that she could not wait because of her pre-arranged travel plans, and that she had been relying on the scheduled starting time of 10:00 a.m. *See* 10-20-00 Comments on Record.

6. Defendant's counsel did not encourage the witness to leave, but rather asked her to consider staying. However, she had pre-arranged travel plans to drive to the mountains that afternoon. The witness agreed to wait until 10:30 a.m. before departing. *See* 10-20-00 Comments on Record.

Defendant does not suggest that Mr. Hannah intended to appear late at his own deposition. However, his lack of travel preparation cannot be construed as improper conduct by either the witness or counsel for the defense. The witness complied with her subpoena and appeared at the date and time for which her deposition was scheduled. She had no obligation under Rule 45 to wait until 11:30 a.m. in order to see if the attorney who subpoenaed her would finally appear. Indeed, Rule 45 provides that "a party or an attorney responsible for issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." The decision by Ms. Corliss to wait until 10:30, and thereafter to leave, was certainly appropriate under the circumstances.

Plaintiff cites the case of *Shulton v. Optel Corp.*, 126 F.R.D. 80 (S.D. Fla. 1989), for the proposition that a subpoena "presents a continuing duty to appear and does not expire upon its stated

date," yet that holding has no application to our case. In *Shulton*, a non-party witness was subpoenaed for deposition. The deposition was later canceled and rescheduled, and the witness did not complain about the new date or challenge the validity of the subpoena. Instead, the witness simply failed to appear on the newly-scheduled day. In defending against a motion for contempt, the witness argued that a subpoena does not continue and cannot force her to appear on any date other than that stated on the face of the subpoena. The district court rejected this argument and concluded that a subpoena imposes a continuing duty to appear in the event the deposition was rescheduled. Clearly, these are different facts than those presented in our case. Ms. Corliss honored the subpoena and appeared for deposition; it was Plaintiff's counsel who was not present.

Even if this Court concludes that Ms. Corliss should not have left the deposition at 10:30, and should have continued waiting for Plaintiff's counsel, she is a non-party witness over whom Defendant has no control. It would be contrary to the interests of justice to grant Plaintiff's request to exclude the testimony of this witness. Rather, in that instance, Defendant suggests that this Court should allow Plaintiff leave to reschedule her deposition. Defendant does respectfully object to allowing the rescheduling of Ms. Corliss's deposition, since discovery has been closed for more than three months and the parties are approaching a trial date. However, should this Court feel that the interests of justice would be best served by allowing Plaintiff to re-schedule the deposition of Ms. Corliss, then Defendant would suggest that under those circumstances the Plaintiff should reimburse the Defendant for its expenses, including attorneys' fees, incurred in re-attending this deposition in Daytona Beach.[1]

---

[1] Defendant had previously filed a motion to recover its fees and costs in connection with this aborted deposition by Order dated December 4, 2000, Magistrate Judge Dube denied that motion. At that time, however, there was no request by Plaintiff to re-schedule the deposition in Daytona Beach, and discovery was closed by Court order.

*/s/ Alexander D. del Russo*
Alexander D. del Russo
Florida Bar Number 350273
E-mail: adelr@carltonfields.com
CARLTON, FIELDS, WARD, EMMANUEL,
 SMITH & CUTLER, P.A.
222 Lakeview Avenue, Ste. 1400
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this ___9___ day of February, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

*/s/ Alexander D. del Russo*
Alexander D. del Russo

WPB#534297.01

4

Case 0:00-cv-06227-FAM     Document 86     Entered on FLSD Docket 02/15/2001     Page 5 of 19

## LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO
### PROFESSIONAL ASSOCIATION
### COUNSELORS AT LAW

SUITE 1000
1400 CENTREPARK BOULEVARD
WEST PALM BEACH, FLORIDA 33401
TELEPHONE (561) 478-4700
FAX NO. (561) 478-5811

ALEXANDER D. del RUSSO
BOARD CERTIFIED CIVIL TRIAL ATTORNEY
ADMITTED TO PRACTICE IN FLORIDA
AND THE DISTRICT OF COLUMBIA
WRITER'S DIRECT DIAL NO.:
(561) 478-4744

H. IRWIN LEVY
RETIRED

October 13, 2000

Roderick V. Hannah, Esq.
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

Re: Iaia v. Pembroke Pines Hospital; Case No. 00-6227-Civ-Moreno

Dear Mr. Hannah:

I received yesterday your Re-Notices of depositions for next week and I have the following comments:

1. The deposition of Monique Monteiro is scheduled for West Palm Beach. It is my understanding that she lives and works in Broward County and therefore her deposition will need to be reset for Broward County as well.

2. We had discussed the rescheduling of the depositions of Pam Corliss and Michael Scialdone. As I had mentioned, Ms. Corliss resides and works in Daytona (Volusia County), and you have scheduled her deposition to take place in Maitland, which is in Orange County. It will need to be rescheduled to take place in Daytona. We had discussed scheduling Pam Corliss on the morning of October 20 in Daytona, and then Michael Scialdone on that afternoon in Maitland. I have already called both of their offices to advise them of this change, and they are both available at those times and location.

Please send out new deposition Notices that reflect these changes.

Sincerely,

Alexander D. del Russo
For the Firm

ADD/ner
Via facsimile and U.S. Mail

LAW_SERVER\SYS:Data\LIT4\4871.042\101300lt.rhannah.doc

Case 0:00-cv-06227-FAM Document 86 Entered on FLSD Docket 02/15/2001 Page 7 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

**RE-NOTICE OF TAKING DEPOSITION**
(Change of Time & Location)

TO: **ALEXANDER D. DEL RUSSO, ESQ.**, Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401

**JOHN F. JANKOWSKI, JR., ESQ.**, Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of the below-named person on the date and at the hour indicated. **at VOLUSIA REPORTING, 150 S. Palmetto Avenue, Suite 101, Daytona Beach, FL 32114.**

| **NAME** | **DATE** | **HOUR** |
|---|---|---|
| **PAM CORLISS** | OCTOBER 20, 2000 | 10:00 A.M. |

upon oral examination(s), before a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is/are being taken for the purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

CASE NO. 00-6227-CIV-MORENO

I HEREBY CERTIFY that a true copy of the foregoing Re-Notice of Taking Deposition was faxed and mailed to the above-named addressee(s), on this 16th day of October, 2000.

BECKER & POLIAKOFF, P.A.

Attorneys for Plaintiff
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
Tel. (954) 985-4145
Fax (954) 985-4176

By: _____
RODERICK V. HANNAH
Florida Bar No. 435384

cc: Volusia Reporting

604191_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

<u>**RE-NOTICE OF TAKING DEPOSITION**</u>
(Change of Time)

**TO:** **ALEXANDER D. DEL RUSSO, ESQ.,** Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., Counsel for Defendant, 1400 Centrepark Boulevard, West Palm Beach, FL 33401

**JOHN F. JANKOWSKI, JR., ESQ.,** Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of the below-named person on the date and at the hour indicated, **at BECKER & POLIAKOFF, P.A., located at 500 Winderley Place, Suite 104, Maitland, FL 32751.**

| **NAME** | **DATE** | **HOUR** |
|---|---|---|
| **MICHAEL SCIALDONE** | **OCTOBER 20, 2000** | **3:00 P.M.** |

upon oral examination(s), before a Notary Public in and for the State of Florida at Large, or some other officer duly authorized by law to take depositions. The deposition(s) will continue from day to day until completed. The deposition(s) is/are being taken for the purposes of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

CASE NO. 00-6227-CIV-MORENO

I HEREBY CERTIFY that a true copy of the foregoing Re-Notice of Taking Deposition was faxed and mailed to the above-named addressee(s), on this 10th day of October, 2000.

BECKER & POLIAKOFF, P.A.

Attorneys for Plaintiff
Post Office Box 9057
Fort Lauderdale, FL 33310-9057
Tel. (954) 985-4145
Fax (954) 985-4176

By: _____
RODERICK V. HANNAH
Florida Bar No. 435384

cc:   Zacco & Associates

604184_1.DOC

```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA
                        FT. LAUDERDALE DIVISION

                        CASE NO.:  00-6227-CIV-MORENO

JACQUELINE IAIA

        Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES, INC.,
d/b/a PEMBROKE PINES HOSPITAL, a foreign
corporation,

        Defendant.



    *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

                        COMMENTS ON RECORD

DATE TAKEN:             OCTOBER 20, 2000

TIME:                   COMMENCED AT 10:11 A.M.
                        CONCLUDED AT 10:13 A.M.

PLACE:                  150 SOUTH PALMETTO AVENUE
                        SUITE 101
                        DAYTONA BEACH, FLORIDA

REPORTED BY:            SHARON K. DINES
                        Court Reporter and Notary Public



    *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *



                        VOLUSIA REPORTING COMPANY
                         POST OFFICE BOX 1409
                      DAYTONA BEACH, FLORIDA 32115
                              904-255-2150
```

2

1    APPEARANCES:

2
              ALEXANDER D. DEL RUSSO, ESQUIRE
3             Levy, Kneen, Mariani, Curtin,
                Kornfeld & Del Russo, P.A.
4             1400 Centrepark Boulevard
              West Palm Beach, Florida 33401
5
                 Attorney for Defendant
6

7    ALSO PRESENT:  PAM CORLISS, Witness

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                           C O N T E N T S

2                                                                PAGE:
    COMMENTS ON RECORD BY MR. DEL RUSSO                            4
3
    REPORTER'S DEPOSITION CERTIFICATE                              6
4

5
                                - - - - -
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

```
 1                        P R O C E E D I N G S
 2              (Whereupon, the following proceedings were had:)
 3              MR. DEL RUSSO:  It is now 11 minutes after ten on
 4         the morning of Friday, October 20, 2000.  We are here
 5         for the deposition noticed by Plaintiff's Counsel of
 6         Ms. Pam Corliss.  I, of course, am here on behalf of
 7         the Defendant.
 8              The reason we are making this statement on the
 9         record is that we and the court reporter just received
10         a telephone call from Mr. Hannah's office advising that
11         Mr. Hannah is stuck in traffic and will not be able to
12         be present at his deposition until 11:30, which is an
13         hour and a half from now -- or an hour and a half from
14         when the deposition was scheduled.
15              We also asked if Mr. Hannah had a cellphone to see
16         if we could contact him personally to see if he wished,
17         for example, to attend by telephone, but were advised
18         by his assistant, Karen, that he either does not have a
19         cellphone or it is not operable.
20              Now, I am here for the deposition and I intend to
21         stay.  But there, apparently, is a problem with the
22         witness, Ms. Corliss.
23              Ms. Corliss, could you please explain to me what
24         your scheduling problem is with respect to waiting
25         until 11:30 to begin this deposition.
```

```
 1          MS. CORLISS:  I scheduled to leave on vacation
 2     today.  Our plans were to leave by 12 noon.  When this
 3     deposition was scheduled, and graciously scheduled for
 4     10:00, I figured that, you know, I could delay my
 5     departure until 1:00 at the latest.
 6          Now it would be three, three-thirty, maybe even
 7     four o'clock before I could get on the road.  I have a
 8     ten-hour ride ahead of me into the mountains in the
 9     dark, and I am not prepared to arrive somewhere at one
10     or two in the morning.
11          MR. DEL RUSSO:  Okay.  Thank you.
12          I have not encouraged Ms. Corliss to leave.  In
13     fact, I have asked her to consider staying.  But in
14     light of her travel plans and vacation plans as she
15     just indicated, apparently, that's not the case.
16          MR. DEL RUSSO:  Ms. Corliss, would you consider
17     waiting until 10:30, another 15 minutes, to see if
18     Mr. Hannah shows up, and then you can do what you think
19     is appropriate?
20          MS. CORLISS:  Absolutely.
21          MR. DEL RUSSO:  Thank you.
22          (WHEREUPON the proceedings was concluded at
23     10:13 a.m.)
24
25
```

6

```
 1                    REPORTER'S CERTIFICATE
 2
 3     STATE OF FLORIDA    )
 4     COUNTY OF VOLUSIA   )
 5
 6          I, SHARON K. DINES, Court Reporter, certify that I
 7     was authorized to and did stenographically report the
 8     comments made on the record; that the transcript is a true
 9     and complete record of my stenographic notes.
10          I further certify that I am not a relative, employee,
11     attorney, or counsel of any of the parties, nor am I a
12     relative or employee of any of the parties' attorneys or
13     counsel connected with the action, nor am I financially
14     interested in the action.
15          Dated this 20th day of October, 2000.
16
17              _____
                SHARON K. DINES, COURT REPORTER
18              (This signature is valid only if signed in blue ink.)
19
20
21
22
23
24
25
```