UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

      Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

      Defendant.

_____/



## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF THE "MASTER AGREEMENT"

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE

PINES HOSPITAL, hereby files this Response in Opposition to Plaintiff's (Third) Motion in Limine

to Exclude Evidence of the June 5, 1995 Master Agreement between Defendant and the South

Broward Hospital District (the "Master Agreement").

### INTRODUCTION

Plaintiff seeks a ruling *in limine* to exclude Defendant's use at trial of the Master Agreement

by which Defendant leased the hospital facility to the South Broward Hospital District. Under the

terms of this Agreement, the South Broward Hospital District became responsible for the

retention/destruction of all records of the hospital in existence at that time, including personnel

records. Plaintiff seeks to exclude this document on the grounds that it was "never disclosed or

produced to Plaintiff in discovery." This argument has been raised by Plaintiff in her Motion in

Limine to Exclude Evidence of the Reduction-in-Force (D.E. # 47), and her Motion to Strike Exhibit

4 (the Master Agreement) to Defendant's Reply Memorandum in Support of Summary Judgment (D.E. #44). For the same reasons, this motion must be denied. Plaintiff never requested the Master Agreement through discovery or, for that matter, any documents in connection with the 1995 transfer of the management or operations of the hospital, and Defendant's Rule 26(e) obligation to supplement discovery responses does not extend to documents or information ever requested through discovery.

## ARGUMENT

Plaintiff's characterization of discovery is simply not accurate. Defendant did not "just recently claim that all of Plaintiff's records and employee documents were lost or destroyed pursuant to this alleged master agreement." *See* Plaintiff's Motion in Limine, at p. 1. Instead, in its May 15, 2000 Response to Plaintiff's First Request for Production, Defendant advised that "Plaintiff's personnel file is no longer in Defendant's possession, custody, or control." Plaintiff did nothing through discovery to ascertain the whereabouts of her personnel records, or why they were no longer in the custody of her former employer.[1]

Rule 26(e)(2) provides as follows:

> (2) A party is under a duty seasonally to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

While parties have a duty to supplement discovery responses under these conditions, Plaintiff now confuses this duty with her own obligation to seek discovery in the first place. The duty to

---

[1] This Court should note that Plaintiff herself retained copies of virtually her entire personnel records. She produced more than 2,000 pages of documents in response to Defendant's discovery request, including what appears to be most, if not all, of her personnel file. These documents were marked and used as deposition exhibits throughout the case.

WPB#534564.01

2

supplement discovery responses under Rule 26(e) is not a substitute for a party's pre-trial discovery efforts. "Rule 26(e)(2) requires that a party supplement a discovery response in certain circumstances. It does not require that a party volunteer information not fairly encompassed by the earlier request." *Polec v. Northwest Airlines, Inc.*, 86 F.3d 498, 539 (6th Cir. 1996). *See also* 6 Moore's Federal Practice, § 26.131(1). In our case, Plaintiff has failed to identify what discovery responses were incomplete or incorrect. Indeed, Plaintiff has failed to identify what discovery requests sought information relating to the 1995 transfer of the hospital facility to the South Broward Hospital District.

Plaintiff's sole Request for Production, dated March 31, 2000, is attached to this Response as Exhibit A. None of its 36 requests seek documents relating to the transfer of the hospital facility to the South Broward Hospital District. Request no. 29 seeks documents which "in any way relate to the allegations set forth in Plaintiff's Complaint," yet a fair reading of the Complaint reveals no allegations of the subsequent transfer of Hospital. Similarly, Request no. 4 seeks documents "which in any way support Defendant's answer and any of its affirmative defenses..." Once again, a fair reading of Defendant's eight affirmative defenses reveals nothing relating to this 1995 transaction. Plaintiff's only set of interrogatories (along with Defendant's answers) is attached as Exhibit B. None of the eleven interrogatories relate to the 1995 transfer of the hospital facility to the South Broward Hospital District.

There is no "unsolved mystery" as to the missing personnel file of Ms. Iaia. These documents were turned over to the South Broward Hospital District in 1995 when the facility was leased under the Master Agreement. Apparently, the new operator destroyed many files (including that of Ms. Iaia) due to their age, and this was done before Defendant learned of Plaintiff's claim and began searching for records. There is no evidence that Defendant was in any way negligent in the

WPB#534564.01

3

loss or destruction of these documents. Yet, even if Defendant had been negligent, this would not be a sufficient basis for the relief sought by Plaintiff in her motion.

> Sanctions may be imposed upon litigants who destroy documents while on notice that they may be relevant to litigation or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence. In this Circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith. *Bashir v. Amtrak*, 119 F.3d 929 (11th Cir. 1997). "'Mere negligence' in losing or destroying the records is not enough for an adverse inference, as it does not sustain an inference of consciousness of a weak case."

*Banco Latino v. Gomez Lopez*, 53 F. Supp.2d 1273, 1277 (S.D. Fla. 1999).

Plaintiff suggests that Defendant's explanation for the missing documents – that they were under the control of the South Broward Hospital District – "rings untrue" since Defendant could not produce Plaintiff's file but was able to produce the file of Monique Monteiro. In the deposition of Maria Lomaga, the Defendant's representative, she testified that the new operator of the hospital retained the files of hospital employees, that old documents were sent to storage off-site with a company named "The Document Bank," and that after a specified time inactive files were destroyed.[2] Ms. Lomaga was <u>never</u> asked why the Defendant was able to produce the personnel files of Ms. Monteiro, but not those of Ms. Iaia. Attached to this Response, as Exhibit C, is the Affidavit of Maria Lomaga, which answers the questions never posed by Plaintiff's counsel. In her affidavit, Ms. Lomaga explains that when she first learned of Ms. Iaia's complaint and was asked to locate personnel files, she learned that the storage company had destroyed the personnel file of Ms. Iaia due to its age. On the other hand, Ms. Monteiro had been an employee for several years after Ms. Iaia. Her personnel file was still retained by the storage company as it had not yet reached the age for

---

[2] 10/17/00 deposition of Maria D. Lomaga, p. 47-48

WPB#534564.01

4

destruction.[3] Thus, Plaintiff's accusation of mendacity is more the result of her own lack of pre-trial discovery.

The significance of the Master Agreement is not to disprove Plaintiff's claim of age discrimination. It disproves Plaintiff's recent request for an adverse inference. In her December 8, 2000, Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff claimed for the first time that summary judgment was not appropriate since Defendant "lost or destroyed" all of the documents pertaining to Defendant's reduction-in-force and Plaintiff's personnel records. Plaintiff argued that she was entitled to an "adverse inference" to establish both her *prima facie* case and evidence of pretext. At that point, the Master Agreement took on significance since the agreement provided that the South Broward Hospital District was responsible for preserving hospital records as of the time of the transfer.

It is uncertain how the Master Agreement will be used, or even if it will be relevant at trial. Clearly, it would be relevant should Plaintiff seek an "adverse inference" based on the bad faith destruction of evidence. It may also be relevant to Plaintiff's damage claim, *i.e.*, should Plaintiff seek an award of back pay after Defendant effectively sold the facility to the South Broward Hospital District. Neither the relevance nor admissibility of these documents can be determined at this time, and the reasons proffered by Plaintiff for their exclusion are insufficient.

For these reasons, Defendant requests that Plaintiff's Motion in Limine be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this _20_ day of February, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale,

---

[3] Ms. Monteiro testified that she remained an employee of the hospital until 1998. 10/18/00 Deposition of Monique J. Monteiro, p. 12, ln. 3.

WPB#534564.01

5

Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

> CARLTON, FIELDS, P.A.
> P.O. Box 150
> West Palm Beach, FL 33402-0150
> Telephone:        (561) 659-7070
> Facsimile:        (561) 659-7368
> E-mail: adelr@carltonfields.com
> Attorneys for Defendant
>
> By: _____
>     Alexander D. del Russo
>     Florida Bar Number 350273

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel and pursuant to Rule 34 of the Fed.R.Civ.P., requests Defendant, COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL, to produce the following documents per the requests attached hereto.

### CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2000 a true and correct copy of the foregoing was served via United States Mail, postage prepaid to the following: Alexander David Del Russo, Esquire, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
JOHN F. JANKOWSKI, JR.
FLA. BAR NO. 833533


EXHIBIT
A

## DEFINITIONS

As used in these Request for Production, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Plaintiff, Plaintiff's counsel, or Plaintiff's representatives or agents, all of which Plaintiff or authorized representatives have knowledge.

"**Identify**":

(a)  when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

**"Person"** or **"persons"**  includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

"**Subject Time Period**" is from 1993 through to the present.

"**You**" or "**Your**" means the person(s) responding to these Requests for Production of Documents for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

CASE NO. 00-6227-CIV-MORENO

1.      All documents Defendant intends to mark for identification, refer to, offer into evidence, or publish during discovery or at the trial in this matter.

2.      All documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, or directors, which refer, relate or pertain to Plaintiff's employment with Defendant, including her termination therefrom.

3.      Any and all documents, including but not limited to communications, memoranda, diaries, journals, notes, and e-mail messages prepared by Defendant or any of its employees, agents, officers, and directors, that refer, relate or pertain to any of the issues in this case including, but not limited to: Monique Monteiro and the employment positions known as Director of Marketing/Public Relations and Director Senior Friends.

4.      All documents, except those prepared in anticipation of litigation, which in any way support Defendant's answer and any of its affirmative defenses in this case.

5.      All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding Plaintiff's employment with Defendant and her termination therefrom.

6.      All documents, correspondence, notes, memoranda, communications, and electronic mail messages, between Defendant and Plaintiff regarding the employment of Monique Monteiro and any change of job description and responsibilities in any way related to the position or title of Director of Senior Friends and Director of Marketing/Public Relations.

7.      All employee handbooks, manuals, leaflets, procedures, guidelines, memoranda,

-2-

CASE NO. 00-6227-CIV-MORENO

bulletins, directives and other documents which set forth Defendant's personnel policies, procedures, rules and regulations that were in effect during Plaintiff's employment with Defendant.

8.    Any and all documents that reflect, refer, relate and/or pertain to any procedures, policies, terms and/or conditions of employment upon which Defendant intends to rely in defense of this action.

9.    All documents given by Defendant to Plaintiff during her employment with Defendant, including but not limited to documents given to Plaintiff in connection with the termination of her employment.

10.    All documents, including but not limited to interoffice and intra-office memoranda, electronic mail, and correspondence that memorialize communications between Plaintiff and Defendant, or any of its employees, officers or directors.

11.    Plaintiff's complete personnel file.

12.    The complete personnel file for Monique Monteiro.

13.    Any and all electronic mail messages in unencrypted form, that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant, including but not limited to her hiring, transfers, promotion, and training.

14.    Any and all documents, internal memoranda, communications and e-mail that in any way refer, relate or pertain to Monique Monteiro and her employment with Defendant.

15.    If not contained in her personnel file, all of Defendant's disciplinary records for Plaintiff.

-3-

16.     If not contained in her personnel file, all of Defendant's disciplinary records for Monique Monteiro.

17.     If not contained in her personnel file, all of Plaintiff's payroll records, including any summaries thereof.

18.     If not contained in her personnel file, all of Monique Monteiro's payroll records, including any summaries thereof.

19.     If not contained in her personnel file, all of Defendant's employee benefits records and documents provided to Plaintiff, including any and all documents setting forth the monetary values of those benefits.

20.     All written grievances and employment-related complaints regarding Plaintiff and her job performance during the course of her employment.

21.     All written grievances and employment-related complaints regarding Monique Monteiro and her job performance during the course of her employment.

22.     All witness statements, written or recorded, taken and/or obtained by Defendant or any of Defendant's representatives regarding Plaintiff, including but not limited to the allegations and defenses raised in the pleadings.

23.     Any and all documents, including but not limited to memoranda, notes, announcements, meeting minutes, and other verbal or written communications which in any way refer, relate or pertain to Plaintiff's termination of employment with Defendant.

-4-

CASE NO. 00-6227-CIV-MORENO

24.    Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way refer, relate or pertain to offer(s) of employment, and transfers to other job positions communicated to Plaintiff.

25.    Any and all documents, including but not limited to memoranda, notes, announcements, meetings, and other verbal or written communications which in any way relate to offer(s) of employment, and transfers to other job positions communicated to Monique Monteiro.

26.    All documents which in any way refer, relate or pertain to Plaintiff's education, training and job experiences.

27.    All documents which in any way refer, relate or pertain to Monique Monteiro's education, training and job experiences.

28.    All documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

29.    Any and all documents which support or in any way relate to the allegations set forth in Plaintiff's Complaint.

30.    All insurance policies that provide coverage, or may provide coverage, to Defendant for any claims made by Plaintiff.

31.    All documents submitted by Defendant to the EEOC, Florida Commission on Human Relations, and the State of Florida Division of Unemployment Compensation regarding Plaintiff.

32.    All written job descriptions for Plaintiff.

33.    All written job descriptions for Monique Monteiro.

-5-

34.    All job postings and notifications of job openings for Plaintiff.

35.    All job postings and notifications of job openings for Monique Monteiro.

36.    All documents showing corporate interrelationships between Columbia Healthcare Corporation, Galen Hospital - Pembroke Pines Inc., and Galen Hospital Corporation, Inc., including but not limited to articles of merger, name change filings, written assignments of assets, claims and obligations, and purchase and sale agreements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

      Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## RESPONSES TO PLAINTIFF'S INTERROGATORIES

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE

PINES HOSPITAL, hereby gives notice of the filing of its Responses to Plaintiff's First Set of

Interrogatories to the Defendant under Certificate dated March 31, 2000.

EXHIBIT
B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of May, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD, & DEL RUSSO, P.A.

By: _____
    Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida   33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

      Defendant.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, and pursuant to

Rule 33 of the Federal Rules of Civil Procedure, requests Defendant, COLUMBIA HEALTHCARE

CORPORATION d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation, to answer the

attached interrogatories under oath.

### CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was mailed this 31st day of March, 2000, to: Alexander David Del Russo, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000, West Palm Beach, Florida 33401.

Roderick V. Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
    JOHN F. JANKOWSKI, JR.
    FLA. BAR NO. 833533

## DEFINITIONS

As used in these Interrogatories, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, voice mail, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, voice mail, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Defendant, Defendant's counsel, or Defendant's representatives or agents, all of which Defendant or authorized representatives have knowledge.

"**Identify**":

(a)  when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

**"Person"** or **"persons"** includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

**"Subject Time Period"** is from 1993 through to the present.

**"You"** or **"Your"** means the person(s) responding to these Interrogatories for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

CASE NO. 00-6227-CIV-MORENO

1.    Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

2.    Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory #1 may have.

SEE ATTACHED.

CASE NO. 00-6227-CIV-MORENO

3.    Please provide the name of each person whom you may use as an expert witness at trial.

SEE ATTACHED

-4-

CASE NO. 00-6227-CIV-MORENO

4.    Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

5.  Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed.R.Civ.P.7(a) filed in this action.

SEE ATTACHED

-6-

CASE NO. 00-6227-CIV-MORENO

6.      With respect to each witness identified in your answer to interrogatory, #1, please set forth the facts known to the witness(es).

        SEE ATTACHED

-7-

CASE NO. 00-6227-CIV-MORENO

7.      Please identify each and every document that would support Defendant's Answer
and/or denials of factual allegations set forth in Plaintiff's Complaint.

SEE ATTACHED

-8-

CASE NO. 00-6227-CIV-MORENO

8.    Please identify each and every document that would support PLAINTIFF'S allegations set forth in Plaintiff's Complaint.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

9.    Please provide the name and address of the location, and the name, address and telephone number of each custodian of the records identified in your answer to the preceding interrogatories, numbers 7 & 8.

SEE ATTACHED

-10-

CASE NO. 00-6227-CIV-MORENO

10.  Please identify each and every person that contributed to answering these interrogatories and their relationship with COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL.


SEE ATTACHED

-11-

CASE NO. 00-6227-CIV-MORENO

11.    Please identify all witnesses whom you plan to call at trial with a summary of the subject matter that said witness(es) will be testifying.


         SEE ATTACHED

-12-

## ANSWERS TO INTERROGATORIES


### Answers to Interrogatory Nos. 1 and 2

1.  Maria Lomaga, Assistant Controller
    Columbia Hospital
    45th Street
    West :Palm Beach, FL
    (561) 863-2140

Understood to have knowledge concerning Plaintiff's employment at Pembroke Pines Hospital and the reduction in force at the end of 1993.

2.  Michael Scialdone, Chief Financial Officer
    Osceola Regional Medical Center
    700 West Oak Street
    Kissimmee, FL  34741
    (407) 518-3606

Understood to have knowledge concerning Plaintiff's employment, the reduction in force, and the factors leading to the elimination of her position.

3.  Pam Corliss, Chief Executive Officer
    Atlantic Regional Medical Center
    400 North Coyde Morris Road
    Daytona Beach, FL  32120

Understood to have knowledge concerning Plaintiff's employment, the reduction in force, and the factors leading to the elimination of her position.

4.  Robert Carrel, Chief Financial Officer
    Westside Regional Medical Center
    Plantation, Florida

Understood to have knowledge concerning the Plaintiff's employment at Pembroke Pines Hospital and the reduction in force at the end of 1993.

5.  Rick McConnell
    Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's position at Pembroke Pines Hospital.

6.     Jerry R. Sutfen
       Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's position at Pembroke Pines Hospital.

7.     Paula Adamson
       Address Unknown

Understood to have knowledge concerning the Plaintiff's employment, and the reduction in force at the end of 1993.

8.     Ann Lassiter
       Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's employment at Pembroke Pines Hospital.

9.     Monique Montiero
       Address Unknown

Understood to have knowledge concerning the reduction in force at the end of 1993.

10.    Liz Tonkin
       Address Unknown

Understood to have knowledge concerning the reduction in force at Pembroke Pines Hospital at the end of 1993.

Investigation continuing.

**Answer to Interrogatory No. 3**

At this time, Defendant has not engaged any expert witness for testimony at trial.

**Answer to Interrogatory No. 4**

Not applicable.

**Answer to Interrogatory No. 5**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 6**

See response to interrogatory nos. 1 and 2.

**Answer to Interrogatory No. 7**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 8**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 9**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 10**

Other than through the assistance of counsel, the following additional individual contributed to answering these interrogatories.

1.    Maria Lomaga

**Answer to Interrogatory No. 11**

Unknown at this time.

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

      Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

      Defendant.

_____/

## <u>AFFIDAVIT OF MARIA LOMAGA</u>

STATE OF FLORIDA        )

COUNTY OF PALM BEACH     )

      Before me, the undersigned authority, personally appeared **Maria Lomaga,** who upon being duly sworn, states as follows:

      1.      My name is Maria Lomaga, I make this Affidavit based on my own personal knowledge.

      2.      Between 1986 and 1995, I was employed at Pembroke Pines Hospital as the Director of Accounting.  My employment ended shortly after the Hospital was transferred to Memorial Healthcare Systems in 1995.

      3.      I am currently employed as the Assistant Controller at Columbia Hospital in West Palm Beach, which is affiliated with the same owner of the former Pembroke Pines Hospital.  Part of my current duties include accounting functions for the Pembroke Pines facility.  For instance,



Memorial pays rent under its long-term lease of the hospital, and I handle the general accounting at month's end closing.

4.    At some point in 1998, I was contacted by the Nashville office of the owner and asked to locate the personnel records of Ms. Jacqueline Iaia. I contacted the current operator of the hospital, which is now known as Memorial Hospital West, and I was then advised to contact the off-site storage facility named The Document Bank.

5.    I learned that the employment records of Ms. Iaia had been part of archived documents that were destroyed due to their age. The storage company advised me that any files more than four years old were routinely destroyed.

6.    At some point afterwards, I was asked to locate the personnel records of Monique Monteiro. Mr. Monteiro had continued to work at Pembroke Pines Hospital even after I left in 1995. I was able to locate her records which were still in existence, since they were still on file at the Memorial Hospital regional office.

Further affiant sayeth not.

_____
Maria Lomaga

Sworn to and subscribed before me this _20_ day of February, 2001, by Maria Lomaga, who is personally known to me/or has produced _____ as identification.

_L i N D A   G o d i N_
Print Name of Notary:
_____

(NOTARY SEAL)

