UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN
### OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

Plaintiff, JACQUELINE IAIA, responds to Defendant's Motion In Limine as follows:

**I.    The FCHR and EEOC Determinations are Admissible**

Defendant argues in its Motion (at pp. 6 – 8) that the determinations of "cause" issued by the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") are not admissible at trial for two separate reasons. First, with regard to the FCHR's Letter of Determination (attached to Defendant's Motion as Exhibit 4), Defendant argues that the document is inadmissible at trial under the requirements of Fla. Stat. §760.11(5). Second, with regard to the EEOC's determination (attached to Defendant's Motion as Exhibit 5), Defendant argues that the document should not be admitted into evidence at trial because it contains no specific findings of fact in support, but only conclusory allegations of Defendant's violation of the Age Discrimination in Employment Act ("ADEA"). Both of these arguments, however, must fail.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

NON COMPLIANCE OF S.D. Fla. L.R. 5.1/

A.  **The FCHR Letter of Determination**

In support of seeking exclusion of the FCHR's Letter of Determination finding "cause" to believe that Defendant violated the Florida Civil Rights Act ("FCRA"), Defendant relies exclusively on the statutory privilege set forth in Fla. Stat. §760.11(5). That provision provides that the FCHR's determination of reasonable cause "is not admissible into evidence in any civil proceeding, including any hearing or trial, except to establish for the court the right to maintain the private right of action."

Section 760.11(5) is a Florida statutory privilege. Federal law has no counterpart. Indeed, federal law, as established in the Eleventh Circuit, provides for the admissibility of agency findings, including findings of reasonable cause that discrimination has occurred, in the court's exercise of its sound discretion. *See Barfield v. Orange County,* 911 F.2d 644, 651 (11th Cir. 1990).

What Defendant fails to point out in its Motion is that it is well settled by the courts, including the Eleventh Circuit, that in a case such as this one, involving a federal question and pendent and supplemental state law claims, the federal law of privilege will control the admissibility of evidence. *Hancock v. Hobbs,* 967 F.2d 462, 466-67 (11th Cir. 1992); *Hancock v. Dodson,* 958 F.2d 1367, 1372-73 (6th Cir. 1992); *Wm. T. Thompson Co. v. General Nutrition Corp., Inc.,* 671 F.2d 100, 103-104 (3d Cir. 1982); *Sirmans v. City of South Miami,* 86 F.R.D. 492, 495 (S.D. Fla. 1980).

In *Hancock v. Hobbs, supra,* the Eleventh Circuit squarely addressed the issue as to whether to apply a state statutory privilege not recognized under federal law in a case involving a federal question claim and pendent state law claims. The state statutory privilege at issue in *Hobbs* was the psychiatrist – patient privilege, which the plaintiff sought to invoke to prevent the

2

defendant from attacking her damages claims. 967 F.2d at 466. The court concluded that the state statutory privilege could not be used to preclude introduction of the evidence because the federal law of privilege controlled, and there was not federal counterpart to the state statute:

> Rule 501 is not clear as to which rule of decision should be followed when the federal and state laws of privilege are in conflict. See 23 Charles Alan Wright and Kenneth W. Graham, Jr., Federal Practice and Procedure §5434, at 860 (1980). Courts that have confronted this issue in the context of discoverability of evidence have uniformly held that the federal law of privilege governs even where the evidence sought might be relevant to a pendent state law claim. E.g., *von Bulow v. von Bulow*, 811 F.2d 136, 141 (2d Cir. 1987); *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 104 (3d Cir. 1982); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 n. 3 (7th Cir. 1981). We conclude that the generalized rule is persuasive in the context of the admissibility of evidence as well. Not only are rules of privilege generally looked upon with disfavor by the federal courts, see *In re International Horizons, Inc.*, 689 F.2d 996, 1003 (11th Cir. 1982), it also would be impractical to apply two different rules of privilege to the same evidence before a single jury. Accord *Wm. M. Thompson Co.*, 671 F.2d at 104. **We therefore hold that the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.** Accordingly, the evidence of Hancock's prior psychiatric treatment was not privileged against disclosure.

967 F.2d at 466-67 (emphasis supplied).

Here, defendant seeks to rely on a state statutory privilege making the FCHR's determination of cause inadmissible at trial to prevent Plaintiff from introducing at trial the FCHR's detailed Letter of Determination. However, this case is before this Court on a federal question – whether Defendant's conduct violated the ADEA. Plaintiff's state discrimination claim under the FCRA is a supplemental claim. Under the clear ruling of *Hobbs*, federal law of privilege is thus controlling.

Unlike the state statute, there is no federal law prohibiting the admissibility of the FCHR's Letter of Determination. Federal law permits the admissibility of findings like that of the FCHR, in the exercise of the court's sound discretion. See *Barfield v. Orange County*, 911

F.2d 644, 651 (11th Cir. 1990). Since federal law, unlike state law, permits the admissibility of such agency findings, Defendant cannot rely on Fla. Stat. §760.11(5) to preclude admission of the FCHR's Letter of Determination into trial.

Despite the clear admissibility of the FCHR's Letter into evidence under federal law, Defendant will undoubtedly argue that the FCHR's Letter should still be precluded from evidence at trial because, as the determination of an administrative agency, its probative value is minimal and is outweighed by the danger of unfair prejudice to the jury. *See Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). Indeed, Defendant makes this argument in its Motion with regard to the EEOC's letter of determination, which adopted the findings of the FCHR. *See* Defendant's Motion at pp. 6-7. Such a position is unavailing, however, because the FCHR's Letter of Determination is based on specific factual findings, based on fully identified evidence, and not mere conclusory statements. As the courts have recognized, where the agency's findings outline the evidence upon which they are based – as the FCHR did here -- such findings have probative value that outweighs any unfair prejudice to the jury, and can be admitted into evidence at trial. *See Barfield v. Orange County*, 911 F.2d 644, 651-52 (11th Cir. 1990), *cert. denied, 500 U.S. 954, 111 S.Ct. 2263 (1991); Smith v. Universal Services, Inc.*, 454 F.2d 154, 157-58 (5th Cir. 1972).

Here, the FCHR set forth in detail the evidence upon which it based its findings, including the statements of fact from the Defenant's position statement, as well as affidavits of independent witnesses.[1] Because the agency's factual and evidentiary findings were detailed, and not merely conlusory, they carry sufficient trustworthiness to make them relevant to and

---

[1] The independent witness identified in the FCHR's determination was Patricia Pierce, a central witness for Plaintiff in this case. Defendant took Ms. Pierce's deposition in this case, and thoroughly cross-examined her on the affidavit upon which the FCHR's determination was based. Defendant cannot, thus, claim any unfair prejudice or surprise with regard to the agency's evidentiary determinations.

admissible in this case. The danger of confusion to the jury in admitting the findings is therefore, minimal, and the findings should be allowed into evidence at trial. Defendant's motion *in limine* with regard to the FCHR's Letter of Determination should thus be denied.

**B.     The EEOC Letter**

As discussed above, Defendant seeks to preclude admission into evidence in Plaintiff's case the EEOC letter finding that Defendant had violated the ADEA and adopting the FCHR's "cause" finding. Defendant argues that the EEOC letter is not highly probative because it contains only conclusory findings to support its position. Defendant's argument, however, is without merit because it fails to acknowledge that the EEOC's determination was based expressly on the detailed evidentiary findings of the FCHR set forth in the FCHR's Letter of Determination. As set forth in the EEOC's Letter, the EEOC reviewed the FCHR's evidentiary findings, agreed that they supported the FCHR's finding of cause against Defendant, and likewise found cause that the Defenant's actions were in violation of the ADEA. The EEOC's letter thus is not merely conclusory, and should be admissible at trial in addition to the FCHR's Letter of Determination.

The EEOC's letter is also highly probative in this case in that it represents a *second* agency review of the relevant evidence, which lends further credibility and trustworthiness to the FCHR's earlier Letter of Determination. That *two* agencies created to investigate and determine liability under the anti-discrimination laws found "cause" based on detailed evidence and investigation renders both letters highly probative of Defendant's responsibility to Plaintiff in

this case, and warrants their admission into evidence at trial.[2]

## II. Defendant's Position Statement to the FCHR Is Admissible at Trial.

Although not clear from its Motion, Defendant seems to make two arguments against the admissibility into evidence at trial of the position statement it filed with the FCHR. First, Defendant argues that, because the position statement was submitted as part of the FCHR's investigation into the case, it should be deemed inadmissible under both Fla. Stat. §760.11(11) and Federal Rule of Evidence 408 as being presented in the "context of compromise and conciliation discussions." *See* Defendant's Motion at pp. 4-5. Second, Defendant argues that the position statement – which contains a drastically different version of the facts than Defendant has pursued in defense of this litigation – would be unfairly prejudicial to Defendant's cause because the alleged decision-maker in the case, Jerry Sutphin, was never contacted by the FCHR prior to the issuance of its findings. Both of Defendant's arguments are specious.

First, with regard to the applicability of Fla. Stat. §760.11(11), and as discussed fully under Plaintiff's Argument I.A above, this case is founded on federal question jurisdiction and federal privilege law should apply. Section 760.11(11), is a state statutory privilege, with no federal counterpart. As such, Fla. Stat. §760.11(11) is inapplicable, and cannot bar the position statement from introduction into evidence at trial.

Defendant's reliance on Federal Rule of Evidence 408 is also unavailing. That Rule precludes the introduction into evidence of documents relating to compromises and offers to compromise. However, Defendant's position statement was never used in any compromise or

---

[2] The cases cited by Defenant in its Motion are distinguishable. The "cause" determination held inadmissible in *Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995) was properly excluded because there existed another conflicting "no cause" finding in the same matter from another office of the EEOC. The EEOC findings in *Lee v Executive Airlines, Inc.*, 31 F.Supp.2d 1355 (S.D. Fla. 1998), and *Lathem v. Dept. of Children and Youth Services*, 172 F.3d 786 (11th Cir. 1999), were excluded because the findings were not based on specific factual and evidentiary findings and were merely conclusory.

conciliation proceedings with either the FCHR or the EEOC. Indeed, no conciliation proceedings were ever had. Rule 408, thus, does not warrant exclusion of Defendant's position statement. *See Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1476-77 (5th Cir. 1992)(employer's position letter to EEOC setting forth purely factual information and relating employer's position on merits of age discrimination claim was not "conciliation material" that would be inadmissible under civil rights act because it contained no proposals or counterproposals of compromise).

Finally, contrary to Defendant's assertions in its Motion, the position statement is highly relevant to this case with regard to the issue of pretext. As set forth in detail in Plaintiff's opposition to Defendant's pending motion for summary judgment in this case, the position statement, prepared by Defendant's corporate counsel, contains factual assertions that are virtually 180° the opposite of the "legitimate, non-discriminatory" explanations Defendant has pursued in this lawsuit to explain the adverse actions taken against Plaintiff. The position statement thus is evidence that a jury should hear to evaluate Defendant's credibility in explaining it actions.

Defendant, nonetheless, relies exclusively on an unreported decision from the District of Kansas – *Mebane v. Sprint/United Management Co.*, 2000 WL 1472816 (D. Kansas 2000) – for the proposition that the position statement here should not be introduced because it contained no input form Defendant's former CEO, Jerry Sutphin. That unreported decision from a different jurisdiction, however, carries no precedential weight here. Instead, this Court should look to those on-point, reported decisions from federal appellate courts as guidance on how to rule here.

In *Mashka v. Genuine Parts Co.*, 122 F.3d 566, 570 (8th Cir. 1997), an age discrimination case under the ADEA, the Eighth Circuit[3] upheld the district court's admission into evidence of

---

[3] Which, incidentally, governs decisions arising out of the federal district courts in Kansas.

the position statement authored by the defendant employer's counsel. Id. The court concluded that the position statement was properly admitted to show pretext because the "non-discriminatory" explanation offered by the employer in the statement was inconsistent with that offered by the employer's witnesses at trial. Id.[4]

Similarly, in *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471 (5th Cir. 1992), the Fifth Circuit held that it was proper for the district court to have admitted into evidence on the plaintiff's case a position letter written by the defendant's general counsel and submitted tot he EEOC where the letter contained factual statements supportive of the plaintiff's case.

The Eighth Circuit's decision in *Mashka* and the Fifth Circuit's decision in *Olitsky* are on all fours with the case at hand. As in those cases, Defendant's position statement to the FCHR was written by the company's general counsel, and set forth facts supportive of Plaintiff's position. That Mr. Sutphin did not participate in the making of the position statement should not render the statement inadmissible at trial or be unfairly prejudicial inasmuch as Defendant took the videotaped deposition of Mr. Sutphin in which the position statement was discussed at length. Indeed, when Plaintiff's counsel confronted Mr. Sutphin with the facts set forth in the position statement, Mr. Sutphin was unable to deny or rebut them. *See, e.g.,* Sutphin Depo. p. 91.

Accordingly, Defendant's position statement to the FCHR, which contains factual assertions drastically different than those being asserted by Defendant in its defense of this case, is highly probative of the issue of pretext. That probative value far outweighs any danger of

---

[4] The court in Mashka discussed the Tenth Circuit's decision in *Equal Employment Opportunity Commission v. Gear Petroleum, Inc.*, 948 F.2d 1542 (10th Cir. 1991), a case cited in Defendant's motion in which an employer's position statement was excluded from evidence under Federal Rule of Evidence 408. Mashka, 122 F.3d at 570. However, as explained above, that Rule only excludes from evidence documents used in agency conciliation proceedings. Here, Defendant's position statement was not used in any conciliation proceedings because no conciliation efforts were made.

unfair prejudice to Defendant should the position statement be introduced into evidence. Defendant's Motion seeking to exclude the position statement *in limine* should, therefore, be denied.

### III. Testimony of Plaintiff Regarding her Ability to Perform the Job and Her Failed Relationship Should Be Allowed.

The purpose of a motion *in limine* is to preclude, prior to trial, evidence that would have an unfairly prejudicial effect on the moving party should the evidence be heard by the jury. Defendant, however, seeks to use the vehicle of a motion *in limine* to prevent the jury from considering relevant evidence in the form of Plaintiff's testimony as to her abilities to perform the particular jobs at issue in this case, as well as testimony of her failed relationship with her fiancée/boyfriend. As to both subjects, Defendant's motion should be denied.

On of the central issues in this case is whether Plaintiff was sufficiently qualified and experienced to perform the "combined" job duties of Director of Marketing/Public Relations and Director of Senior Friends. Plaintiff should not be precluded from testifying at trial as to her skills and abilities, as well as her experience to perform the "combined" position. Her testimony would be factual, and would aid the jury in determining and comparing Plaintiff's skills and qualifications with those of her substantially younger comparator, Monique Monteiro. Defenant's Motion seeking to preclude such testimony should, therefore, be denied.

Defendant's argument to preclude Plaintiff from introducing the testimony of her failed relationship with her fiancée which occurred as a direct result of her loss of employment with Defendant, should also be rejected. Under her FCRA claim, Plaintiff is entitled to recover compensatory damages for age discrimination. Such compensatory damages include, but are not limited to, "damages for mental anguish, loss of dignity, and any other intangible injuries, . . . ."

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

Fla. Stat. §760.11(5). Certainly, Plaintiff's loss of her close, blossoming relationship with her fiancée as a result of Defendant's discriminatory termination of her employment would fall squarely within her claim for compensatory damages, including "mental anguish" and "loss of dignity." Defendant's quote of Plaintiff's deposition testimony fully supports this conclusion. As a result, Defendant is hoisted by his own petard. Defendant's Motion as to Plaintiff's testimony regarding her failed relationship with her fiancée should, therefore, be denied.

### IV.     Defendant's Other Arguments.

Since Plaintiff does not intend to introduce before the jury evidence regarding Mr. Sutphin's strange sexual behavior, Plaintiff's prior rape, Plaintiff's front pay claim, and claims of discrimination by other employees, Plaintiff will not address those arguments set forth in Defendant's Motion.

### V.     Conclusion.

Based on the foregoing, with the noted exceptions, Defendant's Motion *In Limine* should be denied.

Respectfully submitted,

BECKER & POLIAKOFF, P.A
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 954/985-4176 (fax)

By _____
Roderick V. Hannah
Florida Bar No. 435384

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 23rd day of February, 2001.

By: _____
Roderick V. Hannah, Esq.

628798_1.DOC