UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

       Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

       Defendant.

_____/



## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE

The Defendant, Galen Hospital-Pembroke Pines, Inc., f/d/b/a Pembroke Pines Hospital, hereby submits this Reply Memorandum of Law in support of its Motion in Limine.

### I.    Exclude Agency Determinations As Well As Position Statement Submitted By Defendant

### A.    The Agency Determinations are not Admissible at Trial

The Florida Civil Rights Act contains an explicit provision which excludes any Determinations of Cause by the Florida Commission from use at trial, except to establish a party's right to maintain a civil action. Fla. Stat. § 760.11(5). The language is unequivocal and conclusive. Unable to overcome this, Plaintiff asserts the novel but unsupported theory that Section 760.11(5) is actually a state statutory privilege. Since federal law of privilege controls, Plaintiff contends that this section is not applicable and that the Commission's Determination is admissible even as to Plaintiff's state law claim.

Plaintiff confuses an evidentiary privilege with a substantive provision in the statute. "[A] privilege directs itself to protecting *relationships*. Thus, each of the traditionally-recognized privileges in federal and state law, such as attorney-client, clergy-communicant, and physician-patient, can be traced to an interest in fostering and protecting a relationship of high social importance." *Montone v. Radio Shack,* 698 F.Supp. 92, 94-95 (E.D. Pa. 1988). Factors in analyzing the existence of a privilege include (1) whether communications are disclosed in confidence, (2) whether the element of confidentiality is essential to the maintenance of the relationship, and (3) whether injury to the relationship through disclosure outweighs the benefit of disclosure. *See Walker v. Huie,* 142 F.R.D., 497, 500 (D.C. Utah 1992). Provisions within state laws, such as those within the FCRA, which exclude evidence or which provide for a duty of confidentiality, have never been viewed as creating evidentiary privileges. *See, e.g., Pearson v. Miller*, 211 F.3d 57, 68 (3d Cir. 2000) ("statutory provisions providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on courts."); *Martin v. Lamb,* 122 F.R.D. 143, 146 (W.D. N.Y. 1988) ("merely asserting that a state statute declares that the records . . . are "confidential" does not make out a sufficient claim that the records are "privileged" within the meaning of . . .Fed. R. Evid. 501.") Clearly, Section 760.11(5) is not an evidentiary privilege, since it protects no confidential communication. It is a substantive element of this statutory cause of action.

With respect to the EEOC's Determination, the Eleventh Circuit has never found that agency determinations are admissible in jury trials. For despite Plaintiff's assertion that these determinations are "clearly admissible under federal law," what the law actually does is give federal trial courts discretion on whether to admit or exclude them depending on the facts of the case. The Eleventh Circuit has expressed concern as to the admissibility of these determinations in jury trials. "Although trial courts admit EEOC determinations in bench trials, this liberal admissibility rule does

not apply to the jury trials." *Lathem v Department of Children and Youth Services*, 172 F.3d 786,

791 (11th Cir. 1999). *See also Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990). Courts

must analyze the admissibility of these documents, taking into account the likelihood of confusing

the issues, misleading the jury, and causing unfair prejudice to either party.

In this case, the considerations of Rule 403 weigh heavily in favor of excluding these Agency

Determinations. As previously noted, the Florida Commission's investigation was one-sided at best.

Defendant was unable to produce documents or statements from the decision-makers, and the

Commission made no attempt to locate these individuals during the several years of its investigation.

At the same time, the Commission accepted from Plaintiff a variety of otherwise-inadmissible

statements, letters, and affidavits upon which the Investigator relied. As one court noted,

> [We] cannot dispute a district court's determination that a file
> containing such potentially prejudicial material as personal statements
> by the plaintiff, newspaper articles, statements by plaintiff's
> professional and personal supporters, opinions of the EEOC
> investigator and letters relating to settlement negotiations should not
> be admitted.

*Tulloss v. Near North Montessori School, Inc.*, 776 F.2d 150-154 (7th Cir. 1985).

There is no suggestion that Plaintiff will not have the same opportunity to present her case

at trial to the jury–that is, the same opportunity (subject **now** to the rules of evidence) to present any

and all evidence which she had provided to the Florida Commission. In contrast, the evidence now

available to Defendant is significantly different than the dearth of information present in 1998. Of

equal import, the admissibility of these Agency Determinations presents a substantial risk of unfair

prejudice to the Defendant–that the jury might simply substitute the Agency's findings for its own.

> [I]t is distinctly possible that the jury will attach undue weight to the
> authoritative and personalized conclusions of the EEOC inspector,
> thus creating unfair prejudice. *See e.g. Barfield supra*. We find that

3

> this also constitutes a proper basis for exclusion of the Letter of
> Determination pursuant to Rule 403 . . .

*Lee v. Executive Airlines, Inc.*, 31 F.Supp. 2d 1355, 1358 (S.D. Fla. 1998).

Although Plaintiff dismisses these concerns under Rule 403, the Eleventh Circuit has repeatedly emphasized the need to evaluate the admissibility of agency determinations in light of these concerns. *See Walker v. Nationsbank of Florida, N.A.*, 53 F.3d 1548, 1554 (analysis of determination letter's admissibility made under Rule 403); *Lathem v. Department of Children and Youth Services*, 172 F.3d at 791 (admissibility determination must consider probative value and danger of unfair prejudice). As the *Walker* Court noted, agencies are charged with investigating claims of discrimination, but it is ultimately the responsibility of the courts to make that determination. Accordingly, Defendant requests that this Court recognize the inherent unreliability of these Agency Determinations, along with their substantial risk of unfair prejudice, and rule *in limine* to exclude them from trial.

**B.     Defendant's Position Statement to The Florida Commission is Not Admissible**

At issue is the admissibility of Galen's attorney's Position Statement to the Florida Commission. *See* Exhibit 1 to Defendant's Motion in Limine. It is significant to note that this letter was written by Galen's Nashville attorney without access to witnesses or documents, that "counsel prepared the letter based on limited information," that "the representations herein are not based upon first-hand knowledge," and that Galen's 1993 decision-maker (who left employment with defendant almost five years prior) was not consulted in the preparation of this document. As already explained, the preparation of the Position Statement was hampered by the Commission's three-year delay in notifying Galen of Plaintiff's claim, during which the hospital was transferred to another operator.

With respect to the FCRA claim, Plaintiff again asserts the theory that Florida Statute § 760.11(11) amounts to a state statutory privilege. For reasons already discussed, this provision does not represent an evidentiary privilege but is rather a substantive element of this statutory claim.

With respect to the ADEA claim, the statute does not contain a similar provision which excludes all statements to the EEOC, as does the FCRA or Title VII. However, courts have excluded statements made during investigations under Evidence Rule 408, which renders inadmissible any evidence of statements made in compromise negotiations. In *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542 (10th Cir. 1991), the EEOC argued (as does Ms. Iaia) that the employer's statement was not part of a compromise or conciliation effort since its pretrial communications are divided between an investigation phase and a conciliation phase. *Id*. at 1544. The district court rejected that argument, finding that the attorney's Position Statement to the Commission "was simply communication undertaken in the interest of persuading the Defendant's cause and should not be relied upon before a jury in the trial of the issue as some admission made by the attorney in behalf of his company . . ." *Id*. at 1545. The Tenth Circuit agreed, and found no abuse of discretion in the determination that the Agency's submissions were excludable under Rule 408.

Plaintiff next argues that the March 1998 Position Statement is admissible since it shows a different reason for the elimination of Plaintiff's position.[1] In essence, this is a relevance argument, and Galen concedes that the document may be relevant depending on evidence presented during the defense. However, the relevance of the Position Statement does not overcome the concerns raised by Rule 408. When a witness is sought to be impeached by statements made during settlement or compromise negotiations, the better practice is to exclude settlement evidence offered for this other

---

[1]     Even if this analysis is correct, Plaintiff's argument would only apply during her rebuttal case if Galen offered a different reason for her job elimination during its defense.

purpose. *See Bradbury v. Philips Petroleum Co.,* 815 F.2d 1356, 1364 (10th Cir. 1997). In *Maschka v. Genuine Parts Co.,* 122 F.3d 566 (8th Cir. 1997), an ADEA case relied on by Plaintiff, the employer appealed the trial court's admission of its Position Statement to a state agency, and argued that the document should have been excluded under Evidence Rule 408. Yet the only ground upon which the employer objected at trial was relevance, not Rule 408, and the appellate court affirmed the admission of the position statement on relevance grounds. The court did not address the issue of admissibility under Rule 408 since it was never raised below, *id.* at 571.

Plaintiff next relies on *Olitsky v. Spencer Gifts, Inc.,* 964 F.2d 1471 (5th Cir. 1992), where the Court concluded that purely factual information in a Position Statement does not constitute evidence excluded under Section 706(b) of Title VII. The *Olitsky* court mistakenly believed that Section 706(b) of Title VII applied to ADEA claims – it does not, and the *Olitsky* panel has been criticized by other courts for this finding. Nevertheless, the March 1998 Position Statement is distinguishable from *Olitsky* since it does not contain admissible, factual information. The drafter was clear in stating that he had no personal knowledge as to the representations therein since the hospital had been transferred to a new operator before the preparation of the Position Statement.

> Counsel has prepared this letter solely for your use in your investigation and evaluation of the above-captioned claim. Because counsel prepared this letter based on limited information, this statement and the representations herein are not based upon first-hand knowledge. Accordingly, counsel does not authorize or intend this letter to be used for any purpose other than that described above. The Corporation will cooperate in the investigation of this matter through counsel, and the undersigned will respond to any relevant questions or requests for information you might have now or later in your investigation.
>
> The Corporation divested the assets relating to the Hospital in 1995. Therefore, this Corporation does not have much information relating to this matter.

Additionally, the rationale in *Mebane v. Sprint/United Management Co.*, 2000 WL 1472816 (D.C. Kan. 2000), is persuasive. A change in the stated reasons for eliminating the Plaintiff's position cannot support an inference of discrimination, nor can it be used to impeach a witness, unless the decision-maker had some input or involvement in the preparation of the Position Statement. None of the cases cited by Plaintiff are inconsistent with this principle. Although not squarely addressing this issue, the Eleventh Circuit has recently expressed concern over allowing a Position Statement prepared by one corporate official to be used to attack the credibility of a prior decision-maker, where that decision-maker was not involved in the preparation or review of the position statement. *See Chapman v. A1 Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000).

The decision on whether to admit Galen's attorney's 1998 Position Statement is left to the sound discretion of this Court. Indeed, motions under Rule 104 are intended, in part, to prevent unreliable matters from coming into evidence. In exercising its discretion, this Court should review the circumstances surrounding this letter which warrant the exclusion of this document from evidence.

## II.    Exclude Evidence of Alleged Sexually Inappropriate Behavior by Mr. Sutphin

Since Plaintiff advises that she will not offer this evidence at trial, and since Plaintiff does not address this argument, Defendant requests that this portion of its Motion in Limine be granted.

### III.    Testimony by Plaintiff

#### A.    Exclude Evidence of Plaintiff's Rape Prior to Moving to Florida

Defendant requests that this portion of its Motion in Limine be granted as well, since Plaintiff advises that she will not offer this type of evidence at trial.

7

### B.    Exclude Evidence by Plaintiff of her Abilities or the Performance of Others

Even if Plaintiff's abilities were relevant to the elimination of her position, Plaintiff's own self-serving testimony regarding those abilities is not. She argues, in a citation-free analysis, that Defendant is seeking to prevent the jury from considering "relevant evidence" on her abilities. To the contrary, Defendant seeks only to prevent Ms. Iaia from offering her own self-serving testimony as to her skills and, similarly, her perception of the lack of skills by the younger Monique Monteiro. "The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of [her] performance." *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997).

### IV.    Exclude Grievances by Other Employees

Since Plaintiff advises that she will not offer this type of evidence at trial, and since she does not address this argument, Defendant requests that the Court grant this portion of its Motion in Limine.

### V.    Plaintiff's Damage Claim

### A.    Exclude Front Pay Evidence from Jury

Defendant requests that this Court grant this portion of its Motion in Limine as well.

### B.    Exclude Evidence of Failed Relationship with Boyfriend

If Plaintiff's FCRA claim does not survive summary judgment, then Defendant's Motion in Limine must be granted as a matter of course. Recovery under the ADEA is limited to lost wages and benefits. *See* 29 U.S.C. § 626. An ADEA Plaintiff is not entitled to compensatory damages for pain and suffering and/or mental distress. *See, e.g., Carlson v. WPLG/TV 10*, 956 F.Supp. 994, 1013 (S. D. Fla. 1996).

Even under the FCRA claim, the loss of a relationship is not within the scope of recoverable compensatory damages. "Mental anguish" must be due to the employment action at issue, and not

8

to a failed relationship even if Plaintiff subjectively believes that the relationship failed because she lost her job.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this _5_ day of March, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:    (561) 659-7070
Facsimile:    (561) 659-7368
Attorneys for Defendant

By: _____
    Alexander D. del Russo
    Florida Bar Number 350273

ODMA\PCDOCS\WPB\535071\1