UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.

_____/



## PLAINTIFF'S MOTION TO STRIKE TRIAL WITNESSES WITH MEMORANDUM OF LAW IN SUPPORT

     Plaintiff, JACQUELINE IAIA, moves this Court pursuant to Federal Rules of Civil

Procedure 26(e) and 37(c)(1) to strike the following of Defendant's Trial Witnesses: James R.

(Rick) O'Connell, Marybeth Thompson, Donna Boyle, and Jacqueline Trice. Ms. Thompson,

Ms. Boyle and Ms. Trice should be stricken and not allowed to testify at trial because they were

never disclosed to Plaintiff in answers to Interrogatories or any supplementation thereof until

after discovery had closed and Defendant had submitted its trial witness list. Mr. O'Connell

should be stricken and not permitted to testify at trial because Defendant failed to disclose Mr.

O'Connell's whereabouts in answers and supplemental answers to Plaintiff's interrogatories.

Indeed, Mr. O'Connell's address as listed on Defendant's trial witness list is still nothing more

than a post office box. As shown in the following memorandum of law, striking of the

previously non-disclosed and improperly disclosed witnesses is mandated by Rule 37(c)(1).

NON-COMPLIANCE OF S.D. fla. L.R. 7.1A Y

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

## SUPPORTING MEMORANDUM OF LAW

### I.    EXCLUSION OF UNIDENTIFIED WITNESSES IS
### MANDATED BY RULE 37(c)(1)

Fed. R. Civ. P. 26(e) imposes upon a party an ongoing duty to amend and supplement its

previous discovery responses when a prior response is known to be incomplete or incorrect and

if the correction is not otherwise communicated to the other party during discovery.[1] The goal

behind Rule 26(e) is to prevent any unfair, prejudicial surprise at trial. *See Heidelberg Harris,*

*Inc., v. Mitsubishi Heavy Industries, Ltd.,* 1996 WL 680243, at *8 (N.D.Ill.1996) (" '[t]he

purpose of [Rule 26(e)(2) ] is to prevent trial by ambush.'").

If a party fails to comply with its continuing disclosure obligation under Rule 26(e), it is

subject to a mandatory sanction under Rule 37(c)(1).  Rule 37(c)(1) provides as follows:

> **(c) Failure to Disclose: False or Misleading Disclosure; Refusal to Admit.**
> (1) A party that without substantial justification fails to disclose information
> required by Rule 26(a) [for written interrogatories] or 26(e)(1) [for
> supplementation of disclosures and responses] shall not, unless such failure is
> harmless, be permitted to use as evidence at a trial . . . any witness or
> information not so disclosed.

Fed. R. Civ. P. 37(c)(1) (1999).  Rule 37(c)(1) is not a discretionary sanction; rather, it is written

in mandatory terms and "is designed to provide a strong inducement for disclosure of Rule 26 ...

material." *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995).

Thus, Rule 37(c)(1), by its express terms, automatically imposes sanctions against a party

who fails to make required disclosures under Rule 26(a) and supplemental disclosures under

Rule 26(e)(1) and (2) "by precluding that party from calling undisclosed witnesses at trial."

---

[1] Under Rule 26(e)(1), "[a] party is under a duty to supplement [a discovery] response . . . if the party learns
that in some material respect the information disclosed is incomplete or incorrect and if the additional or
corrective information has not otherwise been made known to the other parties during the discovery process or
in writing." Under Rule 26(e)(2), "[a] party is under a duty seasonably to amend a prior response to an
interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

*Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 157 (D. N.J. 1999); *see also Craig v. Craig*, 252 B.R. 822, 825 (Bankr. S.D. Fla. 2000) (failure to identify witness in Rule 26(a)(1) disclosures "in and of itself warrants excluding his testimony."); *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir.1998) ("[T]he new rule [37(c)(1)] clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule, and the required sanction in the ordinary case is mandatory preclusion."); *Hinton v, Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (Rule 37(c)(1) "provides for the 'automatic' exclusion of witnesses and information that was not disclosed despite a duty to disclose under Rule 26(a) or Rule 26(e)(1)"); 8A Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d § 2289.1 at 704 (West 1994) ("automatic exclusion" of Rule 37(c)(1) also applies to "ordinary witnesses").

Accordingly, where a party has not identified a witness in response to an interrogatory requesting such information, and has not cured such omission by supplementing its interrogatory response (or otherwise providing such information) ***prior to the close of discovery***, that witness' trial testimony shall be excluded. *See, e.g., Orjias v. Stevenson*, 31 F.3d 995 (3d Cir. 1994) (exclusion of witness' testimony as to reason former employee was terminated was properly excluded under Rule 37(c)(1) due to employer's failure to give adequate discovery responses about the content of his testimony); *Coclanes v. City of Chicago*, No. 93 C 557, 1994 WL 10007, at *2-3 (N.D. Ill. Jan. 13, 1994) (plaintiff's failure to identify fact witnesses in answers to interrogatory and failure to seasonably supplement interrogatory responses merited sanction of precluding such witnesses from testifying at trial); *Ray v. Washington Nat'l Ins. Co.*,90 F.R.D.

---

the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

58, 66 (D. Mont. 1999) (party's failure to timely identify witnesses during discovery precluded party's use of witnesses in its case-in-chief).[2]

The automatic sanction of preclusion applies even if the party has identified such witnesses in its pretrial submissions to the Court. *See, e.g., Thompson v. International Ass'n of Machinists & Aerospace Workers*, 614 F.2d 1002, 1011 (D.C. Cir. 1985) (in employment discrimination action, defendants were barred from calling certain witnesses identified in their pretrial submissions as part of their case-in-chief since such witnesses were not identified in defendants' responses to plaintiff's interrogatories; defendants could elicit testimony of desired witnesses only as part of surrebuttal, but not in response to plaintiff's case-in-chief).

Here, Plaintiff served on Defendant initial Rule 26.1.G interrogatories, a copy of which is attached as Exhibit "A". These interrogatories sought the identities, as well as the nature of subject matter known, for those persons known to Defendant who had knowledge of the facts and issues in the case. Defendant subsequently served its answers to those interrogatories, a copy of which is attached as Exhibit "B". In addition, Defendant served supplemental answers to the initial interrogatories, providing more detailed information regarding certain previously-identified witnesses. A copy of those supplemental answers is attached as Exhibit "C". Those answers and supplemental answers were served long before the close of discovery in the case. To date, however, despite its continuing obligations under Rule 26(e), Defendant has failed to supplement any further those interrogatory answers to disclose any of the witnesses to whom this

---

[2] *See also Sears, Roebuck & Co. v. Goldstone & Sudalter*, 128 F.3d 10, 18 n.7 (1st Cir. 1997) (affirming exclusion of affidavit submitted on summary judgment because affiant had not been identified as a knowledgeable witness pursuant to Rule 26(a)(1)); *Williams v. Dairy Fresh Ice Cream, Inc.*, 176 F.R.D. 633 (N.D. Ala. 1997) (in Title VII hostile environment action, declaration of former employee indicating that employer was on notice of the supervisor accused of harassment was stricken because plaintiff's attorney did not disclose this witness until after the discovery period, when defendant moved for summary judgment). *Taylor v. World Food, Inc.*, 946 F.Supp. 937, 940 n.5 (N.D. Ala. 1996) (affidavit was excluded in considering a motion for summary judgment because of plaintiff's failure to comply with Rule 26 disclosure requirements).

LAW OFFICES
BECKER & POLIAKOFF, P.A. • 3111 STIRLING ROAD • FT. LAUDERDALE, FLORIDA 33312
TELEPHONE (954) 987-7550

motion is directed, or to provide a more detailed address for Mr. O'Connell. Rule 37(c)(1) thus mandates precluding these newly disclosed witnesses from testifying at trial unless Defendant can demonstrate "substantial justification" for not disclosing the witnesses during the discovery period.

However, there is absolutely no basis to believe that Defendant's failure to identify these witnesses prior to the close of discovery is "substantially justified." Substantial justification requires "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 74 F.R.D. 587, 591 (D.N.J. 1997) (*quoting Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D.Kan.1995). "This test is only satisfied by the proponent if there exists a genuine dispute concerning compliance." *Nguyen,* 162 F.R.D. at 680 (*citing Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)).

Here, there can be no "genuine dispute" concerning whether Defendant should have disclosed the identity of these fact witnesses since these witnesses were apparently well known to Defendant during the discovery phase. Indeed, most of these new witnesses appear to still be employees of Defendant or its affiliates; thus Defendant had clear access to them and their supposedly relevant information well before now. Defendant, therefore, has no valid "excuse" to prevent the mandatory sanction provisions of Rule 37(c)(1) from being imposed.

Nor can it be said that Defendant's failure to disclose was "harmless." Defendant's failure to disclose the witnesses during the discovery period effectively prevented Plaintiff from taking the depositions of these witnesses. Moreover, these witnesses, to the extent they were, and still are, employees of Defendant, may have had knowledge of relevant documents to this case which Plaintiff was prevented from securing and discussing with the witnesses. Allowing

the witnesses to testify at trial now would thus be permitting trial by ambush. Plaintiff, therefore, would suffer great prejudice should Defendant be allowed, at virtually the eleventh hour and with no ability for Plaintiff to gain pretrial access to these witnesses, to call the witnesses at trial. Plaintiff's Motion should be granted.

## II.    EXCLUSION OF UNIDENTIFIED WITNESSES IS PERMITTED UNDER RULE 16

Although the exclusion remedy under Rule 37(c)(1) is automatic where there is no "substantial justification" for the failure to disclose and where such failure is not "harmless," the Court may alternatively exclude the trial testimony of these witnesses pursuant to Federal Rule of Civil Procedure 16(f). Under Rule 16(f), trial judges have the inherent authority to issue pretrial case management orders "and to enforce them by appropriate measures." *In re Dorsie's Steak House, Inc.*, 130 B.R. 363, 365 (D. Mass. 1991 (citing Rule 16(f) advisory committee note to 1983 Amendment). Among the "appropriate measures" that a trial court can take for noncompliance with its case management order is the "exclusion" of witnesses who are not sufficiently identified by a party. *See, e.g.,Gibson v, The National RR Passenger Corp.*, 176 F.R.D. 190, 192 (E.D. Pa. 1997) (trial court "has the ability to preclude witnesses when parties fail to obey scheduling or pre-trial [discovery] order," as "[t]his ability is essential to avoid unnecessary expense or delay.").

Here, Defendant not only has failed to identify the new witnesses in its continuing obligation to supplement its interrogatory responses, it has also failed to identify the witnesses pursuant the Local Rule 16.1.B continuing disclosure obligation. As shown above, Plaintiff has been prejudiced by Defendant's lapse in that he has been unable to depose these newly disclosed witnesses, and may have effectively been deprived of access to relevant documentation and information. Allowing Defendant to call these newly disclosed witnesses would be rewarding,

instead of sanctioning, Defendant for its failure to follow the applicable rules of procedure, and would condone "trial by ambush." This should not be allowed, and the newly identified witnesses should not be allowed to testify at trial.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike and to preclude the trial testimony of James R. (Rick) O'Connell, Marybeth Thompson, Donna Boyle, and Jacqueline Trice should be granted.

Respectfully submitted,

BECKER & POLIAKOFF, P.A
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 954/985-4176 (fax)

By _____
Roderick V. Hannah
Florida Bar No. 435384

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 5 day of April, 2001.

By: _____
Roderick V. Hannah, Esq.

636612_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

     Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

     Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, and pursuant to

Rule 33 of the Federal Rules of Civil Procedure, requests Defendant, COLUMBIA HEALTHCARE

CORPORATION d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation, to answer the

attached interrogatories under oath.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was mailed this 31st day of March, 2000,
to: Alexander David Del Russo, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000,
West Palm Beach, Florida 33401.

| | |
|---|---|
| Roderick V. Hannah, Esquire | John F. Jankowski, Jr., Esq., P.A. |
| BECKER & POLIAKOFF, P.A. | Attorneys for Plaintiff |
| Co-counsel for Plaintiff | Cornerstone One, Suite 220 |
| P.O. Box 9057 | 1200 South Pine Island Road |
| Fort Lauderdale, Florida 33310-9057 | Plantation, Florida 33324-4402 |
| | Tel: (954) 370-1026 |

By:_____

JOHN F. JANKOWSKI, JR.
FLA. BAR NO. 833533



## DEFINITIONS

As used in these Interrogatories, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, voice mail, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, voice mail, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Defendant, Defendant's counsel, or Defendant's representatives or agents, all of which Defendant or authorized representatives have knowledge.

"**Identify**":

(a)  when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

Page 2

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

Page 3

"**Person**" or "**persons**" includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

"**Subject Time Period**" is from 1993 through to the present.

"**You**" or "**Your**" means the person(s) responding to these Interrogatories for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

CASE NO. 00-6227-CIV-MORENO

1.    Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

CASE NO. 00-6227-CIV-MORENO

2.   Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to interrogatory #1 may have.

CASE NO. 00-6227-CIV-MORENO

3.    Please provide the name of each person whom you may use as an expert witness at trial.

CASE NO. 00-6227-CIV-MORENO

4.      Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

CASE NO. 00-6227-CIV-MORENO

5.    Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed.R.Civ.P.7(a) filed in this action.

CASE NO. 00-6227-CIV-MORENO

6.    With respect to each witness identified in your answer to interrogatory, #1, please set forth the facts known to the witness(es).

CASE NO. 00-6227-CIV-MORENO

7.    Please identify each and every document that would support Defendant's Answer and/or denials of factual allegations set forth in Plaintiff's Complaint.

CASE NO. 00-6227-CIV-MORENO

8.    Please identify each and every document that would support PLAINTIFF'S
allegations set forth in Plaintiff's Complaint.

CASE NO. 00-6227-CIV-MORENO

9.    Please provide the name and address of the location, and the name, address and telephone number of each custodian of the records identified in your answer to the preceding interrogatories, numbers 7 & 8.

CASE NO. 00-6227-CIV-MORENO

10.    Please identify each and every person that contributed to answering these interrogatories and their relationship with COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL.

CASE NO. 00-6227-CIV-MORENO

11.    Please identify all witnesses whom you plan to call at trial with a summary of the subject matter that said witness(es) will be testifying.

CASE NO. 00-6227-CIV-MORENO

STATE OF                      )
                                     )
COUNTY OF                  )

         The foregoing instrument was acknowledged before me this _____ day of _____, 2000, by _____. He/She took an oath, and is personally known to me or has produced _____ as identification.

SEAL                                       NOTARY PUBLIC, State of
                                              Print Name:_____
                                              Serial No:_____
                                              My Commission Expires:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

    Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF SERVING
## <u>RESPONSES TO PLAINTIFF'S INTERROGATORIES</u>

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE

PINES HOSPITAL, hereby gives notice of the filing of its Responses to Plaintiff's First Set of

Interrogatories to the Defendant under Certificate dated March 31, 2000.



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 15th day of May, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4406.

LEVY, KNEEN, MARIANI, CURTIN, KORNFELD & DEL RUSSO, P.A.

By: _____
    Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida 33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign corporation

      Defendant.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JACQUELINE IAIA, by and through her undersigned counsel, and pursuant to

Rule 33 of the Federal Rules of Civil Procedure, requests Defendant, COLUMBIA HEALTHCARE

CORPORATION d/b/a PEMBROKE PINES HOSPITAL, a foreign corporation, to answer the

attached interrogatories under oath.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was mailed this 31st day of March, 2000,
to:  Alexander David Del Russo, Levy Kneen Mariani, 1400 Centrepark Boulevard, Suite 1000,
West Palm Beach, Florida 33401.

Roderick V.  Hannah, Esquire
BECKER & POLIAKOFF, P.A.
Co-counsel for Plaintiff
P.O. Box 9057
Fort Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq., P.A.
Attorneys for Plaintiff
Cornerstone One, Suite 220
1200 South Pine Island Road
Plantation, Florida 33324-4402
Tel: (954) 370-1026

By:_____
    JOHN F. JANKOWSKI, JR.
    FLA. BAR NO. 833533

3 / ?

<u>DEFINITIONS</u>

As used in these Interrogatories, the following terms shall have the following meanings:

"**Communication**" means any form of non-written communication, including without limitation, the act or fact of communicating whether by correspondence, telephone, meeting, voice mail, or any occasion of joint or mutual presence as well as the transfer of any documents from one person to another.

"**Document**" or "**Documents**" means any written instrument and includes without limitation, (i) contracts, (ii) memoranda, (iii) letters and other forms of correspondence, (iv) written memoranda or notes of telephone communications and memoranda or notes taken at conferences or meetings, (v) telex, telegraphic, telefaxed or other written forms of communication, (vi) drawing or any graphic matter however produced or reproduced, (vii) all paper materials of any kind, whether written, typed, printed, punched, filed or marked in any way, (vii) any recording tape or wire, film, photographs, movies, voice mail, including without limitation all mechanical or electronic sound recordings or transcripts thereof, any and all types of electronic mail, E-mail, or other similar type of communication; in the actual or constructive possession, custody or control of Defendant, Defendant's counsel, or Defendant's representatives or agents, all of which Defendant or authorized representatives have knowledge.

"**Identify**":

(a) when used with respect to a natural person, shall mean "the legal name of such person, his/her occupation, employer, position with such employer, description of such persons, duties or responsibilities, length of time employed by such employer and residence address of such person" and any and all appropriate

Page 2

telephone numbers;

(b)  when used with respect to a partnership shall mean "the identity of all general and limited partners, the legal name of the partnership, the date upon which the partnership was founded or organized, the street address with all places of business maintained by such partnership, place at which the business records of the partnership are maintained and the identity of the person(s) who is (are) the keeper(s) of the records of such partnership" and any and all appropriate telephone numbers;

(c)  when used with respect to a corporation shall mean "the legal name of the corporation, all trade or other names under which the corporation does business, the state of incorporation, the date of incorporation, all jurisdictions in which said corporation is legally qualified to conduct its business, and the identity of its officers, directors and registered agent" and any and all appropriate telephone numbers;

(d)  when used in respect to a document shall mean "the date thereof, the identity of the preparer thereof, the identity of all addressees and recipients thereof, a summary of the contents thereof or in the alternative, attach a copy";

(e)  when used with respect to a communication shall mean "the date thereof, all persons present thereat, and a brief summary of what was said by each party thereto";

(f)  when used with respect to contract shall mean "the identity of the parties thereto, the date thereof and a summary of the contents thereof, or, in the alternative, attach a copy";

Page 3

    "**Person**" or "**persons**"   includes a corporation, partnership, other business association or entity, a natural person, and any government or governmental body, commission, board or agency.

    "**Subject Time Period**" is from 1993 through to the present.

    "**You**" or "**Your**" means the person(s) responding to these Interrogatories for, or on behalf of the Defendant, and any of their agents, agencies, representatives or persons acting on its/their behalf.

CASE NO. 00-6227-CIV-MORENO

1.    Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

2.    Please state the specific nature and substance of the knowledge that you believe the
      person(s) identified in your response to interrogatory #1 may have.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

3.     Please provide the name of each person whom you may use as an expert witness at trial.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

4.   Please state in detail the substance of the opinions to be provided by each person whom you may use as an expert witness at trial.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

5.    Please identify each document (including pertinent insurance agreements) pertaining to any fact alleged in any pleading (as defined in Fed.R.Civ.P.7(a) filed in this action.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

6. With respect to each witness identified in your answer to interrogatory, #1, please set forth the facts known to the witness(es).

SEE ATTACHED

:

CASE NO. 00-6227-CIV-MORENO

7.    Please identify each and every document that would support Defendant's Answer and/or denials of factual allegations set forth in Plaintiff's Complaint.

SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

8.    Please identify each and every document that would support PLAINTIFF'S allegations set forth in Plaintiff's Complaint.

SEE ATTACHED

9.   Please provide the name and address of the location, and the name, address and telephone number of each custodian of the records identified in your answer to the preceding interrogatories, numbers 7 & 8.


   SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

10.   Please identify each and every person that contributed to answering these interrogatories and their relationship with COLUMBIA HEALTHCARE CORPORATION d/b/a PEMBROKE PINES HOSPITAL.


SEE ATTACHED

CASE NO. 00-6227-CIV-MORENO

11.    Please identify all witnesses whom you plan to call at trial with a summary of the
       subject matter that said witness(es) will be testifying.


       SEE ATTACHED

## ANSWERS TO INTERROGATORIES

### Answers to Interrogatory Nos. 1 and 2

1.    Maria Lomaga, Assistant Controller
      Columbia Hospital
      45th Street
      West :Palm Beach, FL
      (561) 863-2140

Understood to have knowledge concerning Plaintiff's employment at Pembroke Pines Hospital
and the reduction in force at the end of 1993.

2.    Michael Scialdone, Chief Financial Officer
      Osceola Regional Medical Center
      700 West Oak Street
      Kissimmee, FL  34741
      (407) 518-3606

Understood to have knowledge concerning Plaintiff's employment, the reduction in force, and
the factors leading to the elimination of her position.

3.    Pam Corliss, Chief Executive Officer
      Atlantic Regional Medical Center
      400 North Coyde Morris Road
      Daytona Beach, FL  32120

Understood to have knowledge concerning Plaintiff's employment, the reduction in force, and
the factors leading to the elimination of her position.

4.    Robert Carrel, Chief Financial Officer
      Westside Regional Medical Center
      Plantation, Florida

Understood to have knowledge concerning the Plaintiff's employment at Pembroke Pines
Hospital and the reduction in force at the end of 1993.

5.    Rick McConnell
      Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's position at Pembroke Pines Hospital.

6.    Jerry R. Sutfen
       Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's position at Pembroke Pines Hospital.

7.    Paula Adamson
       Address Unknown

Understood to have knowledge concerning the Plaintiff's employment, and the reduction in force at the end of 1993.

8.    Ann Lassiter
       Address Unknown

Understood to have knowledge concerning the factors leading to the elimination of Plaintiff's employment at Pembroke Pines Hospital.

9.    Monique Montiero
       Address Unknown

Understood to have knowledge concerning the reduction in force at the end of 1993.

10.   Liz Tonkin
       Address Unknown

Understood to have knowledge concerning the reduction in force at Pembroke Pines Hospital at the end of 1993.

Investigation continuing.

**Answer to Interrogatory No. 3**

At this time, Defendant has not engaged any expert witness for testimony at trial.

**Answer to Interrogatory No. 4**

Not applicable.

**Answer to Interrogatory No. 5**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 6**

See response to interrogatory nos. 1 and 2.

**Answer to Interrogatory No. 7**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 8**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 9**

Defendant objects to this interrogatory as it is vague and ambiguous as to what is meant by "any fact" within the pleadings and as such is overly broad and burdensome. Moreover, Defendant objects on the grounds that this response would call for the mental impressions and/or disclosure of work product by Defendant's counsel, in that counsel would have to make a determination as to whether the relevant facts which would require a response to this interrogatory.

**Answer to Interrogatory No. 10**

Other than through the assistance of counsel, the following additional individual contributed to answering these interrogatories.

1.    Maria Lomaga

## Answer to Interrogatory No. 11

Unknown at this time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge Dubé

JACQUELINE IAIA,

      Plaintiff,

v.

COLUMBIA HEALTHCARE
CORPORATION d/b/a PEMBROKE
PINES HOSPITAL, a foreign cor-
poration,

      Defendant.

_____/

## DEFENDANT'S SUPPLEMENTAL
## RESPONSES TO PLAINTIFF'S INTERROGATORIES

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL, hereby supplements its responses to Plaintiff's First Set of Interrogatories as follows:

### Interrogatory No. 5

Without waiving the objections already stated, responsive documents would include those documents produced by Plaintiff in discovery, all documents sent to or received from the EEOC or the FCHR, the Healthcare Indemnity, Inc., liability policies for 1993 and 1994, the personnel files of Monique Montiero, and documents identifying employees affected by the reduction in work force (all of which have already been produced), the 1993 Employee List at Pembroke Pines Hospital, the 1993 W-2 Audit Report, and the 1994 Employee List at Pembroke Pines Hospital.



**Interrogatory No. 7**

See supplemental response to Interrogatory No. 5.

**Interrogatory No. 8**

See supplemental response to Interrogatory No. 5.

**Interrogatory No. 9**

Records Custodian, Florida Commission on Human Relations.

Records Custodian, Equal Employment Opportunity Commission.

Records Custodian, Memorial Hospital--Pembroke Pines.

Records Custodian, Galen Hospital--Pembroke Pines, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _11_ day of July, 2000, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., Law Offices of John F. Jankowski, Jr., P.A., Cornerstone One, Suite 220, 1200 South Pine Island Road, Plantation, Florida 33324-4402.

LEVY, KNEEN, MARIANI, CURTIN,
KORNFELD & DEL RUSSO, P.A.

By: _____
Alexander D. del Russo
1400 Centrepark Boulevard
Suite 1000
West Palm Beach, Florida  33401
(561) 478-4700
(561) 478-4744
Fax (561) 478-5811
Florida Bar No. 350273

F:\Data\LIT4\4871.042\supplement.responses.interrogs.doc

2