UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

NIGHT BOX FILED
APR 20 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, by and through its undersigned attorneys, and pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure, hereby requests that this Court enter judgment for Defendant as a matter of law. Plaintiff failed to present legally sufficient evidence for submission of this case to the jury. Drawing all factual inferences and resolving all credibility determinations in favor of Plaintiff, this Court must still enter judgment for Galen Hospital.

The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

1.    **STANDARD FOR REVIEW**

A party seeking to challenge the sufficiency of the evidence in a civil jury trial must raise any deficiencies in a motion for judgment as a matter of law at the close of all evidence, pursuant to Rule 50(a). If the trial court does not grant this motion for any reason, and submits the case to the jury, the moving party may renew the motion after the jury enters its verdict. *See* Rule 50(b);



*Redd v. City of Phenix City Alabama*, 934 F.2d 1211, 1214 (11th Cir. 1991). The prerequisite for this Motion is that the defendant must have made a motion at the close of all evidence, as was done in this case.

The standard in considering a Rule 50(b) motion has been stated in slightly different ways, but is essentially the same. "A judgment as a matter of law is warranted '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a jury to find for that party on that issue.'" *Securities and Exchange Commission v. Adler*, 137 F.3d 1325, 1340 (11th Cir. 1998). Stated another way, a judgment as a matter of law may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion after the proper judgment." *Bryan v. James E. Holmes Regional Medical Center*, 33 F.3d 1318, 1333 (11th Cir. 1994). The court must consider all the evidence in the light most favorable to the nonmoving party, and "independently determine whether the facts and inferences point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." *Johnson Enterprise of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1308 (11th Cir. 1998). *See also Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997) (motion granted where reasonable people exercising impartial judgment cannot arrive at a contrary verdict).

Of course, the Court may not weigh the evidence or decide the credibility of witnesses. However, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law." *Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 439 (11th Cir. 1996). There must be a conflict in evidence to support a jury question. *Adler*, 137 F.3d at 1340; *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).

Under this standard, Galen Hospital suggests that the evidence presented at trial was legally insufficient to support a jury verdict for Plaintiff.

2. **ARGUMENT**

In a disparate treatment case, "liability depends on whether that protected trait [age] actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 US 604, 610 (1993). Thus, there must be some evidence that Ms. Iaia's age must have "actually played a role in [defendant's decisionmaking] process and had a determinative influence on the outcome." *Id.*

The analysis on whether Plaintiff met her evidentiary burden for submitting this case to the jury is governed by the Supreme Court decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097 (2000). In *Reeves,* an ADEA claim, the Supreme Court addressed the level of proof necessary in deciding whether a matter may be submitted to the jury or decided under Rule 50. At trial, the *Reeves* defendant offered evidence that plaintiff was fired for failure to maintain accurate attendance records. However, the plaintiff made "a substantial showing that [defendant's] explanation was false."[1] *Id.* at 2107. Following a jury verdict for the employee, the Court of Appeals reversed the trial court's denial of the defendant's motion for judgment as a matter of law. The Court concluded that a reasonable jury could find defendant's explanation was pretextual, but the Court believed that plaintiff needed additional evidence of discrimination, along with evidence for the jury to disbelieve defendant's explanation, in order to sustain a verdict of discrimination.

The Supreme Court reversed, finding that a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Id.* at 2109.

---

[1] Unlike in our case, the evidence in *Reeves* reflected that Defendant's explanation was objectively, rather than subjectively, untrue and thus pretextual.

> Certainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, . . . *if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.*
>
> \* \* \*
>
> Where judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation was false, and any other evidence that supports the employer's case . . . It suffices to say that, because a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability, the Court of Appeals erred in proceeding from the premise that a plaintiff must always introduce additional, independent evidence of discrimination.

*Id.* at 2109. (Emphasis added.) It is against this backdrop, and the factors enunciated in *Reeves*, that this Court must determine whether the evidence presented by Ms. Iaia was legally sufficient to support a jury verdict in her favor.

At trial, Plaintiff conceded that this was **not** a direct evidence case and that she was relying on circumstantial evidence to prove discriminatory intent. Plaintiff's case-in-chief consisted of her elimination during a RIF and the assignment of her job duties to the younger Monique Monteiro. The testimony of Jerry Sutphin--the Hospital's CEO and the decision-maker who included Plaintiff's name on the RIF List--was presented during Plaintiff's case. Mr. Sutphin testified

- That he eliminated positions, not individuals, and that he didn't see a need for marketing at the Hospital in light of its financial condition

- That his decisions were not motivated by age

- That he did not know Plaintiff's age at the time, and

- That in other respects his knowledge was limited given the passage of time.

As noted by this Court, Plaintiff's *prima facie* case presented enough evidence, but "barely" enough evidence, for submission of the case to the jury. Thereafter, Galen Hospital presented uncontroverted evidence that the Hospital conducted a RIF in the fall of 1993 due to its poor financial condition, and that the RIF affected more than 50 individuals, one of which was the Plaintiff. Galen Hospital presented the testimony of Pam Corliss, the former COO, who explained how the RIF was implemented, along with the testimony of Paula Adamson, the former Director of Human Resources, concerning her steps to check the names of the employees affected. It bears noting that the Plaintiff offered no evidence of anyone remotely connected with the RIF process that even knew of her age. Mr. Sutphin unequivocally testified that he did not know the age of Ms. Iaia, or whether she was over or under 40 years of age. Similarly, Ms. Corliss and Ms. Adamson both testified that they did not know Plaintiff's age, and could not recall ever meeting or speaking with her prior to the elimination of her position.[2]

Moreover, the Defendant presented evidence that a Marketing Director was appointed throughout the South Florida Division to handle the marketing at all affiliated hospitals within the Division, and that the costs of this Marketing Director were allocated between the various hospitals. Some marketing duties were left within the hospital, and those duties were transferred to Monique Monteiro. Plaintiff did not challenge this evidence as well. Under *Reeves*, this Court must consider the strength of the evidence presented by the employer in its defense.

---

[2] Unlike other protected classes such as race or sex, where membership in the class is obvious, it was certainly less than apparent that the 45-year old Ms. Iaia was within the age class protected by the ADEA. Consequently, the jury would have to infer the employer's **knowledge** of her age, and then pyramid upon that a second inference of **intent**.

Thereafter, Plaintiff sought to discredit Defendant's explanation as pretextual through several issues, all of which had limited or no probative value:

1. <u>Difference in age and experience between Plaintiff and Monique Monteiro</u>

While an employer's decision to hire a less qualified applicant may be probative on whether the employer's proffered reason was pretextual, the plaintiff must be "substantially more qualified" than the other employees selected. *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253-54 (11th Cir. 2000). In *Lee*, the Eleventh Circuit reversed a verdict for plaintiff after finding that Plaintiff's evidence of pretext was not legally sufficient to support a jury verdict in her favor. As the Court noted in *Lee*, "disparities in qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are so apparent as virtually to jump off the page and slap you in the face." *Id.* at 1254, quoting *Deines v. Texas Dept. of Protective and Regulatory Services*, 164 F.3d 277, 280 (5th Cir. 1999). While Monique Monteiro was younger and less experienced than Plaintiff, she developed the Hospital's Senior Friends Program into the most successful program of its type throughout the country. Plaintiff offered no evidence of any job function which Ms. Monteiro was not capable of performing, and Plaintiff did not rebut the evidence on Ms. Monteiro's abilities in the Senior Friends Program.

2. <u>Failure to Follow RIF Policy</u>

Plaintiff placed into evidence as Exhibit 41 the Galen Manual, and Plaintiff argued that Defendant failed to follow its own policy in terms of the Layoff Sequence. Although the evidence was disputed as to whether this policy even applied, all factual inferences are resolved in favor of Plaintiff for purposes of this Motion. Yet the failure to follow this policy does not demonstrate discriminatory animus or that the Defendant's explanation was pretextual. *See*

*Mitchell v. USBI Co.*, 186 F.3d 1352, 1355 (11th Cir. 1999) (employer's deviation from own RIF Policy does not raise inference of discrimination).

    3.    <u>Lost/Destroyed Personnel File</u>

Plaintiff argued that her personnel file would have shown previous Senior Friends experience, but that it was destroyed by Defendant sometime in 1997. Again, resolving all factual disputes in favor of Plaintiff, this does not and cannot raise an inference of pretext. Mr. Sutphin testified that he eliminated the position of Marketing/Public Relations, that his decision to eliminate this position had nothing to do with the decision to retain the Senior Friends Program, and that he eliminated positions, not individuals. Whether Ms. Iaia had previous Senior Friends experience was not something Mr. Sutphin would have ever considered.

    4.    <u>3/98 Position Statement</u>

Even drawing all inferences in Plaintiff's favor and assuming that the Position Statement conflicted with Defendant's explanation for the elimination of Plaintiff's job, this Court must assess the probative value of this document under the *Reeves* analysis. In this context, it bears noting that the letter was written almost four years after the events took place and after the operation and management of the hospital were transferred to the South Broward Hospital District. As a result, the letter was prepared without access to witnesses or documents and, by its own terms, was "based on limited information," and "not based upon first-hand knowledge." None of the hospital management involved in the RIF process ever spoke with the author of this letter. Mr. Sutphin, Ms. Corliss, Mr. Scialdone and Ms. Adamson all testified that they were never contacted in connection with the preparation of this 1998 letter, and there was no evidence that anyone remotely involved in the RIF process reviewed or approved its contents. Thus, this letter has limited probative value, particularly in light of the concern that the contents of this

letter were used to attack the credibility of prior decision-makers when those decision-makers were not involved in the preparation or review of the letter itself. *Cf. Chapman v. Al Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000) (raising concerns over use of Position Statement to attack credibility of corporate response where decision-maker not involved in preparation of document).

Applying these facts to the analysis of *Reeves*, we are confronted with a weak prima facie case, a strong and unrebutted explanation by Defendant of legitimate, nondiscriminatory reasons for both the RIF and the inclusion of Plaintiff's position, and virtually no probative value to the proof that Galen's explanation was pretextual. This Court then, in exercising its independent judgment on whether the facts and inferences were such "that reasonable people could not arrive at a contrary verdict," *Johnson Enterprises*, 162 F.3d at 1308, must conclude that the evidence presented by Plaintiff at trial was legally insufficient to support the jury's verdict in her favor.

In essence, Plaintiff asked the jury to substitute its own business judgment for that of the Defendant. For what Plaintiff really argued is that Galen Hospital should have chosen to keep Ms. Iaia, and eliminate Ms. Monteiro, for the combined Senior Friends/Public Relations position, or that Galen Hospital should have eliminated Senior Friends instead of Marketing/Public Relations. Defendant respectfully requests that this Court grant this Motion and enter judgment for Defendant as a matter of law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished via facsimile and U.S. Mail this 20th day of April, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile:    (561) 659-7368
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273