UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/



### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff, JACQUELINE IAIA, for her memorandum of law in opposition to Defendant's Motion for Judgment as a Matter of Law, states as follows:

**I.   INTRODUCTION**

Defendant in its Motion does not challenge the fact that Plaintiff established her *prima facie* case at trial. Rather, Defendant focuses on the evidence of pretext Plaintiff presented, and argues that under the Supreme Court's recent decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097 (2000), it was not strong enough for submission of the case to the jury. This position, however, must fail as Plaintiff presented sufficient circumstantial evidence presented at trial of the falsity of Defendant's various "explanations" for its conduct toward Plaintiff such that reasonable minds could differ as to Defendant's explanations being nothing more than pretexts for unlawful age discrimination.

In *Reeves,* the Court held that a plaintiff's *prima facie* case coupled with evidence that the defendant's articulated non-discriminatory reason was false, may permit a jury to find that the defendant unlawfully discriminated. *Reeves,* at 2109. While the Court recognized that there may be situations where a judgment as a matter of law may still be warranted even where evidence of false justification was presented, such a situation clearly does not exist here. Here, Plaintiff presented substantial probative evidence to show that the various articulated -- and contradictory -- "non-discriminatory reasons" for Defendant's conduct were not worthy of belief and supported the jury's verdict in Plaintiff's favor.

## II. ARGUMENT

### A. Standards for Rule 50(b) and 59 Motion.

In reviewing a motion for judgment as a matter of law under Rule 50(b), the trial court must view all of the evidence adduced at trial and draw all reasonable inferences in the light moist favorable to the nonmoving party. *Montgomery v. Noga,* 168 F.3d 1282, 1289 (11th Cir. 1999). "The trial judge may not re-weigh the evidence, make credibility determinations or substitute its judgment for that of the jury." *George v. GTE Directories Corp.,* 195 F.R.D. 696, 698 (M.D. Fla. 2000). Moreover, the court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v.Sanderson Plumbing Products, Inc.,* 120 S.Ct. 2097, 2110 (2000). "If reasonable minds cold differ as to the import of the evidence, ..., a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.,* 106 S.Ct. 2505 (1986). Here, as shown below and as established at trial, Defendant is not entitled to a judgment in its favor as a matter of law, and the jury's verdict should remain undisturbed.

### B. <u>Plaintiff Presented Sufficient Probative Evidence to Support the Verdict.</u>

Defendant fails to point out in its Motion that all of the evidence pertaining to pretext, as circumstantial evidence of discrimination, must be viewed cumulatively, with all reasonable inferences drawn in Plaintiff's favor, to determine whether there was sufficient evidence of pretext to submit the case to the jury. Here, all of the evidence, when viewed cumulatively, as well as individually, clearly warranted submission of the case to the jury for determination.

First, Plaintiff presented adequate evidence of pretext in the form of Defendant's position statement to the Florida Commission on Human Relations ("FCHR"). *Pl. Ex. 97.* That position statement contained a significantly different justification for Defendant's decision to terminate Plaintiff and keep Monique Monteiro than was argued at trial. According to the position statement, and contrary to what Defendant argued at trial, the decision to combine Plaintiff's Director position with that of the substantially younger Ms. Monteiro's Director position was part of the reduction in force ("RIF"). In contrast, Defendant argued at trial that no such combination of positions occurred as part of the RIF, but that the decision to combine the positions did not occur until January 1994. That argument, however, was further undermined by the unequivocal testimony of both Ms. Monteiro and Patricia Pierce, the hospital's former Director of Risk management, and by other evidence,[1] that showed that Ms. Monteiro, *at the specific request of Mr. Sutphin*, immediately replaced Plaintiff in her Director of Marketing/Public Relations upon Plaintiff's termination.

---

[1] For example, the hospital newsletter showing Ms. Monteiro as the Editor already in December 1993 (*Pl. Ex. 84*), The Miami Herald article showing Ms. Monteiro already describing herself as the Director of Public Relations in December 1993 (*Pl. Ex. 85*), the Confirmation Document showing that Ms. Monteiro had already received her raise for the new position in December 1993 (*Pl. Ex. 81*), and Ms. Monteiro's 1993 performance evaluation prepared by Pam Corliss in which Ms. Corliss clearly recognized that Ms. Monteiro had already accepted and had been performing Plaintiff's public relations duties (*Def. Ex. 47*).

In addition, the position statement claimed, in no uncertain terms, that the reason Plaintiff was not selected for the combined position and Ms. Monteiro was, was that Plaintiff had no "Senior Friends" experience. However, the undisputed evidence clearly showed that Plaintiff did, in fact, have such "Senior Friends" experience. Accordingly, Defendant's factual argument in its position statement was easily proved as being false. Faced with this glaring credibility problem, Defendant came up with an entirely different set of "justifications" for its actions at trial – that Ms. Monteiro was not inexperienced in marketing and public relations, that Ms. Monteiro had better performance ratings than Plaintiff, and that Plaintiff's job functions were completely eliminated. Each of these "justifications" for Defendant's actions, however, were independently shown to be not worthy of belief, and thus pretextual.

In its Motion, as it did at trial, Defendant attempts to diminish the impact of the position statement by arguing that its probative value is weak because it was drafted by an attorney from second-hand knowledge, and because its factual position was never confirmed by the decision-maker, Mr. Sutphin. However, what Defendant overlooks in its Motion was the fact that Mr. Sutphin unequivocally confirmed in his deposition, which was read to the jury at trial, the position statement's "accuracy" as to the claim that the reason Plaintiff was not given the combined position was because she did not have "Senior Friends" experience. Thus, the fact that Mr. Sutphin, the decision maker, independently agreed with the alleged justification in the position statement, combined with Defendant's 180° change of facts and justification at trial, alone constitute sufficient evidence of pretext such that reasonable minds could conclude that Plaintiff was the victim of age discrimination.

Plaintiff, however, put on much more evidence than merely the position statement to support her claim that Defendant's justifications for her termination were a pretext for unlawful

discrimination. Defendant's failure to follow its RIF policy in selecting Plaintiff over Ms. Monteiro for termination is highly probative of discrimination when viewed with the other evidence of pretext.[2] According to various witnesses, including Ms. Pierce (the risk management director) and Michael Scialdone, Defendant's former CFO and a person who was intimately involved with Mr. Sutphin in the RIF process, the RIF procedures in the Manager's Manual, admitted into evidence at trial, were the policies and procedures that were applicable to the hospital at the time of the RIF.[3] The RIF employee layoff sequence within the Manual specifically provided for seniority to be a factor in determining the order of employee layoff. Without question, Plaintiff had many more years of seniority than Ms. Monteiro. *Manager's Manual, Pl. Ex. 41, at* §4.2.2. Yet Mr. Sutphin testified that he never considered seniority or years of service in determining the layoff sequence, a clear violation of the policy, which was designed to avoid discrimination. Mr. Scialdone confirmed this when he testified that a failure to consider employee seniority in determining the order of layoffs would be a violation of the RIF layoff sequence provisions in the Manager's Manual.

The RIF layoff sequence in the Manager's Manual also undermined Defendant's suggestions and evidence presented at trial that there was a comparison in the job performance ratings of Plaintiff and Ms. Monteiro in selecting Ms. Monteiro over Plaintiff for retention. As set forth in the layoff sequence, performance was to be considered a factor only for employees with ratings under 2, or who had past disciplinary issues. Neither of these criteria applied to

---

[2] Defendant cites in its Motion to the Eleventh Circuit's decision in *Mitchell v. USBI Co.*, 186 F.3d 1352 (11th Cir. 1999), for the proposition that an employer's deviation from its RIF policy does not raise an inference of discrimination. This is not an accurate reading of the *Mitchell* decision. The court in *Mitchell* held that deviation from a company policy does not demonstrate discriminatory animus only when "standing alone." *Id.*, at 1356. Thus, it follows that where as here there is other related evidence of pretext and thus a nexus between the violation of the policy and the employee's protected status, as here, the violation is probative of discrimination.

Plaintiff and Ms. Monteiro. Accordingly, the performances of Plaintiff and Ms. Monteiro should not have been considered, and Defendant's arguments and evidence to the contrary could be viewed as false justifications to support a finding of pretext.

Also probative of pretext was the testimony and evidence of the substantial difference in the marketing and public relations experience between Plaintiff and her replacement, Ms. Monteiro. Ms. Monteiro herself admitted, albeit reluctantly, that there was a "substantial" difference in the hospital marketing and public relations skills between her and Plaintiff. Moreover, Ms. Monteiro confirmed her own representations in her 1993 performance review that she was lacking in marketing skills, and that there was a lot about the hospital she did not know. *Def. Ex. 47.* Patricia Pierce, the risk management director for the hospital, who was familiar with the skill levels and experience for both Plaintiff and Ms. Monteiro, testified that Ms. Monteiro had virtually no hospital marketing and public relations skills or experience beyond the Seniors program, and that Plaintiff was much more qualified than Ms. Monteiro for the combined position. This evidence clearly could be interpreted by a reasonable fact finder that Plaintiff was "substantially more qualified" for the combined Director position than Ms. Monteiro, and that Defendant's reasons for terminating Plaintiff and replacing her with Ms. Monteiro were not worthy of belief. *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir. 2000)(pretext can be established by showing that employee not selected for position was "substantially more qualified" than other employees selected).

Further probative evidence of pretext and discrimination against Plaintiff that was presented at trial included Mr. Sutphin's statement at a manager's meeting about employees

---

[3] While Mr. Scialdone testified at trial he was not sure as to whether the Manager's Manual was applicable, his deposition testimony, with which he was impeached, stated unequivocally that the Manual and its procedures was applicable at the time of the RIF.

6

whose "attitude is old and complacent" not making it, the destruction of Plaintiff's personnel records after Defendant had knowledge of Plaintiff's age discrimination claims, and the testimony regarding Mr. Sutphin's preference for younger women. While these items of evidence standing alone would not necessarily support a claim of pretext, they do constitute valid and probative circumstantial evidence that, when viewed together with the other substantial evidence of the falsity of Defendant's various "justifications" for its actions described above, are more than sufficient evidence of pretext and discriminatory motive to warrant submission of the case to the jury.

### III. CONCLUSION

Based on the above and the evidence Plaintiff presented at trial, Defendant's Motion for Judgment as a Matter of Law should be denied.

BECKER & POLIAKOFF, P.A
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 954/985-4176 (fax)

By _____
Roderick V. Hannah
Florida Bar No. 435384

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 27th day of April, 2001.

By: _____
Roderick V. Hannah, Esq.

641373_1.DOC