UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/



### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OR RECONSIDERATION OF ITS ORDER REQUIRING RESPONSE REGARDING ISSUE OF REMITTITUR

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, by and through its undersigned counsel, submits this memorandum in opposition to Plaintiff's Motion for Clarification or Reconsideration of its Order Requiring Response Regarding Issue of Remittitur (the "Motion") and respectfully requests that this Court enter an order denying the Motion, for the reasons set forth hereinafter.

**No Basis For Reconsideration**

Simply stated, Plaintiff's Motion is an improper attempt to re-argue matters which this Court has already fully considered and clearly ruled upon. There is nothing new or remarkable contained in the Motion requiring reconsideration or clarification. Rather, Plaintiff has filed the Motion under the guise that this Court **may not** have considered its memorandum in opposition to Defendant's

WPB#537470.01

Motion for Remittitur.[1] Plaintiff, however, fails to acknowledge that after announcement of the verdict, this Court directed the Defendant to file any post-trial motions by Friday, April 20, 2001, and the Plaintiff to file any memorandum in opposition to such motions by Friday, April 27, 2001, with the Court promptly ruling on such post-trial motions thereafter. Because Plaintiff filed her memorandum of law on April 27, 2001, prior to the April 30, 2001 Order, any argument the Court failed to consider Plaintiffs' legal arguments is without merit.[2]

### Legal Basis For Remittitur Remains the Same

With no basis for reconsideration, the Motion boils down to a re-argument of points previously considered and rejected by this Court. Plaintiff re-argues that remittitur is improper based on Weaver v. Casa Gallardo, Inc., 922 F.2d 1515 (11th Cir. 1991). In doing so Plaintiff again fails to cite to a decision involving an ADEA claim, Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340 (11th Cir. 2000), wherein the Eleventh Circuit recognized that the elimination of a plaintiff's former position prior to trial may preclude the recovery of front pay. This holding was previously set forth in Nord v. United States Steel Corp., 758 F.2d 1462 (11th Cir. 1985). Both Munoz and Nord precluded the award of front pay based on the elimination of positions prior to trial, with the rationale being that "[a]warding front pay to a plaintiff who ultimately would have been terminated confers a windfall upon that plaintiff and contravenes the remedial purpose of the ADEA." Munoz, 223 F.3d at 1350.

---

[1] For example, Plaintiff states that the Motion is necessary because the Court issued its April 30, 2001 Order "apparently without having had the opportunity to review Plaintiff's legal arguments in her memorandum in opposition" and that "Court in its Order appears to have, without the benefit of Plaintiff's viable and fully supported opposition arguments, agreed with the Defendant's position...." Motion, ¶¶ 1 and 2.

[2] Plaintiff concedes in the Motion that the "amended" memorandum of law in opposition that it filed on April 30, 2001, in violation of the Court's briefing schedule, "is not substantively different than the original memorandum, but merely adds a footnote...."

In this case, remittitur is proper because the jury's verdict of $150,000 exceeded the Plaintiff's damages according to the testimony of her own expert and is contrary to Munoz and Nord. It is undisputed that Galen Hospital ceased operating the hospital facility as of July 1, 1995, when it entered into a long term lease with the South Broward Hospital District. After that date, Galen Hospital continued to own the real property, but the South Broward Hospital District took over the operations of the hospital facility. In short, Galen Hospital ceased doing business or operating the hospital, and ceased having any employees, with its business after that date akin to a landlord. Based on the foregoing, the Motion must be denied.

## No Need For Clarification

Plaintiff claims that clarification is necessary because it is "uncertain as to how to respond to the Court's April 30, 2001 Order." Motion, ¶5. To the contrary, the April 30, 2001 Order makes it clear that Plaintiff has until May 14, 2001 in which to either inform the Court that: (1) it will agree to remittitur; or (2) it will agree to a new trial. This election is in keeping with the applicable law in this Circuit. *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328 (11th Cir.), *cert. denied*, 120 S.Ct. 329 (1999), cited both in the Court's April 30, 2001 Order and Defendant's motion for remittitur, makes it clear that "[a] court which believes the jury's verdict is excessive may order a new trial unless the plaintiff agrees to remit a portion of the jury's award."[3] Accordingly, there is no need for clarification, with the Plaintiff having until May 14, 2001 in which to make its election in accordance with the April 30, 2001 Order.

---

[3] There is an election requirement because the Seventh Amendment prohibits re-examination of a jury's determination of the facts, which includes a determination of the extent of a plaintiff's injury. Id.

WHEREFORE, Defendant respectfully requests the Court to enter an Order denying the Motion, requiring Plaintiff to elect by May 14, 2001 to either a new trial or remittitur, along with such other relief which is just and necessary.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished via facsimile and U. S. Mail this 4th day of May, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401
Telephone:    (561) 659-7070
Facsimile:    (561) 659-7368
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273