UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/



### PLAINTIFF'S MOTION WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW FOR CLARIFICATION OR RECONSIDERATION OF ITS ORDER REQUIRING RESPONSE REGARDING ISSUE OF REMITTITUR

Plaintiff, JACQUELINE IAIA, moves this Court to clarify, and if necessary alter or amend, its Order Requiring Response Regarding Issue of Remittitur (D.E. 113), on the following grounds:

1. Defendant filed its Motion for Remittitur or Alternatively for New Trial (D.E. 107) on April 20, 2001. Plaintiff filed her memorandum of law in opposition to Defendant's Motion (D.E. 109) and an "amended" memorandum of law in opposition (D.E. 110) on April 27, 2001, and April 30, 2001, respectively.[1] This Court issued its above-referenced Order on April 30, 2001, apparently without having had the opportunity to review Plaintiff's legal arguments in her memorandum in opposition.

---

[1] The amended memorandum of law is not substantively different than the original memorandum of law, but merely adds a footnote 2 regarding the timing and basis of Defendant's position raised in its Motion.

2. Although it is unclear, this Court in its Order appears to have, without the benefit of Plaintiff's viable and fully supported opposition arguments, agreed with Defendant's position that the jury award of $150,000.00 was excessive and not supported by the trial evidence. The Order thus appears to be giving Plaintiff the option of remitting a portion of the jury's award or going to a new trial. If this is the case, Plaintiff respectfully requests that the Court fully consider Plaintiff's opposition arguments contained in he amended memorandum of law in opposition (D.E. 110), and reconsider and reverse its decision by denying Defendant's Motion for Remittitur or Alternatively for New Trial.

3. In her memorandum of law in opposition, Plaintiff presented to the Court on-point precedent, including a decision of the Eleventh Circuit, that squarely held that a back pay award should not be cut off upon a defendant's sale or closing of the business where the person who had replaced the plaintiff continued employment with the successor/purchasing company. *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515 (11th Cir. 1991); *Gaddy v. Abex Corp.*, 884 F.2d 312 (7th Cir. 1989); *Dybala v. Landau and Heyman, Inc.*, 1998 WL 67608 (N.D. Ill. 1998). As the Eleventh Circuit recognized in *Weaver*, "[t]he sale of corporate assets to a successor corporation does not necessarily limit the predecessor corporation's liability for back pay subsequent to the sale." *Weaver*, 922 F.2d at 1526. The court concluded that it was proper for the district court not to reduce the back pay award because when the assets and operations of the defendant were sold, the defendant's employees, including the one who replaced the plaintiff, were transferred to, and continued in the employ of, the purchasing entity:

> When General Mills sold the assets of Casa Gallardo to the El Torito chain, those Casa Gallardo employees working in Operations-Manager positions, including Geiger [the plaintiff's replacement], as well as many other employees, transferred to and were employed by El Torito. The record thus supports the district court's conclusion that, had Weaver held the position of Operations

2

Manager at the time of the sale to El Torito, he would have been transferred in that position to El Torito.

*Weaver*, 922 F.2d at 1527.[2]

4. Here, the evidence presented at trial, *as admitted to by Defendant in its own Motion,* showed that Monique Monteiro, as did every other Pembroke Pines Hospital employee, continued on uninterrupted in the employ of the successor to Defendant, South Broward Hospital District (Memorial Healthcare). The evidence thus was sufficient to support a jury finding that, absent discrimination, Plaintiff would have continued in the same or similar position at the hospital after Defendant had ceased doing business and transferred the hospital operations and all of its employees to Memorial. As set forth in detail in Plaintiff's memorandum of law in opposition (D.E. 110), the jury's damage award was, therefore, not excessive as a matter of law, and does not warrant either a remittutur or a new trial.

5. Plaintiff and her undersigned counsel are uncertain as to how to respond to the Court's April 30, 2001 Order. Is the Court requesting a response memorandum of law to Defendant's Motion, with Plaintiff's legal arguments as to why remittitur or a new trial is inappropriate? If such is the case, then Plaintiff has submitted, and stands behind, her response memorandum of law (D.E. 110), which appears to have been filed with the Court at the same time the Court issued its Order. Or is the Court in its Order already finding in favor of Defendant on the law, and requesting Plaintiff to make a choice over remittitur or a new trial? If this is the case, Plaintiff respectfully requests the Court to reconsider its position in light of the on-point precedent and arguments set forth in Plaintiff's memorandum of law in opposition. In addition, if the Court confirms that it is ordering Plaintiff to make a choice of remittitur or new

---

[2] *See also Nord v. U.S. Steel Corp.*, 758 F.2d 1462, 1473 n. 11: "Although plaintiff should not be placed in a better position than she would have been absent the discrimination, she is entitled to whatever employment opportunities the other inside sales representatives were given when the Atlanta sales office closed."

trial, then Plaintiff respectfully requests that the Court clarify its Order that the "new trial" choice be only a new trial on the issue of damages, inasmuch as this Court has already denied Defendant's Motion for Judgment as a Matter of Law and the issue of liability has been decided (D.E. 112).[3]

6.   For the foregoing reasons, Plaintiff requests the Court to clarify its Order, or, in the alternative, reconsider its position in light of Plaintiff's arguments in her amended memorandum of law in opposition to Defendant's Motion for Remittitur or Alternatively for New Trial

Respectfully submitted,

BECKER & POLIAKOFF, P.A
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 954/985-4176 (fax)

By: _____
Roderick V. Hannah
Florida Bar No. 435384

---

[3] In *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320 (11th Cir. 1999), the case this Court cites in its Order, the Eleventh Circuit acknowledged that a district court could, as an option to remittitur, order a new trial on the issue of damages. *Id.*, 170 F.3d at 1328 n. 6 (citing to *Kemp v. Balboa*, 23 F.3d 211 (8th Cir. 1994), and *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1552 (10th Cir. 1991). Given that the issue of liability has already been decided, in the event this Court's believes that the jury verdict on damages was excessive, Plaintiff requests that she be given the option of a new trial solely on the issue of damages.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150; and John F. Jankowski, Jr., Esq., Co-Counsel for Plaintiff, 2 South University Drive, Plantation, FL 33324, this 3rd day of May, 2001.

By: _____
Roderick V. Hannah, Esq.

642500_1.DOC