UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES, INC.
f/d/b/a PEMBROKE PINES HOSPITAL,

    Defendant.
_____/



## ORDER DENYING MOTION FOR REMITTITUR OR ALTERNATIVELY FOR NEW TRIAL

The Court begins by noting that in its April 30, 2001 Order Requiring Response Regarding Issue of Remittitur, the undersigned judge did not rule on Defendant's Motion for Remittitur or Alternatively for New Trial. The district court has discretion about whether to order a new trial if the plaintiff does not agree to remit a portion of the jury's award. *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328 (11th Cir. 1999) ("A court which believes the jury's verdict is excessive *may* order a new trial *unless* the plaintiff agrees to remit a portion of the jury's award.") (emphasis added) (citations omitted). In its April 30, 2001 order, the Court required a response from Plaintiff about whether Plaintiff chose to remit a portion of the jury's award or chose to leave the issue to the judgment of the Court about whether a new trial would be ordered.

In Plaintiff's Amended Memorandum in Opposition to Defendant's Motion for Remittitur or for New Trial, which the Court did in fact have the benefit of before issuing its April 30, 2001 order, Plaintiff argues that certain employees, in particular Monique Montiero, were retained by the

successor to Defendant. While this Court observes that a victorious plaintiff in a discrimination suit should not be put in a better position than similar employees who were not discriminated against, the plaintiff should not be disadvantaged. *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991). Under *Weaver*, a plaintiff is not precluded from recovering damages when other employees were transferred to and replaced by the successor entity. *Id.*

As Ms. Montiero was retained by Defendant's successor, Defendant cannot argue that it is not possible that Plaintiff would not have been retained when Defendant was succeeded. "In calculating a back pay award, it is appropriate to resolve uncertainties against the discriminating employer, and not the victim." *Sowers v. Kemira, Inc.*, 701 F.Supp. 809, 826 (S.D.Ga. 1988) (citing *Horn v. Duke Homes, Division of Windsor Mobile Homes, Inc.*, 755 F.2d 599, 607 (7th Cir. 1985); *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889 (3rd Cir. 1984). Accordingly, it is the judgment of this Court that the jury's verdict was not excessive, and that Defendant's Motion for Remittitur or Alternatively for New Trial filed on **April 20, 2001** is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2001.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Roderick V. Hannah, Esq.
**BECKER & POLIAKOFF, P.A.**
P.O. Box 9057
Fort Lauderdale, FL 33310-9057

John F. Jankowski, Jr., Esq.
2 South University Drive
Plantation, FL 33324

Alexander D. del Russo, Esq.
**CARLTON FIELDS**
Esperante Building - Suite 1400
222 Lakeview Avenue
West Palm Beach, FL 33402