

FILING FEE
PAID _____ $105.00
In Forma
Pauperis _____ 843022
Clarence Maddox, Clerk

NIGHT BOX
FILED

JUN 0 5 2001

CLARENCE MADDOX
CLE K. USDC / SDFL / MIA

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 00-6227-CIV-MORENO/DUBÉ

JACQUELINE IAIA,

     Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

     Defendant.

_____/

## NOTICE OF APPEAL

Notice is hereby given that GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a

PEMBROKE PINES HOSPITAL, Defendant in the above captioned case, hereby appeals to the

United States Court of Appeals for the Eleventh Circuit from: (1) the Final Judgment entered in this

action on the 15th day of May 2001; (2) the Order Denying Motion for Remittitur or Alternatively

for New Trial entered in this action on the 11th day of May 2001; (3) and the Order Denying Motion

for Judgment as a Matter of Law entered in this action on the 30th day of April 2001, copies of

which are attached hereto.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished via U. S. Mail this 5TH

day of June, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft.



WPB#538422.01

Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A.,

2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Defendant

By: _____
    Alexander D. del Russo
    Florida Bar Number 350273
    E-mail: adelr@carltonfields.com
    Michael J. Compagno
    Florida Bar Number 886084
    E-mail: mcomp@carltonfields.com

Copies provided to:

Roderick V. Hannah, Esq.
**BECKER & POLIAKOFF, P.A.**
P.O. Box 9057
Fort Lauderdale, FL 33310-9057

John F. Jankowski, Jr., Esq.
2 South University Drive
Plantation, FL 33324

Alexander D. del Russo, Esq.
**CARLTON FIELDS**
Esperante Building - Suite 1400
222 Lakeview Avenue
West Palm Beach, FL 33402

-2-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 00-6227-CIV-MORENO

JACQUELINE IAIA,

        Plaintiff,

vs.

GALEN HOSPITAL -PEMBROKE PINES, INC.
f/d/b/a PEMBROKE PINES HOSPITAL,

        Defendant.

_____/



FILED by _____ D.C.

MAY 1 4 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## ORDER DENYING MOTION FOR REMITTITUR OR ALTERNATIVELY FOR NEW TRIAL

The Court begins by noting that in its April 30, 2001 Order Requiring Response Regarding Issue of Remittitur, the undersigned judge did not rule on Defendant's Motion for Remittitur or Alternatively for New Trial. The district court has discretion about whether to order a new trial if the plaintiff does not agree to remit a portion of the jury's award. *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1328(11th Cir. 1999) ("A court which believes the jury's verdict is excessive *may* order a new trial *unless* the plaintiff agrees to remit a portion of the jury's award.") (emphasis added) (citations omitted). In its April 30, 2001 order, the Court required a response from Plaintiff about whether Plaintiff chose to remit a portion of the jury's award or chose to leave the issue to the judgment of the Court about whether a new trial would be ordered.

In Plaintiff's Amended Memorandum in Opposition to Defendant's Motion for Remittitur or for New Trial, which the Court did in fact have the benefit of before issuing its April 30, 2001 order, Plaintiff argues that certain employees, in particular Monique Montiero, were retained by the

successor to Defendant. While this Court observes that a victorious plaintiff in a discrimination suit should not be put in a better position than similar employees who were not discriminated against, the plaintiff should not be disadvantaged. *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991). Under *Weaver*, a plaintiff is not precluded from recovering damages when other employees were transferred to and replaced by the successor entity. *Id.*

As Ms. Montiero was retained by Defendant's successor, Defendant cannot argue that it is not possible that Plaintiff would not have been retained when Defendant was succeeded. "In calculating a back pay award, it is appropriate to resolve uncertainties against the discriminating employer, and not the victim." *Sowers v. Kemira, Inc.*, 701 F.Supp. 809, 826 (S.D.Ga. 1988) (citing *Horn v. Duke Homes, Division of Windsor Mobile Homes, Inc.*, 755 F.2d 599, 607 (7th Cir.1985); *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889 (3rd Cir.1984). Accordingly, it is the judgment of this Court that the jury's verdict was not excessive, and that Defendant's Motion for Remittitur or Alternatively for New Trial filed on **April 20, 2001** is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this     day of May, 2001.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-2-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 00-6227-CIV-MORENO

JACQUELINE IAIA,

     Plaintiff,

vs.

GALEN HOSPITAL -PEMBROKE PINES, INC.
f/d/b/a PEMBROKE PINES HOSPITAL,

     Defendant.

_____/



FILED by _____ D.C.

APR 3 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

### ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE came before the Court upon Defendant's Motion for Judgment as a Matter of

Law **(D.E. No. 108)**, filed on **April 20, 2001**.

THE COURT has considered the motion and the pertinent portions of the record, and being

otherwise fully advised in the premises, it is

**ADJUDGED** that although the issues presented are not without merit and this motion is a

close call the motion is DENIED for the reasons stated in open court.

DONE AND ORDERED in Chambers at Miami, Florida, this 30ˢᵗ day of April, 2001.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE