

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/DUBÉ

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TAX COSTS AND FOR RECOVERY OF PREJUDGMENT INTEREST

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, through undersigned counsel, files this response in opposition to Plaintiff's Motion to Tax Costs and for Recovery of Prejudgment Interest.[1]

### Introduction

This is an action for age discrimination brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). This case was tried on the ADEA claim alone and, at the conclusion of trial, the jury returned its verdict for Plaintiff in the amount of $150,000. In her Motion, Plaintiff now seeks to recover $18,239.77 as costs incurred in pursuing this action. Most of these cost items are simply not taxable. Plaintiff also seeks to

---

[1] Although the Certificate of Service erroneously states that service was made on Defendant "by mail and facsimile" the document was never sent via telefax to defense counsel.

WPB#539279.01

recover $76,993.13 in prejudgment interest calculated by using the wrong federal interest rate statute. In any event, this Court should exercise its discretion and refuse to award prejudgment interest due to Plaintiff's failure to mitigate her damages.

## Memorandum of Law

### I. AWARD OF TAXABLE COSTS

The principal defect in Plaintiff's Motion to Tax Costs is in her failure to distinguish between costs taxable by statute and costs incidental to litigation. The majority of costs itemized in Plaintiff's Bill of Costs are simply not recoverable. In *Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir. 1996), a § 1983 civil rights claim, the Eleventh Circuit stated that costs for "general copying, computerized legal research, postage, courthouse parking fees and expert witness fees" were "clearly nonrecoverable" under the federal cost statute. *Id.* at 1399. See also *Dictiomatic, Inc. v. United States Fid. & Guar. Co.*, 2000 WL 33115333 (S.D. Fla. 2000) (costs not specifically enumerated in § 1920 are not recoverable. "For instance, costs incurred in mailing and sending documents by mail, express mail, facsimiles, travel expenses, and expert witness fees are not recoverable"). Yet these types of expenses account for the majority of costs listed by Plaintiff.

Compounding this defect, Plaintiff has failed to attach itemization and documentation necessary (and required) to explain the variety of costs for which she now seeks to recover. Local Rule 7.3(a) provides that any motion to tax costs, along with all supporting documentation, must be filed within 30 days of entry of the judgment. The Bill of Costs form completed and filed by counsel for Plaintiff has a specific notation which states as follows:

> SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

Other than the Cost Summary attached to counsel's Statement of Time and Charges, there is no additional documentation or explanation attached to the Bill of Costs, and no copies of invoices or statements submitted to counsel. In *Johnson v. Mortham*, 173 F.R.D. 313 (N.D. Fla. 1997), a three-judge panel in the Northern District held that the trial court determining an award of costs must limit its determination to documentation initially provided by the prevailing party. The prevailing party cannot later in Reply or by Supplemental Motion attempt to correct deficiencies in their initial submissions. This would otherwise amount to "nothing more than a veiled attempt to supply documentation plaintiffs were required by local rule to submit with their bill of costs within 30 days after entry of judgment." *Id.* at 317.[2] In other words, the prevailing party gets "one bite at the apple" to establish a basis for the recovery of its costs. In this case, there is simply no documentation attached to Plaintiff's Motion, and we are left with counsel's Summary of Costs incurred in the litigation. It is against the backdrop of these deficiencies that the Court must now consider the items stated within Plaintiff's Motion to Tax Costs.

Federal Rule 54(d) provides for an award of costs to the prevailing party based on the federal cost statute at 28 U.S.C. § 1920, which provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[2] Northern District of Florida Local Rule 54.2 is similar, in pertinent respect, to our Local Rule 7.3(A).

The recovery of taxable costs is specifically limited to those costs addressed within the cost recovery statutes. In *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), the Eleventh Circuit stated:

> A court may only tax costs as authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (rejecting claim that a federal court is empowered to exceed the limitations exclusively set out in sections 1920 and 1821 without plain evidence of congressional intent to supersede those sections . . .)

*Id.* at 620. In *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83 (1991), the Supreme Court held that recoverable costs under cost-shifting statutes (such as the ADEA), are limited to those costs listed within § 1920. Additional costs may only be taxed if authorized by "explicit statutory authority." *Id.* at 87.

In reviewing Plaintiff's request for costs, therefore, this Court must first look to the ADEA to see if it authorizes any cost recovery above what is listed within § 1920. It does not, as the recovery of costs in ADEA claims is specifically limited to those items identified in section 1920. The ADEA has incorporated the cost-recovery provisions of the Fair Labor Standards Act ("FLSA"), and the FLSA limits recoverable costs to those identified within section 1920. (*See* 29 U.S.C. § 626(b)). This issue is significant since, as stated above, Plaintiff seeks to recover a variety of "incidental" expenses which are neither identified nor taxable under § 1920.

## SPECIFIC COST ITEMS SOUGHT BY PLAINTIFF

For ease of reference, Defendant will address separately the various cost items sought by Plaintiff.

1. **Fees to the Clerk**

Plaintiff seeks $200 as the filing fee paid to the Clerk. Defendant has no objection to this as a taxable item.

2. **Fees for Service of Summons and Subpoena**

Plaintiff seeks $800 as fees for service of summons and subpoenas. Yet other than counsel's own Affidavit with its attached Statement of Charges, there are no invoices or statements attached for the services performed. A review of Counsel's Statement reflects that these charges appear to be fees to private process servers ranging from $45 to $97 per service. The Eleventh Circuit has recently concluded that private process server fees are taxable as costs under section 1920, as long as those costs do not exceed the statutory costs authorized in section 1921. *W&O, Inc.*, 213 F.3d at 623-624. Accordingly, Plaintiff's request for $800 should be reduced to the standard service fee times the seven services reflected in the attached Statement of Charges.

3. **Fees and Disbursements for Printing**

Plaintiff seeks $405.45. Defendant has no objection to this as a taxable item.

4. **Fees for Witnesses**

Plaintiff seeks $135 as witness attendance fees for three witnesses subpoenaed for trial. Defendant has no objection to this as a taxable item.

5. **Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in Case**

Plaintiff seeks $799.04, yet this amount is excessive and unsupported by the documentation. 28 U.S.C. § 1920(4) provides for the recovery of "fees for exemplification and copies of papers necessarily obtained for use in the case." Courts have interpreted subsection (4) as being limited to copies of documents either provided to the court or the opposing party, or otherwise used during trial. *See O'Bryhim v. Reliance Standard Life Ins. Co.*, 997 F. Supp. 728, 737 (E.D. Va. 1998) (permissible only to extent copies were used as court exhibits or were furnished to court or opposing counsel); *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 477 (N.D. Ga. 1995) (photocopy costs must be provided either to court or opposing party; photocopy

costs for the convenience, preparation, research, or record of counsel are not recoverable under the subsection). While Plaintiff has not offered the charge per copy for this item, even assuming a rate of 20 cents per copy, the requested cost of $799.04 would account for 3,995 pages--an amount grossly disproportionate to the 17 documents Plaintiff placed into evidence or the various cases and other authorities provided by Plaintiff to the Court or defense counsel.[3]

It is Plaintiff's burden to sustain this cost item, and it is a burden Plaintiff has failed to meet. Defendant would suggest this cost item be reduced to $200, which represents a generous assessment of 1,000 pages of copies used or provided at trial.

6.  **Mediation, Postage, Telefax, and Long Distance Charges**

In her Bill of Costs, Plaintiff seeks to recover a variety of incidental costs:

- Mediation               $262.50
- Telefax charges         $332.34
- Long distance calls     $ 60.57
- Postage                 $ 29.64

These costs are not listed among the taxable costs of § 1920 and, accordingly, should be rejected. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Instead, these items are typically viewed as "incidental expenses of litigation and therefore not allowable costs under Rule 54(d) or 28 U.S.C. § 1920." *O'Bryhim*, 997 F. Supp. at 737. *See also Garshim Co. v. General Elec. Co.*, 993 F. Supp. 25, 29 (D.C. Mass. 1998) (postage and telefax); *Ortega v. IBP, Inc.*, 883 F. Supp. 558, 562-63 (D. Kan. 1995) (postage, telefax and long distance calls); *Allen v. Freeman*, 122 F.R.D. 589, 591-92 (S.D. Fla. 1988) (postage and phone charges not allowable under Section 1920).

---

[3] Plaintiff did produce extensive documents to Defendant in discovery. Yet Defendant paid for its own copies directly to IKON Office Solutions, the copying service used to duplicate the documents.

7. **Computerized Legal Research**

Plaintiff seeks $3,165.61 for computerized legal research charges, but provides no statutory basis for this request. The majority of federal courts, including the Eleventh Circuit, subscribe to the view that computer legal research is not a taxable cost item under Section 1920 but is part of a law firm's overhead and, as such, is included within the setting of attorney's fees. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (computerized legal research "clearly nonrecoverable" under § 1920); *United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996)[4] (computer research "merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not a separately taxable cost"); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995) (in ADEA claim, costs for computerized legal research are not statutorily authorized and thus disallowed). In *Allen v. Freeman*, 122 F.R.D. 589 (S.D. Fla. 1988), Judge King was confronted with an application for costs by a successful civil rights plaintiff which included computerized legal research. Judge King concluded as follows:

> Computerized legal research is generally treated as a lawyer's cost. . . . As such, computerized legal research is not taxable as ordinary costs under 28 U.S.C. § 120, but is generally included as an out of pocket expense in an attorney's fee award.

*Id.* at 592. Accordingly, this item should be denied.

---

[4] In seeking the recovery of computer research costs, Plaintiff relies on several unauthoritative cases from other jurisdictions, some of which are no longer good law within their own district. For instance, Plaintiff cites to *Dailey v. Society Generale*, 915 F. Supp. 1315 (S.D.N.Y. 1996) and to *Pastre v. Weber*, 800 F. Supp. 1120 (S.D.N.Y. 1991) for the proposition that computer research costs are a taxable cost item. Both cases were decided before the Second Circuit's decision in *United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153 (2d Cir. 1996). In *Shannon v. Firemen's Fund Ins. Co.*, 2001 WL 637371 (S.D.N.Y.), that same district court relied on the binding precedent of *Merritt Meridian* in stating that "it is well established that computer research is merely a substitute for an attorney's time and is compensable under an application for attorneys' fees and is not a separately taxable cost." *Id.* at 19.

8. **Travel, Parking and Toll Expenses**

Plaintiff seeks to recover $572.05 in travel and parking-related expenses. This amount should likewise be denied, since travel-related expenses are not authorized by statute. *See Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540 (S.D. Fla. 1991), *aff'd*, 961 F.2d 174 (11th Cir. 1992) (travel expenses not taxable by statute); *O'Bryhim*, 997 F. Supp. at 738 (travel and parking charges not recompensable costs under either Rule 54(d) or 28 U.S.C. § 1920); *Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1006 (D.C. Kan. 1993) (travel expenses not taxable because not authorized by statute; rather, they are incidental expenses of litigation); *Roche v. City of Normandy*, 566 F. Supp. 37, 42 (E.D. Mo. 1983) (ADEA plaintiff not entitled to recover travel expenses as taxable costs under 28 U.S.C. § 1920).

9. **Deposition/Videographer Costs**

Plaintiff seeks to recover $99.28 as cost for the videotape for the deposition of Jerry Sutphin, and $4,003.29 as other deposition costs. The standard for recovery of deposition costs under § 1920(2) is "whether those depositions appeared reasonable at the time they were taken." *Tang How*, 756 F. Supp. at 1545-46. Although deposition costs are taxable by statute, the determination of whether, and in what amount, to assess these costs is within the discretion of this Court. *United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996).

Defendant would have no objection to the costs of the videotape of the deposition of Mr. Sutphin if it had been played to the jury at trial. It was not. Instead, Plaintiff simply read the deposition transcript at trial without playing the videotape; Defendant thus objects to this item as a taxable cost.

With respect to other deposition costs, Defendant has reviewed the Summary of Costs attached to Plaintiff's Motion and identified them as follows:

    8/7/00 Reporting Fee
(Associated Court Reporters)..................................$276.65

    11/8/00 Reporting Fee
(Capital Reporting) ................................................$695.61

    11/29/00 Reporting Fee
(Capital Reporting) ................................................$530.20

    11/29/00 Reporting Fee
(Volusia Reporting Company)..................................$60.53

    **11/29/00 Transcription Fee
(John Jankowski)**................................................**$1,203.89**

    11/29/00 Reporting Fee
(Associated Court Reporters)..................................$276.65

    **2/22/01 Transcription Fee
(John Jankowski)**....................................................**$963.72**

    **Total** ................................................................**$4,003.29**

Because of the lack of proper documentation, the absence of any invoices or statements from reporters, or of checks reflecting payment, it is impossible to determine which items apply to which depositions. For example, the $60.53 charge to Volusia Reporting Company does not appear to be a deposition transcript at all--no depositions were ever transcribed by this company since the deposition of Pam Corliss never took place. Lacking adequate documentation, this court cannot make the factual determination of whether the depositions were necessarily obtained for use in the case.

In *Johnson v. Morthan*, 173 F.R.D. 313 (N.D. Fla. 1997), the court denied recovery of deposition costs due to this same type of inadequate supporting documentation:

> Plaintiffs merely cites the names of court reporters and court reporting services and the amounts paid to each. No where do plaintiffs identify whose depositions were included in the request

> for costs. Additionally, Plaintiffs have failed to produce any documentation supporting their requested costs. Under these circumstances, the court cannot determine whether these depositions were necessarily obtained for use in the case or whether the amount of remuneration requested by Plaintiffs is reasonable.

*Id.* at 318.

More troublesome, however, are the two largest charges to John Jankowski, Esq., Co-Counsel to Plaintiff. These items are typed in bold face above, and are identified in Plaintiff's Summary of Costs as "transcription fees" paid to Plaintiff's co-counsel. Once again, there are no supporting documents or invoices to reflect why Mr. Jankowski would be paid $2,100 for transcription fees. The Summary of Costs attached to Mr. Jankowski's Statement did not reflect any payments by him to reporting services.

Plaintiff has failed to meet her burden, and hence these costs items should be denied.

10. **Expert Witness Fees**

Plaintiff seeks $7,375 as expert witness fees. These fees were paid to Ronald Patella, C.P.A., who was Plaintiff's damages expert and testified during the second day of trial. As previously noted, the taxing of costs cannot extend to items that are not explicitly permitted by statutory authority. *See United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). A review of the pertinent cost statutes reveals that expert fees are not recoverable by Plaintiff.

The ADEA itself does not authorize an award of expert witness fees other than the $40 per day provision of 28 U.S.C. § 1821, since the fee shifting provisions of the Fair Labor Standards Act do not provide for expert fees but only for the shifting of a "reasonable attorneys' fee ... and the costs of the action." Nor does 28 U.S.C. § 1920 provide for expert witness fees other than for "court appointed experts." *See* 28 U.S.C. § 1920(6). Courts have consistently

held that expert witness fees are limited to the statutory fee of $40 per day under § 1820(d). *See West Virginia Univ. Hosp. v. Casey*, 499 U.S. 83 (1991); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996); *Morrison v. Reichhold Chem., Inc.*, 97 F.3d 460, 462-63 (11th Cir. 1996).

Indeed, the 1991 amendments to the Civil Rights Act allowed for the recovery of expert witness fees in certain civil rights cases, *see* 42 U.S.C. § 1988(c), but this amendment *did not apply* to ADEA claims. Expert witness fees incurred by successful ADEA plaintiffs cannot be recovered as a taxable cost under the 1991 amendment. *James v. Sears, Roebuck & Co., Inc.*, 21 F.3d 989, 995-96 (10th Cir. 1994).

Accordingly, the expert witness fees incurred by Plaintiff are not recoverable costs under the ADEA. This cost item in Plaintiff's Motion should be reduced from **$7,375** to **$40** as the per diem attendance fee provided under Section 1821(d).[5]

## II. RECOVERY OF PREJUDGMENT INTEREST

In addition to seeking to seeking thousands of dollars in "costs" which are clearly not recoverable, Plaintiff also seeks to recover $76,999.13 as prejudgment interest. It must be noted at the outset that Plaintiff has misstated cases cited in her Motion. For despite Plaintiff's assertion that "prejudgment interest may be awarded in ADEA cases," what the law actually does is give federal trial judges extremely broad discretion on whether to award prejudgment interest, depending on the facts of a case

---

[5] In her Motion, Plaintiff grossly misstates the holding in *West Virginia Univ. Hosp., Inc. v. Casey*, 885 F.2d 11, 31-35 (3rd Cir. 1989). The Third Circuit did not find that a successful plaintiff is entitled to recover expert witness fees, but instead reversed an award of expert fees except to the extent authorized by the per diem charge under 28 U.S.C. § 1821. On appeal, the United States Supreme Court held that expert witness fees in civil rights litigation could not be shifted to the losing party pursuant to Section 1988. That decision was legislatively overturned when Congress rejected its rationale and passed the 1991 Amendment to Section 1988.

Plaintiff cites to *Wilson v. S & L Acquisition Co.*, 940 F.2d 1429 (11th Cir. 1991) in support of her blunt statement that prejudgment interest may be awarded. A quick glance at *Wilson* reveals that an award of prejudgment interest in an ADEA case is not mandatory, but rather is an equitable remedy within the discretion of this court. *Id.* at 1435. Other circuits have consistently recognized that any award of prejudgment interest on a back pay award is considered equitable relief and discretionary with the trial judge. See *Phillip v. A & R Freight Sys., Inc.*, 61 F.3d 669, 674-75 (8th Cir. 1995) (denying prejudgment interest on back pay award because "liability was far from clear" at trial).

The Eleventh Circuit has recognized that "one of the factors to be considered by the court [in deciding whether to award prejudgment interest upon an ADEA damage award] is the mitigation of damages." *Wilson v. S & L Acquisition Co.*, 940 F.2d at 1435. Based on the evidence presented at trial, there is a substantial basis to deny Plaintiff's request for this equitable relief as she did not take sufficient action necessary to mitigate her damages. If this Court will recall, Plaintiff's employment terminated during the reduction-in-force at the end of 1993. Despite her substantial background in sales/marketing/public relations, Plaintiff spent the next two and one-half years with Mary Kay Cosmetics as a sales representative, never earning any income during this period. According to her own testimony, the testimony of her damages expert, Ronald Patella, CPA, and the federal income tax returns placed into evidence her earned income from 1994 through 2000 was as follows:

- 1994    $102[6]
- 1995    -$10,506
- 1996    -$3,384

---

[6] Plaintiff's taxable income for that year was actually $7,212, of which the remainder consisted of unemployment compensation and the balance of severance payments from Defendant.

- 1997          -$112
- 1998          $7,550
- 1999          $19,906
- 2000          $21,091.70

Moreover, in August 1996 Plaintiff voluntarily removed herself from the work force by returning to school on a full time basis. For the next two years, she attended the South Florida Bible College to obtain a Masters Degree in Christian Counseling. Not only had Plaintiff removed herself from the work force to return to school, but in doing so she voluntarily chose to change careers from marketing/sales/public relations to Christian family counseling.

Indeed, the jury found Plaintiff failed to take reasonable steps to secure other employment, since it awarded her less than one-half of her back pay claim. Mr. Patella testified that the calculation for back pay through the date of trial amounted to $363,845, but the jury awarded Plaintiff only $150,000. Of course, it is well-established that under the ADEA, a plaintiff has a duty to mitigate her damages. *Equal Employment Opportunity Commission v. Massey Yardley, Chrysler Plymouth*, 117 F.3d 1244 (11th Cir. 1997). Moreover, the Plaintiff cannot recover back pay if she has voluntarily removed herself from the work force, *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982), and the Eleventh Circuit has found that a plaintiff voluntarily removes herself from the labor market by enrolling in school on a full time basis. *Miller v. Marsh*, 776 F.2d 490, 492 (11th Cir. 1985). The evidence at trial was compelling that Plaintiff failed to take adequate steps to mitigate her damages after the loss of employment with the Defendant. As stated in *Wilson*, this failure to mitigate is a factor which this court should consider in denying the request for an award of prejudgment interest.

Another factor to be considered by this Court is the strength of Plaintiff's case. The *Phillip* Court affirmed a trial court's decision not to grant prejudgment interest because of the

weakness of Plaintiff's case, concluding that "liability was far from clear." This also weighs in favor of denying Plaintiff's award of prejudgment interest, as recognized by this Court when it noted that the issues raised in Defendant's Motion for judgment as a matter of law "are not without merit and this Motion is a close call . . ." *See* D.E. #112.

Even assuming arguendo that Plaintiff could justify a discretionary award of prejudgment interest, the amount in which she seeks may be erroneous and excessive. In her Motion, Plaintiff cites *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1513 (11th Cir. 1987), for the proposition that "the applicable interest that should be used is the IRS short-term interest rate for underpayment of taxes, compounded quarterly, as set forth in 26 U.S.C.A. §6621(b)." In *McKelvy v. Metal Container Corp.*, 854 F.2d 448, 453 (11th Cir. 1988), the court cited *Guardian* and indicated that "the interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961." As a result, the court saw no reason why "that the rate should differ under ADEA." *Id.* The difference in Plaintiffs' proposed rate under Section 6621(b) is significant. For example, for the period ending March 31, 1994, the rate under Section 1961 is 4.51%, while Plaintiff seeks to employ a 7.0% rate.

Once again, it is the Plaintiff's burden to prove the calculation of prejudgment interest, and she has failed to meet her burden. This Court should exercise its discretion and refuse to award any prejudgment interest to Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 26 day of June, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:(561) 659-7070
Facsimile:        (561) 659-7368
Email: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273

WPB#539279.01

15