UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/



## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF VERIFIED MOTION FOR COSTS AND TO AWARD PREJUDGMENT INTEREST

Plaintiff JACQUELINE IAIA, for her Reply Memorandum of Law in support of her motion to tax costs and award prejudgment interest, states as follows:

### Prejudgment Interest

In its Memorandum in opposition, Defendant first erroneously argues that Plaintiff is not entitled to prejudgment interest on her $150,000 back pay award because she failed to mitigate her damages. In support of this position, Defendant relies on the Eleventh Circuit's decision in *Wilson v. S & L Acquisition Co.*, 940 F.2d 1429 (11th Cir. 1991). However, the Eleventh Circuit in *Wilson* found the district court's denial of prejudgment interest to be erroneous and an abuse of discretion, finding that, under the circumstances of the case, the Plaintiff had mitigated her damages with regard to the back pay award that had been awarded at trial. *Wilson*, 940 F.2d at 1439.

Here, it appears that the jury awarded $150,000 because the jury found that Plaintiff had mitigated her damages at least up to the time she went back to school full time in August 1996. Clearly, as reflected by the jury's award, the jury had found, and the evidence did show, that

Plaintiff had indeed made good faith efforts to find comparable employment following the termination of her employment with Defendant. Defendant, however, argues in its memorandum in opposition that this Court should re-weigh the evidence, and find, contrary to the jury verdict, that Plaintiff failed to mitigate her damages *from the time she left her employment with Defendant.* Such a finding, and any such re-weighing of the evidence, would be improper and an abuse of the Court's discretion.

It is well established in this Circuit that "[t]he purpose of the ADEA, insofar as the individual plaintiff is concerned, is to make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." *Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1561 (11th Cir. 1988). To achieve this stated purpose, a court may award prejudgment interest to the successful plaintiff. Here, Plaintiff in her Motion took the position, and supported it with the affidavit of her expert at trial, Ronald Patella, CPA, that her $150,000 back pay award was for lost back pay and benefits through mid-1996. This careful and unrebutted calculation was in complete conformance with the reasonable assumption and inference form the jury's $150,000 award that, for approximately 2 ½ years after the termination of her employment with Defendant, Plaintiff suffered lost back pay and benefits that were in no way reduced by any failure to mitigate. Plaintiff should, therefore, be entitled to recover prejudgment interest on her lost back pay in order to make her "whole" as a result of Defendant's age discrimination. It would be unjust for the Plaintiff's prejudgment interest claim to be white-washed because Defendant now seeks for this Court to re-weigh the evidence as to mitigation of damages and have the Court substitute its judgment for that of the jury.

Likewise, nowhere is there any indication from the Court, or the evidence presented at trial, that Plaintiff had or presented a "weak case" on liability at trial sufficient to wipe out her

claim for prejudgment interest. Clearly, Defendant wants this Court to make such a determination, possibly to aid Defendant in its efforts on appeal. The mere fact that this Court described its decision on Defendant's unsuccessful motion for judgment as a matter of law as a "close call" does not translate into Plaintiff having a "weak" case on liability as to preclude her from the complete relief to which she is entitled. Indeed, the case was strong enough to go to the jury, and for the jury to find that Plaintiff was entitled to $150,000 in back pay damages. Moreover, the case was strong enough for this Court to deny Defendant's motion for judgment as a matter of law. Labeling the case a "weak one on liability" is thus a quantum leap that this Court cannot and should not make. Plaintiff is entitled to be made whole, and an award of prejudgment interest will accomplish that purpose and a just outcome.

Finally, Defendant's arguments that the rate and method of calculation of prejudgment interest employed by Plaintiff is in error are also without merit and contrary to established precedent in Florida and in the Eleventh Circuit. Significantly, Defendant completely misstates the Eleventh Circuit's holding in *McKelvey v. Metal Container Corp.*, 854 F.2d 448 (11th Cir. 1988). Apparently, Defendant failed to read the Middle District of Florida's decision on remand in *McKelvey*. On remand, the Middle District in *McKelvey v. Metal Container Corp.*, 125 F.R.D. 179 (M.D. Fla. 1989) specifically rejected the exact same argument Defendant makes here: that the Eleventh Circuit's reference to 28 U.S.C. §1961 limits the prejudgment interest rate on a back pay award to the statutory rate for *post-judgment* interest contained in 28 U.S.C. §1961(a). *McKelvey*, 125 F.R.D. at 181. The Middle District reasoned that §1961(a), by the plain terms of §1961(c)(4), applies only to *post-judgment* interest rates. *Id.* The court held that the proper portion of §1961 that should apply to calculate *prejudgment* interest is §1961(c)(1), which applies to interest rates in Internal Revenue tax cases, and which "flips out" to 26 U.S.C. §6621 for calculation of prejudgment interest. *Id.* Finding support for its reasoning in the Eleventh

3

Circuit's decision in *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987), the court concluded that the IRS short-term rate for the underpayment of taxes should be used on back pay amounts awarded after the 1986 amendment to §6621(b):

> The Court cannot ignore, however, the mention of §1961 in *McKelvey*. ^The reconciliation of §1961 and the IRS prime rate is achieved in §1961(c)(1). This subsection substitutes a different interest rate in Internal Revenue tax cases and "flips out" to 26 U.S.C. §6621 for calculation of the interest rate in those cases. The significance of the IRS prime rate becomes apparent in this light, because prior to an amendment in 1986, the calculation of the IRS prime rate was set forth in §6621(b). Following the 1986 amendment to §6621, the interest rate in Internal Revenue tax cases varies according to the short-term federal rate, calculated in §6621(b) in conjunction with 26 U.S.C. §1274(d), plus a premium to be assessed depending on whether the case is an underpayment or overpayment suit. The Court is of the opinion that the direction from the court of appeals regarding the prejudgment interest rate is to apply the IRS method of calculation in §6621, using the IRS prime rate prior to the time of the amendment and the underpayment rate thereafter.

*Id.*

In *Lambert v. L. Luria & Sons*, 1990 WL 155540 (M.D. Fla. 1990), the Middle District further clarified its prior *McKelvey* ruling by adopting as the appropriate method for the calculation of prejudgment interest on a back pay award the *same position* advanced by Plaintiff here: the IRS short-term rate for the underpayment of taxes set forth in 26 U.S.C. §6621(b) by way of 28 U.S.C. §1961(c)(1), compounded quarterly. *Lambert*, 1990 WL 155540, at *1.

Defendant's interpretation of the Eleventh Circuit's decision in *McKelvey* is thus incorrect, and its argument that the statutory post-judgment rate of interest set forth in 28 U.S.C. §1961(a) should be used as the prejudgment rate must therefore fail. Since Defendant has not argued that Plaintiff's mathematical calculations using the IRS short-term underpayment rates are incorrect, Plaintiff is entitled to recover the full $76,999.13 of claimed prejudgment interest as previously submitted.

## Costs

### 1. Conceded, agreed and withdrawn items.

In its Memorandum in Opposition, Defendant concedes to the following costs items claimed by Plaintiff in her Bill of Costs: (1) fees to the clerk in the amount of $200; (2) fees and disbursements for printing in the amount of $405.45; and (3) fees for witnesses in the amount of $135. Defendant also concedes that Plaintiff is entitled to recover private service of process fees in the amount established pursuant to 28 U.S.C. §1921. That amount is $90 per subpoena, based on a rate of $45 per hour with a 2-hour minimum.[1] Plaintiff thus is entitled to recover $630 for service of seven subpoenas, an amount that Plaintiff will accept for this cost item.

With regard to Defendant's objections to specific cost items, Plaintiff will concede, and withdraws her claims, for the following: (1) mediation charges; (2) postage; (3) telefax charges; (4) long distance calls; (5) computerized legal research; (6) travel expenses; (7) parking expenses; and (8) toll expenses. With regard to the expert witness fees claimed, Plaintiff will agree to withdraw her claim except for the per diem witness fee of $40.00 for Mr. Patella's appearance at trial.

### 2. Copying charges.

With regard to the charges for exemplification and copies for papers necessarily obtained for use in the case, Defendant misstates the law in the Eleventh Circuit. In the recent case of *EEOC v. W & O, Inc.*, 213 F.3d 600 (11th Cir. 2000), the Eleventh Circuit squarely addressed, and squarely rejected, the argument made by Defendant here. In *W & O*, the defendant argued that the successful plaintiff could not recover copying costs for copies of documents that were neither used as court exhibits nor furnished to the court or opposing counsel. *W & O*, 213 F.3d at 623. *In rejecting this position, the court concluded that,* in addition to collecting costs for copies of documents used at trial, the prevailing plaintiff could also recover for copies of documents

"attributable to discovery." *Id.* (quoting *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906, 913 (M.D. Fla. 1989). The court concluded that, "like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have believed that it was necessary to copy the papers at issue." *Id.*

Here, in addition to copying documents used as exhibits at trial, Plaintiff incurred copying charges for (1) discovery obtained from Defendant, (2) original documents provided by Plaintiff, (3) motions and memoranda of law to be served on opposing counsel and the Court, including but not limited to Plaintiff's lengthy and document intensive memorandum of law in opposition to Defendant's motion for summary judgment; and (4) exhibits used at various depositions that were necessary to Plaintiff's case. All of these documents and copies are reflected in Plaintiff's copying charges, which were necessary to Plaintiff's successful pursuit and presentation of her case. Plaintiff's copying charges should, therefore, not be reduced as Defendant urges.

3. **Deposition costs.**

Defendant argues that Plaintiff should not be entitled to any deposition costs because Plaintiff's claims are vague as to what depositions were being referenced in Plaintiff's Bill of Costs. Defendant also argues that Plaintiff should not be entitled to recover the cost of the videotape of Jerry Sutphin's deposition because that deposition was not used in the trial. Neither argument can prevail to deny plaintiff her rightful entitlement under 28 U.S.C. §1920 to deposition transcript costs.

First, as with copying charges, it is not necessary for the depositions to be actually used during or read at trial, for the costs of the depositions to be taxable under §1920. *EEOC v. W & O, Inc.*, 213 F.3d at 621; *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963). All that must be determined is whether the deposition was wholly or partially "necessarily obtained for

---

[1] This information comes directly from the U.S. Marshall's Office in Miami.

CASE NO. 00-6227-CIV-MORENO

use in the case." *W & O*, 213 F.3d at 620-21. Here, *all* of the depositions that were taken and transcribed were necessarily obtained for use in the case. Indeed, every person deposed in the case, with the exception of one – Connie Lundstrom – testified at trial.[2] While Ms. Lundstrom was not a called as a witness at trial, Defendant took her deposition, and it was necessary, therefore, for Plaintiff to secure a copy. Indeed, Ms. Lundstrom's deposition came into play, and thus was necessarily obtained, in connection with Defendant's motion for summary judgment and motion *in limine*. Inasmuch as all the deposition costs claimed by Plaintiff were for depositions necessarily obtained and used in the case, all the costs, with the exception of one item discussed below, should be allowed as taxable costs.

Defendant nonetheless argues that Plaintiff cannot recover any deposition costs because Plaintiff has failed to provide specific back up documentation, and that, based on the information presented in Plaintiff's motion, neither Defendant nor this Court can determine which depositions were necessarily obtained in the case. This argument ignores reality. Again, it is Plaintiff's position – and it is no secret to Defendant – that *all* of the depositions taken were necessarily obtained and used by Plaintiff in the case. Defendant cannot point to a single deposition that was not necessarily obtained by Plaintiff. Accordingly, all of the court reporter and transcript fees and charges identified in the Bill of Costs and Plaintiff's counsel's records (with one exception discussed below) are recoverable costs.

Moreover, with regard to the payments made to Mr. Jankowski, with which Defendant takes particular exception in its memorandum, those payments were merely for reimbursement of Mr. Jankowski for his payment to court reporters for the transcripts of the depositions of Plaintiff, Patricia Pierce and Connie Lundstrom. To clarify this for the Court, attached is the

---

[2] The persons who were deposed and who testified at trial were Plaintiff, Maria Lomaga, Michael Scialdone, Jerry Sutphin (deposition read into evidence), Patricia Pierce, Monique Monteiro, and Ronald Patella. Indeed, the depositions of Mr. Sutphin, Patricia Pierce and Mr. Patella were all taken by Defendant, thus necessitating Plaintiff ordering copies.

7

affidavit of Roderick V. Hannah, Esq. (Exhibit "A"), regarding reimbursement of Mr. Jankowski for the deposition costs paid by him directly to the court reporters.[3] These costs of reimbursement are thus adequately identified and are justifiable as taxable costs pursuant to the terms of §1920.

With regard to the videotaped deposition of Mr. Sutphin, it should be pointed out that it was *Defendant* who noticed and took Mr. Sutphin's deposition by videotape. Although the videotape was ultimately not used at trial, it was instrumental in Plaintiff's preparation of her case. As the Eleventh Circuit squarely held in *W & O*, use of a deposition at trial is not the determinative factor as to whether its cost is taxable. *W & O*, 213 F.3d at 621. Moreover, the Eleventh Circuit has held that the costs of the videotape of a deposition is properly taxable where the deposition was noticed to be videotaped as well as transcribed. *See, e.g., Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996). Here, Plaintiff obtained the videotape of Mr. Sutphin's deposition because Defendant listed Mr. Sutphin as a trial witness,[4] and it was believed that Defendant would present Mr. Sutphin's testimony either live or by way of the videotape. The videotape was thus necessary for Plaintiff and her counsel to fully prepare the case for trial. That Defendant ultimately agreed during trial not to play Mr. Sutphin's videotape or call Mr. Sutphin live should not detract from a finding that the videotape was necessarily obtained by Plaintiff for use in the case. Plaintiff should, therefore, be entitled to recover the cost of the videotape of Mr. Sutphin's deposition pursuant to §1920.

The only transcription cost which Plaintiff concedes she should not recover is that for the fee charged by the court reporter in Volusia County who appeared for the taking of the

---

[3] Those were the depositions of Plaintiff, Pat Pierce and Connie Lundstrom.
[4] The Eleventh Circuit squarely held in *EEOC v. W & O, Inc., supra*, that a deposition transcript is deemed to be necessarily obtained for use in the case if it is the deposition of a person listed on the losing party's trial witness list. *W & O*, 213 F.3d at 621. *Accord, Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985).

deposition of Pam Corliss. Since Ms. Corliss was never actually deposed, Plaintiff will withdraw the $60.53 charge for Volusia Reporting Company incurred on 11/29/00.

Respectfully submitted,

| BECKER & POLIAKOFF, P.A | THE LAW OFFICES OF JOHN F. |
|---|---|
| Counsel for Plaintiff | JANKOWSKI, JR., P.A. |
| 3111 Stirling Road, P.O. Box 9057 | Co-Counsel for Plaintiff |
| Fort Lauderdale, FL 33310-9057 | 2 South University Drive, Ste. 265 |
| 954/985-4145 (BR); 954/985-4176 (fax) | Plantation, FL 33324 |
| | 954/370-1026 (BR); 954/382-4322 |

By: _____  By: _____
Roderick V. Hannah, Esq.            John F. Jankowski, Jr., Esq.
Florida Bar No. 435384              Florida Bar No. 833533

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150, this 6th day of July, 2001.

By: _____
Roderick V. Hannah, Esq.

655138_1.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

### AFFIDAVIT OF RODERICK V. HANNAH REGARDING DEPOSITION COSTS

STATE OF FLORIDA    :
COUNTY OF BROWARD    :

    RODERICK V. HANNAH, ESQ. personally appeared before me this 6th day of July, 2001, and having taken an oath, he stated that the information contained herein is true and correct. He is personally known to me, and that he has personal knowledge of the matters set forth herein, as follows:

    1.    He is counsel for the Plaintiff in the above-styled case, and that he has personal knowledge of the facts set forth herein or incorporated by reference.

    2.    That Exhibit "1" attached hereto are copies of invoices for deposition transcript costs for depositions taken and transcribed in this case. Included within these invoices are two invoices for John Jankowski, Jr., Esq., Plaintiff's co-counsel. These were invoices for the deposition transcripts of Plaintiff, Patricia Pierce and Connie Lundstrom, for which Mr. Jankowski was reimbursed by Becker & Poliakoff, P.A. All of these costs were for depositions necessarily obtained for use in the case.

CASE NO. 00-6227-CIV-MORENO

FURTHER AFFIANT SAYETH NAUGHT.

_____
RODERICK V. HANNAH, ESQ.

SWORN TO AND SUBSCRIBED before me this 6th day of July, 2001, by RODERICK V. HANNAH, ESQ.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
**Printed Name of Notary Public**

My Commission Expires:

> LOUISE M. KITTENDORF
> MY COMMISSION # CC 808093
> EXPIRES: April 30, 2003
> Bonded Thru Notary Public Underwriters

655304_1.DOC

# INVOICE

## spherion

JOHN F. JANKOWSKI, JR., ESQUIRE
2 SOUTH UNIVERSITY DRIVE
SUITE 265
PLANTATION, FL 33324
ATTN.: JOHN F. JANKOWSKI, JR., ESQ.

| Invoice # | Invoice Date |
|---|---|
| 4335007987 | 2/2/2001 |

**REMIT TO:**
P.O. Box 905463
Charlotte, NC 28290-5463

Firm ID:  JANK01      Case Ref:

| Job Number | Job Date | Case Number | Case Name |
|---|---|---|---|
| 4416 | 1/24/2001 | 006227CIVMORE | IATA V COLUMBIA HEALTHCARE |

**RONALD A. PATELLA, C.P.A.**

| | |
|---|---|
| ONE COPY OF THE TRANSCRIPT (64 Pgs. @ 2.75 / PAGE ) | $176.00 |
| EXHIBITS (112 Pgs. @ 0.40 / PAGE ) | $44.80 |
| UPS CHARGES | $9.08 |
| Payments: | $0.00 |
| Adjustments: | $0.00 |
| Write-offs: | $0.00 |
| Discounts: | $0.00 |

**6/28/01 - THIS INVOICE IS PAST DUE - PLEASE REMIT!**

Total Amount Due: $229.88

v. 3.45.14

# ESQUIRE
DEPOSITION SERVICES

**ESQUIRE DEPOSITION SERVICES (G)**
200 E Robinson St Suite 450
Orlando, FL 32801
(407) 426-7676
Tax ID # 33-0781435

| INVOICE NUMBER | DATE |
|---|---|
| 189681 | 11/14/00 |

256456  CASTR01

**To:** BECKER & POLIAKOFF
3111 STIRLING ROAD
FT. LAUDERDALE, FL 33312

ATTN : RODERICK HANNAH, ESQUIRE

YOUR REFERENCE NUMBER: 6227-CIV

CAPTION: IAIA VS. COLUMBIA HEALTHCARE

Due upon receipt.

| | AMOUNT DUE | ENCL. |
|---|---|---|
| SERVICES PROVIDED ON 10/20/00: | | O+1 |
| MICHAEL SCIALDONE     1-  66    66 PGS @ $3.50 | 231.00 | |
| APPEARANCE FEE | 85.00 | |
| 1:30-3:50 | | |
| ASCII, CONDENSED OR WORD INDEX | 10.00 | |
| HANDLING | 8.00 | |
| SHIPPED UPS | 6.00 | |
| THANK YOU | 0.00 | |
| **TOTAL** | **340.00** | |

Thank You!

Esquire Deposition Services is not affiliated with Esquire Reporting, Inc.

↳ Please detach and send with payment

Offices Of Bruce J Benenfeld;9543824322;          Dec-1-00  4:06PM;          Page 2/3

# INVOICE

**spherion**

JOHN F. JANKOWSKI, JR., ESQUIRE
2 SOUTH UNIVERSITY DRIVE
SUITE 265
PLANTATION, FL 33324
ATTN.: JOHN F. JANKOWSKI, JR., ESQ.

| Invoice # | Invoice Date |
|---|---|
| 4335005747 | 7/7/2000 |

**REMIT TO:**
P.O. Box 905463
Charlotte, NC 28290-5463
*Formerly Interim Court Reporting*

| Firm ID: | JANK01 | Case Ref: | | Case Name |
|---|---|---|---|---|
| Job Number | Job Date | Case Number | | |
| 3041 | 6/28/2000 | 006227CIV | | IAIA V COLUMBIA HEALTHCARE |

**JACQUELINE IAIA**

| | |
|---|---|
| ONE COPY OF THE TRANSCRIPT (195 Pgs. @ 2.75 / PAGE ) | $536.25 |
| EXHIBITS (103 Pgs. @ 0.40 / PAGE ) | $41.20 |
| ASCII DISKETTE - UNIT | $25.00 |
| CONDENSED TRANSCRIPT - UNIT | $36.40 |
| UPS CHARGES | $9.29 |
| Payments: | $0.00 |
| Adjustments: | $0.00 |
| Write-offs: | $0.00 |
| Discounts: | $0.00 |

Effective July 7, 2000, Interim Court Reporting became spherion.

*Total Past Due: $963.72*

**PAYMENT IS PAST DUE - PLEASE REMIT PROMPTLY**

Total Amount Due:    $648.14

Knipes-Cohen of Florida
(561) 478-0401
Federal ID: 36-3536544

# INVOICE



| | |
|---|---|
| JOHN F. JANKOWSKI, JR., ESQUIRE<br>2 SOUTH UNIVERSITY DRIVE<br>SUITE 265<br>PLANTATION, FL 33324<br>ATTN.: JOHN F. JANKOWSKI, JR., ESQ. | **Invoice #**    **Invoice Date**<br>4335005976    7/28/2000<br><br>**REMIT TO:**<br>P.O. Box 905463<br>Charlotte, NC 28290-5463<br>*Formerly Interim Court Reporting* |

**Firm ID:** JANK01    **Case Ref:**

| Job Number | Job Date | Case Number | Case Name |
|---|---|---|---|
| 3174 | 7/26/2000 | 006227CIV | IAIA V COLUMBIA HEALTHCARE |

**PATRICIA PIERCE & CONNIE LUNDSTROM**

| | |
|---|---|
| ONE COPY OF THE TRANSCRIPT (110 Pgs. @ 2.75 / PAGE ) | $302.50 |
| EXHIBITS (10 Pgs. @ 0.40 / PAGE ) | $4.00 |
| UPS CHARGES | $9.08 |
| Payments: | $0.00 |
| Adjustments: | $0.00 |
| Write-offs: | $0.00 |
| Discounts: | $0.00 |

**Effective July 7, 2000, Interim Court Reporting became spherion.**

### PAYMENT IS PAST DUE - PLEASE REMIT PROMPTLY

**Total Amount Due:**    $315.58

**Knipes-Cohen of Florida**
(561) 478-0401
Federal ID: 36-3536544

v. 3.45.01

TRUST ACCOUNT
**BECKER & POLIAKOFF, P.A.**
3111 STIRLING ROAD
FORT LAUDERDALE, FLORIDA 33312-6525

63-841/670

059828

PAY TO THE ORDER OF

UNION PLANTERS BANK
OAKLAND PARK OFFICE
OAKLAND PARK, FL 33311

**BECKER & POLIAKOFF, P.A.**

NON-NEGOTIABLE

BECKER & POLIAKOFF, P.A.

059828

VOID AFTER 90 DAYS

TRUST ACCOUNT
**BECKER & POLIAKOFF, P.A.**
3111 STIRLING ROAD
FORT LAUDERDALE, FLORIDA 33312-6525

63-841/670

PAY TO THE ORDER OF

UNION PLANTERS BANK
OAKLAND PARK OFFICE
OAKLAND PARK, FL 33311

**BECKER & POLIAKOFF, P.A.**

NON-NEGOTIABLE

BECKER & POLIAKOFF, P.A.

VOID AFTER 90 DAYS

059829