UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/ DUBÉ

JACQUELINE IAIA,

     Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE
PINES, INC., f/d/b/a PEMBROKE
PINES HOSPITAL,

     Defendant.

_____ /

## AFFIDAVIT OF SUSAN N. EISENBERG

STATE OF FLORIDA     )
                    )
COUNTY OF MIAMI-DADE  )

     BEFORE ME, the undersigned authority duly authorized to administer oaths, personally

appeared **Susan N. Eisenberg**, who being first duly sworn, on oath deposes and says that:

     1.     My name is **Susan N. Eisenberg**. I am an attorney by profession. Since 1986, I have

been licensed to practice in Florida and with this court, including its Trial Bar. I am a shareholder

in the Miami office of Akerman Senterfitt & Eidson, P.A., where I practice primarily in the area of

labor and employment law and litigation.

     2.     During the course of my practice, I have represented clients in more than 75 labor-

related lawsuits, and I have tried in excess of 5 jury trials through verdict with this Court.

Additionally, I participate in the Florida Bar and the ABA sections within the area of my expertise,

and I have published articles in the area of labor and employment law and, specifically, in the area

MI682015;1

of age discrimination. I am also an Arbitrator with The American Arbitration Association and as such have had the responsibility for awarding reasonable fees in employment cases to both claimant and respondent.

3.  I have been engaged in this case by Defendant's counsel to review the Plaintiff's Motion for an award of attorneys' fees in which Plaintiff seeks to recover $168,383.50 as attorney's fees. In this context, I have been asked to render an opinion as to the reasonableness of the fee requested, along with my analysis of a reasonable hourly rate and reasonable hours expended. Before reaching my opinions, I reviewed Plaintiff's Motion dated June 14, 2001, along with the attached Affidavits of counsel and Billing Statements; I have also reviewed the pleadings in their entirety and have met with defense counsel to discuss specific issues in this case.

4.  In my opinion, the requested fee of $168,383.50 is unreasonable and excessive. I reached that opinion by concluding that both the hourly rate of $225 per hour and the proffered number of hours expended is excessive.

## Reasonable Hourly Rate

5.  Both Messrs. Hannah and Jankowski have requested an hourly rate of $225 per hour. Within this community, whether this rate is reasonable depends on the attorney's background and experience in this area of practice, along with rates that attorneys customarily charges and rates which have been previously approved by courts within this judicial district. Indeed, if counsel devotes a substantial part of his practice to this area and has tried a number of employment cases in this court to verdict, a fee of $225 an hour is not unreasonable. Conversely, if this were one of counsel's first jury trials in employment litigation, a reasonable hourly rate should be significantly less. Yet neither the motion, nor the attached Affidavits of Messrs. Hannah or Jankowski, reveal any background on either counsel.

6.    Since the Motion contains no information on either attorney seeking the award of fees, I reviewed the Martindale-Hubbell law directory on Mr. Hannah. Mr. Jankowski has no such listing. I also discussed this matter with defense counsel and reviewed the amount of time spent on each entry and the final product.

7.    Since the rate of $225 per hour for Mr. Hannah is not justified anywhere it is my opinion that a rate of $190 to $225 would be reasonable. However, the rate of $225 an hour for Mr. Jankowski appears excessive. From an on-line review with the Florida Bar, Mr. Jankowski appears to be a general practitioner with no specific expertise in labor and employment litigation. A reasonable rate for Mr. Jankowski's services, in my opinion, is $175 to $200.

8.    Moreover, in my opinion Mr. Jankowski's time at trial should be limited to a rate of $125 per hour. Although he attended the trial in its entirety, he examined no witnesses, conducted no *voir dire*, and made no arguments to the court or to the jury. While the assistance of a second seat is helpful (if not essential) during a jury trial, these services need not be performed by an attorney, certainly by an attorney seeking to bill at a rate of $225 per hour. In my opinion, this time at trial can be billed at a reasonable rate for a senior paralegal or a junior associate, or at $125 per hour.

## Reasonable Hours Expended

9.    From my review of the Billing Statements attached to the Affidavits of counsel, the number of hours expended by both attorneys appear unreasonable and excessive. I reached this conclusion based upon my assessment that a substantial number of hours are duplicative, that a number of time entries are excessive, and that some entries reflect work which simply should not be performed and billed by attorneys.

10.    Plaintiff has apparently engaged two lawyers to represent her in this matter. Such an engagement is not inherently unreasonable provided the work is not redundant or duplicative

MI682015:1                                    3

between counsel and that one counsel is billing at a significantly lesser rate. From my review of the time records, a substantial amount of work was duplicated between Messrs. Hannah and Jankowski. Both attorneys conferenced on virtually every issue, met together with the client and witnesses, and frequently reviewed the same letters or documents. Both attorneys billed for reviewing the same documents, for performing the same or similar research, and for the same joint phone conferences with opposing counsel and others.

11.    From my review of the billing records, I have identified 133.5 hours of time which represent a duplication between each attorney's billing records. I have attached (Exhibit 1) the Billing Summary by Mr. Jankowski in which I have circled those entries which are duplicative or redundant, along with a tape (Exhibit 2) confirming that these entries total 133.5 hours. In my opinion, these hours should be eliminated from the assessment of reasonable hours expended in this case.

12.    From my review of the billing records of both attorneys, it appears that a substantial number of hours are simply excessive in terms of the amount of time expended to perform this specific litigation task. For instance:

- Mr. Jankowski billed 6.6 hours to prepare Plaintiff's initial Request for Production and Interrogatories. In the end, that set of Interrogatories substantially paralleled the Standard Form Interrogatories that appears in the local rules of this court. The Request for Production stated rather typical requests for personnel files, submissions to agencies, and so forth. These discovery requests could have been performed in no more than 1.0 hours of time.

- Messrs. Hannah and Jankowski both spent 87.2 hours researching case law to prepare a response and drafting their response to Defendant's Motion for Summary Judgment, an amount which in my opinion is clearly excessive. This was a two-count complaint; both counts alleged discrimination. The issues raised in this Motion were not overly complex, and while one issue did present a degree of novelty, they cannot justify such a time commitment towards research. This research can, and should, have been done by younger

attorneys at a lower hourly rate. In my assessment, a reasonable number of
hours to commit to this research would be in the range of 20 to 30 hours,
which represents approximately one-third of the hours committed by
Plaintiff's counsel.

- Both Messrs. Jankowski and Hannah billed an inordinate number of hours
  during the course of the four-day jury trial. Mr. Hannah billed 19.6, 20.5,
  20.0 and 13 hours respectively, and Mr. Jankowski billed 18.0, 18.0, 18.0 and
  13.0 respectively. From my assessment, these hours are excessive and hard
  to justify, and I would set 13.0 hour today as the outer limit of time in which
  an attorney can reasonably bill during the course of a jury trial.

13.    Based upon my review of the file, Plaintiff's Motion, and based upon my experience

in handling matters such as this, I would calculate Plaintiff's reasonable attorneys' fees under the

lodestar approach as follows:

| **Hourly Rate** | **Hours Expended** | |
|---|---|---|
| Mr. Hannah $200/per hour | | |
| Mr. Jankowski $190/per hour $125/per hour for trial attendance | | |
| Mr. Hannah | | |
| Original hours | 396.90 | |
| Two-thirds of summary judgment research | - 44.4 | |
| Trial time in excess of 13 hours per day | -21.1 | |
| One-half of 133.5 duplicative hours | -66.7 | |
| Total | 264.7 | |
| x $200 = | | **$52,940.00** |
| Mr. Jankowski | | |
| Original hours | 351.60 | |

MI682015;1                                    5

| | | |
|---|---|---|
| Two-thirds of summary judgment research | -13.6 | |
| Clerical tasks | -3.2 | |
| Excessive billing initial discovery | -5.6 | |
| trial time in excess of 13 hours per day | -13.0 | |
| One-half of duplicative 133.5 hours | -66.7 | |
| Total | 249.5 | |
| 52 hours x $125 (trial time)= | | $ 6,500.00 |
| 197.5 hours x $190 per hour= | | $37,525.00 |
| | **TOTAL** | **$44,025.00** |
| | **TOTAL OF REASONABLE ATTORNEYS' FEES UNDER LODESTAR APPROACH** | **$96,965.00** |

14.     I have been advised by defense counsel that the jury's verdict for Plaintiff of $150,000 represents approximately one-tenth of the amount Plaintiff originally identified as her damages and pre-trial discovery. Although downward adjustments of the lodestar calculation may be appropriate based on the level of success, I have not reviewed this issue for purposes of my opinions in this engagement.

Further Affiant says not.

Dated the 19 day of July , 2001.

(Signature) (SEAL)
Susan N. Eisenberg

      THE FOREGOING INSTRUMENT was sworn to and subscribed before me this 19th day of _____ , 2001 by Susan N. Eisenberg. She is personally known to me.

_____
(Signature)

PAULINE  P.  HINDS
(Printed Name)

(AFFIX NOTARIAL SEAL)      NOTARY PUBLIC, STATE OF_____

PAULINE P. HINDS
MY COMMISSION # CC 949724
EXPIRES: June 26, 2004
Bonded Thru Notary Public Underwriters

_____
(Commission Expiration Date)

_____
(Serial Number, If Any)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

Defendant.

_____/

## AFFIDAVIT OF ATTORNEY'S TIME

STATE OF FLORIDA    :

COUNTY OF BROWARD    :

JOHN F. JANKOWSKI, JR., ESQUIRE, personally appeared before me this 14th day of

June, 2001, and having taken an oath, he stated that the information contained herein is true and

 correct. He is personally known to me or has produced ————————as-identification, and

states as follows:

1.    He is co-counsel for the Plaintiff in the above-styled case, and that he has

personal knowledge of the facts set forth herein and Exhibits attached hereto which are

incorporated herein by reference. Affiant has been a member in good standing of the Bar for the

United States District Court, Southern District of Florida, since 1989.

CASE NO. 00-6227-CIV-MORENO

2.    That Exhibit "A" attached hereto accurately reflects the time and services reasonably and necessarily rendered by this law firm in pursuit of the above-styled matter, and that Plaintiff is indebted to counsel for legal services rendered in this action in the amount stated at the end of **Exhibit "A"**.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN F. JANKOWSKI, JR., ESQ.

SWORN TO AND SUBSCRIBED before me this _44th_ day of _June_, 2001, by JOHN F. JANKOWSKI, JR., ESQ.

NOTARY PUBLIC, STATE OF FLORIDA

**Printed Name of Notary Public**

My Commission Expires:

DONNA LEE AVERY
COMMISSION # CC833822
EXPIRES JUL 13, 2003
BONDED THROUGH
ADVANTAGE NOTARY

JFJ 2IAIA AFFIDAVIT - ATTORNEY'S TIME.wpd

# John F. Jankowski, Jr., Esq., P.A.
**2 South University Drive**
**Suite 265**
**Plantation, FL  33324**
**(954) 370-1026**

June 13, 2001

Jacqueline Iaia
1113 S.W. 17th Street
Boca Raton FL 33486-6707

## STATEMENT

### FOR PROFESSIONAL SERVICES RENDERED IN
### CONNECTION WITH THE REFERENCED MATTER

Invoice #    13600

Litigation suit

Professional Services

|  |  | Hours |
|---|---|---|
| 10/4/99  JJ | Office conference with client; review documentation and investigation records of Florida Commission. | 5.00 |
| 10/5/99  JJ | Letter to EEOC accepting conciliation and requesting mediation. | 0.30 |
| 10/29/99  JFJ | Letter to EEOC, District Director, Frederico Costales. | 0.40 |
| 11/23/99  JJ | Conference with client regarding file and communications with EEOC relative to conciliation. | 0.30 |
| 12/2/99  JJ | Receipt and review correspondence from EEOC; advise client of status. | 0.20 |
| 12/3/99  JJ | Fax to EEOC;  Sonia Alvarez. | 0.20 |
| 12/6/99  JJ | Meeting with client regarding substantive issues and back-up documentation for damages. | 3.00 |
| 12/9/99  JJ | Receipt and review of EEOC correspondence; forward same. | 0.20 |
| 12/11/99  JFJ | Meeting with CPA regarding damage matrix for conciliation. | 1.50 |
| 12/15/99  JJ | Receipt and review correspondence from EEOC; Forward copy to Rod Hannah. | 0.20 |
| 12/16/99  JJ | Review letter, dated December 15, 1999 from Adrienne Stein, Investigator and follow-up telephone conference. | 0.50 |



**Jacqueline Iaia**
**Page 2**

|  |  | Hours |
|---|---|---|
| 12/28/99 JJ | Receipt and review correspondence from EEOC "Notice of Right to Sue"; docket dates; follow-up conferences with Rod Hannah and client. | 0.80 |
| 1/3/00 JJ | Conference with client regarding EEOC and issues surrounding non-conciliation. | 0.50 |
| 1/24/00 JJ | Meeting with client and Rod Hannah; outline allegations for the complaint; research damages under state and federal law. | 4.30 |
| 1/27/00 JJ | Prepare and forward affidavit for verification of complaint; research corporate identity and registered agent information for service of process; revise complaint. | 1.50 |
| 2/7/00 JJ | Facsimile letter to Mark Edwards, Esq. regarding EEOC correspondence and filing of lawsuit together with damages matrix preliminary calculations following telephone conversation. | 0.50 |
| 2/17/00 JFJ | Receipt and review Defendant's Notice of Removal by Defendant, and Notice of Removed Action | 0.20 |
| 2/23/00 JFJ | Conference with defense counsel regarding extension of time and corporate identity; receipt and review of confirming letter; Agreed Motion and proposed order. | 0.50 |
| 2/24/00 JFJ | Receipt and review Notice of Court Practice in Removal Cases. | 0.20 |
| 3/1/00 JFJ | Receipt and review Order Granting Defendant's Motion for 10 day Enlargement; docket dates. | 0.20 |
| 3/2/00 JFJ | Receipt and review Rule 45 Notice of Subpoena for State of Florida, Department of Labor and Subpoena. | 0.20 |
| 3/6/00 JJ | Receipt and review Defendant's letter regarding scheduling Plaintiff's deposition; letter to client regarding same. | 0.40 |
| 3/7/00 JJ | Receipt and review of Defendant's Answer and Affirmative Defenses, Removal status Report, First Request for Production and Motion to Strike Portions of Complaint, research issues raised; letter to client. | 1.50 |
| 3/10/00 JFJ | Receipt and review order Setting Trial and Order of Referral to mediation; docket dates and letter to client. | 0.50 |
| 3/14/00 JJ | Prepare discovery. Prepare first set of interrogatories and outline request for production of documents. | 3.50 |

Jacqueline Iaia
Page 3

|  |  | Hours |
|---|---|---|
| 3/15/00 JJ | Office conference with client and Attorney Hannah regarding deadlines, discovery issues and depositions of potential witnesses, and evidence needed for trial; attempts to contact Attorney del Russo. | 3.80 |
| 3/20/00 JJ | Meeting with client and review boxes of documents, awards, publications, etc. pertaining to Defendant's discovery requests. | 4.50 |
| 3/24/00 JJ | Receipt and review Defendant letter regarding setting client's deposition; contact client to verify available dates. | 0.30 |
| 3/27/00 JFJ | Revise and amend Plaintiff's First Request for Production of Documents. | 2.30 |
| 3/28/00 JJ | Receipt and review letter from Attorney del Russo; finalize Plaintiff's First Set of Interrogatories and First Request for Production of Documents. | 0.80 |
| 3/29/00 JFJ | Receipt and review order Granting Defendant's Motion to Strike. | 0.20 |
| 3/30/00 JJ | Conference with client re: additional documents; organize documents, photographs, and exhibits; note objections to discovery. | 2.50 |
| 3/31/00 JJ | Draft Response to Request for Production of documents letter to Attorney del Russo regarding setting deposition of Plaintiff and mediation. | 1.50 |
| 4/3/00 JJ | Telephone conference with client, office conference with client and Attorney Hannah regarding document production. | 3.50 |
| 4/4/00 JJ | Conference call with attorney Del Russo re: extension request of Defendants for 60 days and corporation identities of Defendant; Follow up conference with Rod Hannah | 0.70 |
| 4/6/00 JJ | Telephone conference regarding scheduling of depositions. | 0.40 |
| JJ | Receipt and review Defendant's First Set of Interrogatories and letter regarding Plaintiff's deposition with Notice; forward same to client with letter. | 0.50 |
| 4/7/00 JJ | Revise Plaintiff's Response to Defendant's First Request to Produce; categorize and bate-stamp documents and exhibits. | 3.20 |
| 4/10/00 JJ | Finalize response to Request to Produce and file same; preparation of letter to opposing counsel | 0.80 |
| 4/11/00 JFJ | Receipt and review letter from Defendant's counsel with proposed Motion for continuance; conference with co-counsel. | 0.50 |

Jacqueline Iaia
Page 4

|  |  |  | Hours |
|---|---|---|---|
| 4/12/00 JFJ | Conference with Attorney del Russo regarding document production and omitted items; receipt of confirming letter. | | 0.40 |
| 4/13/00 JFJ | Letter to opposing counsel with executed Joint Motion and request for deposition dates. | | 0.30 |
| 4/17/00 JFJ | Conference with opposing counsel regarding Joint Motion for Sixty-Day continuance; documents produced and deposition dates. | | 0.50 |
| 4/24/00 JFJ | Letters to opposing counsel regarding discovery and mediation; coordinate copying of documents with IKON. | | 0.80 |
| 5/1/00 JJ | Receipt and review new Trial Order and docket dates; Advise client. | | 0.30 |
| 5/3/00 JFJ | Conference with opposing counsel regarding Defendant's Agreed Motion for Enlargement of Time regarding Discovery; review Motion and proposed Order. | | 0.30 |
| 5/9/00 JJ | Office conference with client re: Interrogatories | | 1.80 |
| 5/18/00 JJ | Receipt and review Defendant's Responses and Objections to Request for production of Documents and Answers to interrogatories. | | 0.70 |
| 5/22/00 JJ | Conference with co-counsel regarding discovery objections. | | 0.40 |
| 6/1/00 JFJ | Draft Plaintiff's Supplemental Response to Request to Produce. | | 0.30 |
| 6/5/00 JFJ | Receipt and review letter with proposed dates for Plaintiff's deposition; advise client. | | 0.20 |
| 6/16/00 JJ | Receipt and review of Notices of Taking Deposition; docket same and conference with co-counsel regarding same. | | 0.40 |
| 6/17/00 JFJ | Receipt and review additional Notices and Subpoenas for taking out-of-town depositions; docket same and memo to co-counsel. | | 0.30 |
| 6/20/00 JJ | Coordinate additional discovery requests. | | 0.80 |
| 6/21/00 JFJ | Telephone conference with Pat Pierce regarding facts of case; Conference with co-counsel regarding same and expert witness interrogatories and additional depositions. | | 1.50 |
| JFJ | Receipt and review documents produced by Defendant under Amended Response to First Request to Produce with letter and Stipulation for Confidentiality regarding Monique Monteiro. | | 3.80 |

Jacqueline Iaia
Page 5



|  |  |  | Hours |
|---|---|---|---|
| 6/22/00 JFJ | | Meet with client in preparation of her deposition; finalize answers to interrogatories; discuss additional witnesses. | 4.00 |
| | JFJ | Receipt and review letter from opposing counsel regarding interrogatories. | 0.20 |
| 6/23/00 JJ | | Meeting with co-counsel in preparation of discovery demand letter under Rule 26.1; Research adverse inference issues. | 3.50 |
| 6/27/00 JFJ | | Office conference with client to prepare for deposition; prepare Notice of Service of Interrogatories. | 2.50 |
| | JFJ | Prepare Joint Motion for Thirty-Day Continuance to Amend Pleadings and Join Additional Parties; forward to defense counsel. | 1.00 |
| 6/28/00 JFJ | | Travel to and attend deposition of client. | 8.00 |
| | JFJ | Letter to Attorney del Russo with additional documents under continuing discovery; revise and file Joint Motion and proposed Order. | 0.80 |
| 6/29/00 JFJ | | Receipt and docket re-notices for out-of-town depositions. | 0.20 |
| 7/7/00 JJ | | Receipt and review Defendant's counsel's response to Rule 26.1 letter. | 0.30 |
| 7/17/00 JFJ | | Receipt and review Defendant's letter regarding Supplemental Responses to Plaintiff's Interrogatories and additional 139 pages of documents under continuing discovery and second letter regarding moving for a continuance. | 0.80 |
| | JFJ | Review and docketing of Court's Revised Scheduling order and Continuance of Pre-trial Deadlines. | 0.30 |
| 7/18/00 JJ | | Office conference with Rod Hannah regarding client deposition and upcoming depositions, Plaintiff request for extension and issues surrounding expert witnesses; review of subpoenaed documents and performance records. | 2.00 |
| 7/20/00 JJ | | Office conference with Ron Patella, CPA regarding representation and appearance as expert witness and discuss substantive issues of the case. | 2.50 |
| 7/22/00 JJ | | Office conference with client regarding critical documents and preparation of questions for Jerry Sutphin's deposition. | 1.50 |
| 7/24/00 JJ | | Conference with client re: supplemental Interrogatories. | 0.40 |
| 7/25/00 JFJ | | Meet with co-counsel regarding Pierce and Lundstrom depositions; Telephone conference with Pat Pierce regarding deposition. | 1.50 |

John F. Jankowski, Jr., Esq., P.A.
2 South University Drive
Suite 265
Plantation, FL 33324

Jacqueline Iaia
Page 6

| | | | Hours |
|---|---|---|---|
| 7/26/00 | JFJ | Travel to and attend depositions of Pat Pierce and Connie Lundstrom. | 4.00 |
| 7/27/00 | JFJ | Office conference with client regarding Answers to Defendant's Second Set of Interrogatories with supporting documents; discuss status of case. | 1.80 |
| 8/5/00 | JFJ | Receipt and review Defendant's Motion For Leave To File Amendment To Answer and Memorandum of Law. | 0.40 |
| 8/9/00 | JFJ | Receipt and review Defendant's Supplemental Responses to Plaintiff's Interrogatories and Supplemental Response to Production Request (Manager's Manual); Defendant's Motion for Leave with Supporting Affidavit from defense counsel, Alexander del Russo, and proposed order. | 2.80 |
| 8/10/00 | JJ | Office conference with Ronald Patella, CPA, regarding expert Witness report. | 2.00 |
| | JJ | Meet with co-counsel regarding expert's opinion; discovery; conference call with opposing counsel regarding continuance. | 1.50 |
| | JFJ | Conference with and letter to Defendant's counsel regarding Plaintiff's expert witness, Ronald Patella, CPA (with C.V.) and witness Ron Hoffman. | 0.50 |
| 8/11/00 | JJ | Prepare Motion for Enlargement of Time. | 0.30 |
| | JFJ | Receipt and review Defendant's letter in response and objection to expert witness. | 0.20 |
| 8/14/00 | JJ | Conference with counsel for the Defendant's office re: FCHR deposition; Office conference with client re: deposition and errata sheet; Motion for extensions of time and continuance, damages, mediation and trial. | 2.20 |
| | JFJ | Receipt and review Mr. Patella's proposed answers to expert interrogatories; follow-up conference. | 0.40 |
| 8/15/00 | JJ | Prepare Supplemental responses and finalize Motion for Continuance and Enlargement of Time, draft expert responses. | 1.50 |
| 8/16/00 | JJ | Conference with Rod Hannah regarding Motion for Continuance; finalize answers to interrogatories. | 1.00 |
| | JJ | Prepare Notice for Pre-Trial conference and Plaintiff's Supplemental Answers to Defendant's First and Second Interrogatories and Request for Production of Documents. | 0.50 |

|  |  |  | Hours |
|---|---|---|---|
| 8/21/00 JJ | Receipt and review Defendant's response, Memo of Law in Opposition of Continuance. | | 0.30 |
| 8/23/00 JJ | Receipt and review Order continuing trial and pre-trial deadlines; docket dates; meet with co-counsel. | | 2.50 |
| 8/24/00 JJ | Receipt and review letter from Attorney del Russo regarding expert deposition; telephone call to expert. | | 0.30 |
| 8/25/00 JFJ | Receipt and docket order Setting Pre-trial Conference. | | 0.20 |
| 8/31/00 JFJ | Receipt and review Defendant's Motion for Reconsideration of order Granting Plaintiff's Motion for continuance and Motion to Transfer Trial to West Palm Beach Division. | | 0.40 |
| 9/1/00 JJ | Revise and finalize Plaintiff's Memo of Law in Response to Defendant's Motion for Reconsideration. | | 1.00 |
| JFJ | Receipt and review Defendant's Motion for Reconsideration; revise and amend Plaintiff's Memo of Law in Opposition. | | 0.70 |
| 9/5/00 JFJ | Receipt and review Defendant's Reply in Support of Motion for Reconsideration. | | 0.20 |
| JFJ | Conference with Mr. Patella regarding questions and comments regarding available documentation. | | 1.00 |
| JFJ | Receipt and review Defendant's Reply Memorandum | | 0.20 |
| 9/9/00 JFJ | Receipt and review Court Order grating transfer and denying reconsideration. | | 0.20 |
| 9/11/00 JJ | Receipt and review Defendant's letter and affidavit of David G. Anderson regarding Defendant owners; check public records regarding same. | | 1.50 |
| 9/20/00 JJ | Receipt and review letter regarding deposition scheduling of Mr. Patella and follow-up. | | 0.30 |
| 9/26/00 JJ | Office conference with Rod Hannah to schedule depositions and prepare additional discovery. | | 1.50 |
| 10/4/00 JJ | Draft second set of Interrogatories and Second Request for Production. | | 1.80 |
| 10/5/00 JJ | Receipt and review correspondence from attorney del Russo and follow up conference with Mr. Hannah. | | 0.30 |

Jacqueline Iaia
Page 8

|  |  | Hours |
|---|---|---|
| 10/6/00  JJ | Finalize discovery; locate Ed Maas, prepare Supplemental Response. | 1.30 |
| 10/16/00  JJ | Office conference with Rod Hannah and prepare for depositions of Defendant's witnesses and corporate representative. | 2.50 |
| 10/17/00  JJ | Prepare for Montiero deposition. | 2.80 |
| JFJ | Receipt and review Defendant's objection to Plaintiff's discovery requests. | 0.30 |
| 10/18/00  JJ | Conference with client regarding deposition , prepare additional exhibits. | 1.50 |
| JJ | Office conference with client and Rod Hannah; take Deposition of Monique Montiero. | 4.00 |
| 10/31/00  JJ | Conference with Attorney Hannah regarding Motion to Compel | 0.40 |
| 11/6/00  JJ | Receipt and review Motion for Summary Judgment; Outline points of response. | 1.50 |
| 11/7/00  JJ | Office conference with client and Rod Hannah regarding Response to Motion for Summary Judgment together with affidavit of  Pam Corliss and open discovery issues. | 3.30 |
| 11/17/00  BZ | Prepared letter to client. | 0.20 |
| 11/27/00  JJ | Research relative to Summary Judgment issues. | 3.00 |
| 11/28/00  JJ | Meet with client and with expert. | 2.50 |
| 11/30/00  JJ | Prepare Response to Summary Judgment and Memorandum of Law. | 5.50 |
| 12/6/00  JJ | Prepare Response to Summary Judgment and Statement of Disputed Facts. | 3.50 |
| 12/8/00  JJ | Further drafting and revisions to Statement of Disputed Facts and memorandum. | 8.50 |
| 1/2/01  JJ | Conference call with Attorney Hannah regarding status of case and pre-trial motions. | 0.30 |
| 1/5/01  JFJ | Receipt and review Defendant's Reply Memorandum regarding Summary Judgment Motion with exhibits. | 1.50 |
| 1/12/01  JFJ | Office conference with Attorney Hannah regarding motion and memo to strike agreement as exhibit to Reply Memo of Law | 2.00 |

John F. Jankowski, Jr., Esq., P.A.
2 South University Drive
Suite 265
Plantation, FL 33324

Jacqueline Iaia
Page 9

|  |  | Hours |
|---|---|---|
| 1/22/01 JJ | Office conference with damage expert and co-counsel in preparation of deposition; address issues relative to Motion(s) in Limine. | 2.00 |
| 1/24/01 JJ | Travel to and attend Deposition of Ronald Patella in Deerfield Beach. | 4.00 |
| 1/29/01 JJ | Outline issues for Motions in Limine and office conference with Rod Hannah | 2.50 |
| 2/2/01 JFJ | Revise and amend Plaintiff's Motion in Limine to strike agreement with Memorandum of Law; receipt and review of Defendant's Motions in Limine. | 3.50 |
| 2/5/01 JFJ | Finalize Motion in Limine following research. | 1.80 |
| 2/13/01 JFJ | Receipt and review Defendant's Responses to Motions in Limine. | 0.50 |
| 2/23/01 JFJ | Revise and amend Memorandum of Law in Opposition to Defendant's Motion in Limine. | 2.50 |
| 2/28/01 JFJ | Conference with Attorney Hannah regarding status and deadlines. | 0.20 |
| 3/14/01 JJ | Draft Witness and Exhibit List | 5.50 |
| 3/26/01 JFJ | Draft renewed Motion for Status Conference following conference with Judge's clerk; revise and amend Pre-trial Stipulation, note objections to Defendant's exhibits. | 3.70 |
| 3/27/01 JJ | Revise and finalize Plaintiff's Witness List and List of Exhibits; conferences with co-counsel and opposing counsel. | 4.80 |
| 3/28/01 JFJ | Conference call regarding pre-trial stipulation and coordination for filing. | 0.50 |
| 4/2/01 JFJ | Prepare trial exhibits, synopsize depositions. | 5.50 |
| 4/4/01 JFJ | Trial preparation, review deposition transcripts and draft questions for trial. | 4.50 |
| 4/5/01 JFJ | Conferences with client, co-counsel and expert witness regarding mediation preparation; organize trial evidence; revise Motion and Memorandum of law to Strike. | 6.30 |
| 4/6/01 JFJ | Meet with client prior to mediation; travel to and attend mediation. | 4.00 |
| JFJ | Prepare for trial; deposition synopsis of transcript and video. | 5.50 |
| 4/7/01 JFJ | Prepare for trial and exhibits for blow-up; travel to Kinko's. | 12.00 |

Jacqueline Iaia
Page 10

| | | Hours |
|---|---|---|
| 4/8/01 JFJ | Prepare for trial and pending motions and jury instructions; meet with client and witnesses regarding trial testimony. | 14.50 |
| 4/9/01 JFJ | Travel to and pick up exhibits and attend trial in Miami; prepare for following day of trial. | 18.00 |
| 4/10/01 JFJ | Travel to and attend trial in Miami; prepare for following day of trial. | 18.00 |
| 4/11/01 JFJ | Attend trial in Miami; prepare for following day, including drop-off of additional blow-up exhibits for closing arguments and Rule 50 Motion. | 18.00 |
| 4/12/01 JFJ | Travel to and pick up trial exhibits, blow-ups and attend trial through jury deliberations. | 13.00 |
| 4/17/01 JFJ | Review of research and conference regarding back pay damages issue. | 2.50 |
| 4/23/01 JFJ | Receipt and review Defendant's Motions for Remittitur and Judgment JNOV; review research on issues; outline response. | 3.50 |
| 4/24/01 JFJ | Revise and amend Plaintiff's Response to Defendant's Motion for Remittitur and for Judgment JNOV. | 3.30 |
| 4/27/01 JFJ | Revise and finalize Memo of Law to support Plaintiff's response. | 2.80 |
| 5/3/01 JFJ | Receipt and review Court Orders and conference with co-counsel regarding ambiguity and further need for clarification; review and revise motion. | 0.80 |
| 5/8/01 JFJ | Receipt and review Defendant's Response to Motion for clarification an/or Reconsideration; conference with Attorney Hannah. | 0.50 |
| 5/10/01 JFJ | Conference with Attorney Hannah and follow-up conference with client regarding available options regarding remittitur. | 0.70 |
| 5/11/01 JFJ | Conference call with client and co-counsel regarding pending Motion for Remittitur. | 0.60 |
| 5/14/01 JFJ | Second conference call with Attorney Hannah and client regarding available options regarding remittitur. | 0.50 |
| 5/16/01 JFJ | Receipt and review Final Judgment and order Denying Motion for Remittitur; advise client. | 0.30 |
| 6/8/01 JFJ | Research issues pertinent to post trial motions for fees, costs and pre-judgment interest; conference with expert witness. | 3.80 |

Jacqueline Iaia
Page 11

|  |  |  | Hours |
|---|---|---|---|
| 6/11/01 | JFJ | Office conference with client and co-counsel for preparation of various affidavits and bill of costs. | 3.00 |
|  | JFJ | Finalize fees and costs statement; prepare affidavit and Bill of Costs. | 2.50 |
| 6/12/01 | JFJ | Preparation of affidavits and finalization of fees and costs. | 2.00 |
| 6/13/01 | JFJ | Finalizations of post trial motions for fees and costs; conference with Ronald Patella, CPA; review of affidavit and exhibits. | 3.50 |

|  |  | Amount |
|---|---|---|
| Total Attorneys' Fees: | 351.60 | $79,084.00 |
| Additional charges: |  |  |
| 1/1/00 Long Distance |  | 0.24 |
| 1/12/00 Photocopies. |  | 0.80 |
| 2/1/00 Long Distance |  | 0.18 |
| 3/3/00 Postage |  | 1.00 |
| Photocopies |  | 0.40 |
| 3/8/00 Photocopies |  | 3.40 |
| Postage |  | 1.00 |
| 3/15/00 Photocopies |  | 6.00 |
| Postage |  | 1.00 |
| 3/30/00 Photocopies |  | 0.40 |
| Postage |  | 1.00 |
| 4/1/00 Long Distance |  | 0.40 |
| 4/7/00 Photocopies |  | 3.00 |
| Postage |  | 1.00 |



JS

...........
```
    4·30  +
    1·50  +
    3·80  +
    0·30  +
    3·50  +
    0·50  +
    0·30  +
    0·40  +
    0·40  +
    0·80  +
    1·50  +
    4·00  +
    3·50  +
    0·30  +
    2·00  +
    2·50  +
    1·50  +
    1·50  +
    1·50  +
    0·40  +
    2·50  +
    0·30  +
    0·40  +
    1·00  +
    0·70  +
    0·20  +
    0·20  +
    0·20  +
    0·30  +
    1·50  +
    2·50  +
    0·40  +
    1·50  +
    7·30  +
    3·00  +
    5·50  +
    3·50  +
    8·90  +
    0·30  +
    2·00  +
    3·50  +
    0·50  +
    2·50  +
    5·50  +
    3·70  +
    4·80  +
    4·00  +
   14·50  +
    2·50  +
    5·50  +
    7·30  +
    2·80  +
    0·80  +
    0·50  +
    0·70  +
    0·50  +
    0·30  +
    3·80  +
    3·90  +
059..........
  103·50  *
```