UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.

_____/

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

    Plaintiff JACQUELINE IAIA, for her Reply Memorandum of Law in support of her

motion for attorney's fees, states as follows:

### I.    Reasonable Hourly Rate

    In its Memorandum in opposition, Defendant argues that the $225 per hour hourly rates

claimed by Plaintiff's counsel are not reasonable.  Attached hereto as Exhibits "A" and "B",

respectively, are the Affidavits of Plaintiff's counsel on the case, Roderick V. Hannah, Esq., and

John F. Jankowski, Jr., Esq.  Also attached hereto as Exhibits "C" and "D", respectively, are the

Affidavit of Sharon L. Blake, Esq. and the Affirmation of William G. Bell, Esq.  The Affidavits

of Messrs. Hannah and Jankowski establish that both of Plaintiff's attorneys are, and at the time

of trial were, experienced trial practitioners in the area of employment discrimination, including

cases brought under the Age Discrimination in Employment Act ("ADEA").  The Affidavits also

establish that the hourly rate of $225 was and is at the low end of the rates Messrs. Hannah and

Jankowksi normally and routinely charge their clients.  The Affidavit of Ms. Blake and the

Affirmation of Mr. Bell establishes that the hourly rate of $225 per hour being claimed by

Plaintiff's counsel here was and is a reasonable rate for their services. Accordingly, Defendant's position in its memorandum that the $225 hourly rate being claimed by Messrs. Hannah and Jankowksi as the "lodestar" rate is unreasonable should be rejected.

## II.    Reasonable Hours Expended

### A.    Duplication of Effort/Entries

Defendant argues in its memorandum in opposition and in its supporting Affidavit of attorney Susan Eisenberg that Plaintiff's counsel are not entitled to recover fees for time entries charged for both counsel to meet with the client to prepare the initial complaint; both counsel to conference with each other to analyze issues, plan discovery and discuss strategy; both counsel to meet with the client to prepare her for deposition; both counsel to review documents; both counsel to consult with witnesses; both counsel to plan deposition strategies; and both counsel to research and analyze summary judgment issues. However, as set forth in the attached Affidavits of Messrs. Hannah and Jankowski, the attached Affidavit of Sharon L. Blake, and the attached Affirmation of William G. Bell, all of this work was not unnecessarily duplicative and overlapping, was reasonably done by two counsel who were required to be intimately familiar with and involved in the issues of the case, and was not excessive.

Courts have repeatedly held that more than one attorney may be compensated for work on a civil rights case. *Dowell v. City of Apopka, Florida*, 698 F.2d 1181 (11th Cir. 1983); *Nitram, Inc. v. Industrial Risk Insurers*, 154 F.R.D. 274 (M.D. Fla. 1994). In cases such as the instant one, where a poor plaintiff is represented on a contingency basis, and brings the case to a solo practitioner who, albeit experienced, has limited financial and legal resources in comparison to the large law firms routinely hired by defending employers, it is not unusual for the solo practitioner to join forces with another experienced attorney, with greater resources, to bring and pursue the litigation. This effort to "level the playing field" is in fact a prudent way to proceed in discrimination cases, where defending law firms often employ the services of more than one

2

CASE NO. 00-6227-CIV-MORENO

lawyer to handle the various aspects of the case.[1] *See*, Affirmation of William G. Bell (Exhibit "D").

Where two experienced lawyers, such as Mr. Hannah and Mr. Jankowksi here, are intimately involved in the litigation, it is not excessive, duplicative, or unnecessarily overlapping for: (1) both counsel to meet with the Plaintiff and combine efforts to prepare pleadings and motions; (2) both counsel to continuously confer regarding splitting of assignments, discussing strategy, and analyzing issues; (3) both counsel to meet with and interview important witnesses in the case; (4) both counsel to meet with and prepare the plaintiff for her deposition testimony (the most critical testimony in the case from plaintiff's standpoint); (5) both counsel to carefully review, analyze and discuss documents and exhibits in the case; and (6) both counsel to fully and thoroughly research summary judgment and other legal issues, and jointly prepare and review the various memoranda of law and related materials. *See,* Affidavits of Hannah, Jankowski and Blake. Indeed, to accept Defendant's argument is to condone having only one counsel fully versed in and prepared to litigate the case, at the expense of thorough, detailed and competent representation by joint counsel.

Moreover, it would make no sense for Messrs. Hannah and Jankowksi, as attorneys representing a poor plaintiff on a contingency basis, to waste time or perform unnecessary work, when they have no assurance that they will ever be paid for that time. Defendant flatly states in its memorandum (at p. 12) that "this was not a complicated case." This is a statement that even Defendant does not believe. In a July 25, 2001 motion for enlargement of time to file its initial brief in its appeal of this case, Defendant and its counsel squarely represented to the 11th Circuit that the issues on appeal "are complex".[2] It is hard to believe that an "uncomplicated case" can involve complex issues; it is easier to believe that this *was* a complicated case, and that

---

[1] Indeed, throughout the case, including through trial, Defendant was represented by at least two lawyers.
[2] A copy of Defendant's motion is attached as Exhibit "E."

3

Defendant merely chooses to cavalierly label it "uncomplicated" to avoid having Plaintiff's counsel recover their justly earned fees.

Furthermore, to plaintiffs, employment cases are not "uncomplicated" or "simple;" they are vitally important and the plaintiffs are entitled to good, thorough representation. Plaintiffs' attorneys are not required to run cases as cheaply as possible; they are required to run them as thoroughly as necessary, the same as they would run a case for an affluent client. *Dowell v. City of Apopka, Florida, supra.* Affluent clients, such as Defendant here, expect their attorneys to consult with one another and to review each other's work, and to charge for time spent doing so. Successful attorneys for poor plaintiffs are entitled to the same consideration when requesting and recovering their fees.

Plaintiff's counsel thus are entitled to recover fees for all their jointly done work. In reviewing Plaintiff counsel's attorney fee records, it was determined, as set forth in the attached Affidavit of Sharon L. Blake (Exhibit "C"), that only 22 hours were unnecessarily duplicative. According to Ms. Blake, Plaintiff's counsel should be entitled to a reasonable fee of $225.00 per hour for 725 hours of necessary work, for a total attorney's fee of $163,125.00. Plaintiff and Plaintiff's counsel firmly believe that they are entitled to this fee.

**B.    Time Spent on Summary Judgment Matters**

Similarly, as set forth in the attached Affidavit of Sharon Blake, Plaintiff's counsel should not have their hours spent defending against Defendant's summary judgment motion decreased. As this Court is fully aware, and as pointed out by Ms. Blake, a defendant's motion for summary judgment is the most effective weapon in a defense counsel's arsenal to get rid of a case. The burden on a plaintiff and her counsel to defeat such a motion is heavy; the plaintiff has to virtually present all of her evidence and legal arguments that she intends to make at trial in paper format.    Because this was a circumstantial evidence case, and because certain

CASE NO. 00-6227-CIV-MORENO

documentary evidence could not be produced by Defendant,[3] the burden to defeat summary judgment, both factually and legally, was a particular heavy one for Plaintiff and her counsel here. Extensive research and a thorough review of supporting evidence had to be conducted by both counsel. Moreover, the final memorandum of law and statement of disputed facts required extensive review and re-writes by both counsel. All of this work required time, which was accurately reflected in each counsel's time records. No time was wasted or unnecessarily duplicative. Indeed, the strategy and work performed proved to be effective because Defendant's motion for summary judgment on the ADEA claim – the central claim in the case – was denied and the case proceeded to trial where Plaintiff ultimately prevailed.

Again, Plaintiff is not entitled to cheap representation; rather, she is entitled to thorough and effective representation. That is what she received from her attorneys. Accordingly, there should be no reduction in Plaintiff's counsel's time for work performed in connection with opposing Defendant's motion for summary judgment

### C.    Time Spent During Trial

Defendant seeks to have this Court reduce the time Plaintiff's counsel spent each day of the four-day jury trial. The time Plaintiff's counsel spent during trial should not be reduced because that time was legitimately spent handling Plaintiff's representation. After each day of trial, Plaintiff's counsel had to research significant issues, including evidentiary issues, that arose during trial, had to prepare witnesses, including Plaintiff's expert, for direct and cross examination, had to prepare cross-examination of Defendant's witnesses (three of whom, including two experts, were not previously deposed), and had to prepare closing arguments. Because the case had been a joint effort by Plaintiff's counsel, and required their joint analysis and input, both counsel incurred similar time. Such time, as reflected in Plaintiff counsel's records, should not be arbitrarily reduced simply because of Defendant's say so.

---

[3] For example, Defendant could not produce Plaintiff's personnel file because it had been destroyed.

Moreover, Plaintiff's counsel incurred at least two hours of travel time each day travelling to and from Miami and Ft. Lauderdale. As discussed in the attached Affidavits, such travel time is not unusual, and is certainly an item that an affluent client would be billed and pay for in a non-contingency case. While Defendant's counsel may have stayed in a hotel in downtown Miami, Plaintiff could not afford this luxury. Moreover, Plaintiff's counsel required access to resources for research of issues and drafting of documents. The travel each day to Mr. Hannah's office for this purpose was, therefore, necessary and justified. *See,* Affidavits of Messrs. Hannah and Jankowski and Ms. Blake.

Accordingly, the time attributed to each trial day was legitimately incurred, and compensation for such time should be awarded in connection with Plaintiff's claim for attorney's fees.

**D.     Percentage Reduction of Fees**

In its opposing memorandum, Defendant argues that this Court should reduce any fee request by 10 percent because of limited success on her claims. Plaintiff, however, was fully successful on proving age discrimination, the sole basis of her lawsuit. Moreover, Plaintiff secured a substantial verdict against Defendant, albeit somewhat reduced, apparently based on Plaintiff's decision to return to school in 1996. That Plaintiff was fully successful on her age discrimination claim and secured a substanital verdict does not warrant any "lack of success" reduction in her counsel's fees. As the Eleventh Circuit stated in *Dowell v. City of Apopka:*

> First, appellants claim that the trial court erroneously awarded fees for work hours expended on claims which were dismissed with prejudice. The theory that fee applications should be dissected into "winning" and "losing" hours with the latter being non-reimbursable contradicts the law of this circuit. . . .

698 F.2d at 1187.

Here, Plaintiff and her counsel achieved the result they set out to achieve – prove age discrimination and recover substantial damages to compensate Plaintiff. Unlike the cases cited

6

CASE NO. 00-6227-CIV-MORENO

by Defendant, Plaintiff did not have any other types of claims – i.e., non-age related – that were dismissed or lost at trial.[4] Accordingly, it would be inappropriate for the Court to reduce the fees being sought by Plaintiff's counsel for any alleged "lack of success."

### III.    Conclusion

For the foregoing reasons, and based on the arguments and materials presented in Plaintiff's original Motion, Plaintiff's Motion should be granted to the full extent of the attorney's fees claimed.

Respectfully submitted,

BECKER & POLIAKOFF, P.A                THE LAW OFFICES OF JOHN F.
Counsel for Plaintiff                              JANKOWSKI, JR., P.A.
3111 Stirling Road, P.O. Box 9057           Co-Counsel for Plaintiff
Fort Lauderdale, FL 33310-9057              2 South University Drive, Ste. 265
954/985-4145 (BR); 954/985-4176 (fax)    Plantation, FL 33324
                                                          954/370-1026 (BR); 954/382-4322 (fax)

By _____        By _____
        Roderick V. Hannah, Esq.                   John F. Jankowski, Jr., Esq.
        Florida Bar No. 435384                       Florida Bar No. 833533

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150, this 27th day of August, 2001.

By: _____
        Roderick V. Hannah, Esq.

---

[4] Plaintiff's state age discrimination claim was dismissed via summary judgment, but purely on statute of limitations grounds. That claim did not entail any fees expended over and above those to prove the ADEA age discrimination claim.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

       Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

       Defendant.

_____/

## AFFIDAVIT OF RODERICK V. HANNAH IN SUPPORT OF MOTION TO TAX ATTORNEY'S FEES

STATE OF FLORIDA    :
COUNTY OF BROWARD  :

    RODERICK V. HANNAH, ESQ. personally appeared before me this 24th day of August, 2001, and having taken an oath, he stated that the information contained herein is true and correct. He is personally known to me, and that he has personal knowledge of the matters set forth herein, as follows:

    1.    I am counsel for the Plaintiff in the above-styled case, and have personal knowledge of the facts set forth herein.

    2.    I am a member in good standing of the Florida Bar since October 1984.

    3.    I have over 16 years of experience litigating and trying cases in the Florida state and federal courts. I have been litigating and trying employment discrimination cases for over 10 years.



EXHIBIT
A

CASE NO. 00-6227-CIV-MORENO

4.    I have tried over 15 jury trials, and over 5 jury trials, as a first chair, involving claims of employment discrimination, including claims brought under the Age Discrimination in Enmployment Act ("ADEA").

5.    For the past 10 years, I have devoted approximately 80 percent (80%) of my litigation practice to employment matters, including claims of discrimination.  In this regard, I have represented, and continue to represent, both plaintiffs and defendants in employment discrimination matters.

6.    In representing plaintiffs in employment discrimination matters, I work on a contingency basis as to my fees, and routinely record my time, for purposes of applying for attorney's fees, at the rate of $225 to $275 per hour, depending on the nature of the case and the issues involved therein.  In representing defendants in employment discrimination matters, I charge at the rate of $225 to $275 per hour for my time.

7.    In the above-styled case, the rate I desiganted to charge to Ms. Iaia's case was, as set forth in her retainer agreement, at the rate of $225 per hour, which is at the low range for my rates for services.

8.    In my experience, attorneys litigating employment cases in the Southern District of Florida charge anywhere form a low of $200 per hour to a high of $350 per hour.

9.    The case on behalf of Ms. Iaia was a difficult one, made even more difficult by the fact that a considerable amount of time had passed since she had filed her discrimination charge until the time the case was tried.  As a result, significant discovery items were no longer available, and witnesses were difficult to locate and contact.  Moreover, because the case involved issues of a reduction in force, proving age discrimination via circumstantial evidence was difficult.

10.    The difficulties and complexities inherent in the case required the service of at least two experienced attorneys.  The case was originally brought to co-counsel John Jankowksi,

2

Jr. Esq., a solo practitioner. I have worked closely and successfully with Mr. Jankowksi on previous cases, including cases under the ADEA. Indeed, Mr. Jankowkski and I have tried cases together, and have found that our joint arrangement has provided our clients, including Ms. Iaia (the Plaintiff here), with efficient, thorough, and successful legal representation. Moreover, because Mr. Jankowksi is a solo practitioner whose resources are limited, at least in comparison to the large, high-end law firms commonly retained by Defendants in employment discrimination cases, it is critical for him, to give the best representation possible to the client, to associate and co-counsel with another lawyer or firm, to provide representation to a client on a joint basis.

11. In conducting joint representations of clients, including the representation of Ms. Iaia here, it is often necessary, in providing thorough and detail-oriented legal representation, for both co-counsel to review documents and exhibits, for both co-counsel to meet with and prepare witnesses, for both co-counsel to research and review research for important memoranda of law (such as those in opposition to motions for summary judgment), and for both co-counsel to consult and conference with each other to discuss strategy, assign duties, and report on developments in the case. All of the entries in this case for which both counsel for Ms. Iaia recorded time were for such necessary activities, and were not duplicative as Defendant contends.

12. The time spent and charged by Mr. Jankwoski and myself for preparation of the response to Defendant's motion for summary judgment was necessary given the legal and evidentiary difficulties with the case. Not only was a detailed and thorough memoranda of law researched and prepared, but both counsel had to sift through numerous documents, had to analyze deposition testimony, and had to discuss matters with the client in order to prepare the crucial statement of disputed facts. This preparation required both counsel's analysis and input. Moreover, when one counsel prepared drafts of the memoranda and statement of facts, the other counsel had to thoroughly review the same to ensure that the final product would be the best

CASE NO. 00-6227-CIV-MORENO

product presented to the Court to enable the client to prevail and proceed to trial. Clearly, this joint effort paid of through the Court's denial of the summary judgment motion on the ADEA claim, and Plaintiff's ultimate success at trial. This could not have happened without the joint efforts of Plaintiff's two counsel. Accordingly, contrary to Defendant's position in its memorandum of law in opposition to Plaintiff Motion for Attorney's Fees, the time spent on the summary judgment opposition papers was not excessive.

13. Finally, the time spent during the four days of jury trial was legitimate time spent on the trial of the case, including researching issues that came up at trial, preparing witnesses, including an expert witness, for testimony at trial, preparing for cross-examination of witnesses to be presented by Defendant, and preparing closing arguments. All of these matters could not be done by one counsel acting alone and in a vacuum, but required the input of both co-counsel for Plaintiff. The time charged also included travel time between Miami and my Ft. Lauderdale office. It is my understanding that Defendant's counsel stayed in Miami at a downtown hotel. Because Ms. Iaia could not incur this expense, and it was in her best interest to have counsel handle day-to-day trial matters from my office with its available resources, the travel time was necessary to the case and was reasonably charged. Indeed, it is a common practice for attorneys in this District, including defense attorneys such as Defendant's counsel here, to charge their clients for travel time to and from locations for such things as trial and depositions. Accordingly, contrary to Defendant's position, the full time spent and chargeable for the four days of trial was reasonable and necessary, and not excessive.

FURTHER AFFIANT SAYETH NAUGHT.

RODERICK V. HANNAH, ESQ.

SWORN TO AND SUBSCRIBED before me this 27th day of August, 2001, by

4

CASE NO. 00-6227-CIV-MORENO

RODERICK V. HANNAH, ESQ.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
**Printed Name of Notary Public**

My Commission Expires:

664253_1.DOC



LILLIAN MATKOVIC
MY COMMISSION # CC 852381
EXPIRES: November 6, 2003
Bonded Thru Notary Public Underwriters

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

       Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

       Defendant.

_____/

## AFFIDAVIT OF JOHN F. JANKOWSKI, JR., ESQ.  IN SUPPORT OF MOTION TO TAX ATTORNEY'S FEES

STATE OF FLORIDA    :
COUNTY OF BROWARD  :

    JOHN F. JANKOWSKI, JR., ESQ. personally appeared before me this 27th day of August,

2001, and having taken an oath, he stated that the information contained herein is true and correct.

He is personally known to me, and that he has personal knowledge of the matters set forth herein, as

follows:

    1.    I am co-counsel for the Plaintiff in the above-styled case, and have personal

knowledge of the facts set forth herein.

    2.    I am a member in good standing of the Florida Bar and Southern District of

Florida since 1989.

    3.    I have over 12 years of experience litigating and trying cases in the Florida state

and federal courts.  I have been litigating and trying employment discrimination cases for over

10 years.

EXHIBIT
B

CASE NO. 00-6227-CIV-MORENO

4.      I have tried over 6 trials, including cases involving claims of employment discrimination, including claims brought under the Age Discrimination in Enmployment Act ("ADEA").

5.      In representing plaintiffs in employment discrimination matters, I work on both hourly and on contingency fee basis in calculating my fees. It is my normal practice to record my time and my rates vary from $225 to $250 per hour that I charge clients, depending on the nature of the case and the issues involved therein. In representing defendants in employment discrimination matters, I charge at the rate of $225 to $250 per hour for my time.

6.      In the above-styled case, the designated rate charged to Ms. Iaia's case was, from the onset, at the rate of $225 per hour as set forth in her retainer agreement, which is at the low range for my rates for services.

7.      In my experience, attorneys litigating employment cases in the Southern District of Florida charge anywhere form a low of $200 per hour to a high of $300 per hour.

8.      The case on behalf of Ms. Iaia was a difficult one, made even more difficult by the fact that a considerable amount of time had passed since she had filed her discrimination charge until the time the case was tried. As a result, significant discovery items were no longer available, and witnesses were difficult to locate and contact. Moreover, because the case involved issues of a reduction in force, proving age discrimination via circumstantial evidence was particularly difficult and time consuming.

9.      The difficulties and complexities inherent in the case required the service of at least two experienced attorneys. The case was originally brought to me by Ms. Iaia following her receipt of the Florida Commission on Human Relations' Determination finding reasonable cause. Due to the fact that I am a solo practitioner with limited resources and since I had worked closely and successfully with Roderick V. Hannah, Esq. of the firm of Becker & Poliakoff, P.A.,

2

CASE NO. 00-6227-CIV-MORENO

on previous cases, including cases under the ADEA, I contacted him about the case, and he was retained as co-counsel.

10.    When Mr. Hannah and I tried cases together in the past, I found that our joint arrangement provided our clients, such as Ms. Iaia (the Plaintiff here), with efficient, thorough, and successful legal representation.    Moreover, because I am a solo practitioner, in order to compete on an even playing field with the large, high-end law firms commonly retained by Defendants in employment discrimination cases, it is critical for me, in order to give the best representation possible to the client, to associate and co-counsel with another lawyer or firm, such as Mr. Hannah and Becker & Poliakoff, to provide representation to a client on a joint basis.

11.    In conducting joint representations of clients, including the representation of Ms. Iaia here, it is often necessary, in providing thorough and detail-oriented legal representation, for both co-counsel to review documents and exhibits, for both co-counsel to meet with and prepare witnesses, for both co-counsel to research and review research for important memoranda of law (such as those in opposition to motions for summary judgment, directed verdict, etc.), and for both co-counsel to consult and conference with each other to discuss strategy, assign duties, and report on developments in the case.    All of the entries in this case for which both counsel for Ms. Iaia recorded time were for such necessary activities, and were not duplicative as Defendant contends.    Often in ADEA cases, a motion for summary judgment is dispositive of the entire case.

12.    The time spent and charged by Mr. Hannah and myself for preparation of the response to Defendant's motion for summary judgment was necessary given the legal and evidentiary difficulties with the case.    Not only was a detailed and thorough memoranda of law researched and prepared, but both counsel had to sift through numerous documents, had to analyze and synopsize deposition testimony, and had to discuss matters with the client in order to prepare the crucial statement of disputed material facts.    This preparation required both counsel's

analysis and input. Moreover, when one counsel prepared drafts of the memoranda and statement of facts, the other counsel had to thoroughly review the same to ensure that the final product would be the best product presented to the Court to enable the client to prevail and proceed to trial. Clearly, this joint effort was justified through the Court's denial of the summary judgment motion on the ADEA claim, and by Plaintiff's ultimate success at trial. This could not have happened without the joint efforts of Plaintiff's two attorneys. Accordingly, contrary to Defendant's position in its memorandum of law in opposition to Plaintiff Motion for Attorney's Fees, the time spent on the summary judgment opposition papers was not excessive.

13.     Finally, the time spent during the four days of jury trial was legitimate time spent on the trial of the case, including researching issues that came up during trial, preparing and revising both direct and cross-examination questions and sequence of trial evidence and exhibits, preparing witnesses, including an expert witness for Ms. Iaia, for testimony at trial, preparing for cross-examination of witnesses to be presented by Defendant including 2 expert witnesses, and preparing closing arguments. All of these matters could not be effectively accomplished by one attorney acting alone and in a vacuum, but required the input and experience of both co-counsel acting in concert for Plaintiff. The time charged also included travel time between Miami and Mr. Hannah's Ft. Lauderdale office and the undersigned's Plantation office. It is my understanding that Defendant's counsel stayed in Miami at a downtown hotel. Because Ms. Iaia could not incur this expense, and it was in her best interest to have counsel handle day-to-day trial matters from Mr. Hannah's office with its available resources including  computerized research, the travel time was necessary to the case and was reasonably charged. Indeed, it is a common practice for attorneys in this District, including defense attorneys such as Defendant's counsel here, to charge their clients for travel time to and from locations for such things as trial and depositions. (See e.g. Alexander Del Russo, Esq.'s Affidavit at Exhibit 2 in Support of Defendant's Motion to Recover Fees and Costs under Docket Entry #59, docketed November 7,

CASE NO. 00-6227-CIV-MORENO

2000.) Accordingly, contrary to Defendant's position, all of the time spent and charged for the

four days of trial was reasonable and necessary for the successful result obtained, and was not

excessive.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN F. JANKOWSKI, JR., ESQ.

SWORN TO AND SUBSCRIBED before me this 27ᵗʰ day of _August_, 2001, by

JOHN F. JANKOWSKI, JR., ESQ.



```
ANDI-SARI GOMBERG
My Comm Exp. 3/6/04
No. CC 916232
[X] Personally Known  [ ] Other I.D.
```

NOTARY PUBLIC, STATE OF FLORIDA

Andi S. Gomberg
**Printed Name of Notary Public**

My Commission Expires:

664269_1.DOC

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

        Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC.,d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

        Defendant.

_____/

## AFFIDAVIT OF REASONABLE ATTORNEY'S FEES

STATE OF FLORIDA:
COUNTY OF BROWARD   :

        SHARON L. BLAKE, ESQ., personally appeared before me this 24th day of August, 2001, and having taken an oath, she stated that the information contained herein is true and correct. She is personally known to me, and that she has personal knowledge of the matters set forth herein, as follows:

        1. I am an attorney at law, and have been actively engaged in the practice of law since 1984. I am licensed to practice law in the State of Florida, and am actively engaged in the practice of law in the State of Florida.

        2. The majority of my practice is labor and employment. I have represented both Plaintiffs and Defendants in such matters. I am thoroughly familiar with all aspects of legal proceedings to pursue claims of discrimination under the federal and state anti-discrimination laws, including claims under the Age Discrimination in Employment Act ("ADEA"). I have prosecuted and tried a number of discrimination cases in the Southern District of Florida, and have been awarded attorney's fees in such cases. I am thoroughly familiar from my legal

EXHIBIT

C

CASE NO. 00-6227-CIV-MORENO

experiences with the attorney's fees customarily charged by and awarded to attorneys for legal services rendered in such actions. The prevailing rate for an action such as the above-styled cause is generally between $200.00 to $300.00 per hour.

3. I have examined the above-captioned files of Becker & Poliakoff, P.A., and The Law Offices of John F. Jankowski, Jr., Esq., P.A., and have determined that those firms and RODERICK V. HANNAH, ESQ., and JOHN F. JANKOWSKI, JR., ESQ., the particular attorneys responsible for the prosecution of this matter, have diligently applied themselves to the attention of matters usual and necessary under the circumstances of this particular case. It is not unusual, indeed it is a prudent practice, in cases of this type for two attorneys to be working jointly on the matter, especially where the attorney originating the matter is, like Mr. Jankowski, a solo practitioner. Although Mr. Jankowski is experienced in litigating and trying discrimination cases, including those under the Age Discrimination in Employment Act ("ADEA"), he, as a solo practitioner, by joining with another attorney or firm, is in a better position to compete with the resources available to a defendant being represented by a large defense firm, such as Carlton Fields. Accordingly, it is not unusual for Mr. Jankowski to associate with a larger firm, with deeper financial resources as well as employment discrimination expertise, to help him prosecute the case. Indeed, I have personally been involved in associating with other attorneys at other firms, and jointly prosecuting discrimination cases. I have tried cases in such joint capacity, and have successfully recovered fee awards where both counsel are fully compensated. Moreover, I have found that Defendants in these cases are generally represented by two, and many times three attorneys, from the same law firm that work together. It is my understanding that the Defendants in this case had three attorneys and at least one paralegal working on this case. In light of these facts, and my knowledge and experience working jointly on cases with co-counsel, it is my opinion that the time expended as shown on Plaintiff's counsels' affidavits was necessary, prudent, and proper.

4. I have discussed this case with Plaintiff's counsel, examined the attorneys' work product, as well as the time spent by the attorneys on behalf of their client as set forth in the Affidavits of Attorney's Time. I have also carefully considered all factors stated in Rule 4-1.5, of the Rules Regulating The Florida Bar, including the time and labor required; the novelty and difficulty of the issues involved; the skill requisite to perform the legal services properly; the fee customarily charged in this Court for similar legal services; the amount incurred and the results obtained to date; the experience, reputation and ability of the lawyers performing the services; the fixed nature of the fee; the relevant time limitations imposed; and the other employment opportunities precluded by the attorneys as a result of accepting this particular employment. In view of those factors, I have formed the opinion that a reasonable fee for the legal services to date is $225.00 per hour, for 725 hours, for a total of $163,125.00. In so doing, I reviewed the time entries (comparing the time entries of Mr. Jankowski and Mr. Hannah side by side), spoke to Mr. Jankowski for further clarification, and ultimately subtracted 22 hours of time entries which may be considered a duplication of attorney's work.

5. In rendering my opinion, I reviewed the Affidavit of Susan N. Eisenberg, Esq., submitted by counsel for Defendant in opposition to Plaintiff's Motion for Attorney's Fees. There are billing entries wherein Mr. Jankowski and Mr. Hannah either met to strategize regarding matters pertaining to the case or where both participated in meetings with the client. However, contrary to Ms. Eisenberg's conclusions, I do not find Mr. Jankowski and Mr. Hannah's work to be unnecessarily duplicative since both counsel must be fully familiar with the case to properly advise the client on all matters, and both counsel must coordinate strategy and decision-making on major issues. I do not consider having both counsel confer regarding the case, having both counsel review documents and exhibits, having both counsel meet with witnesses, and having both counsel coordinate and understand research efforts to be unnecessarily duplicative. The purpose in meeting is so that both counsel can offer input into

CASE NO. 00-6227-CIV-MORENO

crucial matters pertaining to the case such as with regard to the handling of the response to the Defendant's motion for summary judgment and discovery preparation and strategies.

6.  I also do not agree with Ms. Eisenberg's assessment that the time spent researching and preparing the memorandum of law in opposition to Defendant's motion for summary judgment was excessive.  As this Court is fully aware, a defendant's motion for summary judgment is the most critical and effective weapon in the defendant's arsenal to dismiss the case and prevent it from going to trial.  To oppose such a motion and be successful, a plaintiff must in essence argue and present proof of her case.  This is not a simple task, and effective and thorough research is required.  Messrs. Hannah and Jankowski did effectively and thoroughly research the applicable opposition points, and the time reflected on their records for this work and submitted to the Court is not excessive.

7.  I further do not agree with Ms. Eisenberg's assessment that the time billed during the trial was excessive.  I understand that numerous legal issues arose daily during trial that required Messrs. Hannah and Jankowski to conduct research and prepare paperwork to be filed with the Court.  In addition, given their joint efforts in this case, Messrs. Hannah and Jankowski also had to prepare witness direct and cross-examination questions, prepare their witnesses, including expert witnesses, for direct and cross-examination by Defendant's counsel, and prepare closing arguments based on what was learned at trial.  In addition, Messrs. Hannah and Jankowski had to bill for their travel time to and from Ft. Lauderdale, travel time which, I was advised, Defendant's counsel did not have to incur because he was staying in a hotel in downtown Miami. That had Plaintiff's counsel stayed in a hotel there probably would have been little or no cost savings.  Given all of this work and time, the time billed by Messrs. Hannah and Jankowski for each day of trial was not excessive, and was reasonable.

CASE NO. 00-6227-CIV-MORENO

**FURTHER AFFIANT SAYETH NAUGHT,**

_____
SHARON L. BLAKE, ESQ.

SWORN TO AND SUBSCRIBED before me this 24th day of August, 2001, by

SHARON L. BLAKE                    .

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

_____
**Printed Name of Notary Public**

NOTARY PUBLIC
STATE OF FLORIDA
JOHN F. JANKOWSKI, JR.
MY COMMISSION # CC 734415
EXPIRES: 04/16/2002
1-800-3-NOTARY    Fla. Notary Services & Bonding Co.

IN THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
MAGISTRATE JUDGE DUBE

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSIPITAL-PEMBROKE PINES,
INC, d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

## AFFIRMATION OF WILLIAM G. BELL IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

Comes now, William G. Bell, who declares under penalty of perjury that:

1.  In 1957 he joined the law firm of Gambrell, Harlan and Russell.  Of the 22 or 23 attorneys in the firm at that time, one had been President of the ABA, one is a Senior Judge on the Eleventh Circuit, one is a Senior United States District Judge in Atlanta, and one became Chief Justice of the Georgia Supreme Court.  All were trained that no document was to go out of the office unless it had been reviewed by two attorneys, except in the most dire emergency.  The firm represented primarily corporate clients and they were charged for both attorney's work.

2.  Throughout his career as an associate and partner in the Gambrell firm, as senior vice president of Eastern directing attorneys and approving the bills of outside attorneys and as a senior partner in Holland & Knight he has followed the practice



of two attorneys reviewing documents and charging for all their time.

3. Over the years he has attended a number of CLE courses on litigation and read the presentations of other CLE courses when he could not attend. Presenters have often emphasized the importance of using two attorneys when trying cases. It is his experience that having two attorneys present cases is important to the professional type representation all clients, including discrimination plaintiffs, are entitled to receive.

4. He is presently a sole practioner and over the past four to five years has tried a number of discrimination cases in the Southern District as well as trying major bankruptcy and ERISA cases in New York and Boston. It is his practice in litigating cases to associate with another sole practitioner or a law firm. In almost all such cases the opposing party has employed two or more attorneys in preparing the case for trial and in trying the case.

5. In recent years he has worked with Sharon Blade, a lone practitioner, in discrimination cases. In working with Ms. Blake, when she makes the initial review of a document I have drafted, she is doing work I would have to do, if she did not do it. When Ms. Blake reviews and comments on the draft of a document I have prepared, she is doing work that I would have to do. The practice of having two attorneys reviewing documents does not increase the total hours, but it does improve the work product. It is proper to charge large corporate clients for this

2

practice and it is equally proper to charge, when such work is performed for plaintiffs in discrimination cases.

6.  Important witnesses are interviewed and prepared for trial by both Ms. Blake and myself.  At trial both Ms. Blake and myself are present and both Ms. Blake and myself perform research and jointly work on memorandum that become necessary during the course of the trial.

7.  On occasion opposing counsel in cases in the Sosuthern District have objected to Ms. Blake and myself charging for work on the same document or both participating in an deposition and both participating in the trial.  These objections have been ignored by the judge awarding fees.

8.  He was recently consulted regarding fees in a discrimination case tried in Atlanta.  Both sides used multiple attorneys, the senior attorney on the plaintiff's side charged $275 an hour and the senior attorney for the defendant charged $375 an hour.  Such fee rates would not be unusual in Miami for experienced attorneys.

William G. Bell

3



UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL CASE NO. 01-13135 JJ

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

        Appellant/Defendant,

v.

JACQUELINE IAIA,

        Appellee/Plaintiff,

_____/

## APPELLANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

    Appellant, Galen Hospital-Pembroke Pines, Inc., f/d/b/a Pembroke Pines Hospital, by and through undersigned counsel, respectfully requests the Court to grant a 21-day enlargement of time for the serving of its initial brief, and as grounds thereof would state:

    1.    Appellant's initial brief is presently due to be served on or before August 4, 2001.

    2.    This appeal concerns a 4-day trial with an extensive transcript and several post-trial motions. The issues presented by this appeal are complex and require additional time in order to adequately prepare the matter for this Court's determination.

    3.    Further, due to undersigned counsel's schedule, of trial and appellate matters, counsel has been unable to complete the preparation of the initial brief in this case.

    4.    The requested enlargement is not sought to unduly delay the proceedings and will not prejudice any of the parties. In fact, this matter has been recently set for mediation for the end of September, 2001.



EXHIBIT
E

5.    Counsel for appellant has contacted counsel for appellee, who has graciously agreed to the requested enlargement and does not object to the subject motion.

WHEREFORE, Appellant, Galen Hospital-Pembroke Pines, Inc., f/d/b/a Pembroke Pines Hospital, respectfully requests this Court to grant a 21-day enlargement of time for the serving of their brief.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 24TH day of July, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL  33401-6149
Telephone:(561) 659-7070
Facsimile: (561) 659-7368

By: _____
    Alexander D. del Russo
    Florida Bar Number 350273
    Email: adelrusso@carltonfields.com
    Michael J. Compagno
    Florida Bar Number 886084
    Email: mcompagno@carltonfields.com
    Counsel for Appellant/Defendant

WPB#540317.01