UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/ DUBÉ



JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

### DEFENDANT'S SURREPLY MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, files this Surreply in opposition to Plaintiff's Motion for Award of Attorneys' Fees, pursuant to leave granted by this Court's Order dated August 21, 2001.

*This Court Should Refuse to Consider the Untimely*
*Affidavits Submitted with Plaintiff's Reply Memorandum*

Local Rule 7.3 of this Court, entitled "Attorneys Fees and Costs," provides that any motion for attorneys' fees must specify:

> The judgment and the statute, rule or other grounds entitling the moving to the award; must state the amount or provide a fair estimate of the amount sought; shall disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made; **shall be supported with particularity**; shall be verified; and shall be filed and served within 30 days of entry of Final Judgment . . .

WPB#541790.01

(Emphasis added). Although Plaintiff was required to file her supporting documentation within 30 days after Judgment, she failed to do so. In contrast, Galen has raised specific objections and proposed an objective analysis for determining a reasonable fee award. In recognition of this deficiency, Plaintiff's Reply Memorandum now attaches additional Affidavits, including new Affidavits from both Messrs. Hannah and Jankowski, and Affidavits from two outside counsel. This Court should decline to consider these additional submissions since they are "really nothing more than a veiled attempt to supply documentation plaintiff [was] required by local rule to submit . . . within 30 days after entry of Judgment." *Johnson v. Mortham*, 173 F.R.D. 313, 317 (N.D. Fla. 1997).

The *Johnson* court dealt with the same scenario present here, although in the context of taxation of costs rather than fees. Although the decision is not binding precedent on this Court, it was written by Chief Judge Hatchett on behalf of a three-judge panel within the Northern District of Florida. Judge Hatchett concluded that the trial court should rule upon the documentation initially provided within the 30-day period of the local rules. It should not consider additional, supporting documentation submitted thereafter since, to do so, controverts the rule and gives the moving party an additional "bite at the apple." Consequently, "failure to timely submit an affidavit or other documentation . . . is grounds for denying . . . or reducing the amount awarded." *Id.* at 319.

Without waiving this objection to the untimely filed submissions, Galen will address salient matters contained in them.

### *Reasonable Hourly Rate*

Whether an hourly rate is reasonable depends entirely on the attorney's background and experience in that area of practice. And while Plaintiff contends that a reasonable rate would be

anywhere in the range of $200 to $350 per hour, this presumably represents the fee to be charged by the lead counsel. It has never been interpreted as the rate to be charged by a less-experienced second counsel. In *Manning v. School Board of Hillsborough County*, 135 F. Supp.2d 1192 (M.D. Fla. 2001), a civil rights case, the district court awarded Plaintiff's lead counsel $225 per hour and his less-experienced second counsel $170 per hour. This is precisely what the Court should do in our case, as Galen has suggested, by awarding Mr. Jankowski $190 per hour.

Mr. Jankowski's Affidavit indicates that in his 12 years of practice, he has tried a total of six trials. *See* Affidavit of Jankowski ¶ 4. This scarcity of trial experience is consistent with his Florida Bar listing of practice areas as "business law, family law, labor and employment law, real property, probate and trust law." Of those six trials, however, Mr. Jankowski fails to tell us how many he sat as first chair, how many were jury trials, and most importantly, how many were employment cases or even involved ADEA claims. Despite Galen's specific objection to his lack of background and experience in this area of practice, Mr. Jankowski still failed to disclose this information in his second, supplemental Affidavit. It is reasonable to assume that more specific experience was not disclosed because it does not exist.

Additionally, Galen suggests that Mr. Jankowski's trial time be assessed at $125 per hour for his attendance at trial. Of this total of 351.6 total hours, Mr. Jankowski billed 67 hours for trial attendance even though he examined no witnesses, conducted no *voire dire*, and made no arguments to the court or to the jury--a fact conceded by Plaintiff in her Reply Memorandum. Plaintiff attempts to justify the need for Jankowski's trial attendance as "legitimate time spent" on researching, preparing witnesses and arguments. *See* Affidavit of Jankowski ¶ 13; Affidavit

of Hannah ¶ 13.[1] Yet their argument undercuts any claim for a higher rate. It is undisputed that the assistance of a second seat at trial is helpful if not essential. Ms. Eisenberg states this much in her Affidavit. But the assistance of a second seat need not be performed by a second partner billing at the higher rate. Indeed, defense counsel used the assistance of an associate attorney, Henry Wulf, during the trial. As the Court noted in *Barvick v. Cisneros*, 1997 WL 417994 (D.C. Kan. 1997), these services can be performed by a less experienced attorney or even a paralegal. And while Mr. Jankowski's attendance at trial may have been "legitimate time spent" in assisting Plaintiff's presentation of her case, it should not be assessed against Galen at a rate higher than that of a junior associate or paralegal.

### *Reasonable Hours Expended*

At the outset, Plaintiff does not address Galen's objection to 3.2 hours for bate-stamping documents as a clerical task, nor does Plaintiff address Galen's objection to 5.6 excessive hours preparing initial discovery requests. Accordingly, Galen requests this Court apply these reductions to the final fee award.

The principal objection raised to Plaintiff's total hours is in the area of duplicative time billed by Messrs. Hannah and Jankowski. "There is nothing inherently unreasonable about a client having multiple attorneys." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). Indeed, Plaintiff is entitled to be represented by counsel of her choice. If she chooses, she can have two attorneys review pleadings, confer on issues, meet and otherwise prepare her case for trial. But under the controlling precedent of the Supreme Court and this Circuit, she cannot pass those duplicative fees onto Galen. *See ACLU of Georgia v.*

---

[1] For attorneys portrayed as duplicating efforts and billing for duplicative time, one would think they would at least have prepared different Affidavits. A review of the Affidavit of Mr. Hannah (Exhibit A) with that of Mr. Jankowski (Exhibit B) reveals that the same form was copied by both attorneys in their submissions to this Court.

*Barnes*, 168 F.3d 423, 432 (11th Cir. 1999); *Duckworth v. Whisenant*, 97 F.3d 1393, 1398 (11th Cir. 1996). If the Plaintiff has not exercised "billing judgment" in excluding from a fee request hours that are excessive or redundant, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1993), then the burden falls on this Court to do it for her. *Barnes* 168 F.3d at 428.

In the Affidavit of Susan Eisenberg, she identifies 133.5 hours of time representing duplication between Messrs. Hannah and Jankowski. Yet in Plaintiff's Reply Memorandum, their outside counsel identifies only 22 hours of duplicative time. Given this disparity, the burden falls on this Court to review the time entries, cut the amount of hours for which payment is sought, "pruning out those which are excessive, redundant or otherwise unnecessary." *Barnes*, 168 F.3d at 428. Although a tedious process, this requires "a task-by-task examination of the hours billed." *Id*. at 429.

Galen stands by its assertion that this was a relatively straightforward and uncomplicated age discrimination case.[2] Of course, at the time of trial, every case presents itself as complex and demanding. But once removed from the rigors of trial, the fact remains that this case was tried in four days on a single count of age discrimination. It hardly equals the class action plaintiffs in *Norman*, or the 14-plaintiff group in *Barnes*, who were represented by multiple attorneys, or even the plaintiff in *George v. GTE Directories Corp.*, 114 F. Supp.2d 1281 (M.D. Fla. 2000). The *George* plaintiff had asserted claims under Title VII, Section 1981 and the FMLA. After a six-day jury trial, the plaintiff prevailed and sought fees in the amount of $139,932.50. After engaging in the same analysis required of this Court, the *George* court awarded plaintiff

---

[2] The fact that Galen perceives the appeal before the Eleventh Circuit as presenting "complex issues," particularly in the context of evidentiary rulings by the trial court, does not suggest that the issues at trial were equally complex.

$88,314.20 as attorney's fees, which was then reduced by an additional five percent given the plaintiff's level of success.

Plaintiff attempts to justify the need for two attorneys "to compete with the resources available to a defendant being represented by a large defense firm, such as Carlton Fields." *See* Plaintiff's Reply Memorandum, Exhibit C. This argument is misplaced since, until shortly before trial, counsel for Galen worked in the eight-lawyer firm of Levy, Kneen, Mariani, Curtin, Kornfeld & del Russo, P.A.; the undersigned only moved to Carlton Fields in January 2001, three months before trial. Prior to that time, Galen's eight-lawyer defense law firm was dwarfed in comparison to the Becker & Poliakoff firm representing Plaintiff.

With respect to the excessive time entries during trial, Plaintiff's counsel attempts to argue that they were incurred by traveling at least two hours each day to the trial in Miami, unlike the "affluent client" whose counsel could stay in a hotel during the trial. Of course, this argument misses the issue on awarding fees. The issue is not what Plaintiff could afford in terms of hotel accommodations, but rather what is reasonable to assess against the nonprevailing party. According to Plaintiff's Affidavits, each lawyer spent four hours per day traveling to and from trial at a rate of $225 per hour. Plaintiff now seeks to assess $900 per attorney per trial day in travel time, whereas that attorney could have stayed in Miami for $99 per evening, as did defense counsel.

### *Conclusion*

Since Plaintiff's counsel did not exercise "billing judgment" in connection with the invoices for which they now seek to assess against Galen, that burden now falls on this Court. In reviewing that task, this Court should be guided by the Eleventh Circuit's warning that "courts are not authorized to be generous with the money of others, and it is as much the duty of courts

to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes,* 168 F.3d at 428.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 4th day of September, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324; and to Magistrate Judge Robert L. Dubé, 300 N.E. First Avenue, Room 236, Miami, Florida 33132.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273