UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/DUBÉ

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a/ PEMBROKE PINES HOSPITAL

    Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion to Tax Attorney's Fees and Costs and to Award Prejudgment Interest (D.E. #120) pursuant to an Order of Reference entered by the Honorable Federico A. Moreno, United States District Judge (D.E. #123). This Court has reviewed the motion and the file in this cause.

### I. DISCUSSION

On April 9, 2001, this cause went to trial on Plaintiff's claim pursuant to The Age Discrimination in Employment Act, 20 U.S.C. § 621 et seq. ("ADEA"). See D.E. #98 and #126. On April 12, 2001, the jury found that the age of the Plaintiff was a substantial factor that motivated Defendant to discharge her and awarded her $150,000 to compensate her for the loss of wages and benefits through the date of trial. D.E. #104. On May 15, 2001, the Court, in accordance with the verdict rendered by the jury, entered final judgment in favor of Plaintiff in the amount of $150,000. D.E. #118.



Plaintiff seeks an award of attorney's fees and taxable costs as the prevailing party in this cause and also moves for an award of prejudgment interest on her final judgment in the amount of $76, 999.13. In her motion, Plaintiff seeks to recover $168, 383.50 in fees and $18, 239.77 as costs incurred in pursuing this action. Defendant does not dispute that Plaintiff is entitled to an award of reasonable attorney's fees and taxable costs. However, Defendant argues that the hourly rate and proffered number of hours are unreasonable, excessive, and duplicative and that most of the requested costs are not taxable, unsupported and/or excessive. Moreover, Defendant opposes Plaintiff's request for prejudgment interest. These issues are presently before the Court.

### A. Prejudgment Interest

In this Circuit, it is clear that "[t]he purpose of the ADEA, insofar as the individual plaintiff is concerned, is to make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1561 (11th Cir. 1998). One of the means of achieving this interest concerns granting the equitable remedy of prejudgment interest. Id. at 1562-63; see also Loeffler v. Frank, 486 U.S. 549, 558 (1988)(stating "[p]rejudgment interest, of course, is an element of complete compensation" in an employment discrimination case). Specifically, the Eleventh Circuit has acknowledged the availability of a prejudgment interest award to the successful Plaintiff under the ADEA. See Wilson v. S & L Acquisition Co.,L. P., 940 F.2d 1429, 1439 (11th Cir. 1991); Lindsey v. American Cast Iron Pipe Co., 810 F.2d 1094, 1101 (11th Cir. 1987). Moreover, the granting of prejudgment interest is within the discretion of the court. Castle, 837 F.2d at 1563.

In the instant matter, Plaintiff moves the Court to award her prejudgment interest in the amount of $ 76, 999.13  Plaintiff argues that she is "entitled to recover prejudgment interest on her

lost back pay in order to make her 'whole' as a result of Defendant's age discrimination." Plaintiff's Reply (D.E. # 144) at 2. In opposing Plaintiff's request for prejudgment interest, Defendant first argues that Plaintiff failed to adequately mitigate her damages. According to Defendant, after Plaintiff's termination in 1993, Plaintiff spent the next two and a half years with Mary Kay Cosmetics as a sales representative, never earning any income during this time, and then in August 1996, voluntarily removed herself from the work force by returning to school and ultimately changing careers. Further, Defendant asserts that the jury found that Plaintiff failed to take reasonable steps to secure other employment since it awarded Plaintiff $150,000 rather than the requested $ 363, 845. In response, Plaintiff, as supported with the affidavit of her expert at trial Ronald Patella, CPA, contends that Plaintiff's $150, 000 back pay award was for lost back pay and benefits through mid-1996. In other words, the jury awarded $150,00 to Plaintiff because it found that she had mitigated her damages through August 1996, when she returned to school full time. The jury award reflects that the Plaintiff did mitigate her damages.

Additionally, Defendant argues that in denying Plaintiff's request for prejudgment interest, the Court should also consider the weakness of Plaintiff's case. Specifically, Defendant contends that the weakness of Plaintiff's case was recognized when the Court, in denying Defendant's Motion for Judgment as a Matter of Law (D.E. #112), noted that the motion was a "close call." The record indicates that Plaintiff's case was strong enough to go to the jury and for the jury to award $150,00 in back pay damages. Upon review of the record and the motion filed, the Court finds that equitable considerations favor an award of prejudgment interest in this cause.

The Court, after recommending that an award of prejudgment interest is appropriate, must now determine the appropriate method of calculation. Plaintiff contends that the proper means to

3

calculate prejudgment interest in this matter uses the IRS short-term rate for the underpayment of taxes as outlined in 26 U.S.C. §6621(b) via 28 U.S.C. §1961(c)(1), compounded quarterly. Using this formula, Plaintiff's expert Mr. Patella, in his affidavit, calculated the total prejudgment interest due on Plaintiff's judgment to be $76, 999.13. Defendant , citing to McKelvy v. Metal Container Corp., 854 F.2d 448, 453 (11th Cir. 1988) ("*McKelvy I*"), contends that the post judgment interest rate discussed in 28 U.S.C. § 1961(a) should be used to calculate the prejudgment rate rather than then rate advanced by Plaintiff. However, Defendant's argument is misplaced as McKelvy v. Metal Container Corp., 125 F.R.D. 179, 181-182 (M.D. Fla. 1989), on remand from *McKelvy I,* and Lambert v. L. Luria & Sons Inc., No. 88-605-CIV-T-15A, 1990 WL 155540, at *1 ( M.D. Fla. April 16, 1990) adopt the methodology employed by Plaintiff. Moreover, while Defendant objects to the rate used by Plaintiff, it does not object to Plaintiff's actual mathematical calculations using the IRS short-term underpayment rate nor provides a specific alternative amount. Accordingly, it is recommended that Plaintiff be awarded **$76, 999.13** as prejudgment interest.

### B. Reasonableness of Fees

To calculate a reasonable fee, the Court must utilize the "lodestar" method, which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended . See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994), quoting, Norman, 836 F.2d at 1299. The burden is on the party seeking fees to show satisfactory evidence of the reasonableness of the rate. This evidence must be more than an affidavit by the performing attorney. Id.

Furthermore, a court is an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781, quoting, Norman, 836 F.2d at 1303.

In the present case, Defendant objects to the $225 hourly rate sought by Plaintiff's counsel Roderick Hannah, Esq. of Becker & Poliakoff, P.A. and John Jankowski, Jr., Esq. of the Law Offices of John F. Jankowski, Jr., P.A.. Defendant argues that a $200 hourly rate applied to Mr. Hannah and a $190 hourly rate applied to Mr. Jankowski would be reasonable. Moreover, Defendant argues that Mr. Jankowski's time at trial should be reduced to $125 per hour since Mr. Jankowski attended trial but did not otherwise participate. In response, Plaintiff argues that Mr. Jankowski conferred with counsel, researched issues, prepared witness and arguments. In the instant matter, a review of the record, including the affidavits submitted, the nature of the case and the work performed, and the Court's knowledge and experience, leads to a determination that the proper rate to be applied to the work performed by Mr. Hannah, Esq. is **$200** per hour and Mr. Jankowski, Esq. is **$190** per hour. Moreover, this Court finds that the **$190** hourly rate is reasonable for the preparation and presence of Mr. Jankowski at trial.

After the hourly rate is determined, the next step in making a fee award is to determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999), quoting, Norman, 836 F.2d at 1301(emphasis in original). If the party moving for the fees fail to exercise the billing judgment required, the Court is obligated to do so, by cutting the

5

amount of hours by "pruning out those that are excessive, redundant or otherwise unnecessary." ACLU of Georgia, 168 F.3d at 428.

The burden is on the fee applicant to document the appropriate hours. Norman, 836 F.2d at 1303. A reduction for redundant hours based on more than one attorney representing a client, is "warranted only if the attorneys are unreasonably doing the same work." Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Recovery for the hours spent by multiple attorneys is proper if the applicant can show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." ACLU of Georgia, 168 F.3d at 432.

According to the billing records attached to Plaintiff's Motion, Plaintiff's counsel seeks compensation for the following hours: (1) 396.90 hours for Mr. Hannah; and (2) 351.60 hours for Mr. Jankowski. See Exhibits C and D to Plaintiff's Motion (D.E. #120). In addressing the reasonableness of these requested hours, Defendant contends that numerous hours billed by Plaintiff's counsel are duplicative, excessive and/or otherwise unnecessary and should be reduced. These objections will be addressed in following paragraphs.

*(1) Duplication of Billing*

Plaintiff requests fees for work performed by Mr. Hannah and Mr. Jankowski which are claimed by the Defendant to be duplicative or redundant. Here, Defendant argues that "[w]hile Plaintiff is entitled to have her attorney initiate and defend all pretrial matters, she is not entitled to be compensated for a second attorney duplicating these efforts." Defendant's Opposition (D.E. #139) at 5. Defendant specifically identifies 133.5 hours of time which it asserts represents duplication between Mr. Hannah's and Mr. Jankowski's billing records. See Id. at 5-6; Affidavit

of Susan N. Eisenberg, Esq.( D.E. #137) and Attached Exhibits thereto. In her reply, Plaintiff concedes that 22 hours were unnecessarily duplicative. See Plaintiff's Reply (D.E. #144) at 4. However, Plaintiff does not demonstrate why the specific entries identified by Defendant's expert Susan N. Eisenberg, Esq.("Ms. Eisenberg") are not duplicative or redundant. Plaintiff relies on conclusory statements and fails to show the distinct contribution provided by each counsel. Moreover, the attached billing records attest to duplication. This Court finds that the reduction requested by Defendant is warranted. Accordingly, it is the recommendation of this Court that Mr. Hannah's and Mr. Jankowski's hours should each be reduced by **66.7** hours. See Duckworth v. Whisenant, 97 F.3d 1393, 1398 (11th Cir. 1996).

*(2) Clerical Tasks*

Defendant contends that hours sought by Mr. Jankowski for categorizing and bate-stamping documents is not recoverable since these tasks are clerical in nature. Compensation may not be awarded to attorneys, paralegals, legal assistants, law clerks for performing clerical services and such since these items constitute overhead and are incorporated into the attorney's billing rates. See Sirgany Int'l of Orlando, Inc., v. Greater Orlando Aviation Auth., No. 82-501-CIV-ORL-19, 1988 WL 493668 at *5 and *7 n.5 (M. D. Fla. July 5, 1988). Furthermore, no response has been made by the Plaintiff to the objection of these hours. Accordingly, Mr. Jankowski's hours should be reduced by **3.2** hours.

*(3) Excessive Time Entries*

Defendant contends that certain entries made by Plaintiff's counsel are excessive for the work performed. First, Defendant argues that the hours billed by Mr. Jankowski for preparation of Plaintiff's Initial Request for Production and Interrogatories is excessive. According to Defendant's

expert, Ms. Eisenberg, the discovery requests essentially paralleled the Standard Form Interrogatories and the Request for Production stated typical requests; thus, these documents should have not taken more than one (1) hour to prepare, as opposed to the 6.6 hours sought by Plaintiff. Plaintiff does not address Defendant's objection to the hours spent preparing these discovery requests. Accordingly, Mr. Jankowski's hours should be reduced by **5.6** hours.

Next, Defendant objects to the hours that both attorneys spent researching and drafting their response to Defendant's Motion for Summary Judgment. According to the affidavit of Ms. Eisenberg, the 87.2 hours that Plaintiff's counsel billed for researching case law to prepare a response and drafting their response to Defendant's Motion for Summary Judgment is clearly excessive in light of the fact that the issues in the two count complaint were not overly complex and should have taken 20 -30 hours. Plaintiff responds that no time was wasted or unnecessary duplicative in conjunction with its response to Defendant's Motion for Summary Judgment. Plaintiff argues that her burden to defeat summary judgment was particularly heavy in this case and that extensive research, review, and re-writes were required by both counsel. After reviewing the fee request, the affidavits and file in this cause, including the applicable summary judgment motions and memoranda, this Court finds that the hours requested, even after the reduction based on duplicative billing, is excessive. As such, it is recommendation of this court that the time claimed by Mr. Hannah in connection with Defendant's Motion for Summary Judgment should be reduced by **27** hours and that the time sought by Mr. Jankowski should be reduced by **5** hours.

Defendant further asserts that counsels' time entries during trial are excessive. The attached records to Plaintiff's motion indicate that during the four day trial, Mr. Hannah billed 19.6, 20.5, 20.0, and 13.0 hours respectively, while Mr. Jankowski billed 18.0, 18.0, 18.0, and 13.0 hours

8

respectively. See Exhibits C and D to Plaintiff's Motion (D.E. #120). Defendant argues that the trial time in this matter should be limited to 13 hours a day. Plaintiff responds that the time attributed to each trial day was legitimately incurred. The Court finds that the time sought for each trial day is excessive. Accordingly, the amount of hours for trial time requested by Mr. Hannah should be reduced by **21.1** hours and that the time sought by Mr. Jankowski should be reduced by **15** hours.

Based on the foregoing, the Court's analysis of the reasonable hourly rate and the reasonable number of hours expended yields the following recommended results: (1) For Mr. Hannah, the reasonable hourly rate of **$200** multiplied by **282.1** hours yields a recommended sum of **$56, 420.00**; and (2) For Mr. Jankowski, a reasonably hourly rate of **$190** multiplied by **256.1** hours results in a recommend sum of $ **48,659. 00**. Together, these figures result in a recommended lodestar of **$ 105,079**.

*(4) Reduction to Lodestar Amount*

After determining the lodestar amount as in the above paragraph, the Court is entitled to adjust the amount of final fees awarded in light of the results obtained through the litigation. Hensley v. Eckerhart, 461 U.S. 424, 434(1983); Norman, 836 F.2d at 1302. A court may adjust the lodestar depending on the success or lack of success of a plaintiff's claims. See Hensley, 461 U.S. at 436-37. In making a determination, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." Id.

In this case, the Defendant requests a downward adjustment to the lodestar. Defendant asserts that this Court should reduce any fee request by ten (10) percent since the jury awarded Plaintiff $150,000, which was approximately one-tenth of the amount initially sought. In response,

9

Plaintiff argues that a reduction is not warranted since she was successful on proving age discrimination, which was the sole basis of her lawsuit and that a substantial amount of damages, $150,000, was recovered. In the instant matter, the Court finds that, overall, Plaintiff's success was not limited and declines to exercise its discretion to reduce the lodestar amount. Accordingly, Defendant's request for a ten (10) percent reduction of fees should be **DENIED**.

## B. Taxable Costs

As the prevailing party, Plaintiff is entitled to recover costs from Defendant. Fed.R. Civ.P. 54(d)(1)(stating "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs"); see also 29 U.S.C. § 626 (b)(incorporated by reference under 29 U.S.C. § 216(b)). The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). Specific costs which may be awarded are set forth in 28 U.S.C. §1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In her Motion for Fees, Plaintiff requests $18,239.77 in costs for this action. As delineated in her Bill of Costs, Plaintiff seeks reimbursement for a variety of costs including, but not limited to, printing, witness fees, copying charges, private service of process fees, deposition costs, mediation charges, postage, telefax charges, long distance calls, computerized research, travel expenses, parking expenses and tolls. See Plaintiff's Motion (D.E. #120) at Exhibit E. In support of these costs, Plaintiff provides only limited documentation. Although Defendant, as previously noted, does not object to Plaintiff's entitlement to costs, Defendant does raise several objections to the cost reimbursements requested. Defendant argues that Plaintiff has engaged in excessive billing, failed to attach the required itemization and documentation, and has requested many costs which "are simply not recoverable." Defendant's Opposition (D.E. #132) at 2. Upon consideration of the supporting documents and pleadings in conjunction with the applicable standards, the Court advises that the following costs be awarded:

1. **$200** for fees for the clerk as no objections were filed as to this item;

2. **$315** for fees for service of summons and subpoenas. Reasonable service of process fees that do not exceed the statutory limits set forth in 28 U.S.C. § 1921 are taxable pursuant to 28 U.S.C. § 1920(1). See U.S.E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000). In accordance with §§ 1920(1) and 1921 and 28 C.F.R. § 0.114, the minimum fee for process served or executed personally is $45.00 per hour for each item served by each person plus travel costs and other expenses. In the instant matter, Plaintiff has not offered supporting documentation evidencing the time involved, specific travel costs and/or other expenses, if any. Defendant does not object to the awarding of a standard service fee. As such, Plaintiff may recover $45.00 for each of the seven (7) services reflected in Exhibit C of Plaintiff's motion;

11

3. **$405.45** for fees and disbursement for printing as no objections were filed as to this item;

4. **$135** for witnesses as no objections were filed as to this item;

5. **$200** for fees for exemplification and copies of papers necessarily obtained for use in the case. Plaintiff does not provide the Court with adequate documentation explaining the photocopy charges or showing the amount per copy. Defendant suggests that this cost be taxed against it at $200. The Court finds this amount to be reasonable in this matter.

6. **$1,909.53** for deposition/videographer fees. Plaintiff failed to submit sufficient documentation to reflect the $4,003.29 sought as depositions costs. However, the provided documents and record permit recovery in the amounts of $229.88, $340, $648.14, $315.58, $99.28, and $276.65 for such costs;

and 7. **$40** for expert witness fees paid to Ronald Patella, C.P.A. Plaintiff originally sought $7,375 in fees for this expert witness; however, Plaintiff agreed to withdraw her claim except for the per diem witness fee of $40 for Mr. Patella's appearance at trial. See Plaintiff's Reply (D.E. #136) at 5.[1]

Accordingly, it is the recommendation of this Court that Plaintiff be awarded costs in the sum of **$3,204.98.**

---

[1] Furthermore, Plaintiff, in response to Defendant's objections to specific cost items also withdrew her claims for mediation charges, postage, telefax charges, long distance calls, computerized research, travel expenses, parking expenses and tolls. See Plaintiff's Reply (D.E. #136) at 5.

## II. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is hereby recommended that Planitiff's Verified Motion to Tax Attorney's Fees and Costs and to Award Prejudgment Interest (D.E. #120) be **GRANTED IN PART** so that Plaintiff be awarded the sums of **$76, 999.13** as prejudgment interest, **$ 105,079** as fees, and **$3, 204.98** as costs.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this 21st day of September, 2001.

ROBERT L. DUBE
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Federico A. Moreno
    Attached Service List

SERVICE LIST

CASE NO. 00-6227-CIV-MORENO/DUBÉ

**<u>Jacqueline Iaia V. Galen Hospital-Pembroke Pines, Inc.,
F/d/b/a/ Pembroke Pines Hospital</u>**

Roderick V. Hannah, Esq.
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq.
John F. Jankowski, Jr., P.A.
2 South University Drive
Suite 265
Plantation, Florida 33324

Alexander D. del Russo, Esq.
Carlton Fields, P.A.
P.O. Box 150
West Palm Beach, Florida 33402-0150