UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/ DUBÉ

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

## MOTION TO APPROVE SUPERSEDEAS BOND AND FOR STAY PENDING APPEAL

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, pursuant to Rule 62(d) requests that this Court approve the form of the Supersedeas Bond attached hereto, and thereafter stay the Judgment pending appeal. The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

### *Memorandum of Law*

On April 12, 2001, the jury returned its verdict for the Plaintiff and awarded her $150,000. On May 15, 2001, this Court entered its Final Judgment in the amount of $150,000. A copy of this Judgment is attached to this Motion as Exhibit A.

The Judgment below has been appealed to the United States Court of Appeals for the Eleventh Circuit, and Defendant's Initial Brief was filed with that Court on August 27, 2001. Defendant now wishes to stay any enforcement of the Judgment pending appeal. To that end, Defendant has attached hereto, as Exhibit B, its Supersedeas Bond in the principal amount of

WPB#542552.01



$150,000. Defendant requests that this Court approve the attached Supersedeas Bond, and thereby stay the Judgment pending appeal as a matter of course.

The amount of the attached bond equals the amount of the Judgment rendered by this Court. Normally, the amount of a Supersedeas Bond is sufficient if it matches the full amount of the Judgment. *See Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996); *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1155 (2nd Cir. 1986*), rev'd. on other grounds*, 481 U.S. 1 (1987). Although courts have discretion to require a *lesser* bond amount, or even to waive the bond requirement if the appellant provides that there are other means for securing the Judgment, Defendant has not requested any such reduction. Instead, Defendant offers to post the attached Supersedeas Bond in the full amount of the Judgment rendered by this Court.

Accordingly, Defendant requests that this Court approve the attached Supersedeas Bond, and enter a stay pending the appeal of this matter.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 26 day of September, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

        CARLTON FIELDS, P.A.
        P.O. Box 150
        West Palm Beach, FL 33402-0150
        Telephone:(561) 659-7070
        Facsimile: (561) 659-7368
        Email: adelrusso@carltonfields.com
        Attorneys for Defendant

        By: _____
        Alexander D. del Russo
        Florida Bar Number 350273

# EXHIBIT A

**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 00-6227-CIV-MORENO

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL -PEMBROKE PINES, INC.
f/d/b/a PEMBROKE PINES HOSPITAL,

    Defendant.
_____/



FILED by ___ D.C.
MAY 15 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

## FINAL JUDGMENT

Pursuant to Fed. R. Civ. P. 54 and 58, and in accordance with the verdict rendered by the jury on **April 12, 2001**, judgment is entered in favor of the Plaintiff JACQUELINE IAIA and against Defendant GALEN HOSPITAL-PEMBROKE PINES, INC. f/d/b/a PEMBROKE PINES HOSPITAL on Count No. 1 in the amount of $150,000.00. Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961. For which sum let execution issue. Accordingly it is

ADJUDGED that all pending motions are DENIED as moot.

DONE AND ORDERED in Open Court at Miami, Florida, this 15 day of May, 2001.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/DUBE

JACQUELINE IAIA,

    Plaintiff,

vs.                                                    CIVIL SUPERSEDEAS BOND

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES                Bond Number 929219423
HOSPITAL,

    Defendant.
_____/

    We, GALEN HOSPITAL-PEMBROKE PINES, INC., as Principal, and American Casualty Company of Reading, Pennsylvania as Surety, are held and firmly bound unto JACQUELINE IAIA, in the principal sum of $150,000.00, for the payment of which we bind ourselves, our heirs, personal representatives, successors, and assigns, jointly and severally.

    The condition of this obligation is: the above-named Principal has entered an appeal to the United States Court of Appeals for the Eleventh Circuit, to review the Final Judgment entered by this Court dated May 15, 2001.

    NOW, THEREFORE, if the Principal shall satisfy any money judgment contained in the judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation shall be null and void; otherwise to remain in full force and effect.

Signed on September 25, 2001, at
Nashville, Tennessee (place)

GALEN HOSPITAL-PEMBROKE PINES, INC.

By: _____
    Its Vice Pres.

Signed on September 24, 2001, at
Nashville, TN (place)

American Casualty Company of Reading,
Surety Pennsylvania
BY: _____
Irma Estes, Attorney In Fact

WPB/S42586.01

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

Know All Men By These Presents, That CONTINENTAL CASUALTY COMPANY, an Illinois corporation, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a Connecticut corporation, AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation (herein collectively called "the CCC Surety Companies"), are duly organized and existing corporations having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the signature and seals herein affixed hereby make, constitute and appoint

Martha Fish, Alan J. Wormer, David E. Armstrong, Bettye J. Brown, W. Robert Medling Jr., Michael B. Mattox, Irma Estes, Individually

of Nashville, Tennessee

their true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf bonds, undertakings and other obligatory instruments of similar nature

- In Unlimited Amounts -

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their corporations and all the acts of said Attorney, pursuant to the authority hereby given are hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Laws and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Boards of Directors of the corporations.

In Witness Whereof, the CCC Surety Companies have caused these presents to be signed by their Group Vice President and their corporate seals to be hereto affixed on this ___20th___ day of _____August_____, __1999__.

CONTINENTAL CASUALTY COMPANY
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

Marvin J. Cashion    Group Vice President

State of Illinois, County of Cook, ss:
On this ___20th___ day of _____August_____, __1999__, before me personally came Marvin J. Cashion, to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Chicago, State of Illinois; that he is a Group Vice President of CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA described in and which executed the above instrument; that he knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said corporations and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporations.

"OFFICIAL SEAL"
DIANE FAULKNER
Notary Public, State of Illinois
My Commission Expires 9/17/01

My Commission Expires September 17, 2001    Diane Faulkner    Notary Public

### CERTIFICATE

I, Mary A. Ribikawskis, Assistant Secretary of CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of each corporation printed on the reverse hereof are still in force. In testimony whereof I have hereunto subscribed my name and affixed the seals of the said corporations this __24th__ day of __September, 2001__

CONTINENTAL CASUALTY COMPANY
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

Mary A. Ribikawskis    Assistant Secretary

(Rev.10/1/97)