UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/ DUBÉ

JACQUELINE IAIA,

       Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

       Defendant.

_____/

## DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AWARDING PREJUDGMENT INTEREST

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Rule 4(b) of the Local Magistrate Judge Rules, objects to that portion of Magistrate Judge Dubé's Report and Recommendation dated September 21, 2001, (D.E. #146) awarding prejudgment interest in the amount of $76,999.13. The grounds for this objection are fully set forth in the accompanying Memorandum of Law.

### Memorandum of Law

This was an action for age discrimination brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. Plaintiff's employment was terminated at the end of 1993 as part of a reduction-in-force. She alleged that this termination was motivated by her age, and she sought recovery of back wages and benefits from 1994 until trial. At the conclusion of trial, the jury returned its verdict for Plaintiff in the amount of $150,000. On

WPB#543036.01

May 15, 2001, in accordance with the jury verdict, this Court entered its Final Judgment in favor of Plaintiff in the amount of $150,000 (D.E. #118).  On June 14, 2001, Plaintiff filed her Motion to tax attorneys' fees and costs, and for an award of prejudgment interest.  Defendant does not object to the Magistrate Judge's findings and recommendations concerning the awards of attorneys' fees or taxable costs.  This objection is limited solely to the recommendation to award prejudgment interest in the full amount of $76,999.13.

In her initial Motion (D.E. #120), Plaintiff sought an award of $76,999.13 as prejudgment interest on the jury's $150,000 back pay award.  This was calculated from the date of her termination (effective January 1, 1994) through the date of Judgment (May 15, 2001)--a period of seven and one-half years.

Defendant challenged Plaintiff's entitlement to prejudgment interest on a number of grounds.  Prejudgment interest is not recoverable as a matter of right.  *Green v. Safeway Stores, Inc.*, 210 F.3d 1237, 1246 (10th Cir. 2000).  Instead, prejudgment interest on a back pay award is considered equitable in nature and is discretionary with the trial court.  *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1563 (11th Cir. 1988).  In deciding whether to exercise its discretion and award prejudgment interest, "one of the factors to be considered by this court is the mitigation of damages."  *Wilson v. S & L Acquisition Co.*, 940 F.2d 1429, 1435 (11th Cir. 1991).  Clearly, the Eleventh Circuit has recognized that the claimant's mitigation of damages is a factor to be considered in deciding whether to award prejudgment interest upon an ADEA back pay award.  Prejudgment interest should be awarded only in cases where such an award is "fair, equitable and necessary to compensate the wronged party fully."  *Mendez v. Teachers Insurance and Annuity Ass'n,* 982 F.2d 783, 790 (2d Cir. 1992).  Because Plaintiff failed to mitigate her

damages after returning to school full time, this is clearly an instance where an award of prejudgment interest for the **full seven and one-half years** would be unjust.

As the Court will recall, the evidence at trial established that Plaintiff had failed to take sufficient steps to mitigate her damages. Her employment terminated during the reduction-in-force at the end of 1993. Despite her substantial background as a Director of Marketing and Public Relations, Plaintiff spent the next two and one-half years as a Mary Kay Cosmetics representative, earning a negative income during this period. According to her own testimony, and the Income Tax Returns placed into evidence, her earned income during this period was as follows:

- 1994    $   102.00[*]
- 1995    -$10,506.00
- 1996    -$  3,384.00
- 1997    -$   112.00

At the same time, Defendant presented unrebutted testimony from a vocational expert, Toby Chabon-Berger, who testified as to the availability for jobs in the fields of sales, marketing and public relations, and the respective salary ranges for these professions from 1993 through the time of trial. Ms. Chabon-Berger also testified that Plaintiff did not engage in reasonable efforts to find suitable, alternative employment after her termination of employment.

Of equal import, in August, 1996, Plaintiff voluntarily removed herself from the work force by returning to school on a full-time basis. For the next two years, she attended the South Florida Bible College to obtain a Masters Degree in Christian Counseling. While Defendant opposed any award of prejudgment interest given the evidence establishing Plaintiff's failure to

---

[*]The 1994 income is positive only because it reflects the remainder of the unemployment compensation and the balance of severance payments Defendant received as passive income for this year.

mitigate in general, Defendant specifically opposed the accrual of any prejudgment interest after Plaintiff removed herself from the work force by returning to school. A plaintiff cannot recover back pay if she has voluntarily removed herself from the work force, *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982), and the Eleventh Circuit has found that a plaintiff voluntarily removes herself from the labor market by enrolling in school on a full-time basis. *Miller v. Marsh*, 776 F.2d 490, 492 (11th Cir. 1985).

In response, Plaintiff asserted that the jury's award of $150,000 reflected a finding that she did mitigate her damages "at least up to the time that she went back to school full-time in August 1996." *See* Plaintiff's Reply Memorandum at p. 1 (D.E. #136). This was consistent, Plaintiff argued, with three years of lost wages through the point she left the work force to return to school.

In his Report and Recommendation, Magistrate Judge Dubé accepted Plaintiff's claim that the $150,000 award reflected a finding that Plaintiff mitigated her damages through August, 1996, when she returned to school full-time. *See* Report and Recommendation at p. 3. However, this finding necessarily leads to the conclusion that Plaintiff failed to mitigate after returning to school. Plaintiff essentially concedes this point by arguing that the $150,000 award equated to three years of her back wages. Yet Magistrate Dubé did not limit the award of prejudgment interest to the three-year period: he extended it out for the entire seven and one-half year period between Plaintiff's termination and the entry of Judgment, a full four and one-half years after the jury found she ceased mitigating her damages.

Defendant suggests that any award of prejudgment interest is improper, given the overwhelming evidence of Plaintiff's failure to mitigate. Yet even if the award of prejudgment

interest is proper, it should be limited to this three-year period. Defendant would respectfully suggest that the Magistrate Judge erroneously extended the recovery of prejudgment interest during a period when Plaintiff was found to have ceased mitigating her damages, and Defendant would request, at the least, that any award of prejudgment interest be limited to the three-year period where (Plaintiff argues) the jury found mitigation. Using the calculation done by Plaintiff's expert, *see* Ex. 1 to Affidavit of Ronald Patella, the amount of prejudgment interest on the $150,000 back pay award from January 1994 through August 1996 should be $16,743.50.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 2nd day of October, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:(561) 659-7070
Facsimile: (561) 659-7368
Email: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
   Alexander D. del Russo
   Florida Bar Number 350273