UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

       Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

       Defendant.
_____/

FILED by _____ D.C.
INTAKE
OCT 23 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AWARDING PREJUDGMENT INTEREST**

    Plaintiff JACQUELINE IAIA, for her response to Defendant's Objection to Magistrate Judge's Report and Recommendation Awarding Prejudgment Interest, states as follows:

    Pursuant to Southern District of Florida Magistrate Judge Rule 4(a)(1), the only grounds for setting aside a Magistrate Judge's decision on a matter referred to him are if the decision is (1) clearly erroneous or (2) contrary to law. Defendant's objection argues neither ground. Instead, Defendant merely re-argues its prior position, and wants this Court to substitute its discretionary decision for that of Magistrate Judge Dube. Defendant argues that there was evidence presented that Plaintiff failed to mitigate her damages, and that evidence warranted a conclusion of a denial of any prejudgment interest to Plaintiff after August 1996. However, Magistrate Judge Dube in his Report and Recommendation carefully and thoroughly analyzed the relevant record evidence and correctly applied the applicable case law in exercising his sound discretion to find that Plaintiff is entitled to prejudgment interest in the amount of $76,999.13. Such an award would make Plaintiff "whole" as required under the ADEA. *See, Castle v.*

CASE NO. 00-6227-CIV-MORENO

*Sangamo Weston, Inc.*, 837 F.2d 1550, 1561-63 (11th Cir. 1998)(one of ways to afford ADEA plaintiff complete compensation and make him "whole" is to award prejudgment interest).

The awarding of prejudgment interest is a matter left to the sound discretion of the court. *Castle*, 837 F.2d at 1563. Magistrate Judge Dube exercised his discretion, and exercised it soundly, when he recommended to this Court to award Plaintiff prejudgment interest in the amount of $76,999.13. This was not clearly erroneous or contrary to applicable law. As such, Defendant's Objection, which in essence asks this Court to substitute its discretion for that of Magistrate Judge Dube, should be overruled, and an Order entered adopting the Magistrate Judge's decision in its entirety.

Respectfully submitted,

BECKER & POLIAKOFF, P.A
Counsel for Plaintiff
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
954/985-4145 (BR); 954/985-4176 (fax)

By: _____
Roderick V. Hannah, Esq.
Florida Bar No. 435384

THE LAW OFFICES OF JOHN F.
  JANKOWSKI, JR., P.A.
Co-Counsel for Plaintiff
2 South University Drive, Ste. 265
Plantation, FL 33324
954/370-1026 (BR); 954/382-4322 (fax)

By: _____
John F. Jankowski, Jr., Esq.
Florida Bar No. 833533

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by fax and mail to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150, this 27th day of August, 2001.

By: _____
Roderick V. Hannah, Esq.

675441_1.DOC

2