UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

       Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

       Defendant.
_____/

**PLAINTIFF'S MOTION FOR REHEARING ON ORDER ADOPTING
IN PART MAGISTRATE'S REPORT AND
RECOMMENDATION WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff JACQUELINE IAIA, moves the Court for rehearing and reconsideration of its November 19, 2001 Order Adopting in Part Magistrate's Report and Recommendation and Order Awarding Fees, Costs, and Prejudgment Interest (D.E.151) on the following grounds:

On September 21, 2001, Magistrate Judge Dube filed a Report and Recommendation (D.E. 146) that, among other things, recommended awarding Plaintiff prejudgment interest in the amount of $76,999.13. This recommended award and its amount was based on a finding that the $150,000 awarded to Plaintiff by the jury was for lost back pay covering the period from the date of Plaintiff's termination until August 1996 when Plaintiff returned to school. The calculated prejudgment interest on the back pay award thus included interest on the judgment amount from both the time of termination through August 1996, and from August 1996 to the time of judgment. The Magistrate Judge in his Report concluded that, at least through August 1996,

Plaintiff had mitigated her damages, and that, to make her whole, prejudgment interest in the full amount of $76,999.13 should be awarded.

This Court, however, in its November 19, 2001 Order, decided to cut Plaintiff's prejudgment interest award by over $60,000 on the grounds that the Defendant's objections to the amount of the interest the Magistrate recommended were "well taken." Defendant's objection to the amount of the prejudgment interest was for a complete cessation of accrued interest after August 1996 because Plaintiff had failed to mitigate her damages from the time she returned to school through the time of trial. Defendant thus argued that Plaintiff should be cut off from *all* prejudgment interest during that time period, including interest earned on the fully awarded $150,000. Defendant argued in its objection memorandum that not awarding *any* interest during this time frame would be "just." This argument, however, was and is without merit in that it produces an unjust result.

This Court, however, in agreeing with Defendant's position, erred in not awarding the full amount of prejudgment interest recommended by Magistrate Judge Dube based on an alleged failure of Plaintiff to mitigate her damages *after August 1996*. As Magistrate Judge Dube correctly pointed out in his Report, it is well established in this Circuit that "[t]he purpose of the ADEA, insofar as the individual plaintiff is concerned, is to make the plaintiff 'whole,' to restore the plaintiff to the economic position the plaintiff would have occupied but for the illegal discrimination of the employer." *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988). One way to do this is to award prejudgment interest to the successful plaintiff. *Id.* at 1562-63.

"In an ADEA case, prejudgment interest is designed to compensate the plaintiff *for loss of the use of money wrongfully withheld* through an unlawful discharge." *Reichman v. Bonsignore, Brignattti & Mazotta P.C.*, 818 F.2d 278, 281 (2d Cir. 1987)(emphasis supplied).

2

*See also, Kelly v. American Standard*, 640 F.2d 974, 983 (9th Cir. 1981)(same); *Criswell v. Western Airlines, Inc.*, 709 F.2d 544, 557 (9th Cir. 1983)(same). To find otherwise would "dilute the purposes of ending discrimination." *McDowell v. Avtex Fibers, Inc.*, 740 F.2d 214, 217 (3d Cir. 1984), *vacated and remanded on other grounds*, 469 U.S. 1202, 105 S.Ct. 1159, 84 L.Ed.2d 312 (9185).

Here, in refusing to award Plaintiff any prejudgment interest on her rightfully awarded damages for the period August 1996 through the time of judgment, this Court effectively thwarted the remedial purposes of the ADEA and the purposes of an award of prejudgment interest; i.e., to make the Plaintiff whole. Based on the jury's verdict and judgment entered herein, Plaintiff was without the use of her money – i.e., her $150,000 – not only from the time of her termination in November 1993 through August 1996, but also from August 1996 through the time of judgment. To make Plaintiff whole as required by the ADEA, and to compensate Plaintiff for the loss of her use of the money wrongfully withheld due to her unlawful discharge as the law requires, Plaintiff was entitled, as Magistrate Dube correctly found in his Report, to the full amount of prejudgment interest which continued accruing from the time she returned to school in August 1996 to the time of entry of judgment.

This Court's rejection of Magistrate Dube's findings thus is erroneous because it has the effect of not making Plaintiff whole or compensating her for the loss of use of her money that she should have received continuing from August 1996 until judgment, but for Defendant's discrimination. Instead, this Court's decision has the practical effect of penalizing Plaintiff a second time for an alleged failure of Plaintiff to mitigate her damages after August 1996. The jury first penalized Plaintiff by apparently not awarding her any back pay damages after August 1996. This Court has penalized Plaintiff further by taking away her lost time benefit – i.e., her lost prejudgment interest -- on that money that was rightfully awarded her by the jury. Contrary

CASE NO. 00-6227-CIV-MORENO

to Defendant's position on the awarding of prejudgment interest, this action by the Court is patently *unfair:* clearly it is the purpose of the law to compensate a successful discrimination plaintiff, not to punish her.

In its objections to the Magistrate's Report, Defendant cited to the case of *Wilson v. S &L Acquisition Co.,* 940 F.2d 1429 (11th Cir. 1991), for the proposition that a court should take into consideration whether or not a plaintiff mitigated her damages in deciding whether to award prejudgment interest.[1] True, mitigation of damages should be a factor to consider in determining whether a plaintiff is entitled to prejudgment interest *in the first place*. This is all that the *Wilson* decision stands for. However, once it has been established that a plaintiff is entitled to prejudgment interest on a jury award – as this Court correctly decided in adopting Magistrate Judge Dube's Report– calculation of the amount of prejudgment interest should be merely a ministerial act of calculating the accrued interest. This calculation is correctly, and undisputedly, set forth in Ronald Patella's worksheets originally attached to Plaintiff's motion for prejudgment interest. Thus, the amount awarded should fully compensate the plaintiff for the lost use of the money it has been determined she should recover, not only from the time of her unlawful termination through August 1996, but also for the period from August 1996 to the time of judgment. The Court's decision, thus, contrary to established ADEA law, does not make the Plaintiff "whole."

Accordingly, this Court should reconsider its November 19, 2001 Order and fully adopt

---

[1] In *Wilson,* the Eleventh Circuit reversed the trial court's denial of prejudgment interest on the basis that there was sufficient evidence to support a finding that the plaintiff had mitigated he damages. Here, as Magistrate Judge Dube concluded, there was sufficient evidence to support a finding that Plaintiff had mitigated her damages for the period from the date of her termination to August 1996. To the extent that Plaintiff was deprived of the use of her awarded money for this period (the $150,000) from August 1996 through the time of trial, she was entitled to be compensated for the lost use of the money via an award of prejudgment interest covering the period.

4

CASE NO. 00-6227-CIV-MORENO

the Magistrate's recommendation to award full prejudgment interest on the monetary award that Plaintiff received.

Respectfully submitted,

| BECKER & POLIAKOFF, P.A | THE LAW OFFICES OF JOHN F. JANKOWSKI, JR., P.A. |
|---|---|
| Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 3111 Stirling Road, P.O. Box 9057 | 2 South University Drive, Ste. 265 |
| Fort Lauderdale, FL 33310-9057 | Plantation, FL 33324 |
| 954/985-4145 (BR); 954/985-4176 (fax) | 954/370-1026 (BR); 954/382-4322 |

By: _____
Roderick V. Hannah, Esq.
Florida Bar No. 435384

By: _____
     for   John F. Jankowski, Jr., Esq.
           Florida Bar No. 833533

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150, this 4th day of December, 2001.

By: _____
Roderick V. Hannah, Esq.

682118_1.DOC