

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/ DUBÉ

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REHEARING ON ORDER ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL, hereby files its Response in Opposition to Plaintiff's Motion for Rehearing of this Court's Order Adopting in Part Magistrate's Report and Recommendation (D.E. # 151). Because Plaintiff has failed to meet the heavy burden required for a rehearing or reconsideration, and because Plaintiff has simply restated matters which were argued or could have been argued, this motion must be denied.

### Standard of Review

The Federal Rules of Civil Procedure do not expressly recognize a motion for rehearing or reconsideration. Instead, when the motion is filed within ten days of the order at issue, it is treated as a motion to alter or amend a judgment under Rule 59(e). *See Moore's Federal Practice* (3d ed.) at § 59.30[7]. Courts recognize three grounds for justifying a rehearing or reconsideration: (1) an intervening change in controlling law; (2) the availability of newly

WPB#546100.01

discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. 1994). The motion must explain why this Court should reconsider its ruling and "set forth facts or law of a strongly *convincing nature* to induce the Court to reverse its prior decision." *Id.* (emphasis added).

In considering a Rule 59(e) motion, courts have recognized that a prior decision should not be altered absent a showing of "clear and obvious error" when "the interests of justice" demand correction. *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.3d 1237, 1239 (11th Cir. 1995). Most importantly for our purposes, a motion for rehearing or reconsideration

> cannot be considered a vehicle for raising issues or citing authority if the party could or should have presented prior to the court's ruling . . . [or] a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision.

*Wendy's International, Inc. v. Nu-Cape Construction, Inc.*, 169 F.R.D. 680, 686 (M.D. 1996). Indeed, there is a significant difference between the need to correct clear error or prevent manifest injustice, and providing a party with "two bites at the apple" by relitigating matters and authorities already presented to this Court. *See Servants Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motion inappropriate vehicle to reargue issue previously addressed by the court when a motion merely advances new arguments or supporting facts available at the time of the original motion. "Absent extraordinary circumstances, the basis for the second motion must not have been available at the time the first motion was filed").

In its Objection to the Magistrate's Report and Recommendation Awarding Prejudgment Interest, Galen argued that the Court should decline to award *any* prejudgment interest on the grounds that Plaintiff failed to mitigate her damages. This Court rejected that argument and, instead, elected to award prejudgment interest for the three-year period from Plaintiff's

termination until August of 1996 -- when Plaintiff removed herself from the work force by returning to school full-time. As noted in the Order, upon returning to school Plaintiff "ceased mitigating her damages"--a position supported by controlling Eleventh Circuit precedent. *See Miller v. Marsh*, 776 F.2d 490, 492 (11th Cir. 1985) (plaintiff fails to mitigate damages upon voluntarily removing herself from the labor market by enrolling in school on a full-time basis). Since Plaintiff failed to mitigate her damages after returning to school, this Court awarded prejudgment interest only until that point in time. Unsatisfied with this ruling, yet unable to show any "clear error" or "manifest injustice," Plaintiff has filed this Motion for Rehearing.

As Galen has already argued, and as this Court is well aware, an award of prejudgment interest is discretionary in ADEA cases. *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1563 (11th Cir. 1988). In deciding whether to exercise its discretion and award any prejudgment interest, one factor to be considered is whether Plaintiff mitigated her damages. *Wilson v. S & L Acquisition Co.*, 940 F.2d 1429, 1435 (11th Cir. 1991). Under the ADEA, it well-established that the Plaintiff has a duty to mitigate her damages, *EEOC v. Massey Yardley Chrysler Plymouth*, 117 F.3d 1244 (11th Cir. 1997), and that a plaintiff cannot recover back pay if she removes herself from the work force. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32 (1982); *Miller v. Marsh*, 766 F.2d at 492.

At trial, Plaintiff had sought back pay damages of $363,845. The jury awarded back pay but only until August of 1996 when Plaintiff returned to school on a full-time basis. Plaintiff's own damage expert filed a post-trial Affidavit stating that the $150,00 verdict represented back pay from Plaintiff's termination until her return to school. And while the verdict may support a finding of mitigation through 1996, it equally reflects a finding that Plaintiff failed to mitigate thereafter. In other words, the jury found mitigation but only for three years -- not the full seven

and one half years between Plaintiff's termination and the date of trial. This three-year period is precisely the time frame for which the Court has now awarded prejudgment interest.

Plaintiff argues that limiting prejudgment interest through August 1996 would "thwart" the goal of making the Plaintiff whole. *See* Plaintiff's Motion for Rehearing, p. 3. Implicit in this argument is the suggestion that upon a finding of *any* attempt to mitigate, regardless of how long, an ADEA plaintiff becomes entitled to recover prejudgment interest for the <u>entire time</u> until trial. *See* Plaintiff's Motion for Rehearing, p. 4. This argument is misguided, since the duty to mitigate is ongoing. *See Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1100 (8th Cir. 1996) (ADEA plaintiff has continuing duty to mitigate). If a plaintiff at some point ceases attempts to minimize her losses by obtaining suitable, alternative employment, then this cuts off her right to both back pay and prejudgment interest. The Order of November 19, 2001, satisfies the objective of making the Plaintiff whole by awarding her prejudgment interest for the entire period for which she mitigated her damages. Any further recovery of prejudgment interest thereafter would be an unjust windfall to the plaintiff who ceased seeking employment and returned to school as a full-time student.

As a final point, Plaintiff has misrepresented the holding of *Wilson v. S & L Acquisition Co.*, 940 F.2d 1429 (11th Cir. 1991). In *Wilson*, an ADEA claim, the court reaffirmed that prejudgment interest is both discretionary and subject to whether the claimant mitigated her damages. *Id.* at 1435, 1439. The Eleventh Circuit reversed the trial court's refusal to allow prejudgment interest, but only after finding that the trial court was "clearly erroneous" in its factual finding that the plaintiff had failed to mitigate damages. *Id.* at 1439. There was uncontroverted evidence that the *Wilson* plaintiff obtained another job as a hair stylist immediately after her termination. *Id..* Nowhere does the *Wilson* court suggest that mitigation

of damages is only a threshold factor to be considered in deciding whether to award prejudgment interest in the first place, as asserted by Plaintiff. To the contrary, this assertion is inconsistent with the claimant's continuing duty to mitigate.

Because Plaintiff's Motion for Rehearing does not meet the standards for relief under Rule 59(e), and because the arguments therein amount to nothing more than re-hashing the same issues submitted to and considered by this Court, Plaintiff's Motion for Rehearing should be denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 17th day of December, 2001, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
Email: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273