UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO-DUBÉ

JACQUELINE IAIA,

    Plaintiff,

vs.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES
HOSPITAL,

    Defendant.
_____/



## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S SUPPLEMENTAL MOTION TO TAX ATTORNEY'S FEES

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., d/b/a PEMBROKE PINES HOSPITAL "(Galen"), through undersigned counsel, hereby files this Response in Opposition to Plaintiff's Supplemental Motion to Tax Attorneys' Fees dated January 18, 2002 (D.E. #162).

From the outset, Galen has conceded that Plaintiff is entitled to recover her attorney's fees. As with the initial fee request, Galen does not dispute that Plaintiff is entitle to recover "fees on fees" -- that is, fees for time spent litigation a fee award. Yet that recovery is limited to an award of *reasonable* fees, and the determination of a reasonable amount is within this Court's discretion. In this Supplemental Motion, Plaintiff now seeks to make Galen pay additional fees for objecting to Plaintiff's initial fee petition -- a petition which both Magistrate Judge Dubé and this Court found to be unreasonable. In fact, this Court awarded the Plaintiff virtually the same amounts which Galen suggested were appropriate, far less than the amount sought by Plaintiff. As such, this request for

WPB#547742.01

additional fees is no different than one for time "spent on an unsuccessful claim [which] must be excluded" from an award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). As detailed below, Defendant suggests that Plaintiff's request for additional fees of $11,429 be limited to an award of $960.

## Attorney Fee Award

On June 14, 2001, Plaintiff filed her Motion to Tax Fees, Costs and Prejudgment Interest (D.E. # 120). In it, she sought to recover **$168,383** in fees, based on an hourly rate of $225 for both Messrs. Hannah and Jankowski. On July 19, 2001, Galen filed its response (D.E. # 139). Galen never disputed that Plaintiff was entitled to an award of reasonable fees. However, Galen began by arguing that the hourly rate was excessive when compared to attorneys of comparable skills, and Galen suggested an hourly rate of $200 for Mr. Hannah, and $190 for Mr. Jankowski. Galen also objected to a substantial number of hours as either excessive, duplicative, or otherwise unnecessary. Based upon its extensive analysis, and supported by an affidavit from Susan N. Eisenberg, Esq., an experienced labor and employment trial lawyer, Galen suggested that the reasonable fee award under the lodestar approach should be in the amount of **$96,965**.

On September 21, 2001, Magistrate Judge Dubé issued his Report and Recommendation (D.E. # 146), in which he determined a reasonable fee in the amount of **$105,079**. Magistrate Judge Dubé agreed that the hourly rates were excessive, and he reduced them to $200 for Mr. Hannah and $190 for Mr. Jankowski (as suggested by Galen). Judge Dubé also found (as Galen argued) that a large number of hours spent were either excessive, duplicative or unreasonable. Judge Dube's recommended fee award was only marginally higher than the amount proposed by Galen. No objection was made to his recommendation, and on November 19, 2001 this Court entered its Order Adopting Magistrate Judge's Report and Recommendation on the fee award (D.E. # 151). This

WPB#547742.01

award of fees exceeded Galen's suggested amount by only $8,100 while, at the same time, was more than $63,000 less than the amount sought by Plaintiff.

### Cost Award

In her initial request, Plaintiff sought to tax cost in the amount of **$18,239.77**. Once again, Galen never objected to the award of costs properly taxable under 28 U.S.C. § 1920. However, Galen objected to the majority of costs itemized by Plaintiff as simply not recoverable. In his Report and Recommendation, Magistrate Judge Dubé agreed and recommended an award of costs in the amount of **$3,204.98**. This was essentially the amount Galen suggested as appropriate. No objection was made to the Magistrate's Recommendation of Costs, and on November 19, 2001, this Court's Order adopted Magistrate Judge Dubé's recommendation and awarded costs in that amount.

### Prejudgment Interest

In her initial motion, Plaintiff requested an award of **$76,999.13** as prejudgment interest. Magistrate Judge Dubé agreed. On October 2, 2001, Galen filed its Objection to Magistrate Judge's recommendation awarding prejudgment interest (D.E. # 149). Galen argued that if prejudgment interest is awarded, it should be limited to the three year period until Plaintiff returned to school as a full-time student and thereby ceased mitigating her damages. This amount, Galen argued, should be in the amount of **$16,743.50**. In its November 19, 2001 Order, this Court agreed, awarding prejudgment interest but only in the reduced amount of $16,743.50.

### Fees on Fees

The post-trial motions for fees, costs, and prejudgment interest were all resolved in amounts proffered by Galen. As between the parties, Galen was essentially the prevailing party on these issues. It was the Plaintiff who sought an unreasonable award of fees, an excessive taxation of costs, and an unreasonable time period for awarding prejudgment interest. Yet now, Plaintiff seeks to have

WPB#547742.01

3

Galen pay more attorney's fees in defending against Plaintiff's unreasonable requests. In reviewing the time records submitted to Plaintiff's Supplemental Motion, Galen would suggest that Mr. Hannah's time in finalizing his initial motion for fees (2.0 hours), for reviewing Galen's Memorandum in Opposition to the Taxation of Costs (1.3 hours), and in reviewing Galen's Memorandum of Law in Opposition to the Award of Attorney's Fees (1.5 hours), would be the limit of his recovery in this motion. These time entries amount to 4.8 hours at a rate of $200 per hour, for a total of $960. While Mr. Jankowski similarly time billed time for revising and finalizing Plaintiff's Motion for Fees and Costs (1.3 hours), for reviewing Defendant's Opposition to the Taxation of Costs and Prejudgment Interest (1.2 hours), and for reviewing Galen's Opposition to the Award of Attorney's Fees (1.8 hours), these amounts should be excluded since they are duplicative with that of Mr. Hannah. Accordingly, Galen suggests that a reasonable award of "fees on fees" in this Supplemental Motion would be in the amount of $960.

This reduction is both reasonable and consistent with controlling authority governing the determination of fees. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court stated as follows:

> If . . . a plaintiff's has achieved only partial or limited success, the product of hours reasonably expended . . . may be an excessive amount . . . [T]he most crucial factor is the degree of success obtained.

*Id.* at 436.

> We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. ...[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id.* at 440. *See also Vilano v. City of Boynton Beach*, 254 F.3d 1302, 1308 (11th Cir. 2001) (results obtained are a primary factor in calculating a fee award). The rationale of these decisions applies to attempts by a successful plaintiff when seeking "fees on fees." Accordingly, Plaintiff's award of fees under its Supplemental Motion should be limited solely to the time spent in finalizing its initial motion and in reviewing Galen's response.

<b><u>CERTIFICATE OF SERVICE</u></b>

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 1st day of February, 2002, to Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Telephone:    (561) 659-7070
Facsimile: (561) 659-7368
Attorneys for Defendant

By: _____
Alexander D. del Russo
Florida Bar Number 350273

WPB#547742.01