UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6227-CIV-MORENO
Magistrate Judge: Dube

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., d/b/a PEMBROKE
PINES HOSPITAL, a foreign
corporation,

    Defendant.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF HER
## SUPPLEMENTAL MOTION TO TAX ATTORNEY'S FEES

Plaintiff JACQUELINE IAIA, by and through her undersigned counsel, for her Reply in Support of her Supplemental Motion to Tax Attorney's Fees, states as follows:

Defendant argues in its opposition memorandum of law that Plaintiff is not entitled to recovery of the supplemental attorney's fees because she was, in essence, not successful on her motions for attorney's fees and prejudgment interest. However, degree of success is not merely measured by the size of the monetary award. *See Vilano v. City of Boynton Beach*, 254 F.3d 1302 (11th Cir. 2001). Here, Plaintiff was successful in securing a fee award in excess of that for which Defendant argued was reasonable. It was, therefore, necessary for Plaintiff to prepare a detailed response to Defendant's opposition to Plaintiff's initial fee request. The attorney's fees in securing the fee award were, therefore, completely necessary and reasonable.

In addition, with respect to Plaintiff's efforts to secure an award of prejudgment interest, Defendant argues in its opposition memorandum that Plaintiff is not entitled to any recovery of attorney's fees because Plaintiff was completely unsuccessful. Defendant, however, fails to point out that its primary argument on the prejudgment interest issue was that Plaintiff should be

entitled to *no* prejudgment interest whatsoever. Plaintiff was, however, wholly successful in securing an award of prejudgment interest. While the award was less than what Plaintiff initially had requested (to which Magistrate Judge Dube believed that Plaintiff was entitled), Plaintiff should not be penalized because she was not, ultimately, given the full amount she had requested. What matters is that Plaintiff was successful in securing a prejudgment interest award over Defendant's objections. Plaintiff should, therefore, be entitled to recover her reasonable and necessary attorney's fees in securing the prejudgment interest award.

Accordingly, Plaintiff's supplemental attorney's fees request should not be subjected to the drastic reduction Defendant suggests in its opposition memorandum. Plaintiff's supplemental attorney's fees were necessarily incurred and Plaintiff's supplemental motion should be granted.

Respectfully submitted,

| | |
|---|---|
| BECKER & POLIAKOFF, P.A<br>Counsel for Plaintiff<br>3111 Stirling Road, P.O. Box 9057<br>Fort Lauderdale, FL 33310-9057<br>954/985-4145 (BR); 954/985-4176 (fax) | THE LAW OFFICES OF JOHN F.<br>JANKOWSKI, JR., P.A.<br>Co-Counsel for Plaintiff<br>2 South University Drive, Ste. 265<br>Plantation, FL 33324<br>954/370-1026 (BR); 954/382-4322 |
| By _____<br>Roderick V. Hannah, Esq.<br>Florida Bar No. 435384 | By _____<br>John F. Jankowski, Jr., Esq.<br>Florida Bar No. 833533 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail and facsimile to: Alexander D. del Russo, Esq., Counsel for Defendant, Carlton Fields, Esperante

CASE NO. 00-6227-CIV-MORENO

Building – Suite 1400, 222 Lakeview Avenue, West Palm Beach, FL 33402-0150, this 12th day of February, 2002.

By: _____
Roderick V. Hannah, Esq.

695770_1.DOC