UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/DUBÉ

JACQUELINE IAIA,

      Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a/ PEMBROKE PINES HOSPITAL

      Defendant.

_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Supplemental Motion to Tax Attorney's Fees (D.E. #162) pursuant to an Order of Reference entered by the Honorable Federico A. Moreno, United States District Judge (D.E. #164). This Court has reviewed the motion and the file in this cause.

### I. DISCUSSION

On April 9, 2001, this cause went to trial on Plaintiff's claim pursuant to The Age Discrimination in Employment Act, 20 U.S.C. § 621 et seq. ("ADEA"). See D.E. #98 and #126. On April 12, 2001, the jury found that the age of the Plaintiff was a substantial factor that motivated Defendant to discharge her and awarded her $150,000 to compensate her for the loss of wages and benefits through the date of trial. D.E. #104. On May 15, 2001, the Court, in accordance with the verdict rendered by the jury, entered final judgment in favor of Plaintiff in the amount of $150,000. D.E. #118.

On June 14, 2001, Plaintiff sought an award of attorney's fees and taxable costs as well as moved for an award of prejudgment interest on her final judgment. See D.E. #120. Ultimately, Plaintiff was awarded attorney's fees and costs in the amount of $108,283.98 and prejudgment interest in the amount of $16, 743.50. See D.E. # 146 and #151. In her motion presently before the Court, Plaintiff seeks to recover an additional $11, 429.00 as fees incurred in pursuing the above attorney's fees, costs, and prejudgment interest. Defendant does not dispute that Plaintiff is entitled to recover "fees on fees." However, Defendant argues that the proffered number of hours should be limited.

To calculate a reasonable fee, the Court must utilize the "lodestar" method, which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended . See Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994), quoting, Norman, 836 F.2d at 1299. The burden is on the party seeking fees to show satisfactory evidence of the reasonableness of the rate. This evidence must be more than an affidavit by the performing attorney. Id. Furthermore, a court is an expert on the issue of hourly rate and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781, quoting, Norman, 836 F.2d at 1303.

In the present case, reasonable hourly rates have been previously established. See D.E. # 146 and #151. The Court found that the proper rate to be applied to the work performed by Plaintiff's

2

attorneys Mr. Hannah, Esq. and Mr. Jankowski, Esq. was, respectfully, **$200** per hour and **$190** per hour. Id. Furthermore, in arguing Plaintiff's Supplemental Motion for Fees, both parties acknowledge these rates. Accordingly in the instant matter, the Court will adhere to its previous determination of the hourly rates.

After the hourly rate is determined, the next step in making a fee award is to determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999), quoting, Norman, 836 F.2d at 1301(emphasis in original). If the party moving for the fees fail to exercise the billing judgment required, the Court is obligated to do so, by cutting the amount of hours by "pruning out those that are excessive, redundant or otherwise unnecessary." ACLU of Georgia, 168 F.3d at 428.

The burden is on the fee applicant to document the appropriate hours. Norman, 836 F.2d at 1303. A reduction for redundant hours based on more than one attorney representing a client, is "warranted only if the attorneys are unreasonably doing the same work." Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Recovery for the hours spent by multiple attorneys is proper if the applicant can show "that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation." ACLU of Georgia, 168 F.3d at 432.

According to the billing records attached to Plaintiff's Motion, Plaintiff's attorneys seek compensation for the following hours: (1) 37.10 hours for Mr. Hannah; and (2) 21.10 hours for Mr. Jankowski. See Exhibits 1 and 2 to Plaintiff's Supplemental Motion (D.E. #162). In addressing the

3

Case 0:00-cv-06227-FAM    Document 166    Entered on FLSD Docket 02/25/2002    Page 4 of 6

reasonableness of these requested hours, Defendant argues that the hours submitted by Plaintiff's counsel should be reduced. Defendant argues the excessive nature of the hours proffered based on the degree of success obtained by Plaintiff in the post-trial motion for fees, costs, and prejudgment interest. Specifically, Defendant contends that essentially it was the prevailing party on the issues surrounding the post-trial motion for fees, costs, and prejudgment interest and that Plaintiff's "request for additional fees is no different than one for time 'spent on an unsuccessful claim [which] must be excluded' from an award of attorney's fees." Defendant's Response (D.E. #163) at 2, quoting Hensley v. Eckerhart, 461 U.S. 424, 440 (1983).

Here, Defendant suggests that Mr. Hannah's time in finalizing his initial motion for fees (2.0 hours), for reviewing Defendant's Memorandum in Opposition to the Taxation of Costs (1.3 hours), and in reviewing Defendant's Memorandum of Law in Opposition to the Award of Attorney's Fees (1.5 hours) should be the recovery limit. Defendant also argues that while Mr. Jankowski similarly billed time for revising and finalizing Plaintiff's Motion for Fees and Costs (1.3 hours), for reviewing Defendant's Opposition to the Taxation of Costs and Prejudgment Interest (1.2 hours), and for reviewing Defendant's Opposition as to Fees (1.8 hours), these hours should be excluded since they are duplicative with that of Mr. Hannah. After reviewing the fee request, the attached exhibits and file in this cause, the Court finds that the requested reduction is appropriate with the exception that fees should also be award for Mr. Hannah's time in preparing, revising and finalizing his Reply as to Prejudgment Interest and Costs (4.0 hours), for revising and finalizing his Reply as to Fees (2.0 hours), and for preparing, revising, and finalizing his Supplemental Motion for Fees (3.5 hours). Moreover, other than conclusory statements, Plaintiff does not address Defendant's arguments regarding duplication. Plaintiff fails to show the distinct contribution provided by each

4

counsel and the attached billing records attest to duplication.    This duplication is also apparent concerning the hours submitted by Mr. Jankowski's for preparing, revising, and finalizing Plaintiff's Reply.[1] Accordingly, it is the recommendation of the Court that Plaintiff be awarded supplemental attorney's fees in the sum **$ 2,860.00** for 14.3 hours of service at $200 per hour.

## II. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is hereby recommended that  Plaintiff's Supplemental Motion to Tax Attorney's Fees (D.E. #162)be **GRANTED IN PART** so that Plaintiff be awarded the sum of **$ 2,860.00** as supplemental fees.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this 21st day of February, 2002.

ROBERT L. DUBE
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Federico A. Moreno
Attached Service List

---

[1]    Mr. Jankowski's attached billing records do not reflect or address time specifically spent on Plaintiff's Supplemental Motion for Fees.  See Exhibit 2 to Plaintiff's Supplemental Motion (D.E. #162).

SERVICE LIST

CASE NO. 00-6227-CIV-MORENO/DUBÉ

**Jacqueline Iaia V. Galen Hospital-Pembroke Pines, Inc.,**
**F/d/b/a/ Pembroke Pines Hospital**

Roderick V. Hannah, Esq.
Becker & Poliakoff, P.A.
P.O. Box 9057
Ft. Lauderdale, Florida 33310-9057

John F. Jankowski, Jr., Esq.
John F. Jankowski, Jr., P.A.
2 South University Drive
Suite 265
Plantation, Florida 33324

Alexander D. del Russo, Esq.
Carlton Fields, P.A.
P.O. Box 150
West Palm Beach, Florida 33402-0150