UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6227-CIV-MORENO/DUBÉ

JACQUELINE IAIA,

    Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES HOSPITAL,

    Defendant.
_____/



### DEFENDANT'S MOTION TO VACATE AWARD OF PREJUDGMENT INTEREST FOR LACK OF SUBJECT MATTER JURISDICTION

The Defendant, GALEN HOSPITAL-PEMBROKE PINES, INC., f/d/b/a PEMBROKE PINES HOSPITAL ("Galen" or "Defendant"), through undersigned counsel, hereby moves that this Court vacate that portion of its November 19, 2001 Order Awarding Fees, Costs and Prejudgment Interests (D.E. # 151) for lack of subject matter jurisdiction. The Motion is based upon the April 12, 2002, Opinion from the United States Court of Appeals for the Eleventh Circuit, and the grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

### Factual and Procedural Background

This was an action for age discrimination brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). The case was tried before a jury and, at the conclusion of trial, the jury turned its verdict for Plaintiff in the amount of $150,000. On May 15, 2001, in accordance with the jury verdict, this Court entered its Final Judgment in favor of Plaintiff in the amount of $150,000 (D.E. # 118). Thirty days later, on June 14, 2001,

Plaintiff filed her Motion to Tax Attorneys' Fees and Costs, and for an award of prejudgment interest. (D.E. # 120).

On September 21, 2001, Magistrate Judge Dubé issued his Recommendation for awarding $76,999.13 in prejudgment interest. Galen timely filed its Objection to the Magistrate Judge's Report and Recommendation limited solely to the issue of prejudgment interest. In it, Galen argued that Plaintiff voluntarily removed herself from the workforce by returning to school in August of 1996 and, as such, prejudgment interest should not be awarded after that date. Accordingly, Galen requested that prejudgment interest (if awarded) not exceed the amount of $16,743.50. This Court agreed.

On November 19, 2001, this Court entered its Order Adopting in Part Magistrate's Report and Recommendation and Order Awarding Fees, Costs and Prejudgment Interest (D.E. # 151). The Order awarded $108,283.98 in attorneys' fees and costs (which has not been challenged), and $16,743,50 in prejudgment interest. Thereafter, on December 21, 2001, Plaintiff filed her Notice of Appeal (D.E. # 158), challenging this Court's award of prejudgment interest in an amount reduced from the Magistrate's recommendation.

On February 13, 2002, Galen filed its Motion to Dismiss this appeal on the grounds that the Court lacks subject matter jurisdiction to award prejudgment interest. A copy of this motion is attached as Exhibit "1." As more fully addressed below, a request for prejudgment interest qualifies as a motion to alter or amend a judgment pursuant to Rule 59(e), and that Rule requires that the motion must be filed within ten days after entry of judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). On April 12, 2002, the United States Court of Appeal for the Eleventh Circuit agreed and granted Galen's Motion to Dismiss, stating that "[t]he district court lacked jurisdiction to consider the Appellant's untimely filed Fed. R. Civ. P. 59(e) motion

and to award the prejudgment interest sought therein." A copy of this Order is attached as Exhibit "2." Based upon a lack of subject matter jurisdiction, and based upon the ruling of the Eleventh Circuit, Galen respectfully requests that this Court vacate that portion of its Order awarding prejudgment interest.

## MEMORANDUM OF LAW

In *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), the United States Supreme Court held that a motion for prejudgment interest filed after entry of a Final Judgment qualifies as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *Id.* The Supreme Court reasoned that prejudgment interest "'is an element of [plaintiff's] complete compensation' and it is therefore 'intertwined in a significant way with the merits of the plaintiff's primary case as well as the extent of his damages.'" *Id.* at 175-76, *quoting West Virginia v. United States*, 479 U.S. 305, 310 & n.2 (1987). Thus, Plaintiff's Motion for Prejudgment Interest is governed by Rule 59(e) and subject to that Rule's timing requirement – it must be served "no later than ten days after the entry of the judgment" – and the district court is not empowered to extend that 10-day period. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 520 (7th Cir. 1993) (citing *Osterneck*, 49 U.S. at 177.)[1] In our case, this Court's Final Judgment was entered on the docket on May 16, 2001. Pursuant to Rule 59(e), Plaintiff was required to serve her Motion for Prejudgment Interest no later than ten days thereafter in order to suspend the finality of the Final Judgment. Because Plaintiff filed her Motion for Prejudgment Interest on June 14, 2001, nineteen (19) days after the deadline for serving a Rule 59(e) motion, this Court lacked jurisdiction to consider an award any prejudgment interest.

---

[1]   *Osterneck* distinguishes prejudgment interest from attorneys' fees and costs. *Osterneck*, 49 U.S. at 179. Thus, unlike the Motion for Attorneys' Fees and Costs, a motion for prejudgment interest is subject to Rule 59(e)'s 10-day service requirement.

Numerous circuit courts have held that a trial court cannot award prejudgment interest after the Rule 59(e) deadline has past. *See Havinga v. Crowley Towing & Trans. Co.*, 24 F.3d 1480, 1490 (lst Cir. 1994) ("[s]ince the Rule 59(e) motion was untimely, we lack jurisdiction to entertain the cross-appeal from the district court order denying the Rule 59(e) motion for allowance of prejudgment interest."); *McNabola,* 10 F.3d at 1520-21 (vacating district court's award of prejudgment interest for a motion seeking same was not served within ten days after entry of judgment); *Keith v. Truck Stops Corp. of America*, 909 F.2d 743, 747 (3d Cir. 1990) ("[s]ince the motion was served more than ten days after judgment, it was an untimely Rule 59(e) motion and the district court was without power to entertain it.").

Moreover, Plaintiff's untimely motion for prejudgment interest could not and did not revive this Court's jurisdiction to consider the issue of prejudgment interest. *See Hertz Corp. v. Alamo Rent-a-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir. 1994) ("an untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction"); *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990) (ten day period set forth in Rule 59(e) "is jurisdictional and cannot be extended by the court."). Indeed, the Eleventh Circuit determined that this Court lacked jurisdiction when it granted Galen's Motion to Dismiss Plaintiff's appeal on the award of prejudgment interest. The Motion was based on grounds identical to those asserted herein.

Galen acknowledges that lack of subject matter jurisdiction was not previously raised before this Court. In fact, it was not raised until Plaintiff's appeal of this Court's award of prejudgment interest. Yet as this Court is well aware, subject matter jurisdiction is not a matter of consent or waiver. As the United States Supreme Court has noted, "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principals of estoppel do not apply, and a party does not waive the requirement by

failing to challenge jurisdiction early in the proceedings." *Insurance Company of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).

Accordingly, this Court lacked jurisdiction to consider Plaintiff's untimely Rule 59(e) motion for an award of prejudgment interest. As a result, that portion of this Court's November 19, 2001 Order which awarded prejudgment interest must be vacated.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 1st day of May, 2002, to: Roderick V. Hannah, Esq., Becker & Poliakoff, P.A., P.O. Box 9057, Ft. Lauderdale, Florida 33310-9057; and to John F. Jankowski, Jr., Esq., John F. Jankowski, Jr., P.A., 2 South University Drive, Suite 265, Plantation, Florida 33324.

CARLTON FIELDS, P.A.
P.O. Box 150
West Palm Beach, FL  33402-0150
Telephone:(561) 659-7070
Facsimile: (561) 659-7368
Email: adelrusso@carltonfields.com
Attorneys for Defendant

By: _____
    Alexander D. del Russo
    Florida Bar Number 350273

# EXHIBIT "1"

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

APPEAL CASE NO. 02-10051 JJ

JACQUELINE IAIA,

      Appellant/Plaintiff,

v.

GALEN HOSPITAL-PEMBROKE PINES,
INC., f/d/b/a PEMBROKE PINES HOSPITAL,

      Appellee/Defendant.

_____/

## APPELLEE'S MOTION TO DISMISS APPEAL

### CERTIFICATE OF INTERESTED PERSONS
### AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and 28(a), Fed. R. App. P., and 11th Cir. R. 26.1-1, the

undersigned counsel of record for Appellee, Galen Hospital-Pembroke Pines, Inc.,

certifies that the following is a complete list of all trial judges, attorneys, persons,

associates of persons, firms, partnerships or corporations known to the undersigned

that may have an interest in the outcome of this case, including subsidiaries,

conglomerates, affiliates and parent corporations, and other identifiable legal

entities related to a party:

      Becker & Poliakoff, P.A.

      Broward Health Care Systems, Inc. (the 100% shareholder of Galen
      Hospital-Pembroke Pines, Inc.)

Carlton Fields, P.A.

Columbia Healthcare Corporation, an affiliated parent company of Galen Hospital-Pembroke Pines, Inc.

Alexander D. del Russo, Esq., Counsel for Appellee, Galen Hospital-Pembroke Pines, Inc.

Galen Hospital-Pembroke Pines, Inc., Appellee

HCA, Inc., a Delaware corporation

Roderick V. Hannah, Esq., Counsel for Appellant, Jacqueline Iaia

John F. Jankowski, Jr., Esq., Counsel for Appellant, Jacqueline Iaia

Jacqueline Iaia, Appellant

Diane Tutt, Esq., Counsel for Appellant, Jacqueline Iaia

United States District Court Judge Federico J. Moreno

United States Magistrate Judge Robert L. Dubé

Appellee, Galen Hospital-Pembroke Pines, Inc., f/d/b/a Pembroke Pines Hospital ("Galen"), by and through undersigned counsel, respectfully request this Court dismiss the subject appeal for the reasons set forth hereinafter.

## Procedural Background

On January 30, 2000, Iaia commenced an action in the Circuit Court in Broward County, Florida, claiming that she was discharged in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (the "ADEA"). Among other things, the prayer for damages in the Complaint

requested "[a]n award of all prejudgment interest."  After removal to federal court and dismissal of a state law claim, the ADEA claim was tried to a jury on April 9 through April 12, 2001.  The jury thereafter returned a April 12, 2001 verdict for Iaia, awarding $150,000 in lost wages and benefits.

In accordance with the verdict, the trial court entered a <u>May 15, 2001</u> Final Judgment (the "Final Judgment") "in favor of Plaintiff JACQUELINE IAIA and against  Defendant  GALEN  HOSPITAL-PEMBROKE  PINES,  INC.  f/d/b/a PEMBROKE PINES HOSPITAL on Count 1 in the amount of $150,000.00."[1]  On <u>June 14, 2001</u>, almost a month after the Final Judgment was entered on the docket, Iaia filed a motion seeking attorneys' fees, costs and *prejudgment interest*.

On June 18, 2001, the trial court entered an order referring the motion for fees, costs and prejudgment interest to a Magistrate Judge for report and recommendation.  On September 21, 2001, the Magistrate issued its Report and Recommendation.  The trial court entered a November 19, 2001 order adopting in part the Report and Recommendation (the "November 19, 2001 Order").

The November 19, 2001 Order reduced an award of prejudgment interest by over $60,000, from the figure which had been recommended by the Magistrate. Thereafter, on December 4, 2001, Iaia filed a motion seeking a rehearing on the November 19, 2001 Order, limited to the issue of prejudgment interest (the

---

[1]    The Final Judgment was entered by the clerk on the docket on May 16, 2001.

"Rehearing Motion"). Following the trial court's denial of the Rehearing Motion, Iaia filed a Notice of Appeal giving rise to the subject appeal, pertaining to the amount of prejudgment interest awarded to her.

## The Trial Court Lacked Jurisdiction to Consider Prejudgment Interest

The trial court was without jurisdiction to consider the issue of prejudgment interest by the time Iaia filed her motion for fees, costs and prejudgment interest. Neither the jury's verdict, nor the May 15, 2001 Final Judgment, addressed entitlement to prejudgment interest. Thus, it was incumbent on Iaia to serve a request for prejudgment interest within 10 days of the entry of the Final Judgment.

This is because "prejudgment interest is presumptively available to victims of federal law so long as the requirements of [Federal] Rule [of Civil Procedure] 59(e) have been complied with." Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 410 (7th Cir. 1999); see Wilson v. S & L Acquisition Co., L.P., 940 F.2d 1429, 1439 (11th Cir. 1991) (acknowledging that an award of prejudgment interest in ADEA case is discretionary). In Osterneck v. Ernst & Whitney, 489 U.S. 169, 175 (1989), the United States Supreme Court held that a motion for prejudgment interest filed after entry of a final judgment qualifies as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The Supreme Court reasoned that prejudgment interest "'is an element of [plaintiff's] complete compensation'" and that it is therefore "intertwined in a significant way with the merits of the

plaintiff's primary case as well as the extent of his damages." Id. at 175, 176 (quoting West Virginia v. United States, 479 U.S. 305, 310 & n.2 (1987).

Osterneck is controlling. It establishes that Iaia's motion for prejudgment interest was governed by Rule 59. Because a motion for prejudgment interest is considered a Rule 59(e) motion, it is subject to that Rule's timing requirement—that it be served "no later than 10 days after the entry of the judgment"—and the district court is not empowered to extend the ten-day period. McNabola v. Chicago Trans. Auth., 10 F.3d 501, 520 (7th Cir. 1993) (citing Osterneck, 489 U.S. at 177).[2]

In this case, the Final Judgment was entered on the docket on May 16, 2001. Pursuant to Rule 59(e), Iaia was required to serve her motion for prejudgment interest within 10 days thereof in order to suspend the finality of the Final Judgment. See Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 410 (7th Cir. 1999) ("[h]ere, the Plaintiffs should have requested the prejudgment interest prior to judgment, but they did not.") (emphasis in original). Because Iaia filed her prejudgment interest request on June 14, 2001, nineteen (19) days after the deadline for serving a Rule 59(e) motion, the trial court lacked jurisdiction to consider and award prejudgment interest.

---

[2]    Osterneck distinguishes prejudgment interest from attorneys' fees and costs. Osterneck, 489 U.S. at 175. Thus, unlike a motion for attorneys' fees and costs, a motion for prejudgment interest is subject to Rule 59(e)'s ten-day service requirement.

Moreover, Iaia's untimely June 14, 2001 request for discretionary prejudgment interest could not and did not retroactively suspend the finality of the Final Judgment, nor could it revive the trial court's jurisdiction to consider the issue of prejudgment interest. Hertz Corp. v. Alamo-Rent –A –Car, Inc., 16 F.3d 1126, 1129 (11th Cir. 1994)("an untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction"). As a result, numerous circuit courts have held that a trial court cannot award prejudgment interest once the Rule 59(e) deadline has been missed. Havanga v. Crowley Towing & Trans. Co., 24 F.3d 1480, 1490 (1st Cir. 1994)("[s]ince the Rule 59(e) motion was untimely, we lack jurisdiction to entertain the cross-appeal from the district court order denying the Rule 59(e) motion for allowance of prejudgment interest"); McNabola, 10 F.3d at 520-21 (vacating district court's award of prejudgment interest where motion seeking same was not served within 10 days after entry of judgment); Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 747 (3d Cir. 1990)("[s]ince the motion was served more than 10 days after judgment, it was an untimely rule 59(e) motion and the district court was without power to entertain it").[3]

As a result of Iaia's failure to timely file her request for prejudgment interest, the trial court lacked jurisdiction to consider and award any prejudgment

---

[3]  After the Final Judgment became a "final decision," but before Iaia sought prejudgment interest, Galen filed a notice of appeal directed towards the merits of the case, Appeal Case No. 01-13135 JJ. In that appeal, this Court directed the parties to provide supplemental briefing revealing the basis for the subject Motion.

interest.    Accordingly, that portion of the November 19, 2001 Order which awarded prejudgment interest must be vacated.

### Conclusion

For all the foregoing reasons, this Court should dismiss the subject appeal, and vacate the trial court's award of prejudgment interest, along with such relief, which is just and necessary.

Respectfully submitted,

CARLTON FIELDS, P.A.
222 Lakeview Avenue, Suite 1400
West Palm Beach, FL 33401-6149
Telephone:    (561) 659-7070
Facsimile:    (561) 659-7368


By: _____
    Alexander D. del Russo
    Florida Bar Number 350273
    Email: adelrusso@carltonfields.com
    Michael J. Compagno
    Florida Bar Number 886084
    Email: mcompagno@carltonfields.com

Counsel for Appellee/Defendant


### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 13TH day of February, 2002, to Diane H. Tutt, Esq., Diane H. Tutt, P.A., 8211 W. Broward Blvd., Suite 420, Plantation, Florida 33324; Roderick V. Hannah, Esq.,

# EXHIBIT "2"

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 02-10051-JJ
No. 01-13135–JJ

---

```
┌─────────────────────────────┐
│           FILED             │
│   U.S. COURT OF APPEALS     │
│      ELEVENTH CIRCUIT       │
│  ┌───────────────────────┐  │
│  │     APR 1 2 2002       │  │
│  └───────────────────────┘  │
│       THOMAS K. KAHN        │
│           CLERK             │
└─────────────────────────────┘
```

JACQUELINE IAIA,

Plaintiff-Appellant,

versus

GALEN HOSPITAL-PEMBROKE PINES, INC.,
a foreign corporation,
d.b.a. Pembroke Pines Hospital,
a.k.a. Columbia Healthcare Corporation,

Defendant-Appellee.

---

Appeal from the United States District Court for the
Southern District of Florida

---

Before    ANDERSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

BY THE COURT:

The appellee's motion to dismiss No. 02-10051 is GRANTED IN PART. The district court

lacked jurisdiction to consider the appellant's untimely filed Fed.R.Civ.P. 59(e) motion and to award

the prejudgment interest sought therein. Osterneck v. Ernst & Whinney, 489 U.S. 169, 176, 109 S.Ct.

987, 992, 103 L.Ed.2d 146 (1989); Wilson v. S&L Acquisition Co., L.P., 940 F.2d 1429, 1439 (11th

Cir. 1991); <u>Wright v. Preferred Research</u>, 891 F.2d 886, 890 (11th Cir. 1990), <u>cert. denied</u>, 502 U.S.

1049 (1992). The appeal MAY PROCEED to the extent that the district court's November 21, 2001,

order awarded attorneys' fees and costs. The appellee's motion to consolidate this appeal with appeal

number 01-13135 is GRANTED.

Alexander D. del Russo
Levy, Kneen, Mariani, Curtin, et al
222 LAKEVIEW AVE STE 1400
WEST PALM BEACH  FL  33401-6149

---

April 12, 2002

RE: 02-10051-JJ     Jacqueline Iaia v. Galen Hospital
DC DKT NO.:  00-06227 CV-FAM

CC:   Sharon C. Greenberg

CC:   John F. Jankowski, Jr.

CC:   Diane H. Tutt

CC:   Roderick Victor Hannah

CC:   Alexander D. del Russo

CC:   Administrative File

# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case And Names of Parties

April 12, 2002

MEMORANDUM TO COUNSEL OR PARTIES

RE: 02-10051-JJ      Jacqueline Iaia v. Galen Hospital

DC DKT NO.:  00-06227 CV-FAM

The following action has been taken in the referenced case:

The enclosed order has been ENTERED.

APPELLEE'S BRIEF IS DUE 30 DAYS FROM THE DATE OF THIS
LETTER.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: April Richards (404) 335-6179

MOT-2 (2-2002)