# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

September 25, 2002

Clarence Maddox
Clerk, U.S. District Court
301 N. Miami Avenue
Miami FL 33128



RE: 01-13135-JJ    Jacqueline Iaia v. Galen Hospital-Pembroke Pines
DC DKT NO.: 00-06227 CV-FAM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following: 4 Vol of pld(s) 5 vaus- @TRANS) 3folders

Bill of Costs
  Original Exhibits, consisting of: two folders, one folder supplemental
  Original record on appeal or review, consisting of: nine volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-13135

District Court Docket No.
00-06227-CV-FAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Aug 13, 2002

THOMAS K. KAHN
CLERK

JACQUELINE IAIA,

    Plaintiff-Appellee,

versus

GALEN HOSPITAL-PEMBROKE PINES, INC.,
a foreign corporation
d.b.a. Pembroke Pines Hospital,
a.k.a. Columbia Healthcare Corporation,

    Defendant-Appellant.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.


ISSUED AS MANDATE
SEP 2 5 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    August 13, 2002
For the Court:    Thomas K. Kahn, Clerk
By:    Meoli, Anthony

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
          FILED
  U.S. COURT OF APPEALS
    ELEVENTH CIRCUIT
       AUG 1 3 2002
      THOMAS K. KAHN
          CLERK
```

No. 01-13135
Non-Argument Calendar

D. C. Docket No. 00-06227-CV-FAM

JACQUELINE IAIA,

                                      Plaintiff-Appellee,

versus

GALEN HOSPITAL-PEMBROKE
PINES, INC., a foreign corporation
d.b.a. Pembroke Pines Hospital, a.k.a.
Columbia Healthcare Corporation,

                                      Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(August 13, 2002)

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Appellee Jacqueline Iaia filed suit against Appellant Galen Hospital-Pembroke Pines, Inc. alleging she was discharged in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 (2000) (ADEA).[1] After trial, a jury returned a verdict in favor of Appellee. Thereafter, Appellant filed a motion for judgment as a matter of law.[2] The district court denied the motion, and Appellant filed this appeal. On appeal, Appellant raises two arguments: (1) the district court erred in denying its motion for judgment as a matter of law because Appellee presented insufficient evidence at trial for a reasonable jury to conclude Appellant's reason for discharging Appellee was a pretext for age discrimination; and (2) the district court erred in admitting certain evidence. We affirm.

We review a district court's denial of a motion for judgment as a matter of law *de novo*. *Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 1486 (2001). We review a district court's evidentiary rulings for an abuse of discretion. *Anderson v. WBMG-42*, 253 F.3d 561(11th Cir. 2001).

---

[1] Appellee also filed suit alleging Appellant violated the Florida Civil Rights Act of 1992, Florida Statutes §§ 760.01 - 760.11. This claim was disposed of by summary judgment and is not a part of this appeal.

[2] Appellant also appropriately moved for judgment as a matter of law at the close of Appellee's case and the close of all evidence.

2

Under the ADEA, it is unlawful for an employer to discriminate against any individual because of their age. 29 U.S.C. § 623(a)(1). A plaintiff may prove her employer unlawfully discriminated against her because of her age through circumstantial evidence. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). When an age discrimination claim is based on circumstantial evidence, the plaintiff must first present a prima facie case of discrimination. *Id.* If a prima facie case is established, the employer must "articulate a legitimate nondiscriminatory reason for the challenged employment action." *Id.* If the employer then provides such a reason, the plaintiff must "come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs v. Plantation Patterns, Meadowcraft, Inc.*, 106 F.3d 1519, 1528 (11th Cir. 1997) (quoting *Texas Dep't of Community Affairs v. Burdine*, 101 S. Ct. 1084, 1094 (1981)(footnote omitted)).

The legal framework for Appellee's claims is not in dispute by either party. Appellee presented her claim of age discrimination based on circumstantial evidence. Accordingly, Appellee presented a prima facie case of age discrimination. Then, Appellant met its burden of production by producing a

3

legitimate, nondiscriminatory reason for the challenged employment action. At issue is whether Appellee subsequently came forward with sufficient evidence "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 121 S. Ct. 2097, 2106 (2000) (quoting *Burdine*, 101 S. Ct. at 1093); *see also Chapman*, 229 F.3d at 1024.

In challenging the sufficiency and validity of the evidence presented, Appellant argues certain evidence should not have been admitted for the jury's consideration. Under the Federal Rules of Evidence Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Here, the contested evidence, which the district court admitted, is a 1998 Position Statement submitted by Appellant to the Florida Commission on Human Relations setting forth Appellant's position on the termination of Appellee.

Appellant argues the prejudicial effect of the 1998 Position Statement, which contains a reason for Appellee's termination different from the reason articulated at trial, far outweighs its probative value. Specifically, Appellant contends the statement has little probative value because the individual who prepared the 1998 Position Statement had no first-hand knowledge regarding

4

Appellee's termination which occurred five years earlier, nor did the preparer consult those with first-hand knowledge in drafting the statement. Appellee responds, however, and Appellant does not dispute, that the actual decision-maker with respect to Appellee's termination had an opportunity to review and disagree with the statement prior to trial. In that review, the decision-maker did not contest the statement.

As Appellant's official position before the Florida Commission on Human Relations regarding Appellee's termination, the 1998 Position Statement is highly probative on the issue of why Appellee was terminated, especially in light of the fact the actual decision-maker had an opportunity to review and contest the statement. *See, e.g., Chapman*, 229 F.3d at 1038 ("Although a corporate official who was uninvolved in Chapman's termination from AI Transport prepared the position statement, the AI Transport officials who were involved in his termination reviewed the statement and did not point out any mistakes. Thus, the false statement was directly relevant to those decision makers' credibility. We need not decide whether the district court abused its discretion in failing to admit the evidence, however, because we agree with the panel opinion that any error was harmless."). Appellant, therefore, needed to establish that the probative value of

5

the 1998 Position Statement was *substantially outweighed* by the danger of unfair prejudice. This Appellant has failed to do.

Upon review of the record and the briefs submitted by the parties, we conclude Appellee submitted sufficient evidence to sustain the jury's verdict, and the district court did not abuse its discretion by admitting the 1998 Position Statement. Accordingly, the district court's decision to deny Appellant's motion for judgment as a matter of law is affirmed.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

Galen Hospital
Appellant

vs.

Jacqueline Iaia
Appellee

Case No. 01-_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 27 2002
THOMAS K. KAHN

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 50 | 11 | 550 | $82.50 | $82.50 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | TOTAL | | $ 82.50 REQUESTED | $ $82.50 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: 8-26-02   Signature: _Diane H. Tutt_

Attorney for: Jacqueline Iaia
(Type or print name of client)

A True Copy Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

## FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ $82.50 against Appellant

and are payable directly to Appellee

Thomas K. Kahn, Clerk

By: _Tessa A. Patterson_
Deputy Clerk

Issued on: SEP 2 5 2002

MISC-12
(Rev. 12/98)

(a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:

    (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
    (2) if a judgment is affirmed, costs are taxed against the appellant;
    (3) if a judgment is reversed, costs are taxed against the appellee;
    (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

(b) Costs For and Against the United States. Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.

(c) Costs of Copies. Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(d) Bill of Costs; Objections; Insertion in Mandate.

    (1) A party who wants costs taxed must — within 14 days after entry of judgment — file with the circuit clerk, with proof of service, an itemized and verified bill of costs.
    (2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.
    (3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must — upon the circuit clerk's request — add the statement of costs, or any amendment of it, to the mandate.

(e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

    (1) the preparation and transmission of the record;
    (2) the reporter's transcript, if needed to determine the appeal;
    (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
    (4) the fee for filing the notice of appeal.

* * * *

11th Cir. R. 39-1 Costs. In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less.

Unless advance approval for additional copies is secured from the clerk, costs will be taxed only for the number of copies of a brief and record excerpts or appendix required by the rules to be filed and served, plus two copies for each party signing the brief.

All costs shall be paid and mailed directly to the party to whom costs have been awarded. <u>Costs should not be mailed to the clerk of the court</u>.

* * * *

I.O.P. -

1. <u>Time - Extensions</u>. A bill of costs is timely if filed within 14 days of entry of judgment. Judgment is entered on the opinion filing date. The filing of a petition for rehearing or petition for rehearing en banc does not extend the time for filing a bill of costs. A motion to extend the time to file a bill of costs may be considered by the clerk.

2. <u>Costs for or Against the United States</u>. When costs are sought for or against the United States, the statutory or other authority relied upon for such an award must be set forth as an attachment to the Bill of Costs.

3. <u>Reproduction of Statutes, Rules, and Regulations</u>. Costs will be taxed for the reproduction of statutes, rules, and regulations in conformity with FRAP 28(f). Costs will not be taxed for the reproduction of papers not required or allowed to be filed pursuant to FRAP 28 and 30 and the corresponding circuit rules, even though the brief, appendix, or record excerpts within which said papers are included was accepted for filing by the clerk.

